1  JOSEPH H. HUNT
   Assistant Attorney General
2  Civil Division
   AUGUST E. FLENTJE
3  Special Counsel
   WILLIAM C. PEACHEY
4  Director
   Office of Immigration Litigation
5  District Court Section
   GISELA A. WESTWATER
6  Assistant Director
   STACEY I. YOUNG
7  Senior Litigation Counsel
   P. ANGEL MARTINEZ (NYBN 5009790)
8  Trial Attorney
   Office of Immigration Litigation
9  District Court Section
   United States Department of Justice

   P.O. Box 868, Ben Franklin Station
   Washington, DC 20044
   Telephone: (202) 598-8085
   Facsimile: (202) 305-7000
   Email: Angel.Martinez2@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>    Defendants. | Case No. 3:18-cv-01587-JD<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**<br><br>Judge: Hon. James Donato<br>Hearing: December 13, 2018, 10 a.m.<br>Place: San Francisco U.S. Courthouse,<br>    Courtroom 11, 19th Floor |

## **TABLE OF CONTENTS**

I. TABLE OF AUTHORITIES ................................................................................... ii

II. ARGUMENT ........................................................................................................ 2

   A. Plaintiffs' Claims Are Not Justiciable ............................................................. 2

   B. Plaintiffs Fail to State a Claim ........................................................................ 5

      1. There is No Source of Law Under Which Plaintiffs Can Maintain Their Claims ................................................................................................ 5

      2. Defendants Provided All That Was Required Under the Proclamation ..... 7

      3. Plaintiffs Fail to State Equal Protection and Due Process Claims ............. 9

III. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Milas*,
896 F.3d 1094 (9th Cir. 2018) .................................................................... 2, 3, 4

*Bennett v. Spear*,
520 U.S. 154 (1997) ............................................................................................. 4

*Block v. Community Nutritution Inst.*,
467 U.S. 340 (1984) ............................................................................................. 2

*Capistrano v. Dep't of State*,
267 F. App'x 593 (9th Cir. 2008) ................................................................... 2, 4

*Carmel-By-The-Sea v. U.S. Dep't of Transp.*,
123 F.3d 1142 (9th Cir. 1997) ............................................................................ 6

*Centeno v. Shultz*,
817 F.2d 1212 (5th Cir. 1987) ............................................................................ 3

*Chai v. Carroll*,
48 F.3d 1331 (4th Cir. 1995) .............................................................................. 5

*Chamber of Commerce*,
74 F.3d ................................................................................................................. 6

*Damus v. Nielsen*,
313 F. Supp. 3d 317 (D.D.C. 2018) .................................................................. 6

*De Castro v. Fairman*,
164 F. App'x 930 (11th Cir. Jan. 31, 2006) ........................................................ 4

*Kerry v. Din*,
135 S. Ct 2128 (2015). ...................................................................................... 10

*Fiallo v. Bell*,
430 U.S. 787 (1977) ............................................................................................. 3

*Haitian Refugee Ctr., Inc. v. Baker*,
   953 F.2d 1498 (11th Cir. 1992) ................................................................................ 2, 5

*Hawaii v. Trump*,
   138 S. Ct. 2392 ..................................................................................................... *passim*

*Hussein v. Beecroft*,
   No. 17-cv-12356, 2018 WL 3574717 (E.D. Mich. July 25, 2018) .......................... 4

*In re Grand Jury Subpoena, Judith Miller*,
   438 F.3d 1141 (D.C. Cir. 2006) ................................................................................. 7

*INS v. St. Cyr*,
   553 U.S. 289 (2001) .................................................................................................... 2

*Kester v. Campbell*,
   652 F.2d 13 (9th Cir. 1981) ........................................................................................ 7

*Lujan v. Nat'l Wildlife Fed.*,
   497 U.S. 871 (1990) ............................................................................................... 4, 7

*Luo v. Coultice*,
   178 F. Supp. 2d 1135 (C.D. Cal. 2001) .................................................................... 4

*Kleindienst v. Mandel*,
   408 U.S. 753 (1972) .................................................................................................. 10

*McNary .v. Haitian Refugee Ctr., Inc.*,
   498 U.S. 479 (1991) .................................................................................................... 2

*Morton v. Ruiz*,
   415 U.S. 199 (1974) .................................................................................................... 7

*Nat'l Ass'n of Gov't Emps.v, FLRA*,
   179 F.3d 946 (D.C. Cir. 1999) ................................................................................... 6

*Nat'l Ass'n of Gov't Emps. v. FLRA*,
   204 F.3d 1272 (9th Cir. 2000) .................................................................................... 6

*Patel v. Reno*,
    134 F.3d 929 (9th Cir. 2013) ..................................................................................4

*Saavedra Bruno*,
    197 F.3d 1153 ........................................................................................................4

*Sale v. Haitian Ctrs. Council, Inc.*,
    509 U.S. 155 (1993) ..............................................................................................2

*Shiu Ying Wong Woo v. Leavitt*,
    No. 2:07-cv-2019, 2008 WL 2774448 (E.D. Cal. June. 27, 2008) ........................4

*Spencer Enters., Inc. v. United States*,
    345 F.3d 683 (9th Cir. 2003) ..................................................................................3

*Thompson v. N. Stainless, LP*,
    562 U.S. 170 (2011) ..............................................................................................5

*Town of Castle Rock v. Gonzales*,
    545 U.S. 748 (2005) ............................................................................................10

*U.S. ex rel. Knauff v. Shaughnessy*,
    338 U.S. 537 (1950) ............................................................................................10

United States. *St. Cyr*,
    553 U.S. 289 ..........................................................................................................2

*United States ex rel. Accardi v. Shaughnessy*,
    347 U.S. 260 (1954) ..............................................................................................6

*Utley v. Varian Assocs., Inc.*,
    811 F.2d 1279 (9th Cir. 1987) ................................................................................6

*Vill. Of Bald Head Island v. Army Corps of Eng'rs*,
    714 F.3d 186 (4th Cir. 2013) .............................................................................. 4-5

*W. Watershed Project v. Bureau of Land Mgmt*,
    629 F. Supp. 2d 951 (D. Az. 2009) ........................................................................6

iv
DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS         No. 3:18-cv-01587-JD

**Statutes**

5 U.S.C. § 555(b) ...................................................................................................................9

5 U.S.C. § 701(a)(1) ................................................................................................................2

5 U.S.C. § 701(a)(2) ................................................................................................................3

5 U.S.C. § 702 .........................................................................................................................5

5 U.S.C. § 702(1) ....................................................................................................................3

5 U.S.C. § 704 .........................................................................................................................4

8 U.S.C. § 1182(f) ...................................................................................................................3

**Regulations**

22 C.F.R. § 41.105(a) ..............................................................................................................9

22 C.F.R. § 41.121(b)(1) .........................................................................................................9

22 C.F.R. § 42.65 ....................................................................................................................9

22 C.F.R. § 42.81(b) ................................................................................................................9

## I. INTRODUCTION

Plaintiffs' opposition to Defendants' motion to dismiss ("Opp.") makes clear that their objective for this lawsuit is to have this Court throw out the waiver process that Defendants have designed and replace it with a different, more elaborate process that is more to Plaintiffs' liking. But Plaintiffs have failed to rebut Defendants' showing that their claims fail for multiple reasons: None of their claims are justiciable; they have no cause of action; and they have not shown any violation of the Proclamation, which is the only source of law that governs the waiver process implementing the President's entry-suspension order.

Plaintiffs are not entitled to the relief they seek: *publicly-available* adjudicative guidance and a process to apply for waivers that is separate from the standard visa-application form used all across the world. First, Plaintiffs do not deny the existence of either public information on the waiver process or internal adjudicative guidance, but instead contend this guidance is not "meaningful" or "clear" because it is not public. Nothing in the Proclamation or other laws, however, entitles them to public disclosure of the Government's internal adjudicative processes, especially given those documents' sensitive nature and high risk for manipulation by nefarious actors who seek to avoid revealing derogatory information. Second, although Plaintiffs ask for an opportunity to apply for waivers in an orderly manner, their real demand is for a separate, newly devised waiver-application process. But there are good reasons why the Government uses the standard visa application form to adjudicate waivers; that application is uniform, familiar, and comprehensive. Nothing in the Proclamation requires Defendants to resolve waivers differently. Importantly, Plaintiffs in this case do not allege a violation of the INA or its implementing regulations; they instead allege only a violation of various provisions of the Proclamation. But the Proclamation forecloses judicial review, and in any event they have not shown that it requires any of the relief they seek. Plaintiffs also seek to attack the waiver process in general as a "sham." But their allegations are not materially different from those that the Supreme Court already heard and rejected in *Hawaii v. Trump*, 138 S. Ct. 2392, 2422-23, n.7. (2018). Plaintiffs do not and cannot dispute the fact that the Government is continuing to adjudicate and grant waivers. The Court should dismiss Plaintiffs' First Amended Complaint.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS        No. 3:18-cv-01587-JD

1

## II. ARGUMENT

### A. Plaintiffs' Claims Are Not Justiciable.

There are three separate reasons why the APA does not permit review, all of which are dispositive, and plaintiffs have not addressed two of them. See Opp. at 5, 7; MTD at 3-7. First, the INA indicates Congress's intent to foreclose review of Plaintiffs' claims. 5 U.S.C. § 701(a)(1); MTD at 3-4. Plaintiffs claim that no statute *expressly* precludes judicial review, but they ignore that a § 701(a)(1) determination turns on the "structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative actions involved." *Block v. Community Nutrition Inst.*, 467 U.S. 340, 345 (1984); Opp. at 4-5. Plaintiffs assert they are only challenging Defendants' implementation of the Proclamation's waiver provisions, not individual consular decisions. Opp. at 1, 5. Their First Amended Complaint ("FAC") indicates otherwise. *See*, *e.g.*, FAC at 67, ¶¶ 1, 4 (seeking "retract[ion] [of] all visa denials[,]" reconsideration of Plaintiffs applications without re-applying, and a declaration that Defendants did not fairly consider Plaintiffs for waivers). Regardless, Plaintiffs' request for relief would require this Court to review consular officers' individual, discretionary determinations and conclude that they were made in error, which the Ninth Circuit has recently held is impermissible. *See Allen v. Milas*, 896 F.3d 1094, 1107 (9th Cir. 2018); *Capistrano v. Dep't of State*, 267 F. App'x 593, 594-95 (9th Cir. 2008). Congress has made clear its "intent to preclude judicial review at the behest of aliens beyond the borders of the United States." *Haitian Refugee Ctr., Inc. v. Baker*, 953 F.2d 1498, 1506 (11th Cir. 1992); MTD at 3-4.

Plaintiffs' claims in this case concern compliance *only* with the Proclamation, not the INA or any other statute. For this reason, *Hawaii*, *Sale*, *McNary*, and *INS* are distinguishable on the issue of reviewability. Opp. at 5-7, 10 (citing *Hawaii*, 138 S. Ct. 2392 (2018); *Sale v. Haitian Ctrs. Council, Inc.*, 509 U.S. 155 (1993); *INS v. St. Cyr*, 553 U.S. 289 (2001); *McNary .v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479 (1991)). *St. Cyr* is further distinguishable because it involved habeas jurisdiction over a permanent resident alien as opposed to review of claims made by aliens outside the United States. *St. Cyr*, 553 U.S. 289; MTD at 3-4. Moreover, *Sale* and *Hawaii* do not suggest that plaintiffs' claims are reviewable. Opp. at 6, 10. In those cases, the

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS        No. 3:18-cv-01587-JD

2

Supreme Court rejected the aliens' claims on the merits without addressing, much less rejecting, the argument that their claims were unreviewable. *Hawaii*, 138 S. Ct. at 2407; *Sale*, 509 U.S. at 187-88. Here, by contrast, this Court could not allow Plaintiffs' claims to go forward without resolving each of the reviewability issues Defendants have identified.

Second, APA review is unavailable because Plaintiffs challenge actions that are "committed to agency discretion by law." 5 U.S.C. § 701(a)(2); MTD at 4-5. Contrary to Plaintiffs' assertion, this argument is separate from Defendants' consular nonreviewability argument pursuant to 5 U.S.C. § 702(1). Opp. at 5, 7. The INA allows the President to totally suspend entry of "any class" of aliens, 8 U.S.C. § 1182(f), and the Proclamation's waiver process provides, as an exercise of discretion, a means for certain applicants to obtain a visa. But the decision to grant a waiver rests totally in the "discretion" of consular officers. Proclamation, § 3(c). Plaintiffs do not point to any "meaningful standard against which to judge the agenc[ies'] exercise of discretion" that is committed to them by the Proclamation. Proclamation, § 3(c). The only applicable source of law in this case is the Proclamation; no other statute or regulation could allow Plaintiffs to obtain a visa notwithstanding the President's order under Section 1182(f). For that reason, the "regulations or agency practice" cited by Plaintiffs are irrelevant; the waiver process is governed by the Proclamation alone. Opp. at 7-9 (citing *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 691 (9th Cir. 2003). And because it was the President, not Congress, who created the waiver process, there is similarly no statute from which "such standards m[ay] be found[.]" *Spencer*, 345 F.3d at 691; *see Hawaii*, 138 S. Ct. at 2422-23.

Third, consular nonreviewability is a "limitation[] on judicial review" that precludes APA review of Plaintiffs' claims. 5 U.S.C. § 702(1); *Allen*, 896 F.3d at 1104-07. Plaintiffs contend that the doctrine does not apply "to *statutory* challenges against a general *policy*[,]" Opp. at 5 (emphasis added), but even if that were true, Plaintiffs here have not raised any colorable statutory challenge to the waiver process. *See Fiallo v. Bell*, 430 U.S. 787, 795-96 (1977); *Centeno v. Shultz*, 817 F.2d 1212, 1213 (5th Cir. 1987) (per curiam); MTD at 6-7. Plaintiffs challenge the implementation of the Proclamation, not a statute.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS     No. 3:18-cv-01587-JD

3

Consular nonreviewability is not a "narrow[]" doctrine. Pls' Opp. at 2, 6.[1] Defendants cited numerous cases in which courts applied the doctrine broadly and rejected plaintiffs' attempts to circumvent the doctrine through artful pleading. MTD at 6-7; *see Capistrano*, 267 F. App'x at 594-95; *see also De Castro v. Fairman*, 164 F. App'x 930, 932-33 (11th Cir. Jan. 31, 2006); *Hussein v. Beecroft*, No. 17-cv-12356, 2018 WL 3574717, at *6 (E.D. Mich. July 25, 2018). The Supreme Court has recently made clear that the Proclamation is subject only to an extremely deferential form of review: For U.S. citizen plaintiffs who allege constitutional violations, the Court looks only to whether the Proclamation is "facially legitimate and bona fide," or at the very most whether it has a rational basis. *Hawaii*, 138 S. Ct. at 2418-20, 2422-23, n.7 (noting skepticism to challenge of waiver program); *Allen*, 896 F.3d at 1097, 1105-09 (noting that in *Mandel* the Court rejected the plaintiff's request for arbitrary and capricious review); Opp. at 10 (incorrectly stating that "the Supreme Court ha[s] found the Proclamation and its implementation reviewable[.]"). This limited form of review applies not only to challenges to individual denials, but also to "'broad . . . polic[ies.]'" *Hawaii*, 138 S. Ct. at 2419 (citing *Fiallo*, 430 U.S. at 795). And the Supreme Court already ruled that the Proclamation both stands upon a "facially legitimate and bona fide reason" and survives rational-basis review. *Id.* at 2419-23.[2]

---

[1] The *Patel* exception to the doctrine of consular nonreviewability applies only to mandamus claims that an agency "has failed to act at all" on a mandatory, non-discretionary duty. *Allen*, 896 F.3d at 1100 (noting Ninth Circuit's two exceptions to the doctrine); *Patel v. Reno*, 134 F.3d 929, 931-32 (9th Cir. 1997); *see Shiu Ying Wong Woo v. Leavitt*, No. 2:07-cv-2019, 2008 WL 2774448, at *2 (E.D. Cal. June. 27, 2008); *Luo v. Coultice*, 178 F. Supp. 2d 1135, 1140 (C.D. Cal. 2001). It does not apply to "decision[s] taken within the [agencies'] discretion[,]" such as how to implement the Proclamation. *Id.* As discussed below, Plaintiffs do not point to any non-discretionary duty under the Proclamation Defendants failed to take. Also, *Patel* was not about "a general *policy*" but a consul's failure to adjudicate plaintiffs' visa applications after eight years in violation of a non-discretionary regulation. *Patel*, 134 F.3d at 931-33; Opp. at 5. Unsurprisingly, *Allen* and *Saavedra* describe the doctrine as applying to the merits of consular decisions, since that was the challenge in those cases. Opp. at 5-6 (citing *Allen*, 896 F.3d 104; *Saavedra Bruno*, 197 F.3d 1153). Neither case held that the doctrine "only" applied to those decisions. *Id.*

[2] Even if Plaintiffs present a "systematic challenge" to Defendants' implementation of the Proclamation's waiver provision, such a claim does not satisfy the second condition required by the APA for "final agency action." 5 U.S.C. § 704; Opp. at 9, n.6; *see Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 890-93 (1990). Defendants' waiver implementation is not an action "by which rights or obligations have been determined, or from which legal consequences will

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS   No. 3:18-cv-01587-JD

### B. Plaintiffs Fail to State a Claim.

Even if justiciable, Plaintiffs fail to state a claim. First, no cause of action allows them to seek their requested relief. Second, Defendants provided appropriate guidance and an adjudication process consistent with the Proclamation. Third, their constituonal claims fail.

### 1. There Is No Source of Law Under Which Plaintiffs Can Maintain Their Claims.

Plaintiffs have no cause of action under either the APA or the Proclamation. *See* MTD at 3-11. First, the APA applies only to those "adversely affected or aggrieved by agency action within the meaning of a relevant *statute*" – *i.e.*, persons to whom Congress intended to accord privately enforceable rights. 5 U.S.C. § 702 (emphases added); *see Thompson v. N. Stainless, LP*, 562 U.S. 170, 177-78 (2011). But Plaintiffs have no privately enforceable statutory rights in this context; the INA permitted the President to suspend their entry entirely based on his determination regarding the interests of the United States. Plaintiffs thus cannot and do not allege that Defendants have violated the INA specifically or any other statute; their claims are limited to purported violations of how the *Proclamation's* waiver provisions are being "implement[ed.]" MTD at 8; Opp. at 1. *See* FAC at ¶¶ 8,311, 318, 319, 328.[3]

The Proclamation, the only relevant source of law in this case, unambiguously forecloses judicial review. *See* MTD at 7-9. This is consistent with the general principle that "there is no private right of action to enforce obligations imposed on executive branch officials by executive orders." *Chai v. Carroll*, 48 F.3d 1331, 1338 (4th Cir. 1995) (internal quotations and citation omitted); *see Haitian Refugee Ctr.*, 953 F.2d at 1510-11, *cert. denied*, 502 U.S. 1122 (1992).

---

flow[.]" Opp. at 9, n.6; *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997); *Vill. Of Bald Head Island v. Army Corps of Eng'rs*, 714 F.3d 186, 195 (4th Cir. 2013) ("project implementation" is not final agency action); FOIA documents. The guidance simply aids consular officers in their discretionary determinations to grant waivers. FOIA documents. Thus, Plaintiffs cannot avoid consular nonreviewabity by pleading this case as a challenge of guidance rather than of individual final agency decisions implementing that guidance.

[3] Plaintiffs claim the INA, regulations, and FAM create a "scheme" and "framework for . . . waiver adjudication[,]" but that is incorrect: Nothing in those bodies of law purports to regulate the circumstances under which the President may exercise his discretion to lift a § 1182(f) entry-suspension order on a case-by-case basis. Opp. at 3, 8-10, 12. The fact that the INA enacts procedures for resolving various type of waivers does not remotely suggest that the President is *required* to use the same procedures in order to implement his authority under § 1182(f).

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS          No. 3:18-cv-01587-JD

Unlike statutes and regulations, which carry "the force and effect of law[,]" proclamations are management tools for implementing the President's policies, not legally binding documents that may be enforced against the Executive Branch. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265 (1954).

Plaintiffs nevertheless maintain that this case falls within the narrow exception permitting review of executive orders in certain circumstances. They are wrong, and the cases they rely on are factually distinguishable. *See*, *e.g.*, *McNary*, 498 U.S. 479 (involving a challenge to the implementation of statute, not executive order). In each case where the Court found that an executive order or its implementation was reviewable, there was a statute or regulation against which to the judge the agency's action. Opp. at 9-10 (citing *Chamber of Commerce*, 74 F.3d at 1326-27); MTD at 7-9 (citing *Carmel-By-The-Sea v. U.S. Dep't of Transp.*, 123 F.3d 1142 (9th Cir. 1997); *W. Watershed Project v. Bureau of Land Mgmt*, 629 F. Supp. 2d 951 (D. Az. 2009); *Nat'l Ass'n of Gov't Emps. v. FLRA*, 204 F.3d 1272 (9th Cir. 2000); *Nat'l Ass'n of Gov't Emps.v. FLRA*, 179 F.3d 946 (D.C. Cir. 1999)). For example in *Chamber of Commerce*, it was the agency's regulations implementing the executive order that triggered judicial review. 74 F.3d at 1326-27 ("Appellants could not possibly have relied on the APA for a cause of action prior to the Secretary's issuance of regulations implementing the Executive Order[.]"). Here, there is no statute or regulation regarding the waiver process that "fleshe[s] out" the President's policy[.] *Id.*[4] And in *Carmel-By-The-Sea*, the executive order did not even "mention[] judicial review[,]" whereas here the Proclamation expressly stated that it does not create any privately enforceable rights. 123 F.3d at 1166 (noting requirement that executive order "not preclude judicial review"); Proclamation, § 9(c). These differences are significant, as this Court must look to the "executive['s] . . . intent" when deciding whether a private right of action exists. *Utley v. Varian Assocs., Inc.,* 811 F.2d 1279, 1285 (9th Cir. 1987); *see also Damus v. Nielsen*, 313 F. Supp. 3d

---

[4] Plaintiffs invoke *Accardi*, but there the Supreme Court made clear that its focus was on whether the Attorney General's conduct "deprived petitioner of any of the rights *guaranteed him by the statute or by the regulations issued pursuant thereto*." 347 U.S. at 265; Opp. at 10.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS        No. 3:18-cv-01587-JD

317, 336 (D.D.C. 2018) ("'[A]n agency pronouncement is transformed into a binding norm if so intended by the agency'").

The Proclamation is not reviewable for the additional reason that there is no "law to apply" and no "objective standard" by which this Court could judge the agencies' actions in order to grant the relief that Plaintiffs' seek. *Carmel-By-The-Sea*, 123 F.3d at 1166. Plaintiffs' statement that the waiver process was created solely to "benefit[] visa applicants" is not correct. *See* Opp. at 10; Proclamation, § 9(c) (disclaiming that the Proclamation "create[s] any right or benefit"); *see In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1152-53 (D.C. Cir. 2006) (finding DOJ guidelines did not create legally enforceable rights because the inaction challenged was for the benefit of the public, rather than the agency, and distinguishing *Morton v. Ruiz*, 415 U.S. 199 (1974) on this basis). As Plaintiffs themselves note, "undue hardship" to the applicant is but one of three considerations for a waiver–"national security or public safety" and the "national interest" are the others. Proclamation, § 3(c); Opp. at 3. The Proclamation was created as a foreign policy tool to encourage "other nations to improve their practices." *Hawaii*, 138 S. Ct. at 2421. The Executive's "judgments" on such foreign policy and national security matters are not ones courts c make. *Id.* at 2415, 2421-22; MTD at 5. For these reasons, there is no source of law under which Plaintiffs can maintain their claims.

**2. Defendants Provided All That Was Required Under The Proclamation.**

Even if Plaintiffs had any available cause of action, their claims would still fail because Defendants followed all directives in the Proclamation. None of the relief that Plaintiffs seek is required by the Proclamation, and "programmatic improvements" must be sought in Congress or at the agency, not through the courts under the APA. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 890-91 (1990). Even if the Proclamation were enforceable at all against Defendants, their interpretations of it are entitled to "great deference" and should be upheld because Defendants are charged with its administration and their interpretations are more than reasonable. *Kester v. Campbell*, 652 F.2d 13, 15-16 (9th Cir. 1981). Plaintiffs fail to point to any agency action or inaction that was contrary to the Proclamation. *See* MTD at 14-15. They do not dispute that the

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS                    No. 3:18-cv-01587-JD

State Department "adopt[ed] guidance" regarding the waiver process. *See* U.S. Department of State - Bureau of Consular Affairs, June 26 Supreme Court Decision on Presidential Proclamation 9645 (Sep. 3, 2018) ("State Dep't Website")[5] (noting that 1,960 applicants were cleared for waivers as of October 15, 2018); FOIA documents; Opp. at 10 (noting waiver-related guidance issued); FAC at 67 (prayer for relief), ¶¶ 1, 4. Nothing in the Proclamation requires that the guidance be made public. Proclamation, § 3(c); Opp. at 8, 11 (noting only that the INA and Foreign Affairs Manual ("FAM") have *public* guidance and criteria). Again, the guidance here is internal to preserve the integrity and sensitivity of the process, which is also why not all guidance to consular officers regarding visa adjudications is made public. MTD at 10.

Plaintiffs claim to seek "an opportunity to apply in an orderly manner[,]" but their real objection is that waivers are adjudcated based on the information in every applicant's standard, uniform visa application rather than through a separate process that would allow Plaintiffs to submit whatever information they think most relevant to "demonstrat[e]" waiver eligibility. Opp. at 1, 11-12, 15; FAC at ¶ 75, 78, 80, 82 at 67 (prayer for relief), ¶ 2. Nothing in the Proclamation requires Defendants to create an entirely separate process, nor to place additional "information on how waivers should be considered and processed" in the FAM as opposed to communications with consular posts. Opp. at 8, 11; Proclamation, § 3(c). As the State Department has explained, all applicants covered by the Proclamation are automatically considered for a waiver based on information in the visa application and the applicant's interview. State Dep't Website. A uniform process is beneficial because it is both familiar to consular officers and comprehensive. Plaintiffs' argument that visa interviews have been too short ignores that they are but one part of the application and that waiver decisions are based on the application as a whole, just as in normal visa processing. Opp. at 12.

Plaintiffs are unable to establish that Defendants, in implementing the Proclamation, have violated any regulations. *See generally* Opp. at 10-11. They cite regulations concerning consular

---

[5] *Available at* https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/presidential-proclamation-archive/june_26_supreme_court_decision_on_presidential_proclamation9645.html

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS            No. 3:18-cv-01587-JD

officers' authority to require documents they consider necessary to establish aliens' eligibility to receive a visa, and, where the alien has failed to establish eligibility, the officers' procedure in refusing their visa application. *Id.* (citing 22 C.F.R. §§ 41.105(a), 41.121(b)(1), 42.65, 42.81(b)). Plaintiffs have not shown any violation of these regulations because, in the judgment of the State Department, the visa application provides the information that is necessary to assess the Proclamation's waiver criteria.[6]

Finally, Plaintiffs purportedly seek "full and timely adjudication[,]" but Defendants have already adjudicated "[m]any" of Plaintiffs' visa applications and are presently considering them for waivers. Pls' Opp. at 1; FAC at ¶ 96; *see* FAC at ¶¶ 185, 260, at 67 (prayer for relief), ¶ 4. Plaintiffs cannot dispute that the processing of waivers is ongoing. State Dep't Website (noting that 1,960 applicants were cleared for waivers as of October 15, 2018); FOIA documents; *see Hawaii*, 138 S. Ct. at 2422-23, n.7 (rejecting arguments similar to those raised here about the paucity of waivers). Plaintiffs have not demonstrated that they are entitled to a waiver in a certain amount of time, and their processing often takes significant periods of time. MTD at 10. In fact, Plaintiffs ignore that the Proclamation does not impose any timelines and that any adjudication delays in the last ten months the Proclamation has been in effect are more than "reasonable[.]"5 U.S.C. § 555(b); MTD at 10-11. For instance, each applicant is subject to individualized security vetting pursuant to the Proclamation's mandate that a waiver be granted only if the applicant poses no "threat to the national security or public safety of the United States[.]" Proclamation, § 3(c). For these reasons, Defendants provided all that was required in the Proclamation.

   **3. Plaintiffs Fail to State Equal Protection and Due Process Claims.**

Plaintiffs' equal protection claim fails because the Supreme Court has already held that the Proclamation is subject only to deferential review and has a rational basis. *Hawaii*, 138 S. Ct. at 2420-21. Furthermore, Plaintiffs have not set forth any allegations in support of their equal

---

[6] Applicants receive appropriate notice of the entry restrictions and the availability of a waiver, and are able to bring evidence to interviews relating to the waiver. Opp. at 11 (citing 22 C.F.R. §§ 41.121(b)(1), 42.81(b)); *see* State Dep't Website.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS         No. 3:18-cv-01587-JD

protection claim that are materially different from allegations that the Supreme Court heard and rejected in *Hawaii*. *Compare* FAC ¶¶ 121, 171, 330 *with Hawaii*, 138 S. Ct. at 2417-18, 2421. Plaintiffs' allegations of "almost-uniform denials" are unambiguously contradicted by the undisputed fact that almost two thousand waivers have been granted, and that more waivers are granted every month. *See* State Dep't Website (stating that 1,960 waivers had been granted as of October 15, 2018, compared to 1,607 waivers reported as of August 31, 2018).

Plaintiffs' due process claim fails for several reasons. First, Plaintiffs do not have a procedural due process right in a purely discretionary benefit such as a waiver, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 756 (2005); MTD at 13, and Plaintiffs do not address this argument. Second, to the extent that U.S. citizen Plaintiffs have procedural due process rights, they were afforded all process due because *Hawaii* and *Din* require the Government only to provide a statutory citation for the denial of a visa. *See Hawaii*, 138 S. Ct. at 2419 ("In [*Din*], Justice Kennedy reiterated that 'respect for the political branches' broad power over the creation and administration of the immigration system' meant that the Government need provide only a statutory citation to explain a visa denial." (quoting *Kerry v. Din*, 135 S. Ct. 2128, 2141 (2015) (Kennedy, J., concurring))); MTD at 13. Other Plaintiffs who are not U.S. citizens have no due process rights at all in this context. *Kleindienst v. Mandel*, 408 U.S. 753, 762 (1972); *U.S. ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950); MTD at 13.

Plaintiffs also raise a substantive due process claim, but their concession that any right to the "integrity of the family unit" does not extend to a right to have aliens enter the United States or to live in the United States with alien relatives utterly forecloses their claim. Opp. at 13. And even if Plaintiffs had any relevant fundamental right, their claim would still fail because they were considered for waivers based on evidence presented during all the visa application, including the interviews. *See* FAC ¶ 94-307; FAC Ex. E (ECF 34-6 at 3); State Dep't Website; MTD at 1-2, 14.

### III.   CONCLUSION

For the foregoing reasons and those in Defendants' Motion to Dismiss, the Court should dismiss Plaintiffs' FAC with prejudice.

DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS          No. 3:18-cv-01587-JD

Dated: October 26, 2018

JOSEPH H. HUNT
Assistant Attorney General
United States Department of Justice, Civil Division

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation,
District Court Section

By: GISELA A. WESTWATER
Assistant Director

By: STACEY I. YOUNG
Senior Litigation Counsel

By: */s/ P. Angel Martinez*
P. ANGEL MARTINEZ
Trial Attorney (NYBN 5009790)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation,
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
T: (202) 598-8085
F: (202) 305-7000
Angel.Martinez2@usdoj.gov