JOSEPH H. HUNT
Assistant Attorney General,
United States Department of Justice, Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section
GISELA A. WESTWATER
Assistant Director
STACEY I. YOUNG
Senior Litigation Counsel
P. ANGEL MARTINEZ
Trial Attorney

P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8085
Facsimile: (202) 305-7000
Email: Angel.Martinez2@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al., | Case No. 18-cv-01587-JD |
| Plaintiffs, | |
| v. | |
| KIRSTJEN NIELSEN, et al., | |
| Defendants. | |
| *and* | |
| PARS EQUALITY CENTER, et al., | Case No. 18-cv-7818-JD |
| Plaintiffs, | |
| v. | **DEFENDANTS' NOTICE OF MOTION, MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, STAY PROCEEDINGS, AND MEMORANDUM IN SUPPORT** |
| MIKE POMPEO, et al., | |
| Defendants. | Judge: Hon. James Donato<br>Hearing: April 11, 2019, 10 a.m.<br>Place: San Francisco U.S. Courthouse,<br>        Courtroom 11, 19th Floor |

1
2
## TABLE OF CONTENTS
3
NOTICE OF MOTION AND MOTION TO DISMISS ................................................................. **a**

MEMORANDUM OF POINTS AND AUTHORITIES .............................................................. 1

I.  INTRODUCTION ............................................................................................................ 1

II. BACKGROUND............................................................................................................... 1

III.  ARGUMENT .................................................................................................................. 2
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>TABLE OF AUTHORITIES</u>

2

3

CASES

4
*Adams v. California Dep't of Health Servs.*,
    487 F.3d 684 (9th Cir. 2007) .................................................................................2, 6

5
*Adoma v. Univ. of Phoenix, Inc.*,
    711 F. Supp. 2d 1142 (E.D. Cal. 2010).........................................................................3

6

7
*Aroche v. Park, et al.*,
    No. SACV 17-0367-JGB-KK, 2017 WL 2857525 (June 5, 2017) ..............................5

8
*Dusky, et al. v. Bellasaire Investments, et al.*,
    No. SACV 07-874-DOC, 2007 WL 4403985, at *1 (C.D. Cal. Dec. 4, 2007)...........5

9

*First Mercury Ins. Co. v. SQI, Inc., et al.*,
    Nos. C13-2110-JLR, C13-2109-JLR, 2014 WL 496685 (W.D. Wash. Feb. 6, 2014) ...............5

10

11
*Huene v. United States*,
    743 F.2d 703 (9th Cir. 1984) ......................................................................................3

12

13
*Moore v. Roadway Express, Inc., et al.*,
    No. 09-1588-SGL, 2009 WL 10670954 (C.D. Cal. Oct. 7, 2009)..............................3

14
*Walton v. Eaton Corp.*,
    563 F.2d 66 (3d Cir. 1977)..........................................................................................2

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

1
2

## <u>NOTICE OF MOTION AND MOTION TO CONSOLIDATE OR,</u>
## <u>IN THE ALTERNATIVE, STAY PROCEEDINGS</u>

3

     PLEASE TAKE NOTICE that on April 11, 2019, at 10:00 a.m., before the Honorable

4

James Donato of the United States District Court for the Northern District of California, in

5

Courtroom 11 of the 19th Floor of the Philip E. Burton Courthouse and Federal Building, 450

6

Golden Gate Avenue, San Francisco, California, Defendants will move this Court to consolidate

7

this case with *Pars Equality Center, et al. v. Mike Pompeo, et al.*, 18-cv-7818-JD.

8

     Defendants' motion is made pursuant to Rule 42(a) of the Federal Rules of Civil

9

Procedure. The basis for this is set forth more fully in the following Memorandum of Points and

10

Authorities.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

a

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendants respectfully request that this Court consolidate *Pars Equality Center, et al. v. Pompeo, et al.*, No. 18-cv-7818-JD (*Pars Equality Center*), and *Emami, et al. v. Nielsen, et al.*, 18-cv-1587-JD (*Emami*). These cases present overlapping facts, putative classes, and class claims, and consolidating them will preserve judicial and party resources. Consolidation will also ensure that the Court has a straightforward opportunity to resolve the issue at the heart of both cases—namely, whether the government's implementation of the waiver provision set forth in Presidential Proclamation No. 9645 ("Proclamation") is, as plaintiffs in both cases claim, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *See Pars*, Dkt. No. 1, at 60-64; *Emami*, Amended Complaint, Dkt. No. 34, at 63-67.

Once the cases are consolidated, this Court should issue a schedule whereby a single amended complaint can be filed that consolidates the overlapping claims and, should the plaintiffs wish, addresses the dismissal of the *Emami* plaintiffs' constitutional claims. The government should then be given an opportunity to respond to the amended consolidated complaint.

If these cases are not consolidated, *Pars* should be stayed to permit *Emami* to be the lead matter to avoid confusion and duplication of effort in litigating the two cases.

## II.   BACKGROUND

*Pars* was recently transferred to the Northern District of California pursuant to an order issued by the District Court for the Western District of Washington granting Defendants' motion to transfer. *Pars*, Dkt. Nos. 55, 80. Defendants had based their motion to transfer on the substantial similarity between *Pars* and *Emami*, the earlier filed putative class action in this Court also challenging the Proclamation's waiver process. *Id.*, Dkt. No. 55. In granting transfer, the Washington court found that *Pars* and *Emami* feature "virtually identical" proposed classes, including (1) foreign nationals subject to the Proclamation who have applied for visas and allege that they have been or will be denied waivers of the entry prohibitions and (2) U.S. citizens and lawful permanent residents with approved family-based visa petitions for those foreign nationals.

*Id.*, Dkt. No. 80, at 11-12. In addition, the Washington court found the same prevailing issue in both cases, namely, plaintiffs' claim that the government has implemented the Proclamation's waiver provision in a way that denies visa applicants meaningful notice of the availability of waivers and the opportunity to demonstrate their eligibility for waivers. *Id.* Plaintiffs did "not argue that their claims differ[ed] in any meaningful fashion from those asserted in *Emami*," and the only aspect of the Proclamation that they challenged was the waiver process—also the sole concern of the plaintiffs in *Emami*. *Id.* at 14-15; *compare id.*, Dkt. No. 1, at 60-64, *with Emami*, Dkt. No. 34, at 63-66.

After *Pars* transferred in from the Western District of Washington, this Court issued an order finding *Pars* and *Emami* to be related and reassigning *Pars* to itself. *Pars*, Dkt. No. 86; *Emami*, Dkt. No. 71. Prior to the order, the plaintiffs in *Emami* filed a notice of related cases averring that *Pars* and *Emami* "challenge the same policy, involve substantially the same parties and claims and arise out of the same events." *Emami*, Dkt. No. 70, at 3; *id.*, Dkt. No. 71 (finding cases related and reassigning *Pars* to itself). The plaintiffs also highlighted "the congruence" of the proposed classes in *Pars* and *Emami* and "the overlapping nature" of their class claims, aspects of the cases cited by the Washington court in its order to transfer. *Id.* at 3 (quoting *Pars*, Dkt. No. 80, at 15).

## III.   ARGUMENT

A district court presented, as here, with two similar actions "may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). "Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Id.* (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

Rule 42(a) of the Federal Rules of Civil Procedure affords a district court broad discretion to consolidate several actions if those actions "involve a common question of law or fact." That said, "even where cases involve some common issues of law or fact, consolidation may be

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

inappropriate where individual issues predominate." *Moore v. Roadway Express, Inc.*, *et al.*, No. 09-1588-SGL, 2009 WL 10670954, at *3 (C.D. Cal. Oct. 7, 2009) (internal quotation marks omitted). Thus, in determining whether to consolidate, "a court is to weigh the interest of judicial convenience against the potential for inconvenience, delay, or expense." *Id.* (citing *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)). Here, because *Pars* and *Emami* present nearly identical claims arising out of the same facts, as well as substantially overlapping putative classes, consolidation is wholly appropriate and would advance the interests of judicial economy and fairness to the parties. *See id.* at *4.

First, it is undisputed that both *Pars* and *Emami* are putative class actions brought on behalf of two primary subclasses: (1) foreign nationals who allege that they have been or will be denied waivers of the Proclamation's entry restrictions to which they are subject and (2) U.S. citizens and lawful permanent residents with approved family-based visa petitions for such foreign nationals. *See Pars*, Dkt. No. 1 ¶ 269; *Emami*, Dkt. No. 34 ¶ 10-12; *see also Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010) ("In a collective action, the classes, and not the class representatives are compared."). *Emami*'s "Family Member Class" is broader than *Pars*'s "U.S. Petitioner Subclass" in that the former also includes U.S. citizens and lawful permanent residents who have not filed family-based visa petitions but claim an interest in the entry of their foreign national family members under other visa categories.[1] *Emami*, Dkt. 34 ¶ 11. That aside, the two classes are "virtually identical," with "no meaningful differences in the parameters of either set of subclasses," and Plaintiffs have not argued otherwise. *Pars*, Dkt. No. 80, at 12. Indeed, the overlap found between the two classes extends to the named plaintiffs themselves: in both cases, the plaintiffs comprise U.S. citizens and lawful permanent residents with family members seeking to enter the United States on immigrant or nonimmigrant visas, diversity visa lottery selectees with family members in the United States, and foreign nationals with approved EB-5 petitions.

---

[1] As part of their proposed class, *Pars* plaintiffs include foreign nationals of the countries identified in the Proclamation who are lawfully present in the United States and "wish to travel abroad and return," "but for the uncertainty" surrounding the waiver process. *Pars*, Dkt. No. 1 ¶ 269. Plaintiffs, however, have not alleged—including in their opposition to Defendants' transfer motion—that their inclusion of this amorphous subgroup serves to meaningfully distinguish their case from *Emami*. *See id.*, Dkt. No. 55.

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

*Compare id.*, Dkt. No. 1, at 30-55, *with Emami*, Dkt. No. 34, at 27-53.

Second, consolidation is appropriate because *Pars* and *Emami* involve exceedingly similar claims based on a challenge to the Proclamation's waiver process. In *Emami*, the plaintiffs ground their complaint on their allegation that the government has failed "to implement clear guidance" regarding the waiver provision, as well as "to provide an accessible and meaningful process by which individuals may seek consideration of their request for a waiver" and "to provide individualized, case-by-case consideration for waivers under the Proclamation to all visa applicants." *Emami*, Dkt. No. 34 ¶ 311. Likewise, in *Pars*, Plaintiffs direct their complaint squarely at the waiver process, alleging that Defendants have implemented the waiver provision in a way that constricts the ability of visa applicants to demonstrate their eligibility for waivers. *E.g., Pars*, Dkt. No. 1 ¶¶ 99 ("The lack of information provided [by the government] about how waivers will be granted has resulted in a waiver process that is opaque . . . ."), 103 ("None of these individuals who received waiver denials were given notice of the availability of a waiver or an opportunity to demonstrate their eligibility for such a waiver."), 133 ("[N]umerous individuals have been denied waivers despite presenting one or more of the exemplar circumstances that the Proclamation states may warrant a waiver.").

To the extent that any distinctions can be said to exist between the two class complaints, they are only modest variations in how certain allegations are couched, and not material differences in the central claims being brought on behalf of the purported class members—who, as discussed above, are virtually the same in both cases. Thus, for instance, where Plaintiffs in *Pars* claim that Defendants have "misinterpreted and misapplied" the eligibility criteria for a waiver so as "to require a higher standard of proof than the Proclamation itself requires," *id.* ¶ 283, the plaintiffs in *Emami* similarly contend that the government's implementation of the waiver provision "has left applicants confused about applicable standards of eligibility for waivers," *Emami*, Dkt. No. 34 ¶ 74. Further, in both cases, the plaintiffs' claim about improper standards derives not only from the waiver process in general, but also from unidentified "actions" taken by the defendants to compel consular officers "to deny waivers to the fullest extent possible," and to deprive those officers of "discretion over whether and when to grant a waiver." *Id.*; Dkt. No. 34 ¶ 74; *Pars*,

Dkt. No. 1 ¶ 284.

In short, *Pars* and *Emami* hang on the same basic legal questions regarding implementation of the waiver provision and are subject to the same defenses the government presented in its motion to dismiss in *Emami*. Notably, the plaintiffs in both actions do not challenge any other aspect of the Proclamation or, for that matter, any other executive policy. And given the common issues at the center of both cases, as well as their almost identical putative classes, consolidation would promote judicial economy by allowing this Court "to address any overlapping issues contained in the two cases in a more streamlined fashion" and "eliminating the need to file separate motions in each case on similar issues." *See First Mercury Ins. Co. v. SQI, Inc., et al.*, Nos. C13-2110-JLR, C13-2109-JLR, 2014 WL 496685, at *3 (W.D. Wash. Feb. 6, 2014). Further, because the claims presented in the two actions are substantially similar, consolidation would not only "enhance court efficiency" but also "avoid substantial danger of inconsistent adjudications." *Dusky, et al. v. Bellasaire Investments, et al.*, No. SACV 07-874-DOC, 2007 WL 4403985, at *1 (C.D. Cal. Dec. 4, 2007).

Against these factors favoring consolidation, the Court must consider any prejudice that might redound to the plaintiffs in both cases if consolidated. *See Aroche v. Park, et al.*, No. SACV 17-0367-JGB-KK, 2017 WL 2857525, at *7 (June 5, 2017). But given the substantial similarity of the actions, any potential prejudice to the plaintiffs is outweighed by the concrete benefits of judicial economy afforded through consolidation. *See id.* In particular, because *Pars* plaintiffs "rais[e] the same substantive legal claims," they would not "suffer prejudice if required to consolidate with [*Emami*, which] is, in fact, *further along* in the litigation process," but not so far ahead as to prevent *Pars* counsel from participating in coordinated litigation efforts with their *Emami* counterparts.[2] *See id.*

As this Court has previously noted, should the two actions be consolidated, the Court should enter a schedule whereby the plaintiffs file a single amended complaint addressing all their

---

[2] Before *Pars* was transferred from the Western District of Washington, *Pars* defendants filed a motion to dismiss, which was struck from that court's calendar in light of the order granting the motion to transfer. *Pars*, Dkt. No. 80, at 18.

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

overlapping claims.[3] That complaint could also, should plaintiffs choose, address the issues this Court identified in dismissing the *Emami* plaintiffs' constitutional claims. The government should then have a period to respond to the amended consolidated complaint. An amended consolidated complaint also would allow the plaintiffs to further refine their allegations and the legal issues for determination, given that this Court described the original *Emami* complaint as "loosely worded," "stray[ing] into unreviewable areas," and necessitating clarification "in [plaintiffs'] opposition brief and during oral argument." *Id.*, Dkt. No. 74, at 11.

On February 15, 2019, and on February 19, 2019, counsel for *Pars* defendants contacted opposing counsel in *Pars* and *Emami*, requesting the plaintiffs' position on a motion to consolidate pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. On February 20, 2019, Defendants filed the corresponding motion to consolidate or, in the alternative, stay proceedings in *Pars*. *See Pars*, Dkt. No. 91. At the time of filing, opposing counsel for both cases had not confirmed the plaintiffs' positions on that motion. On February 26, 2019, opposing counsel in *Emami* confirmed their opposition to the relief the government seeks in this motion.

If these cases are not consolidated, *Pars Equality* should be stayed to permit *Emami* to be the lead matter to avoid confusion and duplication of effort in litigating the two cases.

/ / /

---

[3] Defendants do not intend this consolidation motion to serve as a responsive pleading, nor do they find that the Court is foreclosed from ruling on the motion because *Emami* is only slightly further along in the litigation process (as previously discussed, the fact that *Emami* is further along would appear to favor consolidating it with *Pars* so as to keep the Court from having to expend resources ruling on a duplicative motion). Should the cases be consolidated, Defendants will comply with the new schedule entered by the Court, including deadlines for any responsive pleadings.

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

1

2       WHEREFORE, Defendants respectfully request that the Court grant this motion for

3  consolidation. In the alternative, Defendants request that the Court stay all proceedings in *Pars*

4  pending resolution of the earlier filed and substantially similar case of *Emami*. *See Adams*, 487

   F.3d at 688.

5

6  Dated: February 26, 2019                Respectfully submitted,

7                                          JOSEPH H. HUNT
                                           Assistant Attorney General
8                                          United States Department of Justice, Civil Division

9                                          WILLIAM C. PEACHEY
                                           Director
10                                         Office of Immigration Litigation, District Court Section

11
                                           By: GISELA A. WESTWATER
12                                         Assistant Director

13                                         By: STACEY I. YOUNG
14                                         Senior Litigation Counsel

15                                         By: */s/ P. Angel Martinez*
                                           P. ANGEL MARTINEZ
16                                         Trial Attorney (NYBN 5009790)
                                           U.S. Department of Justice, Civil Division
17                                         Office of Immigration Litigation, District Court Section
                                           P.O. Box 868, Ben Franklin Station
18                                         Washington, DC 20044
                                           T: (202) 598-8085
19                                         F: (202) 305-7000
                                           Angel.Martinez2@usdoj.gov
20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818