# Exhibit C

# December 4, 2017 - New Court Order on Presidential Proclamation

On December 4, 2017, the U.S. Supreme Court granted the government's motions for emergency stays of preliminary injunctions issued by U.S. District Courts in the Districts of Hawaii and Maryland.  The preliminary injunctions had prohibited the government from fully enforcing or implementing the entry restrictions of Presidential Proclamation 9645 (P.P.) titled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or other Public-Safety Threats" to nationals of six countries:  Chad, Iran, Libya, Syria, Yemen, and Somalia.  Per the Supreme Court's orders, those restrictions will be implemented fully, in accordance with the Presidential Proclamation, around the world, beginning December 8 at open of business, local time.

The District Court injunctions did not affect implementation of entry restrictions against nationals from North Korea and Venezuela.  Those individuals remain subject to the restrictions and limitations listed in the Presidential Proclamation, which went into effect at 12:01 a.m. eastern time on Wednesday, October 18, 2017, with respect to nationals of those countries.

**Additional Background:**  The President issued Presidential Proclamation 9645 on September 24, 2017.  Per Section 2 of Executive Order 13780 of March 6, 2017 (Protecting the Nation from Foreign Terrorist Entry Into The United States), a global review was conducted to determine what additional information is needed from each foreign country to assess whether foreign nationals who seek to enter the United States pose a security or safety threat.  As part of that review, the Department of Homeland Security (DHS) developed a comprehensive set of criteria to evaluate the information-sharing practices, policies, and capabilities of foreign governments on a worldwide basis.  At the end of that review, which included a 50-day period of engagement with foreign governments aimed at improving their information sharing practices, there were seven countries whose information sharing practices were determined to be "inadequate" and for which the President deemed it necessary to impose certain restrictions on the entry of nonimmigrants and immigrants who are nationals of these countries.  The President also deemed it necessary to impose restrictions on one country due to the "special concerns" it presented.  These restrictions are considered important to addressing the threat these existing

information-sharing deficiencies, among other things, present to the security and welfare of the United States and pressuring host governments to remedy these deficiencies.

Nationals of the eight countries are subject to various travel restrictions contained in the Proclamation, as outlined in the following table, subject to exceptions and waivers set forth in the Proclamation.

| Country | Nonimmigrant Visas | Immigrant and Diversity Visas |
|---|---|---|
| Chad | No B-1, B-2, and B-1/B-2 visas | No immigrant or diversity visas |
| Iran | No nonimmigrant visas except F, M, and J visas | No immigrant or diversity visas |
| Libya | No B-1, B-2, and B-1/B-2 visas | No immigrant or diversity visas |
| North Korea | No nonimmigrant visas | No immigrant or diversity visas |
| Somalia | | No immigrant or diversity visas |
| Syria | No nonimmigrant visas | No immigrant or diversity visas |
| Venezuela | No B-1, B-2 or B-1/B-2 visas of any kind for officials of the following government agencies Ministry of Interior, Justice, and Peace; the Administrative Service of Identification, Migration, and Immigration; the Corps of Scientific Investigations, Judicial and Criminal; the Bolivarian Intelligence Service; and the People's Power Ministry of Foreign Affairs, and their immediate family members. | |
| Yemen | No B-1, B-2, and B-1/B-2 visas | No immigrant or diversity visas |

We will not cancel previously scheduled visa application appointments. In accordance with the Presidential Proclamation, for nationals of the eight designated countries, a consular officer will make a determination whether an applicant otherwise eligible for a visa is exempt from the Proclamation or, if not, may be eligible for a waiver under the Proclamation and therefore issued a visa.

No visas will be revoked pursuant to the Proclamation. Individuals subject to the Proclamation who possess a valid visa or valid travel document generally will be permitted to travel to the United States, irrespective of when the visa was issued.

We will keep those traveling to the United States and our partners in the travel industry informed as we implement the order in a professional, organized, and timely way.

[FAQs on the Presidential Proclamation - Department of Homeland Security](#)

[The President's Proclamation on Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats](#)

**Frequently Asked Questions**

**What are the exceptions in the Proclamation?**

The following exceptions apply to nationals from all eight countries and will not be subject to any travel restrictions listed in the Proclamation:

a)   Any national who was in the United States on the applicable effective date described in Section 7 of the Proclamation for that national, regardless of immigration status;

b)   Any national who had a valid visa on the applicable effective date in Section 7 of the Proclamation for that national;

c)   Any national who qualifies for a visa or other valid travel document under section 6(d) of the Proclamation;

d)   Any lawful permanent resident (LPR) of the United States;

e)   Any national who is admitted to or paroled into the United States on or after the applicable effective date in Section 7 of the Proclamation for that national;

f)   Any applicant who has a document other than a visa, valid on the applicable effective date in Section 7 of the Proclamation for that applicant or issued on any date thereafter, that permits him or her to travel to the United States and seek entry or admission, such as advance parole;

g)   Any dual national of a country designated under the Proclamation when traveling on a passport issued by a non-designated country;

h)   Any applicant traveling on a diplomatic (A-1 or A-2) or diplomatic-type visa (of any classification), NATO-1 -6 visas, C-2 visa for travel to the United Nations, or G-1, G-2, G-3, or G-4 visa; except certain Venezuelan government officials and their family members traveling on a diplomatic-type B-1, B-2, or B1/B2 visas

i)   Any applicant who has been granted asylum; admitted to the United States as a refugee; or has been granted withholding of removal, advance parole, or protection under the Convention Against Torture.

Exceptions and waivers listed in the Proclamation are applicable for qualified applicants.  In all visa adjudications, consular officers may seek additional information, as warranted, to determine whether an exception or a waiver is available.

**If a principal visa applicant qualifies for an exception or a waiver under the Proclamation, does a derivative also get the benefit of the exception or waiver?**

Each applicant, who is otherwise eligible, can only benefit from an exception or a waiver if he or she individually meets the conditions of the exception or waiver.

**Does the Proclamation apply to dual nationals?**

This Proclamation does not restrict the travel of dual nationals, so long as they are traveling on the passport of a non-designated country.

Our embassies and consulates around the world will process visa applications and issue nonimmigrant and immigrant visas to otherwise eligible visa applicants who apply with a passport from a non-designated country, even if they hold dual nationality from one of the eight restricted countries.

**Does this apply to U.S. Lawful Permanent Residents?**

No. As stated in the Proclamation, lawful permanent residents of the United States are not affected by the Proclamation

**Are there special rules for permanent residents of Canada?**

Waivers may not be granted categorically to any group of nationals of the eight countries who are subject to visa restrictions pursuant to the Proclamation, but waivers may be appropriate in individual circumstances, on a case-by-case basis. The Proclamation lists several circumstances in which case-by-case waivers may be appropriate. That list includes foreign nationals who are Canadian permanent residents who apply for visas at a U.S. consular section in Canada. Canadian permanent residents should bring proof of their status to a consular officer.

A consular officer will carefully review each case to determine whether the applicant is affected by the Proclamation during each phase of the implementation and, if so, whether the applicant qualifies for an exception or a waiver.

**Will you process waivers for those affected by the Proclamation? How do I qualify for a waiver to be issued a visa?**

As specified in the Proclamation, consular officers may issue a visa based on a listed waiver category to nationals of countries identified in the PP on a case-by-case basis, when they determine: that issuance is in the national interest, the applicant poses no national security or public safety threat to the United States, and denial of the visa would cause undue hardship. There is no separate application for a waiver. An individual who seeks to travel to the United States should apply for a visa and disclose during the visa interview any information that might demonstrate that he or she is eligible for a waiver.

**What is a "close family member" for the purposes of determining if someone is eligible for a waiver?**

Section 201(b) of the INA provides a definition of immediate relative, which is used to interpret the term "close family member" as used in the waiver category. This limits the relationship to spouses, children under the age of 21, and parents. While the INA definition includes only children, spouses, and parents of a U.S. citizen, in the context of the Presidential Proclamation it also includes these relationships

with LPRs and aliens lawfully admitted on a valid nonimmigrant visa in addition to U.S. citizens.

**Can those needing urgent medical care in the United States still qualify for a visa?**

Applicants who are otherwise qualified and seeking urgent medical care in the United States may be eligible for an exception or a waiver. Any individual who seeks to travel to the United States should apply for a visa and disclose during the visa interview any information that might qualify the individual for an exception or waiver. A consular officer will carefully review each case to determine whether the applicant is affected by the Proclamation, and if so, whether the case qualifies for an exception or a waiver.

The Proclamation provides several examples of categories of cases that may be appropriate for consideration for a waiver, on a case-by-case basis, when in the national interest, when entry would not threaten national security or public safety, and denial would cause undue hardship. Among the examples provided, a foreign national who seeks to enter the United States for urgent medical care may be considered for a waiver.

**I'm a student or short-term employee that was temporarily outside of the United States when the Proclamation went into effect. Can I return to school/work?**

If you have a valid, unexpired visa and are outside the United States, you can return to school or work per the exception noted in the Proclamation.

If you do not have a valid, unexpired visa and do not qualify for an exception you will need to qualify for the visa and a waiver. An individual who wishes to apply for a nonimmigrant visa should apply for a visa and disclose during the visa interview any information that might demonstrate that he or she is eligible for a waiver per the Proclamation. A consular officer will carefully review each case to determine whether the applicant is affected by the Proclamation and, if so, whether the case qualifies for a waiver.

**I received my immigrant visa but I haven't yet entered the United States. Can I still travel there using my immigrant visa?**

The Proclamation provides specifically that no visas issued before the effective date of the Proclamation will be revoked pursuant to the Proclamation, and it does not apply to nationals

of affected countries who have valid visas on the date it becomes effective.

**I recently had my immigrant visa interview at a U.S. embassy or consulate overseas, but my case is still being considered. What will happen now?**

If your visa application was refused under Section 221(g) pending updated supporting documents or administrative processing, you should proceed to submit your documentation. After receiving any required missing documentation or completion of any administrative processing, the U.S. embassy or consulate where you were interviewed will contact you with more information.

**I am currently working on my case with NVC. Can I continue?**

Yes. You should continue to pay fees, complete your Form DS-260 immigrant visa applications, and submit your financial and civil supporting documents to NVC. NVC will continue reviewing cases and scheduling visa interviews overseas. During the interview, a consular officer will carefully review the case to determine whether the applicant is affected by the Proclamation and, if so, whether the case qualifies for an exception or may qualify for a waiver.

**What immigrant visa classes are subject to the Proclamation?**

All immigrant visa classifications for nationals of Chad, Iran, Libya, North Korea, Syria, Yemen, and Somalia are subject to the Proclamation and restricted. All immigrant visa classifications for nationals of Venezuela are unrestricted. An individual who wishes to apply for an immigrant visa should apply for a visa and disclose during the visa interview any information that might demonstrate that he or she is eligible for an exception or waiver per the Proclamation. A consular officer will carefully review each case to determine whether the applicant is affected by the Proclamation and, if so, whether the case qualifies for an exception or a waiver.

**I sponsored my family member for an immigrant visa, and his interview appointment is after the effective date of the Proclamation. Will he still be able to receive a visa?**

All immigrant visa classifications for nationals of Chad, Iran, Libya, North Korea, Syria, Yemen, and Somalia are subject to the Presidential Proclamation and suspended. An individual who wishes to apply for an immigrant visa should apply for a

visa and disclose during the visa interview any information that might demonstrate that he or she is eligible for an exception or waiver per the Proclamation. A consular officer will carefully review each case to determine whether the applicant is affected by the Proclamation and, if so, whether the applicant qualifies for an exception or a waiver.

**I am applying for a K (fiancé) visa. My approved I-129 petition is only valid for four months. Can you expedite my case?**

The National Visa Center already expedites all Form I-129F petitions to embassies and consulates overseas. Upon receipt of the petition and case file, the embassy or consulate will contact you with instructions on scheduling your interview appointment.

**I received my Diversity Visa but I haven't yet entered the United States. Can I still travel there using my Diversity Visa?**

The Proclamation provides specifically that no visas issued before the effective date of the Proclamation will be revoked pursuant to the Proclamation, and it does not apply to nationals of affected countries who have valid visas on the date it becomes effective.

**I recently had my Diversity Visa interview at a U.S. embassy or consulate overseas, but my case is still being considered. What will happen now?**

If your visa application was refused under Section 221(g) pending updated supporting documents or administrative processing, please provide the requested information. The U.S. embassy or consulate where you were interviewed will contact you with more information.

**Will my case move to the back of the line for an appointment?**

No. KCC schedules appointments by Lottery Rank Number. When KCC is able to schedule your visa interview, you will receive an appointment before cases with higher Lottery Rank Numbers.

**I am currently working on my case with KCC. Can I continue?**

Yes. You should continue to complete your Form DS-260 immigrant visa application. KCC will continue reviewing

cases and can qualify your case for an appointment. You will be notified about the scheduling of a visa interview.

**What if my spouse or child is a national of one of the countries listed, but I am not?**

KCC will continue to schedule new DV interview appointments for nationals of the affected countries. A national of any of those countries applying as a principal or derivative DV applicant should disclose during the visa interview any information that might qualify the individual for a waiver/exception. Note that DV 2018 visas, including derivative visas, can only be issued during the program year, which ends September 30, 2018, and only if visa numbers remain available. There is no guarantee a visa will be available in the future for your derivative spouse or child.

**What if I am a dual national or permanent resident of Canada?**

This Proclamation does not restrict the travel of dual nationals, so long as they are traveling on the passport of a non-designated country. You may apply for a DV using the passport of a non-designated country even if you selected the nationality of a designated country when you entered the lottery. Also, permanent residents of Canada applying for DVs in Montreal may be eligible for a waiver per the Proclamation, but will be considered on a case-by-case basis. If you believe one of these exceptions, or a waiver included in the Proclamation, applies to you and your otherwise current DV case has not been scheduled for interview, contact the U.S. embassy or consulate where your interview will take place/KCC at KCCDV@state.gov.

**Does this Proclamation affect follow-to-join asylees?**

The Proclamation does not affect V92 applicants, follow-to-join asylees.

Privacy | Copyright & Disclaimer | FOIA | No FEAR Act Data | Office of the Inspector General | USA.gov | GobiernoUSA.gov |
This site is managed by the U.S. Department of State. External links to other Internet sites should not be construed as an endorsement of the views or privacy policies contained therein.