SIRINE SHEBAYA (*pro hac vice*)
NIMRA AZMI (*pro hac vice*)*
JOSEPH SAEI (CA SBN 321341)*
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
Telephone: (202) 897-2622
Facsimile: (202) 508-1007
sirine@muslimadvocates.org
nimra@muslimadvocates.org
yusuf@muslimadvocates.org

SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
LOTFI LEGAL, LLC
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (208) 977-9974
shabnam@lotfilegal.com
veronica@lotfilegal.com

*Attorneys for Plaintiffs*

*Not admitted to practice in D.C.; practice limited to federal courts and agencies.*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FARANGIS EMAMI, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KIRSTJEN NIELSEN, et al., <br><br> Defendants. | Case No. 3:18-cv-01587-JD <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE** <br><br> Judge: Hon. James Donato <br> Hearing: April 11, 2019, 10 a.m. <br> Place: San Francisco U.S. Courthouse, <br> Courtroom 11, 19th Floor |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................

INTRODUCTION ...........................................................................................................................1

LEGAL STANDARD ......................................................................................................................2

RELEVANT BACKGROUND........................................................................................................3

ARGUMENT ..................................................................................................................................4

    I.    Consolidation Is Not Appropriate Because It Would
            Significantly Prejudice Plaintiffs And Cause Unnecessary Delay. **.................................4**

    II.   This Court Should Order Coordination And Joint Case Management,
           But Not A Complete Merger of Emami And Pars. **........................................................6**

CONCLUSION**................................................................................................................7**

## **TABLE OF AUTHORITIES**

### **CASES**

*Alandy v. Experian Information Solutions,*

    No. 5:16-cv-02151-BLF (N.D. Cal. Feb. 14, 2017) ................................................. 4

*Atoninetti v. Chipotle Mexican Grill, Inc.,*

    No. 3:05-cv-01660:BTM-WMC, 2007 WL 2669531 (S.D. Cal. Sept. 7, 2007)....................... 6

*California v. Ross,*

    No. 3:18-cv-01865-RS (N.D. Cal. May 22, 2018) ................................................. 7

*E.E.O.C. v. HBE Corp.,*

    135 F.3d 543 (8th Cir. 1998) ........................................................... 2, 4

*Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St., LLC,*

    No. 3:15-cv-04931-JCS, 2016 WL 524805 (N.D. Cal. Feb. 10, 2016) .................................. 4

*Huene v. United States,*

    743 F.2d 703 (9th Cir. 1984)............................................................. 2

*In re HP Derivative Litig.,*

    No. 5:10-cv-03608-EJD, 2011 WL 5914216 (N.D. Cal. Nov. 28, 2011)................................ 7

*Int'l Refugee Assistance Project v. Trump,*

    No. 8:17-cv-00361-TDC (D. Md. filed Feb. 7, 2017) ............................................. 7

*Intertex, Inc. v. Dri-Eaz Prods., Inc.,*

    No. 2:13-cv-00165-RSM, 2013 WL 2635028 (W.D. Wash. June 11, 2013)............................ 5

*Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California,*

    877 F.2d 777 (9th Cir. 1989)............................................................. 2

*Iranian Alliances Across Borders v. Trump,*
No. 8:17-cv-02921-TDC (D. Md. filed Oct. 2, 2017) .................................................. 7

*Jones v. Bank of Am., N.A.,*
No. 3:11-cv-01161-JM-WVG, 2013 WL 12091088 (S.D. Cal. May 9, 2013) ..................... 7

*LSP Techs., Inc. v. Metal Imp. Co. LLC,*
No. 2:10-cv-00526-EAS-EPD, 2010 WL 3447834 (S.D. Ohio Aug. 30, 2010) ................... 6

*Lum v. Mercedes-Benz, LLC,*
No. 2:11-cv-09751-MMM-JC, 2012 WL 13012454 (C.D. Cal. Jan. 5, 2012) ..................... 6

*Netcurrents Info. Servs., Inc. v. Dow Jones & Co., Inc.,*
No. 2:07-cv-04027-JFW-RC, 2008 WL 11339969 (C.D. Cal. July 17, 2008) ..................... 6

*Odyssey Wireless, Inc. v. Apple Inc.,*
No. 3:15-cv-01735-H-RBB, 2015 WL 10943612 (S.D. Cal. Sept. 30, 2015) ..................... 6

*Parapluie v. Mills,*
No. 2:11-cv-02548-MMM-SS, 2012 WL 13009100 (C.D. Cal. Jan. 26, 2012) .................. 2, 6

*Pars Equality Ctr. v. Pompeo,*
No. 3:18-cv-07818-JD (N.D. Cal. Mar. 1, 2019) .............................................. 3, 4

*Regents of University of California v. Dep't of Homeland Sec.,*
No. 3:17-cv-05211-WHA (N.D. Cal. Sep. 22, 2017) ............................................. 7

*Safir v. BBG Communications, Inc.,*
No. 3:10-cv-02341-AJB-NLS, 2011 WL 765884 (S.D. Cal. Feb. 25, 2011) ..................... 6

*Snyder v. Nationstar Mortgage,*
No. 3:15-cv-3049-JSC, 2016 WL 3519181 (N.D. Cal. Jun. 28, 2016) ........................... 4

*Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*,

   720 F. Supp. 805 (N.D. Cal. 1989)...................................................................................2

*Venate v. Int'l Follies, Inc.*,

   No. 1:16-cv-01138-ELR-JSA, 2017 WL 9882665 (N.D. Ga. Sept. 22, 2017) .........................6

*Wright v. United States*,

   No. 3:92-cv-01290-BAC, 1993 WL 313040 (N.D. Cal. Aug. 6, 1993) ...................................2

*Zakzok v. Trump*,

   No. 1:17-cv-02969-TDC (D. Md. filed Oct. 6, 2017) ...........................................................7

*Zhu v. UCBH Holdings, Inc.*,

   682 F.Supp.2d 1049 (N.D. Cal. 2010) ................................................................................2

## **FEDERAL RULES**

Fed. R. Civ. P. 42(a) .............................................................................................................2

# INTRODUCTION

*Emami* plaintiffs vigorously oppose the form of consolidation Defendants seek. For over a year, plaintiffs have been separated from their families and loved ones at critical moments in their lives, including pregnancy, marriage, and childbirth. Many are living in dangerous circumstances. Others are losing significant employment or professional opportunities in the United States. Months after filing their lawsuit, they have survived Defendants' Motion to Dismiss their APA claims, and just recently filed an amended complaint pursuant to this Court's February 4 Order. ECF No. 74. They now await production of the administrative record and Defendants' responsive pleading. But instead of moving forward, Defendants ask this Court to require *Emami* plaintiffs to forego all the progress they have made thus far and to return to square one. Defendants would have plaintiffs step away from litigating the substance of this case and embark on a complicated merger of their complaint with a different set of plaintiffs in a different procedural posture represented by numerous other counsel teams, only to relitigate largely the same issues they have already been making progress on in the instant case. The most likely outcome is that, after several months of unnecessary re-litigation and delay, *Emami* plaintiffs would find themselves back in the position they are in today. Such a move would burden and disadvantage both *Emami* and *Pars* plaintiffs at this stage in the litigation, and would present no efficiency gains with respect to the claims that are not overlapping. It would particularly set *Emami* plaintiffs back and would prejudice their ability to reach a timely resolution to their case. It would also be a waste of the significant resources this Court has already put into the *Emami* matter. *See* Transcript of Hearing on Mot. to Dismiss Pls.' First Amended Compl. ("MTD Hearing Transcript") ECF No. 68, at 5.

While *Emami* plaintiffs oppose a complete merger and the refiling of a single consolidated complaint, they, like *Pars* plaintiffs, fully support coordinating the cases to avoid duplicative work and to promote judicial efficiency. They join in *Pars* plaintiffs' proposal that this Court order a

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE
CASE NO.: 3:18-CV-01587 - 1

joint case management conference to discuss coordinating schedules, the applicability of this Court's February 4 ruling to the *Pars* matter, a timeline for production of the administrative record, and the remainder of the pre-trial schedule.[1]

## LEGAL STANDARD

Courts have discretion to consolidate cases that involve "a common question of law or fact". Fed. R. Civ. P. 42(a); *Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California,* 877 F.2d 777 (9th Cir. 1989). The party seeking consolidation bears the burden of demonstrating that convenience and judicial economy would result from consolidation. *Wright v. United States,* No. 3:92-cv-01290-BAC, 1993 WL 313040, at *1 (N.D. Cal. Aug. 6, 1993). Although the threshold question is whether the cases involve common issues of law or fact, consolidation is not appropriate in all cases with common issues. Courts must "weigh[] the interest of judicial convenience against the potential for delay, confusion and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720 F. Supp. 805, 807 (N.D. Cal. 1989); *Zhu v. UCBH Holdings, Inc.,* 682 F.Supp.2d 1049, 1052 (N.D. Cal. 2010); *Huene v. United States,* 743 F.2d 703, 704 (9th Cir. 1984); *see also E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998) (consolidation is not appropriate where it causes "inefficiency, inconvenience, or unfair prejudice to a party"). Differences in procedural posture also tend to weigh against consolidation. *See Parapluie v. Mills,* No. 2:11-cv-02548-MMM-SS, 2012 WL 13009100, at *6 (C.D. Cal. Jan. 26, 2012).

---

[1] *Emami* plaintiffs would propose that Defendants be required to file responsive pleadings to the *Emami* Second Amended Complaint and the *Pars* complaint and to produce the administrative record within 21 days of this Court's decision on the Motion to Consolidate. Defendants have already stipulated to that timeline for filing a responsive pleading in the *Emami* case. Such a timeline would allow both cases to proceed along the same track without prejudicing plaintiffs by needlessly setting their cases back several months.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE
CASE NO.: 3:18-CV-01587 - 2

## RELEVANT BACKGROUND

1. On July 29, 2018, *Emami* plaintiffs filed an amended complaint challenging Defendants' implementation of the waiver provisions of Presidential Proclamation No. 9645.

2. Defendants subsequently filed a Motion to Dismiss, which was fully briefed, and this Court held a hearing on December 13, 2018.

3. During the hearing, the Court discussed the *Pars* matter and raised the question of formal consolidation. Plaintiffs' counsel stated that plaintiffs would prefer to avoid formal consolidation in favor of a coordination arrangement, and Defendants did not object or indicate that they would be seeking consolidation of the two cases. MTD Hearing Transcript at 4-6.

4. On December 31, 2018, the *Pars* matter was transferred to the Northern District of California. It was designated as related to the *Emami* matter on January 29, 2019.

5. On February 4, 2019, this Court denied Defendants' Motion to Dismiss as to the Administrative Procedure Act claim, dismissed plaintiffs' constitutional and mandamus claims without prejudice, and gave plaintiffs leave to amend their complaint by February 25, 2019. ECF No. 74, at 19. Pursuant to that Order, plaintiffs filed an amended complaint on February 23, 2019.

6. Without any prior discussions with *Emami* counsel, Defendants' counsel sent an email to *Pars* and *Emami* counsel on February 15 informing them of their intent to file a motion to consolidate and requesting positions on the motion. As detailed in the *Pars* response, Resp. of Pars Pls. to Defs.' Mot. To Consolidate ("Resp. of Pars Pls."), *Pars Equality Ctr. v. Pompeo*, No. 3:18-cv-07818-JD (N.D. Cal. Mar. 1, 2019), ECF No. 92, both *Emami* and *Pars* plaintiffs sought clarification from Defendants with respect to the form of consolidation being sought. Both *Emami* and *Pars* plaintiffs also offered to meet and confer with Defendants on a mutually convenient coordination arrangement, in an attempt to avoid time-consuming and needlessly adversarial motions practice. Resp. of Pars Pls. at 3-5, *Pars Equality Center v. Pompeo*, No. 3:18-cv-07818-

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE
CASE NO.: 3:18-CV-01587 - 3

JD (N.D. Cal. Mar. 1, 2019), ECF No. 92-1, at 3-4. Defendants declined to meet and confer and refused to provide information about the form of relief their motion would seek, which made it impossible for plaintiffs' counsel to take a firm position on the motion. Sung Decl. at 4-5.

7.   Without informing *Emami* plaintiffs, Defendants filed the motion to consolidate in the *Pars* case on February 20. On February 26, after plaintiffs had already filed their amended complaint pursuant to this Court's February 4 Order, Defendants filed the same motion in the instant case, seeking a complete merger of the two cases and the filing of a single consolidated complaint. Defendants did not address the burden or prejudice to plaintiffs that would result from such a merger.

## **ARGUMENT**

### I.   **Consolidation Is Not Appropriate Because It Would Significantly Prejudice Plaintiffs And Cause Unnecessary Delay.**

Where consolidation would result in prejudice to the non-moving party or in significant delay, courts routinely deny consolidation requests. *See, e.g., Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St., LLC,* No. 3:15-cv-04931-JCS, 2016 WL 524805 (N.D. Cal. Feb. 10, 2016); *Snyder v. Nationstar Mortgage,* No. 3:15-cv-3049-JSC, 2016 WL 3519181 (N.D. Cal. Jun. 28, 2016); *Alandy v. Experian Information Solutions,* No. 5:16-cv-02151-BLF (N.D. Cal. Feb. 14, 2017), ECF No. 60; *see also E.E.O.C. v. HBE Corp.,* 135 F.3d 543, 551 (8th Cir. 1998) (consolidation is not appropriate where it would cause "inefficiency, inconvenience, or unfair prejudice to a party."). In this case, consolidation would result in a straightforward shifting of litigation burdens from Defendants to plaintiffs by reversing the current posture of both cases. At this time, *Emami* plaintiffs have survived a motion to dismiss their Administrative Procedure Act claim and are awaiting production of the administrative record so that they can fully litigate that claim on the merits. They have also filed an amended complaint and are awaiting Defendants'

responsive pleading on the balance of their claims. *Pars* plaintiffs, meanwhile, are awaiting Defendants' well-overdue responsive pleading on their initial complaint. Resp. of Pars Pls. at 1-3. Instead of complying with their obligation to respond to the existing pleadings in *Emami* and *Pars* and to produce the administration record, Defendants would effectively shift the burden back to plaintiffs to engage in an unnecessary and cumbersome merger that would significantly delay the progress of both cases. This would prejudice both *Emami* and *Pars* plaintiffs and would unfairly inure to the benefit of Defendants.

The merger requested by Defendants would also undermine both *Emami* and *Pars* plaintiffs' ability to ensure that their "actions retain their separate character." *Intertex, Inc. v. Dri-Eaz Prods., Inc.,* No. 2:13-cv-00165-RSM, 2013 WL 2635028, at *4 (W.D. Wash. June 11, 2013). As *Pars* plaintiffs have noted, each set of plaintiffs has made specific legal and strategic choices relating to the framing and substance of their claims. Resp. of Pars Pls. at 7-8. Requiring a merger of the two complaints would deprive both sets of plaintiffs the ability to retain independence with respect to those choices. It would therefore cause further prejudice to plaintiffs, without resulting in any meaningful efficiency gains. Whether the two cases are consolidated through a merged complaint or not, Defendants will have to respond to, and the Court will adjudicate, the claims that are not overlapping in the ordinary course. And for the claims that are overlapping, the refiling of a consolidated complaint would only require the Court to duplicate work it has already done, rather than simply extend its ruling to parallel *Pars* claims and determine a coordinated schedule for the claims that remain outstanding in each of the cases. Further, discovery and productions need not be repeated or duplicated and can be shared between the two plaintiff teams. *See LSP Techs., Inc. v. Metal Imp. Co. LLC,* No. 2:10-cv-00526-EAS-EPD, 2010 WL 3447834, at *2 (S.D. Ohio Aug. 30, 2010).

Consolidation is also especially inappropriate where, as here, the cases are in different stages of pre-trial proceedings and consolidation would cause significant delay. *See, e.g., Lum v. Mercedez-Benz, LLC,* No. 2:11-cv-09751-MMM-JC, 2012 WL 13012454, at *2 (C.D. Cal. Jan. 5, 2012); *Parapluie v. Mills,* No. 2:11-cv-02548-MMM-SS, 2012 WL 13009100, at *5 (C.D. Cal. Jan. 26, 2012); *Safir v. BBG Communications, Inc.,* No. 3:10-cv-02341-AJB-NLS, 2011 WL 765884, at *2 (S.D. Cal. Feb. 25, 2011). Here, consolidation would further protract the pendency of the two cases before this Court and would inevitably slow down their resolution. As other courts have recognized, slowing down or frustrating the resolution of cases assists neither the parties nor the court. *See Venate v. Int'l Follies, Inc.*, No. 1:16-cv-01138-ELR-JSA, 2017 WL 9882665, at *3 (N.D. Ga. Sept. 22, 2017). And since the two cases are already related and pending before this Court, there is no danger of inconsistent or duplicative rulings if the two cases are not merged, thus obviating a primary reason combining the two cases could otherwise have been useful. *See, e.g., Atoninetti v. Chipotle Mexican Grill, Inc.,* No. 3:05-cv-01660:BTM-WMC, 2007 WL 2669531, at *3 (S.D. Cal. Sept. 7, 2007); *Netcurrents Info. Servs., Inc. v. Dow Jones & Co., Inc.,* No. 2:07-cv-04027-JFW-RC, 2008 WL 11339969, at *2 (C.D. Cal. July 17, 2008).

For all these reasons, this Court should deny Defendants' motion to require plaintiffs to involuntarily return to the drawing board and merge their complaints.

## II. This Court Should Order Coordination And Joint Case Management, But Not A Complete Merger of *Emami* And *Pars.*

As numerous courts have recognized, there are many coordination arrangements short of a full merger that promote efficiency and eliminate the need for duplicative work, including the alignment of pretrial deadlines and discovery schedules. *See, e.g., Odyssey Wireless, Inc. v. Apple Inc.,* No. 3:15-cv-01735-H-RBB, 2015 WL 10943612, at *2 (S.D. Cal. Sept. 30, 2015); *Jones v. Bank of Am., N.A.,* No. 3:11-cv-01161-JM-WVG, 2013 WL 12091088, at *1 (S.D. Cal. May 9,

2013). Courts in this district and elsewhere have allowed similar cases to be maintained on "separate, yet similar, litigation tracks" facilitated in part by issuing joint orders as necessary. *See In re HP Derivative Litig.,* No. 5:10-cv-03608-EJD, 2011 WL 5914216, at *4 (N.D. Cal. Nov. 28, 2011); *Regents of University of California v. Dep't of Homeland Sec.,* No. 3:17-cv-05211-WHA, (N.D. Cal. Sep. 22, 2017) ECF No. 49 (relating but not consolidating five separate cases challenging rescission of DACA); *California v. Ross,* No. 3:18-cv-01865-RS (N.D. Cal. May 22, 2018), ECF No. 14 (relating but not consolidating two separate cases challenging additional of citizenship question to the census); *see also Int'l Refugee Assistance Project v. Trump*, No. 8:17-cv-00361-TDC (D. Md. filed Feb. 7, 2017); *Iranian Alliances Across Borders v. Trump*, No. 8:17-cv-02921-TDC (D. Md. filed Oct. 2, 2017); *Zakzok v. Trump*, No. 1:17-cv-02969-TDC (D. Md. filed Oct. 6, 2017) (coordinating but not consolidating three separate challenges, including one involving undersigned counsel and another involving counsel from the *Pars* team). Plaintiffs stand ready to participate in good faith in a similar coordination arrangement.

In light of the ready availability of alternatives that would not prejudice any party and that would avoid inefficiencies and further delay, this Court should decline to merge the *Emami* and *Pars* cases.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Consolidate should be denied.

Dated: March 10, 2019         Respectfully Submitted,
Washington, D.C.

/s/Sirine Shebaya_____
SIRINE SHEBAYA (*pro hac vice*)
NIMRA AZMI (*pro hac vice*)*
JOSEPH SAEI (CA SBN 321341)*
MUSLIM ADVOCATES
P.O. Box 34440

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE
CASE NO.: 3:18-CV-01587 - 7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Washington, D.C. 20043
Telephone: (202) 897-2622
Facsimile: (202) 508-1007
Email: sirine@muslimadvocates.org

SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
LOTFI LEGAL, LLC
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (208) 977-9974

*Attorneys for Plaintiffs*

*Not admitted to practice in D.C.; practice limited
to federal courts and agencies.*