JOSEPH H. HUNT
Assistant Attorney General,
United States Department of Justice, Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation, District Court Section
GISELA A. WESTWATER
Assistant Director
STACEY I. YOUNG
Senior Litigation Counsel
P. ANGEL MARTINEZ
Trial Attorney

P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 598-8085
Facsimile: (202) 305-7000
Email: Angel.Martinez2@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al., | Case No. 18-cv-01587-JD |
| Plaintiffs, | |
| v. | |
| KIRSTJEN NIELSEN, et al., | |
| Defendants. | |
| *and* | |
| PARS EQUALITY CENTER, et al., | Case No. 18-cv-7818-JD |
| Plaintiffs, | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR, IN THE ALTERNATIVE, STAY PROCEEDINGS** |
| MIKE POMPEO, et al., | |
| Defendants. | Judge: Hon. James Donato |
| | Hearing: April 11, 2019, 10 a.m. |
| | Place: San Francisco U.S. Courthouse, Courtroom 11, 19th Floor |

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

    I.       INTRODUCTION ........................................................................................................1

    II.      ARGUMENT ...............................................................................................................1

            A.     Consolidation is warranted to safeguard judicial economy and consistency, and it would not prejudice the plaintiffs .......................................................1

    III.     CONCLUSION............................................................................................................4

1

2                          <u>**TABLE OF AUTHORITIES**</u>

3                                    **CASES**

4

5    *Adams v. California Dep't of Health Servs*,
          487 F.3d 684, 688 (9th Cir. 2007) ....................................................................1
6
7    *Aroche v. Park, et al.*,
          No. SACV17-0367-JGB-KK, 2017 WL 2857525, at *7 (June 5, 2017) ...........2
8
     *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*,
9         770 F. Supp. 2d 283, 286 (D.D.C. 2011)............................................................3

10   *New York v. Microsoft Corp.*,
11        209 F.Supp. 2d 132, 148 (D.D.C. 2002)............................................................1

12   *United States v. City of Chicago*,
          385 F. Supp. 540, 543 (N.D. Ill. Apr. 24, 1974)................................................3
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

ii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

As explained in Defendants' motion to consolidate, a district court has broad discretion under Federal Rule of Civil Procedure 42(a) to consolidate two actions that involve a common question of law or fact. Because this case and *Pars Equality Center, et al. v. Pompeo, et al.*, No. 18-cv-7818-JD (*Pars*), overlap with respect to the parties, facts, and issues, the Court should consolidate the two cases to promote and safeguard judicial economy and consistency. Plaintiffs allege that consolidation would unduly prejudice them by delaying proceedings, undermining each case's "separate character," and unfairly preventing counsel for each set of plaintiffs to retain independence on litigation strategy. But the overlapping nature of the two cases undermines these claims, which in any event pale in comparison to the heavy weight of safeguarding judicial economy and preventing inconsistent findings.

Accordingly, the government respectfully requests consolidation to eliminate the onerous, inefficient duplication of efforts on the part of the parties and the Court. If the Court does not consolidate, the government asks that it stay the later-filed case—*Pars*—and permit *Emami* to be the lead case to resolve the overlapping legal issues.[1]

## II.   ARGUMENT

### A.    Consolidation is warranted to safeguard judicial economy and consistency, and it would not prejudice the plaintiffs.

To decide whether to consolidate, the Court should first determine the extent to which these two actions overlap. *See Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). As explained in Defendants' motion, *Pars* and *Emami* involve substantially the same putative classes, operative facts, and core issues. Consolidation will enhance judicial economy, consistency, and convenience by saving the parties from having to make duplicative filings throughout the litigation process (like this one), and save the Court from having to consider each of those filings anew and issue what is essentially almost the same order twice. *See New York v. Microsoft Corp.*, 209 F. Supp. 2d 132, 148 (D.D.C. 2002) ("[C]onsolidation is a

---

[1] Plaintiffs here do not address Defendants' alternative request for a stay in *Pars*.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

purely ministerial act which . . . relieves the parties and the Court of the burden of duplicative pleadings and Court orders."); *Emami*, Dkt. 76 at 2-5.

Against these factors for consolidation, the Court must consider any prejudice to the plaintiffs. *See Aroche v. Park, et al.*, No. SACV17-0367-JGB-KK, 2017 WL 2857525, at *7 (June 5, 2017); *Emami*, Dkt. 76 at 5-6. Plaintiffs do not refute the reasons Defendants' submitted on why consolidation would promote judicial economy and consistency, and they agree that the two actions overlap. Indeed, as counsel for the *Emami* plaintiffs admitted at the December 13, 2018, hearing on Defendants' motion to dismiss, "the issues" in both cases "are entirely overlapping." *Emami*, Dkt. No. 68 at 5. Instead, Plaintiffs argue that consolidation would prejudice them and cause unnecessary delay. Their concerns are unfounded.

First, Plaintiffs argue that consolidation would delay progress and "shift[] the litigation burdens" by "reversing the current posture of both cases." *See Emami*, Dkt. 79 at 4-5. This argument fails to explain how requiring the plaintiffs to file a consolidated complaint now— rather than requiring Defendants to respond to the separate operative complaints and this Court to act on those dual overlapping responses—would cause any meaningful inconvenience or delay; instead, a single complaint at the outset of proceedings is far more likely to streamline resolution two putative class actions with virtually identical classes.

Similarly, Plaintiffs also argue that consolidation is inappropriate because the cases are in different stages of pre-trial proceedings and it would cause significant delay by protracting their pendency and slowing down their resolution without helping the parties or the Court. *See Emami*, Dkt. 79 at 6. Nonetheless, once again, Plaintiffs do not specify what delay the filing of a consolidated complaint would cause or elaborate on how any such delay weighs more heavily than promoting judicial economy and consistency. Contrary to *Emami* Plaintiffs' assertion, any consolidation should not take "several months of unnecessary re-litigation and delay[.]" Dkt. No. 79 at 6. Furthermore, the cases are not at drastically different stages of the litigation but are on virtually identical footings, where we are at the stage in which responses to the complaints are the next step. Plaintiffs in *Emami* filed a Second Amended Complaint on February 23, 2019,[2] to

---

[2] Plaintiffs added exhibits to their Second Amended Complaint on February 26, 2019.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

which Defendants have not yet responded. *Emami*, Dkt. No. 75. Similarly, pleadings in the *Pars* case were struck from the record when it was transferred and thus Defendants have not yet responded to the *Pars* Complaint. We doubt this Court wants to make two separate rulings on the government's responses to these two complaints. Even if the cases were at slightly different stages of litigation, that itself "is not fatal to consolidation." *United States v. City of Chicago*, 385 F. Supp. 540, 543 (N.D. Ill. Apr. 24, 1974).

      Plaintiffs' arguments reflect their myopic view of the timeframe of this litigation, which essentially rests on their contradicted view that the cases are materially different. *Compare Emami*, Dkt. at 5 ("[P]laintiffs' ability to ensure that their 'actions retain their separate character.'") *with Emami*, Dkt. No. 68, at 5 ("[T]he issues are entirely overlapping."). Moreover, in exercising its discretion to consolidate, the Court must weigh the risk of prejudice against "the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits *if they are not consolidated*." *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.*, 770 F. Supp. 2d 283, 286 (D.D.C. 2011) (emphasis added). Plaintiffs allude to a delay that could result from having to file a consolidated complaint, but ignore the sequence of delays that would result from allowing these similar actions to proceed on separate tracks. For example, duplicate filings and judicial orders would have to be made in the event of a summary judgment motion or any other motion for that matter. In fact, this motion—a similar version of which was filed in *Pars*—demonstrates how keeping the cases on separate tracks creates duplicative filings.

      Second, Plaintiffs argue that consolidation would undermine the parties' ability to retain their cases' "separate character," and would prevent them from retaining a separate litigation strategy from the litigants in *Pars*. *See Emami*, Dkt. 79 at 5. But Plaintiffs fail to elucidate what "separate character" there is to protect, especially in light of the cases' substantially equal putative classes, operative facts, and core issues, which Plaintiffs themselves recognize. *See Emami*, Dkt. No. 68, at 5 ("[T]he issues are entirely overlapping."). Even if they could identify any "separate character" or provide a persuasive reason for why counsel in both cases cannot consolidate their litigation efforts and work together, Plaintiffs again do not address the weight

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

3

of these considerations vis-à-vis the heavy interests of judicial economy and consistency, and they are unable to do so. Their argument essentially reflects their preference for the Court to be burdened with duplicative work over having their litigation teams work together more closely. And were this Court to certify a class in unconsolidated cases, one set of counsel would by necessity not be able to represent the class. The Court should not allow Plaintiffs to prioritize their claim of convenience over judicial resources.

Third, Plaintiffs claim that consolidation is unwarranted because the Court will have to adjudicate non-overlapping claims, either through consolidation or separately. *See Emami*, Dkt. 79. But Plaintiffs' preference reflects exactly the resultant piecemeal, duplicative approach that contravenes judicial economy. They also say that the Court could extend its ruling on the overlapping claims from *Emami* to *Pars*. This position is also mistaken because such approach fails to recognize whatever minor differences in the allegations between the two cases, to which Defendants must respond—and the Court adjudicate—specifically.

The pointless duplication of efforts absent consolidation is particularly demonstrated in this briefing on consolidation. The government had to file two separate, though largely identical, motions in *Pars* and *Emami*, and is again having to do the same in replying to the plaintiffs' substantially similar responses. Consequently, the Court will have to consider six different briefs with varying arguments on the same issue, and spend additional resources to ensure consistency in the large areas where the arguments overlap, while taking care not to overlook minute distinctions. *See Emami*, Dkt. 76, 79; 80; *Pars*, Dkt. 91, 92, 93. This Court already noted at the December 13, 2018, hearing that it "is not going to do [everything] twice." *Emami*, Dkt. 68 at 5.

## III.    CONCLUSION

WHEREFORE, Defendants respectfully request that the Court exercise its discretion to consolidate *Pars* and *Emami* in light of the considerable overlap in their parties, facts, and issues. In the alternative, Defendants request that the Court stay all proceedings in *Pars* pending resolution of *Emami*.

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR,
IN THE ALTERNATIVE, STAY PROCEEDINGS
18-cv-01587-JD; 18-CV-7818

4

1  Dated: March 15, 2019          Respectfully submitted,

2                                 JOSEPH H. HUNT
3                                 Assistant Attorney General
                                  United States Department of Justice, Civil Division
4
                                  AUGUST E. FLENTJE
5                                 Special Counsel

6                                 WILLIAM C. PEACHEY
7                                 Director
                                  Office of Immigration Litigation, District Court Section
8
                                  GISELA A. WESTWATER
9                                 Assistant Director

10                                STACEY I. YOUNG
11                                Senior Litigation Counsel

12                                By: */s/ P. Angel Martinez*
                                  P. ANGEL MARTINEZ
13                                Trial Attorney (NYBN 5009790)
                                  U.S. Department of Justice, Civil Division
14                                Office of Immigration Litigation, District Court Section
                                  P.O. Box 868, Ben Franklin Station
15                                Washington, DC 20044
                                  T: (202) 598-8085
16                                F: (202) 305-7000
                                  Angel.Martinez2@usdoj.gov
17

18

19

20

21

22

23

24

25

26

27

28
   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE OR,
   IN THE ALTERNATIVE, STAY PROCEEDINGS
   18-cv-01587-JD; 18-CV-7818