**Pages 1 - 17**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable James Donato, Judge

| | |
|---|---|
| FARANGIS EMAMI; et al., ) ) Plaintiffs, ) ) VS. ) ) KIRSTJEN NIELSEN, in her ) official capacity as Secretary ) of Homeland Security; et al., ) ) Defendants. ) ) | **NO. C 18-01587 JD** |
| PARS EQUALITY CENTER; et al., ) ) Plaintiffs, ) ) VS. ) ) MIKE POMPEO; et al., ) ) Defendants. ) ) | **NO. C 18-07818 JD** |

San Francisco, California
Thursday, April 11, 2019

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Emami Plaintiffs:
        MUSLIM ADVOCATES
        P. O. Box 66408
        Washington, D.C.  20035
        **BY:  SIRINE SHEBAYA, ATTORNEY AT LAW**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

REPORTED BY:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
              Official Reporter

```
 1   APPEARANCES:  (CONTINUED)

 2   For Pars Equality Center Plaintiffs:
                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
 3                  Four Embarcadero Center - 17th Floor
                    San Francisco, California 94111
 4             BY:  BABAK G. YOUSEFZADEH, ATTORNEY AT LAW

 5                  ARNOLD & PORTER KAYE SCHOLER LLP
                    Three Embarcadero Center - 10th Floor
 6                  San Francisco, California  94111
               BY:  DANIEL B. ASIMOW, ATTORNEY AT LAW
 7
                    NATIONAL IMMIGRATION LAW CENTER
 8                  3450 Wilshire Boulevard - Suite 108-62
                    Los Angeles, California  90010
 9             BY:  ESTHER H. SUNG, ATTORNEY AT LAW

10   For Defendants:
                    U.S. DEPARTMENT OF JUSTICE
11                  Office of Immigration Litigation
                    P.O. Box 868
12                  Ben Franklin Station
                    Washington, D.C.  20044
13             BY:  STACEY I. YOUNG, SENIOR LITIGATION COUNSEL

14

15

16

17

18

19

20

21

22

23

24

25
```

|   |   |   |
|---|---|---|
| 1 | **Thursday - April 11, 2019** | **10:35 a.m.** |

**P R O C E E D I N G S**

---oOo---

  **THE CLERK:**  Calling Civil 18-1587, Emami versus Nielsen, and Civil 18-7818, Pars Equality Center versus Pompeo.

  Counsel?

  **MS. SHEBAYA:**  Good morning.  Sirine Shebaya for the Emami plaintiffs.

  **MS. YOUNG:**  Good morning.  Stacey Young for the government.

  **MR. YOUSEFZADEH:**  Good morning.  Babak Yousefzadeh for the Pars plaintiffs.

  **MS. SUNG:**  Good morning, Your Honor.  Esther Sung, National Immigration Law Center, for the Pars plaintiffs.

  **MR. ASIMOW:**  And good morning, Your Honor.  Daniel Asimow, Arnold & Porter, for the Pars plaintiffs.

  **THE COURT:**  All right.  Okay.  Who's going to take the lead for the plaintiffs?  One from each case.

  **MS. SHEBAYA:**  One from each case, yes.

  **THE COURT:**  Okay.  Good.

  So we're just going to talk aloud here among friends to reason through what the best thing would be to do.

  I will just tell you I'm not inclined to formally merge the cases through consolidation.  I don't think -- I think there's enough difference between the cases that that would

make that somewhat problematic.

At the same time, we're not going to have two rounds of duplicative everything. Okay? No two rounds of duplicative motions. No two rounds of duplicative discovery. So we're going to have to have an informal practice of focusing on one-time only experience for everything that kind of counts. Okay?

So is it Ms. Shebaya?

**MS. SHEBAYA:** Yes, Your Honor.

**THE COURT:** How would you propose to do that?

**MS. SHEBAYA:** Well, Your Honor, at this time we have a second amended complaint pending, and the Pars team has their main complaint pending already. Your Honor has already ruled on a portion of the claims that apply to both cases actually in the Emami context allowing some of the APA claims to move forward at least.

So our proposal would be -- and the government actually stipulated to responding to our second amended complaint within 21 days of your ruling on -- Your Honor's ruling on the motion to consolidate.

So our proposal would be that the cases get coordinated on scheduling and that the plaintiff teams commit to nonduplicative briefing, and that the first step would be that the government should respond both to Emami's second amended complaint and to the Pars main complaint and produce the

administrative record for the APA claims within 21 days of this Court's order.

And then subsequently --

**THE COURT:** 21 days of which order?

**MS. SHEBAYA:** Of this Court's order on the motion to consolidate.

**THE COURT:** Oh. 21 days from today.

**MS. SHEBAYA:** That was -- right. That is a date -- I'm using this date because the government had stipulated to responding to our second amended complaint by that date; but, of course, it's at the Court's convenience. The crux of the proposal is that we align the schedules and that the two plaintiff teams coordinate their briefing with each other. If your Court -- if Your Honor thinks that that's appropriate, we can agree to a single response to both our complaints.

I mean, basically we are committed to having this be efficient and not duplicating briefing, not duplicating hearings, not duplicating work, but we just don't think that that requires us to file a new complaint.

**THE COURT:** All right. Ms. Young?

**MS. YOUNG:** It sounds like the proposal that Ms. Shebaya has put forward would involve duplicative filings.

What the government would propose, if consolidation is off the table, would in fact be to stay one of the cases and allow the other to go forward. And I think in that scenario, it

1  would make the most sense for the Emami case to go forward
2  given that it was filed first; it has a couple more claims,
3  although those claims are somewhat marginal; and there is
4  already a ruling on the MTD; and the plaintiffs in that case,
5  unlike Pars Equality, are not anonymous.  So I think it makes
6  sense for one case to go forward, and I think it makes sense
7  for that to be the Emami case.
8      I think otherwise if you're going to avoid duplicative
9  filings, I don't see a workable way for the government to
10 respond to both complaints, and I don't see how both cases can
11 really proceed in any kind of logical way.
12          **THE COURT:**  Okay.  Plaintiffs?
13          **MR. YOUSEFZADEH:**  Your Honor, if I may.
14          **THE COURT:**  Yes.
15          **MR. YOUSEFZADEH:**  There's no basis for staying the
16 Pars case.  There are -- I appreciate there are overlaps
17 clearly between the cases, but there are distinctions the
18 government continues to disregard.
19     We have a notice in common claim.  The Emami case doesn't.
20 We have an *ultra vires* claim based on violation of the INA.
21 The Emami case doesn't.  The Emami case has an equal protection
22 and mandamus claim.  We don't.  We have a whole different
23 subclass that doesn't exist in the Emami claim of a group of
24 people that would otherwise not be covered.
25          **THE COURT:**  Let me ask you about that.  So the only

```
 1  thing that gives me serious pause is class cert because the
 2  classes are highly duplicative.  They're not identical.  So how
 3  are you going to handle that?
 4          MR. YOUSEFZADEH:  Your Honor, there are numerous ways
 5  to handle class cert and to avoid inefficiencies throughout the
 6  process.
 7          THE COURT:  I'm not worried about that.  I just --
 8          MR. YOUSEFZADEH:  Just specifically?
 9          THE COURT:  You can't have duplicative classes.
10          MR. YOUSEFZADEH:  Okay.
11          THE COURT:  So how do you plan to do that?
12          MR. YOUSEFZADEH:  So, Your Honor, when we come to
13  classes, if there are -- what we could do, is that the
14  plaintiffs could clearly meet and confer when it comes to
15  classes, we can just decide that we'll proceed on one class or
16  another, and there will be a single brief as related to a
17  single class.
18          THE COURT:  Okay.
19          MR. YOUSEFZADEH:  And if there are supplemental briefs
20  for any supplemental class or additional classes, we'd be happy
21  to do those separately.
22          THE COURT:  All right.  That makes sense.
23      Any other thoughts?
24          MR. YOUSEFZADEH:  Well, I would just -- in response to
25  the government's assumption that this cannot be done without
```

1  staying one case or the other, I would just point out to --
2        **THE COURT:**  Oh, I can make anything happen.  Don't
3  worry about that.
4        **MR. YOUSEFZADEH:**  I was just going to say that not
5  only you can --
6        **THE COURT:**  Let me just ask this.  So I'm confused
7  about -- maybe I'll ask Ms. Young.
8     So in Pars the government hasn't responded yet to the
9  complaint; is that right?
10       **MS. YOUNG:**  That's correct.
11       **THE COURT:**  Okay.  And what do you want to do?  You
12 want to bring a motion to dismiss?
13       **MS. YOUNG:**  That's right.
14       **THE COURT:**  Okay.  I saw some reference in there to
15 something that was done in Washington.  What was done in
16 Washington?
17       **MR. YOUSEFZADEH:**  Your Honor, there was a motion to
18 dismiss that was fully briefed in the Washington
19 District Court, which was --
20       **THE COURT:**  That predates my order, though.
21       **MR. YOUSEFZADEH:**  Yes.  That was stricken from --
22       **MS. YOUNG:**  That was stricken from the record.
23       **MR. YOUSEFZADEH:**  That was stricken from the calendar.
24       **THE COURT:**  So that has to be redone.
25       **MR. YOUSEFZADEH:**  Yes.

1   **THE COURT:** So I'm not going to -- you have to spend
2   the time tailoring the motion to my Emami order. I'm not -- I
3   will lay this out in greater detail.
4       There are just a couple of touchstones. One is there will
5   be no covert reconsideration motions for anybody between the
6   two cases. So if I decide something in one case, that's the
7   rule for both if it's the same issue. So consider the Emami
8   order to be the baseline for both the complaint, what can and
9   can't go forward in Pars, and then also what issues you can
10  argue on the defendants' side. Okay? So there will be no
11  revisiting of decisions that I make because we're going to have
12  these two cases go forward.
13      And then you two are going to have to meet and confer
14  vigorously to make sure that I get one set of briefs for
15  everything. I'm not going to have double briefs. All right?
16  So if there's an inflection point of some sort, it's not going
17  to be four briefs. It's going to be -- it's not going to be
18  six briefs. It's going to be three briefs. All right? Okay?
19      And you're going to have to make that work. I'm going to
20  rely on you to do it. I have confidence that you can.
21      And it will be an absolute requirement the documents from
22  the government get produced once and once only. Witnesses are
23  made available once and once only if you need to depose the
24  plaintiffs. Same for the plaintiffs or any documents. There
25  will be a one-time only exchange for both cases so you might

want to set up a repository or do something else, think about how you're going to mark things. All right? But one-time only for everything, and I think we'll make it work.

Now, all right, so that's the order.

Redo the motion to dismiss. How much time would the government like, Ms. Young?

**MS. YOUNG:** I think 21 days should suffice.

**THE COURT:** Okay? Three weeks from today?

**MS. YOUNG:** Yes.

**THE COURT:** Let's make it 30 just in case.

**MS. YOUNG:** Even better.

**THE COURT:** Okay. 30 days from today. All right.

**MS. YOUNG:** And just with respect to --

**THE COURT:** Yes. Go ahead.

**MS. YOUNG:** Just with respect to the certification of classes if indeed that happens, would classes only be certified in one of the cases? I assume --

**THE COURT:** We'll get to that later, but I'm just giving you the high level. I can't -- let's just see what happens. All right? We don't -- let's settle the claims. Let's settle the facts to the extent we can, and then we'll get into that. Class cert is going to be probably eight months down the road anyway. Okay? So we will work it out. This is not the first time in life that I've had dueling classes. Not dueling classes but overlapping classes.

1   Okay. So 30 days from today will be the government's
2   deadline for challenging the complaint in Pars as informed by
3   my order in Emami.
4   I saw references that initial disclosures and discovery
5   are not going forward. What are you doing? You're supposed to
6   be driving this case. You're telling me that time is of the
7   essence, and I almost fell out of my chair when I saw that you
8   guys hadn't -- the plaintiffs have not served a lick of
9   discovery yet.
10  **MR. YOUSEFZADEH:** Your Honor --
11  **THE CLERK:** This case has been around for months and,
12  you know, motions to dismiss don't toll discovery. So what are
13  you waiting on?
14  **MR. YOUSEFZADEH:** Understood. We exchanged initial
15  disclosures in Washington -- in the Western District of
16  Washington. The government has taken the position that there
17  will be no discovery until this issue was resolved, and so --
18  **THE COURT:** You just accepted that?
19  **MR. YOUSEFZADEH:** We're waiting to get before the
20  Court to figure out how the Court wanted to handle this before
21  we proceeded forward.
22  **THE COURT:** Don't wait. You're the master of this
23  complaint. I've got 400 other cases. Okay?
24  **MR. YOUSEFZADEH:** Understood, Your Honor.
25  **THE COURT:** It's at your expense. The deadlines are

1  going to be short and swift and if you're not done, that's on
2  you.  Okay?
3          **MR. YOUSEFZADEH:**  Understood.  And with respect to
4  that, Your Honor, then --
5          **THE COURT:**  Don't wait.
6          **MR. YOUSEFZADEH:**  We won't, Your Honor.
7          **THE COURT:**  Keep things moving.
8          **MR. YOUSEFZADEH:**  With respect to that, Your Honor, is
9  it part of the Court's order that the government should go
10 ahead and produce the administrative record now that we have
11 viable ADA claims?
12         **THE COURT:**  Did you ask for it?
13         **MR. YOUSEFZADEH:**  Have we asked for that?  Yes.  We
14 did both in the CMC statements as well our --
15         **THE COURT:**  Did you serve a request for production for
16 the administrative record?
17         **MR. YOUSEFZADEH:**  I'm sorry, Your Honor.  I didn't
18 hear that.
19         **THE COURT:**  Did you serve a request for production for
20 the administrative record?
21         **MR. YOUSEFZADEH:**  We have not.  As part of the APA
22 claim is automatically that the government always produces it.
23         **THE COURT:**  Get it done.
24         **MR. YOUSEFZADEH:**  Okay.
25         **THE COURT:**  Just make a formal demand; and if they

1  haven't done it, line it all up and --
2       **MS. SHEBAYA:** Your Honor, if I may.
3  We were trying to meet and confer with the government on
4  the question of case management schedules generally and the
5  production of the administrative record and all the next
6  steps --
7       **THE COURT:** That's fine. Listen --
8       **MS. SHEBAYA:** -- which --
9       **THE COURT:** -- you work it out. I don't need to be
10 involved in that.
11      **MS. SHEBAYA:** Okay.
12      **THE COURT:** My message to you is don't wait because
13 you're not going to have -- you're not going to have three
14 years for this. You're going to have about 10 months from
15 today. I mean, we've already -- I typically set
16 case-dispositive trial, I don't know if that's going to be in
17 this case or whether it's just going to be summary judgment,
18 but 18 months from your initial appearance and that was about
19 four months ago, three months ago. So --
20      **MR. YOUSEFZADEH:** Understood.
21      **THE COURT:** -- your clock is ticking. Don't wait on
22 it. If you're having a problem, either side, you write to me
23 under my civil discovery orders; but sitting and being patient
24 is not a track that I would follow. It's up to you.
25      **MR. YOUSEFZADEH:** And just to clarify --

1    **THE COURT:** Now, how much time would the government
2 like to respond to -- so there's an amended complaint in Emami?
3    **MS. SHEBAYA:** Yes, Your Honor.
4    **THE COURT:** What's happening with your response in
5 terms of time?
6    **MS. YOUNG:** Right. So we had stipulated to our
7 response deadline being 21 days after the resolution of the
8 consolidation motion.
9    **THE COURT:** Oh. Right. Okay. Now, is that likely?
10 Is that an answer or another motion? Have you decided yet?
11    **MS. YOUNG:** Another motion. Just to be clear, would
12 we be filing one motion to dismiss for both cases?
13    **THE COURT:** No. For the complaints, because they're
14 different, you're going to file one in Pars and you're going to
15 file one in Emami because Emami has constitutional claims that
16 Pars doesn't have, and we do have to have some separation. All
17 right? So we're going to be very flexible and do what's right
18 under the circumstances.
19     So this would be an occasion when you will have
20 nonduplicative briefs. Now, most of Emami is settled except
21 for the common law claims, I think. So I would imagine your
22 brief in Emami will be very limited to the -- what is it? Due
23 process? Right to family?
24    **MR. YOUSEFZADEH:** Due process, equal protection.
25    **THE COURT:** Yeah, okay. So your Emami motion should

```
 1  be limited just to that.  We're not revisiting *Bacardi* issues
 2  or the APA issues that I sustained.  So there should be no
 3  substantive overlap between Pars and Emami because only Emami
 4  has those claims and Pars doesn't.
 5       I don't know what you're going to do in Pars because I
 6  think I've resolved all the issues, but I leave it up to you.
 7  You're closer -- you-all are the experts so you just have to
 8  figure it out, but you know the standard would be
 9  nonduplicative.  Okay?
10       Why don't we just make everything 30 days so that we can
11  keep the calendar straight.  So 30 days for both.  All right?
12       Let's see...  Oh, work out a schedule.  All right?  So you
13  should be looking for -- are you expecting a trial in this?
14  What do you think the punch line is going to be for
15  decision-making?
16            MR. YOUSEFZADEH:  I think in the joint CMC statement
17  the plaintiffs had proposed a trial that would have been a year
18  from today.
19            THE COURT:  Well, no.  But, I mean that's going to
20  depend on which claims go forward, isn't it?
21            MR. YOUSEFZADEH:  That's correct, Your Honor.
22            THE COURT:  Okay.
23            MR. YOUSEFZADEH:  If you're -- well, here's the thing.
24  We can't figure out really whether this is going to be a
25  dispositive motion or a trial.  We can't have a better sense of
```

1  that until we actually see and perceive the entire
2  administrative record.  Once we understand what we're dealing
3  with, then we'll be in a better position to determine whether
4  or not this goes forward through a discovery process or through
5  a dispositive motion process or not.  So it's a bit early to
6  decide whether that's going to happen through trial or not.
7          **MS. YOUNG:**  And, Your Honor, it's the government's
8  position that this is fundamentally an APA case and, therefore,
9  discovery or a trial would be inappropriate.  This case should
10 be reviewed only on the administrative record if, in fact, both
11 cases go forward.
12         **THE COURT:**  Well, that certainly will be true if
13 that's all that goes forward.  So why don't you do this:  Get
14 together and work out a schedule that's about 10 months from
15 today -- okay? -- 10 to 12 months from today.
16     And the final event, you can just call it, you know, trial
17 slash APA proceeding.  Okay?  We'll figure out what, but use
18 that as the last date and you can reason backwards from there.
19 You should look at my other scheduling orders just for samples
20 in cases -- okay? -- on format.
21     And why don't you have that in a week.  Can we do that in
22 a week?
23         **MS. SHEBAYA:**  Yes, Your Honor.
24         **MR. YOUSEFZADEH:**  Yes, Your Honor.
25         **THE COURT:**  All right.  Now, what do you anticipate?

1   Are you anticipating preliminary injunction?
2            **MR. YOUSEFZADEH:** Once again, that's certainly a
3   possibility, Your Honor.
4            **THE COURT:** Notice I lowered my voice when I said
5   that?
6            **MR. YOUSEFZADEH:** It may be a possibility, Your Honor,
7   whether we do a preliminary injunction or a motion for summary
8   judgment.  Again, it's a little early to tell until we see the
9   administrative record.
10           **THE COURT:** All right.  That's fine.
11      Okay.  Government, anything else you'd like to raise?
12           **MS. YOUNG:** No, Your Honor.
13           **THE COURT:** Ms. Young I should say.  Not government.
14      Ms. Shebaya?
15           **MS. SHEBAYA:** No, Your Honor.  Thank you.
16           **THE COURT:** Okay.  Is that it?
17           **MR. YOUSEFZADEH:** Yes, Your Honor.
18           **THE COURT:** Good?
19      Okay.  So one week from today for your joint scheduling
20  order, and then you're off to the races.  All right?
21           **MR. YOUSEFZADEH:** Thank you, Your Honor.
22           **THE COURT:** Thank you.
23           **MS. SHEBAYA:** Thank you.
24           **MS. YOUNG:** Thank you.
25                  (Proceedings adjourned at 10:51 a.m.)

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Monday, April 22, 2019

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter