**VIA ECF**

The Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    ***Emami, et al. v. Nielsen, et al.*, 3:18-cv-01587-JD;**
               ***Pars Equality Center, et al. v. Pompeo*, et al., 3:18-cv-07818-JD**

Dear Judge Donato:

      Pursuant to the Court's April 25, 2014 Standing Order for Discovery in Civil Cases ¶ 18, Plaintiffs respectfully submit this letter to compel completion of the Administrative Record ("Record") and compliance with Plaintiffs' Request for Production No. 1. The parties met and conferred on May 28, and there remains an open dispute.

      *Background*: These cases concern a challenge under the Administrative Procedure Act ("APA") and the U.S. Constitution to Defendants' implementation of the waiver provisions of Presidential Proclamation 9645 (the "Travel Ban"). Since the Proclamation was enacted, tens of thousands of individuals have been denied visas to enter the United States, the overwhelming majority from predominantly Muslim countries. Plaintiffs filed suit in March and July 2018 respectively. After litigation, on April 11, 2019, the Court ordered Defendants to produce the complete Administrative Record by May 13, 2019. Also, on April 12, Plaintiffs propounded a single Request for Production ("RFP") on Defendants requiring production of the Administrative Record and all related materials. *See* Ex. A (RFP).

      On May 15, Defendants produced 364 pages of materials (the "Record") and certified that the production of the "attached non-classified, non-privileged documents are the full and complete administrative record." The record is comprised exclusively of documents from the State Department ("DOS"): a few sections from the Foreign Affairs Manual ("FAM"), five redacted "Q&A" sets, nine cables, and three redacted training presentations. These materials reflect that Defendants took an extraordinarily restrictive view in implementing the Proclamation, and that these positions grew more restrictive over time. Beyond producing the Record, Defendants have not served objections or responses to Plaintiffs' RFP.

      1.    *Defendants Have Failed to Produce the Complete Administrative Record*: Section 706 of the APA states that courts "shall review the whole record" of agency decision-making. 5 U.S.C. § 706. Judicial review of agency action must therefore be "based on the full administrative record that was before the [agency] at the time [it] made [its] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). "The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). The Record must include "all materials that might have influenced the agency's decision, and not merely those on which the agency relied in its final decision." *Cty. of San Miguel v. Kempthorne*, 587 F. Supp. 2d 64, 71 (D.D.C. 2008).

Here, Defendants have arbitrarily limited the Record to a select set of final, redacted documents considered by a single agency. Allowing Defendants to manipulate the Record in such a manner would enable them to shield government decision-making from the transparent review that Congress mandated under the APA. *See Portland Audubon Soc'y v. Endangered Species Comm.*, 984 F.2d 1534, 1548 (9th Cir. 1993) ("An incomplete record must be viewed as a fictional account of the actual decision-making process. . . . If the record is not complete, then the requirement that the agency decision be supported by 'the record' becomes almost meaningless." (internal quotation marks omitted)); *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984) ("To review less than the full administrative record might allow a party to withhold evidence unfavorable to its case . . . ."). Defendants may not selectively produce documents that fit their litigation position, but instead must produce the *complete* administrative record to allow Plaintiffs and the Court to evaluate their arguments.

A plaintiff may demonstrate that an administrative record is incomplete by proffering "reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record." *Gill v. U.S. Dep't of Justice*, No. 14-3120, 2015 WL 9258075, at *6 (N.D. Cal. Dec. 18, 2015). Here, it is evident that the Record is incomplete and should be supplemented for the following reasons:

      a.   *The Record Contains Gaps and Lacks Support for Key Elements of the Decision*: The Record (as well as materials produced in FOIA requests) reference extensive other materials that have not been included in the Record, including historical versions of the FAM, at least ten other cables, and additional presentations and training materials from the Consular Affairs Intranet.[1] Further, the limited materials that have been produced have been heavily redacted. For example, two of the three training presentations, several of the cables, and every version of the Q&As are redacted, some to the point where the document is incomprehensible. *See* AR 44-50, 106-114, 139-47, 195, 197, 240-88. The Record contains no log or other explanation for the basis for these redactions. In addition to being responsive to Plaintiffs' RFP, unredacted versions of all these materials should be part of the Record and produced.

More importantly, the Record does not allow the public to understand how DOS developed its restrictive policies, and why these policies grew more restrictive over time. There is nothing explaining how DOS resolved critical questions such as why: "undue burden" can only involve an "unusual situation" where delay would frustrate the purpose of the trip (AR 21); country conditions cannot be considered as an "undue burden" (AR 139); "national interest" requires showing a "U.S. person or entity would suffer hardship" (AR 21); why a "close family relationship" between a parent and child is limited to children under age 21 (AR 41). These questions go to the heart of Plaintiffs' allegation, in both the *Emami* and the *Pars* cases, that the guidance is arbitrary and capricious.

Notably, the Record contains no "drafts, internal reviews and critiques, inter-agency reviews, dissent[s], e-mail exchanges, or other correspondence between and among the agencies and/or others involved in the process" or consideration of "alternatives," the absence of which

---

[1] The missing cables include 17 STATE 21026, 25814, 52856, 60239, 72000 & 114575, 18 STATE 5468, 19874, & 118790, and 19 STATE 8106. The missing training presentations include presentations given in September and November 2017 and February 2018, as well as recordings, chats, and sharepoints.

demonstrates that the Record is incomplete. *See Lockyer v. U.S. Dep't of Agric.*, 2006 WL 708914 at *4 (N.D. Cal. Mar. 16, 2006). *See also Inst. For Fisheries Res. v. Burwell*, 2017 WL 89003 at * 1 (N.D. Cal. Jan 10, 2017) ("It is obvious that in many cases internal comments, draft reports, inter- or intra-agency emails, revisions, memoranda, or meeting notes will inform an agency's final decision. Therefore, the government is wrong to assert that these types of materials, as a categorical matter, should be excluded from the universe of materials directly or indirectly considered by agency decision-makers."). In addition to being responsive to Plaintiffs' RFP, these materials are part of the Record and should be produced.

        b.   *The Record Lacks Materials From Other Agencies, Contractors and the Interagency Process*: The Record has been limited to materials from DOS, and includes neither materials from other Defendant agencies (including DHS, USCIS, and CBP), nor materials reflecting inter-agency consultations. The Proclamation itself tasked both DOS and DHS with implementing the Proclamation. Moreover, materials produced pursuant to FOIA requests indicate that consultants (including Deloitte and Quality Support, Inc.) were involved in implementing the Proclamation. Documents in the possession of all of these entities would constitute documents and materials "directly or indirectly considered." *Thompson*, 885 F.2d at 555. In addition to being responsive to the Request for Production, these are part of the Record and should be produced immediately.

        c.   *The Record Lacks Materials Considered by Key Agency Personnel involved in Implementing the Proclamation*: When an agency decision maker relies "on the work and recommendations of subordinates, those materials should be included [in the administrative record] as well." *Amfac Resorts, LLC v. U.S. Dep't of Interior*, 143 F. Supp.2d 7, 12 (D.D.C. 2001). Thus, a complete administrative record must include "the work and recommendations of subordinates." *Kempthorne*, 587 F. Supp. 2d at 71. Materials from the Record and FOIA responses reflect that a discrete (albeit large) team was tasked with implementing the Proclamation waiver provisions.[2] In addition to being responsive to Plaintiffs' RFP, the work and recommendations of this team is part of the Record and should be produced.

    2.   *Defendants Have Failed to Produce a Privilege Log*: Defendants have expressly limited the Record to "non-privileged" materials. During the meet and confer, Defendants confirmed that they were withholding materials and were not required to provide a basis. The Request for Production expressly called for a privilege log under Rule 26(b)(5), and in similar circumstances, the Government has been compelled to provide a privilege log in APA litigation. *E.g., Gill*, 2015 WL 9258075 at * 7; *Lockyer*, 2006 WL 708914 at * 4; *Burwell*, 2017 WL 89003 at *1. Pursuant to Rule 26(b)(5), the Defendants should accordingly produce a privilege log forthwith, and/or produce complete, unredacted versions of redacted documents.

Plaintiffs thank the Court for its consideration of the foregoing issues and respectfully request that the Court compel completion of the Administrative Record ("Record") and compliance with Plaintiffs' Request for Production No. 1.

---

[2] These individuals include Carl Risch, Karen Christensen, Ed Ramotowksi, Karin King, Mario Mesquita, Jenny Cordell, Peter Marigliano, Jonathan Webster, David Newman, Katherine Ray, Sean Whalen, John Simmons, James McMillan, Joel Nantais, Lisa Overman, Katherine Plona, Morgan Parker, Christine Parker, Matthew Paschke, Naomi Walcott, Tiffany Derentz, Matthew McNeil, Linda Neilan, Nicholas Perry, Megan Ahearn, Megan Herndon, Erin Hoffman, Dean Kaplan, Daniel Mickelson, and Timothy W. Smith.

Respectfully submitted,

*/s/ Sirine Shebaya*
SIRINE SHEBAYA (*pro hac vice*)
NIMRA AZMI (*pro hac vice*)*
JOSEPH SAEI (CA SBN 321341)*
**MUSLIM ADVOCATES**
P.O. Box 34440
Washington, D.C. 20043
Telephone: (202) 897-2622
Facsimile: (202) 508-1007
sirine@muslimadvocates.org
nimra@muslimadvocates.org
yusuf@muslimadvocates.org

SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
**LOTFI LEGAL, LLC**
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (208) 977-9974
shabnam@lotfilegal.com
veronica@lotfilegal.com

*Attorneys for Emami Plaintiffs*

**Not admitted to practice in D.C.; supervised by members of the D.C. bar*

*/s/ John A. Freedman*

JOHN A. FREEDMAN (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, D.C. 2001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
john.freedman@arnoldporter.com

DANIEL B. ASIMOW (CA SBN 165661)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
daniel.asimow@arnoldporter.com

ESTHER H. SUNG (CA SBN 255962)
JOSHUA T. STEHLIK (CA SBN 220241)
**NATIONAL IMMIGRATION LAW CENTER**
3450 Wilshire Blvd., #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
sung@nilc.org
stehlik@nilc.org

ELICA S. VAFAIE (CA SBN 284186)
**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**
55 Columbus Ave.
San Francisco, CA 94111
Telephone: (415) 848-7711
elicav@advancingjustice-alc.org

ZAHRA A. BILLOO (CA SBN 267634)
BRITTNEY REZAEI (CA SBN 309567)
**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**
3160 De La Cruz Blvd., Suite 110
Santa Clara, CA 95054
Telephone: (408) 986-9874
Facsimile: (408) 986-9875
zbilloo@cair.com
brezaei@cair.com

DARIN SANDS (CA SBN 257363)
DUSTIN J. O'QUINN*
JESSICA WALDER*
**LANE POWELL, PC**
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, WA 98111-9402
Telephone: (206) 223-7000
Facsimile: (206) 223-7107
sandsd@lanepowell.com
oquinnd@lanepowell.com
walderj@lanepowell.com

BABAK G. YOUSEFZADEH
(CA SBN 235974)
**IRANIAN AMERICAN BAR ASSOCIATION**
5185 MacArthur Blvd., Suite 624
Washington, D.C. 20016
Telephone: (415) 774-3191
president@iaba.us

*Attorneys for Pars Plaintiffs*

*\* Pro Hac Vice motion forthcoming*