SIRINE SHEBAYA (*pro hac vice*)
NIMRA AZMI (*pro hac vice*)*
JOSEPH SAEI (CA SBN 321341)*
**MUSLIM ADVOCATES**
P.O. Box 34440
Washington, DC 20043
Telephone: (202) 897-2622
Facsimile: (202) 508-1007
sirine@muslimadvocates.org
nimra@muslimadvocates.org
yusuf@muslimadvocates.org

SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
**LOTFI LEGAL, LLC**
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (208) 977-9974
shabnam@lotfilegal.com
veronica@lotfilegal.com

*Not admitted to practice in DC; practice limited to federal courts and agencies*

**ATTORNEYS FOR EMAMI PLAINTIFFS**

**NATIONAL IMMIGRATION LAW CENTER**
ESTHER H. SUNG (SBN 255962)
JOSHUA T. STEHLIK (SBN 220241)
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
sung@nilc.org
stehlik@nilc.org

JOHN A. FREEDMAN (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
john.freedman@arnoldporter.com

DANIEL B. ASIMOW (SBN 165661)
**ARNOLD & PORTER KAYE SCHOLER LLP**
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
daniel.asimow@arnoldporter.com

[additional counsel listed on signature page]

**ATTORNEYS FOR PARS PLAINTIFFS**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>Defendants. | Case No. 3:18-cv-01587-JD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO RESPOND TO THE COMPLAINTS**<br><br>Judge: Hon. James Donato |
| PARS EQUALITY CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE POMPEO, et al.,<br><br>Defendants. | Case No. 3:18-cv-07818-JD |

1   Instead of complying with the Court's order of April 15, ECF. No. 82, and having already sought and received one extension (ECF No. 88) to filing their long overdue responsive pleadings to the *Pars* and *Emami* complaints, Defendants have filed an eleventh-hour motion seeking yet another multi-week extension of their filing deadline.  This is simply untenable.  The *Pars* complaint has been pending for ten months without a responsive pleading; the Second Amended *Emami* complaint has been pending for three months without a responsive pleading; and the trial date to which all the parties jointly stipulated is now just over ten months away.  The *Pars* and *Emami* plaintiffs are entitled to responsive pleadings to their respective complaints, and Defendants have failed to demonstrate good cause for the additional extension.  Plaintiffs respectfully request that this Court deny Defendants' request for further delay.

A finding of good cause is necessary for an extension.  *See* Fed. R. Civ. P. 6(b)(1) (requiring good cause for extension of time); *see also* Fed. R. Civ. P. 16(b)(4) (requiring good cause for modification of Rule 16 scheduling order).  "The focus of the 'good cause' analysis under Rule 16(b) is the diligence of the party seeking the modification."  *In re Imperial Credit Indus. Sec. Litig.*, 252 F. Supp.2d 1005, 1017 (C.D. Cal. 2003) (citations omitted); *see also Joshua v. City and County of San Francisco*, No. 14-cv-05394-JD, 2015 WL 6152482, at *1 (N.D. Cal. Nov. 13, 2015) ("The primary consideration for 'good cause' under Rule 16 is diligence.").  Defendants' lack of good cause and lack of diligence are evident in the following:

1.   Defendants' motion for an extension does not explain why the purported reason for the extension—the past due State Department report to Congress on waiver statistics—would affect the Court's assessment of either an answer, which only admits or denies allegations in the complaint, or a Rule 12(b)(6) motion, for which the Court would presume the truth of Plaintiffs' non-conclusory allegations and construe all reasonable inferences in favor of Plaintiffs.  In either circumstance, extrinsic evidence such as the report has no bearing or relevance on the Court's evaluation of the viability of Plaintiffs' claims.  *See, e.g., Fraley v. Facebook, Inc.*, 830 F. Supp. 2d 785, 794 (N.D. Cal. 2011) ("the Court generally may not look beyond the four corners of the complaint in ruling on a Rule 12(b)(6) motion…").  If Defendants would instead immediately seek summary judgment based on the report, the parties' dispute over the completeness of the Administrative Record, *see* ECF No.

90, demonstrates that such a motion would be premature regardless of the report's contents.

2.      Defendants' conduct demonstrates that the substance of the report is not relevant to their responsive pleadings.  Under the April 15 scheduling order, Defendants' responsive pleading was due by May 13, 2019, two days before the report was due to the Senate.[1]  Notwithstanding those near simultaneous deadlines, Defendants never previously raised the issuance of the report as impacting their ability to respond in these matters.

3.      Defendants unnecessarily delayed in seeking this relief.  Having already received a 15-day extension, Defendants contacted Plaintiffs' counsel on the afternoon of May 25 (*i.e.,* the Saturday of Memorial Day weekend) to request a further three-week extension of their responsive pleading deadline.  The parties met and conferred telephonically at 11 am ET on May 28, after which Plaintiffs promptly informed Defendants by e-mail within an hour that Plaintiffs would not consent to Defendants' requested extension.  Defendants did not file their two-page motion to request an extension until almost 8 pm ET, just before 5 pm PT, on the day their responsive pleadings were due.  ECF No. 89.  This is the opposite of diligence.

Defendants are now in violation of this Court's May 9 order to file their responsive pleadings by May 28, 2019.  Although Plaintiffs are pressing forward with class discovery, the parties have jointly stipulated to a trial date just over ten months from now, and the parties are entitled to a decision from this court as to the contours of the viable claims in these cases.  A continuance will cause substantial harm to Plaintiffs' ability to properly litigate these cases, complete discovery, and to prepare for trial.  Plaintiffs respectfully request that this Court deny Defendants' Motion to Extend Time.

DATED: May 29, 2019.                    Respectfully submitted,

| /s/ *Sirine Shebaya* | /s/ *John A. Freedman* |
|---|---|
| SIRINE SHEBAYA | JOHN A. FREEDMAN |
| SIRINE SHEBAYA (*pro hac vice*) | **ARNOLD & PORTER KAYE SCHOLER LLP** |
| NIMRA AZMI (*pro hac vice*)* | JOHN A. FREEDMAN (*pro hac vice*) |
| JOSEPH SAEI (CA SBN 321341)* | 601 Massachusetts Ave., NW |
| **MUSLIM ADVOCATES** | Washington, DC  20001-3743 |

---

[1] *See, e.g., Van Hollen Releases New State Department Data on Travel Ban* (Apr. 5, 2019) (noting that the State Department is required "to provide detailed information on the travel ban" and "the first reporting deadline is May 15, 2019") *available at https://www.vanhollen.senate.gov/news/press-releases/van-hollen-releases-new-state-department-data-on-travel-ban*

- 2 -

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO            No. 3:18-cv-01587-JD
EXTEND TIME TO RESPOND TO THE COMPLAINTS                   No. 3:18-cv-07818-JD

| | |
|---|---|
| P.O. Box 34440<br>Washington, DC 20043<br><br>SHABNAM LOTFI (*pro hac vice*)<br>VERONICA SUSTIC (*pro hac vice*)<br>**LOTFI LEGAL, LLC**<br>P.O. Box 64<br>Madison, WI 53701<br><br>*\*Not admitted to practice in DC; practice limited to federal courts and agencies*<br><br>**ATTORNEYS FOR EMAMI PLAINTIFFS** | DANIEL B. ASIMOW (SBN 165661)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111<br><br>**NATIONAL IMMIGRATION LAW CENTER**<br>ESTHER H. SUNG (SBN 255962)<br>JOSHUA T. STEHLIK (SBN 220241)<br>3450 Wilshire Blvd. #108-62<br>Los Angeles, CA 90010<br><br>MAX S. WOLSON†<br>P.O. Box 34573<br>Washington, D.C. 20043<br>Telephone:   (202) 216-0261<br>Facsimile:   (202) 216-0266<br>wolson@nilc.org<br><br>**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**<br>ZAHRA A. BILLOO (SBN 267634)<br>BRITTNEY REZAEI (SBN 309567)<br>3160 De La Cruz Blvd., Suite 110<br>Santa Clara, CA 95054<br>Telephone:   (408) 986-9874<br>Facsimile:   (408) 986-9875<br>zbilloo@cair.com<br>brezaei@cair.com<br><br>**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**<br>ELICA S. VAFAIE (SBN 284186)<br>55 Columbus Ave.<br>San Francisco, CA 94111<br>Telephone:   (415) 848-7711<br>elicav@advancingjustice-alc.org<br><br>**LANE POWELL, PC**<br>DARIN SANDS (CA SBN 257363)<br>DUSTIN O'QUINN†<br>JESSICA WALDER†<br>1420 Fifth Avenue, Suite 4200<br>P.O. Box 91302<br>Seattle, WA 98111-9402<br>Telephone:   (206) 223-7000<br>Facsimile:   (206) 223-7107<br>sandsd@lanepowell.com<br>oquinnd@lanepowell.com<br>walderj@lanepowell.com<br><br>**IRANIAN AMERICAN BAR ASSOCIATION**<br>BABAK G. YOUSEFZADEH (CA SBN 235974)<br>5185 MacArthur Blvd. NW, Suite 624<br>Washington, DC 20016<br>Telephone:   (415) 774-3191<br>president@iaba.us<br><br>†*Pro Hac Vice* motion forthcoming<br><br>**ATTORNEYS FOR PARS PLAINTIFFS** |