VIA ECF

Hon. James Donato
United States District Court, Northern District of California

**Re: Administrative Record in *Emami v. Nielsen*, No. 18-cv-1587-JD, and *Pars Equality v. Pompeo*, No. 18-cv-7817-JD**

Dear Judge Donato:

In light of the Court's recent order setting a discovery hearing and status conference for July 11, 2019, Defendants respectfully request that the Court stay all discovery deadlines until after it has had an opportunity to address whether discovery is even appropriate in this record-review case.

From the outset of this litigation and consistently throughout, Defendants have maintained that any judicial review the Court permits should be limited to the administrative record. *See Pars*, Dkt. Nos. 68, 69, 96, 102, 118, 120; *Emami*, Dkt. Nos. 45, 83, 96, 98. Indeed, the Court refined Plaintiffs' claims in its order on the *Emami* motion to dismiss: as the Court noted, "the gravamen of the complaint is that the government has flouted its own guidelines and statements about case-by-case determinations of waiver applications in favor of a policy of blanket denials." *Emami*, Dkt. No. 74 at 12. Notably, the Court dismissed the constitutional claims raised by Plaintiffs in *Emami*, and its reasoning for doing so applies with equal force to the due process claims in *Pars*. *Id.* at 16-18. Consequently, the only surviving claim is, as this Court recognized, Plaintiffs' *Accardi* claim, and these cases should be reviewed solely on the administrative record. *See Pars*, Dkt. No. 119; *Emami*, Dkt. No. 97.

To that end, Defendants have provided a full and complete administrative record, compiled expressly to enable the Court to assess and decide whether the government has, as Plaintiffs allege, administered the waiver process in a fraudulent way and compelled consular officers to issue blanket denials of waivers. Plaintiffs will have an opportunity to assert any contentions to the contrary at the hearing set by the Court for July 11, 2019. Dkt. No. 119. Plaintiffs informed Defendants, during a conference call on June 17, 2019, that they also intend to argue in a letter brief that extra-record discovery is appropriate in these cases; Defendants, moreover, expect that this issue will be relevant to the Court's consideration of the government's summary judgment motion, which is noticed for argument on July 25, 2019. *See Pars*, Dkt. No. 120; *Emami*, Dkt. No. 98. Staying discovery in the interim[1] will not prejudice the parties, as the upcoming hearing will occur well in

---

[1] An example of such impermissible extra-record discovery is Plaintiffs' first request for production of documents, which, as Defendants previously noted, effectively asks for "the whole universe of materials that relate to the visa application and adjudication process." *Pars*, Dkt. No. 118, at 2. As to Plaintiffs' first set of interrogatories, those are inappropriate where they seek information relating to decisionmaking processes

advance of the close of the September 30 class certification discovery deadline. *Emami*, Dkt. No. 83 at 2; *Pars*, Dkt. No. 102 at 2.

Despite the Court's narrowing of the issues to their *Accardi* claim, Plaintiffs continue to propound discovery requests on Defendants. For purposes of judicial economy, and to preserve the parties' resources and protect them against what may be needless discovery demands, Defendants ask that all discovery deadlines be stayed until after the Court has resolved the pending discovery disputes—particularly the question of whether review of Plaintiffs' APA claim should be limited to the administrative record.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

AUGUST E. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

GISELA A. WESTWATER
Assistant Director, Office of Immigration Litigation
District Court Section

STACEY I. YOUNG
Senior Litigation Counsel, Office of Immigration Litigation
District Court Section

Dated: June 17, 2019          By:   /s/ David Kim
                                    DAVID KIM
                                    NICOLE GRANT
                                    ANGEL MARTINEZ
                                    Trial Attorneys
                                    Office of Immigration Litigation

---

underlying individual visa and waiver decisions rendered by consular officers.[1] *See* Pls.' First Set of Interrogatories.