**VIA ECF**                                                                                                       June 17, 2019

The Honorable James Donato
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

     Re:    ***Emami, et al. v. Nielsen, et al.*, 3:18-cv-01587-JD;**
             ***Pars Equality Center, et al. v. Pompeo*, et al., 3:18-cv-07818-JD**

Dear Judge Donato:

     Defendants' responses to Plaintiffs' First Set of Interrogatories and Second Set of Requests for Production are due today, but after a last-minute request for a month-long extension of their deadline, followed by an even more last-minute attempt to meet and confer this afternoon, Defendants have made clear that they do not intend to respond to the requests. Pursuant to the Court's April 25, 2014 Standing Order for Discovery in Civil Cases ¶ 18, Plaintiffs respectfully submit this letter to compel compliance with these discovery requests.

     *Background*:  At a case management conference before the Court on April 11, 2019, the Court instructed the parties in these cases to propose a schedule that allows the cases to be resolved within ten to twelve months. The Court also admonished Plaintiffs to serve discovery and "keep things moving," because "[t]he deadlines are going to be short and swift and if you're not done, that's on you." Transcript of Proceedings at 11-12, *Emami v. Nielsen*, No. 18-cv-01587-JD (N.D. Cal. filed Mar. 13, 2018), ECF No. 84. Per the Court's instruction, Plaintiffs immediately served Defendants with a Request for Production of the Administrative Record (the "Record") on April 12, 2019, and subsequently the parties filed a case management schedule on April 18, 2019, which sets (1) the close of class certification discovery on September 30, 2019, and (2) a deadline for a class certification motion on October 18, 2019. These deadlines were set mutually by the parties after conferring on the same.

     After consenting to Defendants' last-minute extension request, Plaintiffs received the Record on May 15, 2019, and thereafter promptly propounded a set of 15 Interrogatories and two Requests for Production ("RFPs") on May 17, 2019. *See* Exs. A (Interrogatories) and B (RFPs). The Interrogatories largely seek statistics regarding decisions on waivers, broken down by month and consulate, based on the stages of the process that can be gleaned from the guidance Q&As available in the Record.

     The requested data include, for example, the number of people considered for, granted, or denied waivers; the number of people referred by a consular officer to a consular manager for further waiver consideration, *see, e.g.*, AR 143 (requiring concurrence of a manager for granting a waiver); the number of people referred by an Embassy or consulate to external reviewers for further waiver consideration, *see, e.g.*, AR 9 (instructing a consular officer to send materials to a specific State Department email address for further waiver consideration under certain circumstances); and the number of people who were granted expedited processing of their visa applications *see, e.g.*, AR 145 (providing an option to expedite waiver

responses). The RFPs request all documents identified in, and relied upon by Defendants in preparing, the responses to the Interrogatories. These discovery requests are limited and aimed at evidence relevant to the class certification questions of numerosity, commonality, and typicality. As noted above, Defendants have wholly refused to respond to such discovery.

The Court should compel Defendants to respond to Plaintiffs' class certification discovery requests. Although the responses to these requests are due today, Defendants made a last-minute request late in the day on Friday—less than one business day before the deadline—to extend their deadline to respond by at least a month, until after the Court has heard argument regarding the parties' dispute as to the completeness of the Record on July 11. Plaintiffs responded the next day declining to consent to such an extension. In a meet-and-confer held earlier today, Defendants repeated their long-held position that no extra-record discovery is available in APA cases and made clear that they would not timely respond to the discovery requests—not even to lodge objections based on their position that such requests are not appropriate here. Defendants have thus refused to comply timely with their discovery obligations, and the Court should compel their responses. *See, e.g.*, *Barrios v. Janpro*, No. 07-02189JF, 2008 WL 2225632 at *2 (N.D. Cal. May 28, 2008) (granting motion to compel under Fed. R. Civ. P. 37 when plaintiff "has provided sufficient documentation and certification that Defendants failed to produce timely discovery as required by FRCP 33 and 34," and that plaintiff "attempted to obtain the requested discovery without court involvement").

Defendants' position that extra-record discovery is unavailable in an APA case is foreclosed by their own arguments and by the law. As an initial matter, Defendants themselves have relied on extra-record evidence in moving for summary judgment in these cases, directing the court's attention to a State Department report providing statistics on visa applications made by nationals subject to Presidential Proclamation 9645. *See* Defs.' Mot. to Dismiss or for Summ. J. at 22, ECF No. 98. The statistics that Plaintiffs request in their Interrogatories are, at bottom, a more detailed version of the same data on which Defendants now rely to defend their case; Plaintiffs have requested more detailed numbers in part because, as Plaintiffs have alleged in their complaint, "different consulates have adopted different practices" with respect to waiver processing and it remains unclear how individuals who had their interviews prior to the date the Proclamation went into effect are being considered. *See* Pls.' Corrected Second Am. Compl. at 21-22, ECF No. 81-1. Data providing such details speaks to the number of individuals subject to the Proclamation, the commonality of questions of law and fact among affected individuals, and the typicality of the claims of the named Plaintiffs compared to those of the putative class. Defendants cannot rely on extra-record information and data when it benefits their defense but then claim that such extra-record materials should be unavailable to Plaintiffs in seeking information pertinent to class certification.

Furthermore, the Ninth Circuit has made clear that discovery of extra-record materials is permissible "(1) if admission is necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) if 'the agency has relied on documents not in the record,' (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter,' or (4) 'when plaintiffs make a showing of agency bad faith.'" *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005) (quoting *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 2001)). In generating the statistics presented in the State Department report, Defendants have necessarily relied on materials not in the Record—materials which, in the form of data about waivers considered,

granted, and denied, have moreover likely informed the decisions Defendants have made regarding the multiple iterations of the Q&A guidelines that instruct consular officers on how to evaluate an individual for a waiver.

Discovery of such data for class certification purposes is therefore legitimate, including in the APA context. *Compare LVM v. Lloyd*, 318 F. Supp. 3d 601, 608 (S.D.N.Y. 2018) (granting plaintiffs' class certification motion in APA case after, "[w]ith this Court's leave, the parties completed expedited discovery") *with Nw. Immigrant Rights Project v. USCIS*, 325 F.R.D. 671, 692 (W.D. Wash. 2016) (denying without prejudice in an APA case plaintiffs' class certification motion with leave to refile, noting that "[i]f DHS has such information [relating to numerosity], it is presumably available through discovery in this action"). Courts, moreover, regularly permit non-merits discovery (such as jurisdictional discovery) in APA cases. *See, e.g.*, *Doe 1 v. Nielsen*, No 18-cv-2349-BLF(VKD), 2018 WL 4266870, at *2 (N.D. Cal. Sept. 7, 2018) (permitting jurisdictional discovery to determine if final agency action occurred in APA suit); *see also Cal. Native Plant Society v. EPA*, 251 F.R.D. 408, 410 (N.D. Cal. 2008) (noting that court previously granted "limited discovery in order to...establish subject matter jurisdiction" in APA claim-including case); *accord Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 & n.13 (1978) (noting that jurisdictional and class certification discovery are examples of non-merits issues for which discovery is available generally). It is clear that Defendants' position regarding extra-record discovery is not supported by the law.

Finally, as this Court pointed out at the April 11 case management conference, Plaintiffs "[are] not going to have three years for this;" "your clock is ticking." Transcript of Proceedings at 13, ECF No. 84. Given that trial is set for April 2020 and class certification discovery closes on September 30; that Defendants have established a clear pattern of waiting until the last minute to request extensions of deadlines; and that discovery disputes will undoubtedly continue to arise between the parties, it is imperative that Defendants be compelled to comply with their discovery obligations in a timely fashion. They have no reasonable basis for requesting yet another month-long delay, in addition to all delays to date, to provide data and information that is clearly relevant to the APA claims at issue, which the Court has ruled should proceed forward to discovery.

Accordingly, Plaintiffs respectfully request that the Court compel compliance with Plaintiffs' First Set of Interrogatories and Second Set of Requests for Production. To the extent that this Court wishes to hear oral argument on this discovery dispute, Plaintiffs respectfully request that the Court consider this matter during the hearing scheduled for July 11, 2019, regarding the parties' dispute over the completeness of the Administrative Record.

Respectfully submitted,

| /s/ *John A. Freedman* | /s/ *Sirine Shebaya* |
|---|---|
| JOHN A. FREEDMAN | SIRINE SHEBAYA |
| (appearance *pro hac vice*) | (appearance *pro hac vice*) |
| ARNOLD & PORTER KAYE SCHOLER LLP | MUSLIM ADVOCATES |
| 601 Massachusetts Ave., NW | P.O. Box 34440 |
| Washington, DC  20001-3743 | Washington, DC  20043 |

| | |
|---|---|
| Telephone: 202.942.5000<br>Facsimile: 202.942.5999<br>Email: john.freedman@arnoldporter.com | Telephone: 202.897.2622<br>Facsimile: 202.508.1007<br>Email: sirine@muslimadvocates.org |
| ***Counsel for Pars Plaintiffs*** | ***Counsel for Emami Plaintiffs*** |