UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KIRSTJEN NIELSEN, et al.,<br><br>Defendants. | Case No. 3:18-cv-01587-JD<br><br>**DECLARATION OF SIRINE SHEBAYA IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**<br><br>Judge: Hon. James Donato<br>Hearing: July 25, 2019, 10 a.m.<br>Place: San Francisco U.S. Courthouse,<br>      Courtroom 11, 19th Floor |

I, Sirine Shebaya, declare as follows:

1. Attached hereto as Exhibit 1 is a true and correct copy of a declaration submitted by Mahsa Khanbabai, Esq., an immigration attorney with extensive experience representing individuals seeking waivers under Presidential Proclamation 9645.

2. Attached hereto as Exhibit 2 is a true and correct copy of a declaration submitted by three former consular officers who worked for the U.S. Department of State.

3. Attached hereto as Exhibit 3 is a true and correct copy of an Email sent on September 25, 2017, between U.S. Department of Homeland Security officials discussing the circulation to visa-issuing posts of guidance pertaining to Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of Homeland Security production dated May 7, 2019.

4. Attached hereto as Exhibit 4 is a true and correct copy of an Email sent on September 25, 2017, between U.S. Department of Homeland Security officials, sharing talking points for Presidential Proclamation 9645 and noting that questions regarding the Proclamation "will flow

Declaration of Sirine Shebaya
Case No. 3:18-CV-01587 - 1

to DHS at post." Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of Homeland Security production dated May 7, 2019.

5.      Attached hereto as Exhibit 5 is a true and correct copy of a U.S. Department of Homeland Security memorandum dated December 7, 2017, addressed to the Secretary for Homeland Security. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of Homeland Security production dated May 7, 2019.

6.      Attached hereto as Exhibit 6 is a true and correct copy of an Email sent on November 20, 2017, between U.S. Department of Homeland Security officials, detailing the Department's "Implementation Plan" for Executive Order 13780. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of Homeland Security production dated May 7, 2019.

7.      Attached hereto as Exhibit 7 is a true and correct copy of undated U.S. Department of Homeland Security documents regarding Presidential Proclamation 9645, including an FAQ list and a document titled "New Baseline for Information Sharing to Support Visa and Immigration Vetting Determinations." Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of Homeland Security production dated May 7, 2019.

8.      Attached hereto as Exhibit 8 is a true and correct copy of a U.S. Customs and Border Protection memorandum and muster dated December 10, 2018 and December 7, 2017, respectively, regarding guidance as to the implementation of Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Customs and Border Protection production dated February 1, 2019.

9.      Attached hereto as Exhibit 9 is a true and correct copy of an Email sent on January 3, 2018, between U.S. Immigration and Citizenship Services officials, distributing screening questions for applicants pursuant to Executive Order 13870. Plaintiffs' counsel obtained this document through FOIA in a U.S. Immigration and Citizenship Services production dated May 13, 2019.

10.     Attached hereto as Exhibit 10 is a true and correct copy of an undated U.S. Department of State All Diplomatic and Consular Posts cable providing guidance to visa-issuing posts regarding

the implementation of Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated November 21, 2018.

11.     Attached hereto as Exhibit 11 is a true and correct copy of an Email sent on December 11, 2017, between U.S. Department of State officials, providing guidance as to how consular officers may seek approval for waivers under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated March 25, 2019.

12.     Attached hereto as Exhibit 12 is a true and correct copy of a report dated January 12, 2018, described as a "Monthly Report on Implementation of Waiver Procedure Under Presidential Proclamation 9645." Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated March 25, 2019.

13.     Attached hereto as Exhibit 13 is a true and correct copy of an Email sent on March 15, 2018, between U.S. Department of State officials, regarding the second monthly report on the implementation of Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated April 29, 2019.

14.     Attached hereto as Exhibit 14 is a true and correct copy of an Email sent on May 3, 2018, between U.S. Department of State officials, regarding a request for the expedited processing of a waiver case under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in the U.S. Department of State's February 25, 2019 production.

15.     Attached hereto as Exhibit 15 is a true and correct copy of an Email sent on May 21, 2018, between U.S. Department of State officials, regarding a request for an expedited Security Advisory Opinion. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated November 21, 2018.

16.     Attached hereto as Exhibit 16 is a true and correct copy of Emails sent on December 20, 2017, between U.S. Department of State officials, regarding requests for waiver approval under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated October 24, 2018.

17. Attached hereto as <u>Exhibit 17</u> is a true and correct copy of Emails sent on May 21, 2018 between U.S. Department of State officials, regarding requests for waiver approval under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated October 24, 2018.

18. Attached hereto as <u>Exhibit 18</u> is a true and correct copy of Emails sent between February 9, 2018 and February 12, 2018, regarding requests for waiver approval under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated November 21, 2018.

19. Attached hereto as <u>Exhibit 19</u> is a true and correct copy of an Email sent on June 4, 2018, between U.S. Department of State officials, regarding guidance for waivers under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated February 25, 2019.

20. Attached hereto as <u>Exhibit 20</u> is a true and correct copy of an Email sent on October 13, 2017, between U.S. Department of State officials, regarding draft guidance for waivers under Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated October 24, 2018.

21. Attached hereto as <u>Exhibit 21</u> is a true and correct copy of an Email sent on May 31, 2018, between U.S. Department of State officials, regarding a request for an expected Security Advisory Opinion. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated November 21, 2018.

22. Attached hereto as <u>Exhibit 22</u> is a true and correct copy of U.S. Department of State cable 17 STATE 97682, providing "general information on the implementation" of Presidential Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S. Department of State production dated October 24, 2018.

23. Attached hereto as <u>Exhibit 23</u> is a true and correct copy of U.S. Department of State cable 17 STATE 97682, providing "general information on the implementation" of Presidential

Declaration of Sirine Shebaya
Case No. 3:18-CV-01587 - 4

1  Proclamation 9645. Plaintiffs' counsel obtained this document through FOIA in a U.S.
2  Department of State production dated November 21, 2018.
3  24.     Attached hereto as <u>Exhibit 24</u> is a true and correct copy of a U.S. Department of State
4  cable dated April 11, 2018, described as "April 10 Presidential Proclamation: Implementation
5  Guidance and Discontinuance of Travel Restrictions for Nationals of Chad." Plaintiffs' counsel
6  obtained this document through FOIA in a U.S. Department of State production dated October
7  24, 2018.
8  25.     Attached hereto as <u>Exhibit 25</u> is a true and correct copy of a declaration submitted by
9  Rachel Zoghlin, Esq., prior counsel for Plaintiff Mr. Mohamad Abdul Hadi Hamami.
10 I declare under penalty of perjury and under the laws of the United States that the foregoing is
11 true and correct to the best of my knowledge and belief.

DATED: June 27, 2019           /s/ Sirine Shebaya
       Washington, DC          Sirine Shebaya (*pro hac vice*)
                               MUSLIM ADVOCATES
                               P.O. Box 34440
                               Washington, DC 20043
                               Telephone: (202) 897-2622
                               Facsimile: (202) 508-1007
                               sirine@muslimadvocates.org

                               *Attorney for Plaintiffs*

Declaration of Sirine Shebaya
Case No. 3:18-CV-01587 - 5