Exhibit 8

1300 Pennsylvania Avenue NW
Washington, DC 20229



**U.S. Customs and
Border Protection**

DEC 1 0 2018

MEMORANDUM FOR:   Patrick A. Howard
Branch Chief, FOIA Division
Privacy and Diversity Office
Office of the Comissioner

FROM:   Luis Mejia

Director, Enforcement Programs Division
Admissibility and Passenger Programs Division
Office of Field Operations

SUBJECT:   Implementing Guidance for the Waiver Provision of Presidential
Proclamation 9645

I served as the Enforcement Programs Division (EPD) Acting Director within the Admissibility and Passenger Programs (APP) Division in the CBP Office of Field Operations from February to August in 2017 and Branch Chief at Newark New Jersey Port of Entry from September through December 2017. When Presidential Proclamation 9645 (September 24, 2017), "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats," was issued and later took effect, my office was responsible for developing and disseminating procedures and guidance for its implementation at CBP Ports of Entry.

On the specific subject of waivers under Proclamation 9645, we did not anticipate receiving any waiver requests at U.S. Ports of Entry, because the terms of the Proclamation only applied to nationals of the designated countries who were not in possession of a valid visa. Nationals of the designated countries in possession of a valid visa were not affected by the Proclamation and thus would have no reason to request a waiver. Nationals of the designated countries who were not in possession of a valid visa and who were, therefore, affected by the Proclamation, would have to request a waiver at the time they applied for a visa, a process that does not occur at U.S. Ports of Entry or otherwise involve CBP. Nationals of the designated countries (none of which are eligible for the U.S. Visa Waiver Program) who reached a U.S. Port of Entry (POE) without a valid visa would be found inadmissible for lack of valid entry documents and denied entry into the U.S. per normal procedures, a process unrelated to Proclamation 9645. Our prediction that no requests for waivers under Proclamation 9645 would be made at U.S. Ports of Entry was correct; to date CBP has not received any such requests at a U.S. POE.

The attached documents represent the final implementation guidance CBP developed for Proclamation 9645 at U.S. Ports of Entry. Having been directly involved in the discussions, deliberations and decisions about CBP's implementation of Proclamation 9645 at U.S. Ports of Entry, I can confirm that these documents reflect the entirety of CBP's Office of Field Operations implementing guidance for the waiver provision of Proclamation 9645.

Law Enforcement Sensitive
For Official Use Only

## Muster

**Date of Muster**:     December 7, 2017

**Topic**:     Operational Implementation of Presidential Proclamation, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or other Public Safety Threats"

**HQ POC/Office**:     Operational Action Team (OAT) Duty Officer - (b) (7)(E)
(b) (7)(E)

Pursuant to Presidential Proclamation, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or other Public Safety Threats," there will be a suspension of entry of certain foreign nationals into the United States whose entry would be detrimental to the interests of the United States. The Proclamation was issued September 24, 2017. The Supreme Court has issued orders which permit it to take full effect and will be implemented on **December 8, 2017**.  The Proclamation restricts the entry of certain aliens of **Chad, Iran, Libya, North Korea, Somalia, Syria, Venezuela, and Yemen** who are physically outside the United States and do not possess valid documents for entry.

No immigrant or non-immigrant visa issued will be revoked pursuant to the Proclamation.  Visas that were revoked or cancelled solely as a result of the enforcement of EO 13769 should not be considered as a basis for inadmissibility.

**In implementing this Proclamation, CBP Officers should adhere to the following**:

1.  All aliens with valid travel documents for entry (e.g., immigrant or non-immigrant visas, I-512 Advanced Parole, Refugee Travel Document, or Significant Public Benefit Parole) should be processed according to standard processes and procedures.

2.  Aliens who do not have a valid travel document for entry to the United States must be referred for secondary inspection, consistent with standard processes and procedure.  This Proclamation does not affect those aliens eligible for automatic re-validation of a non-immigrant visa.

3.  Individuals should not be referred for secondary inspection based solely upon their country of citizenship mentioned in this Proclamation.

4.  Nationals of affected countries, **not in possession of required entry documents**, shall be referred for enhanced secondary inspection, to include (b) (7)(E).

5.  Proper documentation in (b) (7)(E) is required for aliens encountered at the land border who are seeking to "flagpole" for Canadian Immigration purposes.

6.  CBP officers performing a secondary inspection on an individual from an affected country, who arrived without valid entry documents and **in which a discretionary measure to permit physical entry into the U.S. is being considered**, should proceed through their chain of command to contact HQ for approval and to confirm whether the individual is in scope of the Proclamation and/or regarding the application of any Court orders.

7.  This suspension will remain in effect until such time as the Secretary of Homeland Security deems that the restrictions are no longer necessary for the security or welfare of the United States or until the judicial stay expires or there is a further court order.

Law Enforcement Sensitive
For Official Use Only

1300 Pennsylvania Avenue NW
Washington, DC 20229



**U.S. Customs and
Border Protection**

December 7, 2017

MEMORANDUM FOR:     Deputy Executive Assistant Commissioner
Executive Director, Admissibility Passenger and Programs
Executive Director, Operations
Executive Director, National Targeting Center
Director, National Targeting Center - Passenger

FROM:     Todd C. Owen (b) (6), (b) (7)(C)
Executive Assistant Commissioner
Office of Field Operations

SUBJECT:     Guidance on Implementation of Waivers for Presidential
Proclamation, "Enhancing Vetting Capabilities and Processes for
Detecting Attempted Entry Into the United States by Terrorists or
Other Public Safety Threats"

Effective December 8, 2017, pursuant to Presidential Proclamation 9645 (Sept. 24, 2017), "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats," there will be a suspension of entry of certain foreign nationals into the United States, under section 212(f) and 215(a) of the Immigration and Nationality Act (INA), 8 United States Code (U.S.C.) 1182(f) and 1185(a), and 3 U.S.C. 301, whose entry would be detrimental to the interests of the United States.

The Proclamation was issued September 24, 2017. The Supreme Court has issued Orders which permit it to go into full effect for certain nationals of **Chad, Iran, Libya, North Korea, Somalia, Syria, Venezuela and Yemen** as described below. This guidance supersedes all previously issued guidance on this Proclamation.

The Proclamation only addresses certain nationals of **Chad, Iran, Libya, North Korea, Somalia, Syria, Venezuela and Yemen** who are physically outside the United States and do not possess valid documents for entry. The authority to approve waivers of suspension of entry under the Proclamation, consistent with Section 3(c) of the Proclamation, was delegated by the Commissioner on September 24, 2017. This guidance is provided consistent with that delegation.

CBPBATES0095972

Aliens who may be subject to the Proclamation will be processed consistent with the Muster (attached) issued on December 7, 2017. No immigrant or nonimmigrant visa issued will be revoked solely pursuant to the Proclamation. Visas that were revoked or marked canceled solely as a result of the enforcement of Executive Order 13769 (Jan. 27, 2017) may not be considered as a basis for inadmissibility. To the extent that this guidance changes based on future court orders, subsequent guidance will be issued.

**The Restrictions On Entry Do Not Apply To:**

(a)     Lawful permanent residents.

(b)     Any foreign national who was within scope of the Proclamation and was admitted to or paroled into the United States on or after September 24, 2017, for certain aliens who are from Iran, Libya, Syria, Yemen and Somalia; and all remaining aliens from those countries, as well as for Chad, North Korea, and Venezuela on or after October 18, 2017.

(c)     Any foreign national who has a document other than a visa valid on September 24, 2017, or issued on any date thereafter, that permits him or her to travel to the United States and seek entry or admission, such as an advance parole document.

(d)     Any dual national of a country designated under this proclamation when the individual is traveling on a passport issued by a non-designated country.

(e)     Aliens traveling on or seeking entry into the following classifications: A-1, A-2, NATO, C-2 visa for travel to the United Nations, G-1, G-2, G-3, and G-4.

(f)     Individuals granted asylum, returning refugees, or any individual who has been granted withholding of removal, advance parole, or protection under the Convention Against Torture.

(g)     Any individual who was present in the United States on the applicable effective date of the Proclamation for that national, regardless of immigration status.

(h)     Any individual who presents a visa, regardless of when issued, is subject to normal admissibility determinations.

**Aliens Referred for Waiver Consideration:**
When field management recommends an alien for a waiver of the restrictions on entry of the Proclamation, the following steps should be taken to determine whether a person may be considered "in scope" of the Proclamation and appropriate for waiver consideration:

For nationals from **Chad, Iran, Libya, North Korea, Syria, Venezuela, Yemen or Somalia** the Proclamation will be enforced for the categories below beginning on December 8, 2017.

CBPBATES0095973

CBPBATES0095974

CBPBATES0095975