# Exhibit 10

RELEASE IN FULL

SENSITIVE BUT UNCLASSIFIED

DECONTROLLED

ACTION ADDRESSES: IMMEDIATE ALDAC, IMMEDIATE SOMALIA

CAPTIONS: SENSITIVE

TAGS: CVIS, CMGT

SUBJECT: PRESIDENTIAL PROCLAMATION: ENHANCING VETTING CAPABILITIES AND PROCESSES FOR DETECTING ATTEMPTED ENTRY INTO THE UNITED STATES BY TERRORISTS OR OTHER PUBLIC-SAFETY THREATS – GUIDANCE TO VISA-ISSUING POSTS

1. (SBU) This ALDAC provides general information on the implementation of a Presidential Proclamation ("P.P.") titled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists and other Public-Safety Threats." Further guidance on implementation of specific provisions of the P.P. will follow and may be found in internal Q&As and other internal materials. All visa-issuing posts should carefully review the P.P., this ALDAC, additional operational guidance, and press guidance in preparing to implement the P.P. Consular officers can find the most up to date guidance, public talking points, additional operational resources and the full text of the P.P. on CA Web.

2. (SBU) Summary: On September 24 2017, the President issued a Presidential Proclamation (P.P.) titled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or other Public-Safety Threats."

3. (SBU) The President issued the P.P., pursuant to his authority under sections 212(f) and 215(a)(1) of the Immigration and Nationality Act (INA) and other authorities, to suspend entry into the United States of certain nationals from the following eight countries: Chad, Iran, Libya, North Korea, Syria, Venezuela, Yemen, and Somalia as of the P.P.'s effective dates. The effective dates are described in greater detail in subsequent paragraphs. The P.P. imposes different restrictions on the issuance of immigrant (IV) and nonimmigrant visa (NIV) for, and the entry of, nationals of those eight countries, subject to exceptions and waivers set forth in the P.P. Applicants will be reviewed on a case-by-case basis, with consular officers taking into account the scope and exception provisions in the P.P. and the applicant's possible qualification for a waiver.

4. (SBU) The temporary suspension of travel imposed in Section 2 of Executive Order (E.O.) 13780 expired on September 24, 2017. End summary.

Phased Implementation of the P.P.

5. (SBU) There are two phases of implementation for the nationals of the eight countries subject to the P.P., so consular offices should pay close attention to the implementation schedule as described below.

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

-2-

**Phase 1**: The restrictions established in Section 2 of the P.P. are effective at 3:30 p.m. EDT on Sunday, September 24, 2017 until 12:01 a.m. EDT on Wednesday, October 18, 2017 for the following categories of foreign nationals:

a) **Nationals of Iran, Libya, Syria, Yemen, and Somalia.** These nationals were generally subject to the 90-day travel suspension in E.O. 13780, although some fit within the enumerated exceptions or qualified for a waiver under the terms of the E.O. These nationals in some or all visa categories are subject to suspension of visa issuance under the P.P., subject to a modified list of exceptions and an amended waiver approval process as described in paragraphs 19-29. Pursuant to the terms of the P.P., during Phase 1, consular officers are to apply the visa restrictions consistent with the Supreme Court's order of June 26, 2017 and the U.S. District Court in Hawaii's order of July 13, 2017, which exempted from the suspension of entry applicants who had a credible claim of a bona fide relationship with a close family member or entity in the United States (see paragraph 30). If the national does not qualify for this exception, the consular officer must apply the visa restrictions, exceptions and waivers as outlined in this cable immediately.

b) **Nationals of Sudan.** These nationals were subject to the travel suspension in E.O. 13780, but are not subject to visa restrictions under the P.P. As of 3:30 p.m. EDT on Sunday, September 24, 2017, Sudanese nationals are no longer subject to travel suspension under the E.O. and are not subject to visa restrictions under the P.P. Consular officers should process visa applications from Sudanese nationals in accordance with standard procedures.

**Phase 2**: Beginning 12:01 a.m. EDT on Wednesday, October 18, 2017:

a) **Nationals of Chad, North Korea, and Venezuela**: Nationals of Chad, North Korea, and Venezuela are subject to the visa restrictions, exceptions and waivers as outlined in this cable.

b) **Nationals of Iran, Libya, Syria, Yemen, and Somalia**: Nationals of Iran, Libya, Syria, Yemen, and Somalia who were exempt from application of E.O. 13780 and from application of the P.P. during Phase 1 because they had a credible claim of a bona fide relationship with a close family member or entity in the United States are now subject to the operational guidance in this cable as outlined in paragraph 6 as of this date.

General Visa Processing Pursuant to the P.P.

6. (SBU) The P.P. instructs the Departments of State and Homeland Security to apply country-specific visa restrictions to nationals of the eight countries named in the P.P. Consular officers should follow the steps below to adjudicate NIV, IV, and DV applications. The P.P., including its exceptions and waivers of the visa restrictions, apply to nationals from the eight countries, regardless of where they apply for visas. Consular officers must determine whether an applicant is subject to a country-specific restriction, and whether an exception applies, and consider

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

-3-

whether the applicant may qualify for a waiver on a case-by-case basis during the course of a visa interview, subject to any further procedures required before a final determination can be made on the waiver. In every case involving a national of one of the eight countries named in the P.P., consular officers should follow these steps:

**Step 1**: Determine whether the applicant is otherwise eligible for a visa under the INA without regard to the P.P.

**Step 2**: Determine whether the applicant falls within the scope of the country-specific visa restrictions (see paragraph 7).

**Step 3**: If the applicant falls within the scope of the country-specific visa restrictions, determine whether the applicant fits in any of the categories of exceptions to the P.P. (see paragraphs 19-20).

**Step 4**: If the applicant falls within the scope of the country-specific visa restrictions and does not fit any of the categories of exceptions under the P.P., determine whether the applicant qualifies for a waiver (see paragraphs 21-29).

**Step 5**: Issue or refuse the visa accordingly.

Country-specific Visa Restrictions under the P.P.

7. (SBU) The P.P.'s visa restrictions and suspension of entry provisions were specifically tailored for each country with the goals of reducing the security threat the unrestricted entry of nationals of those countries might pose and encouraging improved host government cooperation on information sharing practices. Consular officers should carefully review the visa restrictions for nationals of the eight countries subject to the P.P. below. For nationals subject to the visa restrictions discussed in this paragraph, consular officers should consider whether the national fits within one of the enumerated exceptions or qualifies for a waiver in accordance with paragraphs 19-29 of this cable:

a) Nationals of Chad – The issuance of visas to nationals of Chad is suspended for the following visa categories:
   - All immigrant and diversity visas
   - All regular and official-type B-1, B-2, and B-1/B-2 visas

b) Nationals of Iran – The issuance of visas to nationals of Iran is suspended for the following visa categories:
   - All immigrant and diversity visas
   - All NIVs, except for F, M and J visas, and those specified in paragraph 19(h). During Phase 1, F, M, and J visas will require submission of a Donkey SAO if the consular officer determines that the applicant is otherwise eligible for a visa and the applicant does not have a credible claim to a bona fide relationship with a close family member of entity in the United States. During Phase 2, all F,

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

-4-

M, and J visas will require submission of a mandatory Donkey SAO if the consular officer determines that the applicant is otherwise eligible for a visa. Guidance on enhanced screening and vetting required by the P.P. for Phase 2 will be sent septel.

c) Nationals of Libya – The issuance of visas to nationals of Libya is suspended for the following visa categories:
   - All immigrant and diversity visas
   - All regular and official-type B-1, B-2, and B-1/B-2 visas

d) Nationals of North Korea – The issuance of visas to nationals of North Korea is suspended for the following visa categories:
   - All immigrant and diversity visas
   - All NIVs, except as specified in paragraph 19(h)

e) Nationals of Syria – The issuance of visas to nationals of Syria is suspended for the following visa categories:
   - All immigrant and diversity visas
   - All NIVs, except as specified in paragraph 19(h)

f) Nationals of Venezuela – The issuance of visas to nationals of Venezuela is suspended for the following visa categories:
   - B-1, B-2 and B-1/B-2 visas, including regular, official-type, and diplomatic-type visas, for officials of the Ministry of the Popular Power for Interior, Justice and Peace; the Administrative Service of Identification, Migration, and Immigration; the Scientific, Penal and Criminal Investigation Service Corps; the Bolivarian National Intelligence Service; and the Ministry of the Popular Power for Foreign Relations and their immediate family members. This is the only limitation on the exceptions provided in paragraph 19(h). Guidance regarding additional measures as mentioned in the P.P. will be sent septel.

g) Nationals of Yemen – The issuance of visas to nationals of Yemen is suspended for the following visa categories:
   - All immigrant and diversity visas
   - All regular and official-type B-1, B-2, and B-1/B-2 visas

h) Nationals of Somalia – The issuance of visas to nationals of Somalia is subject to the following guidance:
   - All immigrant and diversity visa issuance is suspended
   - All NIVs, except those specified in paragraph 19(h), will require submission of a Donkey SAO if the consular officer determines the applicant is otherwise eligible for a visa. During Phase 1, the mandatory Donkey SAO requirement does not apply to NIV applicants who have a credible claim of a bona fide relationship with a close family member or entity in the United States. During Phase 2, all

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

-5-

NIV applicants will require submission of a mandatory Donkey SAO if the consular officer determines the applicant is otherwise eligible for a visa. Guidance on additional scrutiny required by the P.P. for Phase 2 will be sent septel.

Visa Processing for Iraqi Nationals

8. (SBU) Pursuit to the P.P., Iraqi nationals seeking to enter the United States are not subject to entry restrictions or limitations. Consular officers should continue to follow enhanced vetting guidance as outlined in 17 STATE 25814 and 17 STATE 52856.

NIV Processing for Nationals Subject to the P.P.

9. (SBU) GSS vendors and posts should continue scheduling interviews for NIV applicants of the eight nationalities subject to the P.P. NIV applicants presenting passports from any of the eight countries subject to the P.P. should be interviewed and adjudicated in accordance with the restrictions listed in paragraph 7.

10. (SBU) Applicants found ineligible for a visa based on grounds unrelated to the P.P. should be refused according to standard procedures. The appropriate refusal code should be entered into the Consular Lookout and Support System (CLASS). See 9 FAM 303.3-4(A). Posts must follow existing FAM guidance in 9 FAM 304.2 and 304.3 to determine whether an SAO or an Advisory Opinion (AO) must be submitted. Posts must follow guidance about exceptions (paragraphs 19-20) and waivers (paragraphs 21-29) for issuing or refusing visas pursuant to the P.P.

11. (SBU) If the consular officer finds the applicant otherwise eligible for the visa, the consular officer will need to consider during the interview whether the applicant falls within the scope of the visa restrictions applicable to his or her country of nationality (paragraph 7), and if so, whether an exception applies (paragraphs 19-20) or whether the applicant qualifies for a waiver (paragraphs 21-29). NIV applicants who are subject to the restrictions but who do not fit one of the exceptions should be refused EO17. If, after proper procedures, the applicant subsequently qualifies for a waiver, the officer must waive the EO17 refusal in NIV before issuing the visa. For more information on appropriate refusal procedures, CLASS refusal codes, and text of refusal letters, please refer to the Operational Q&As on CA Web.

IV Processing for Nationals Subject to the P.P.

12. (SBU) The National Visa Center (NVC) will continue to schedule IV appointments for all IV categories and all nationalities. Posts should continue to interview all IV applicants presenting passports from any of the eight countries subject to the P.P.

13. (SBU) IV Applicants found ineligible for a visa based on grounds unrelated to the P.P. should be refused according to standard procedures. The appropriate refusal code should be entered into the CLASS.

SENSITIVE BUT UNCLASSIFIED

SENSITIVE BUT UNCLASSIFIED

-6-

14. (SBU) If the consular officer finds the applicant otherwise eligible for the visa, the consular officer will need to consider during the interview whether the applicant falls within the scope of the visa restrictions applicable to his or her country of nationality (paragraph 7), and if so, whether an exception applies (paragraph 19) or whether the applicant qualifies for a waiver (paragraphs 21-29).

15. (SBU) IV applicants who do not fit one of the exceptions or who do not qualify for a waiver should be refused EO17.  Consular officers may send an AO request to VO/L/A in these cases but are not required to submit one.  For more information on appropriate refusal procedures, CLASS refusal codes, and text of refusal letters, please refer to the Operational Q&As on CA Web.

DV Processing for Nationals Subject to the P.P.

16. (SBU) The Kentucky Consular Center will continue to schedule DV appointments for all eligible nationalities, and posts should interview the applicants.

17. (SBU) If the applicant is not eligible for the visa without regard to the P.P, the applicant should be refused according to standard procedures.  The appropriate refusal code should be entered into CLASS.

18. (SBU) If an applicant is found otherwise eligible for the DV, the consular officer will need to consider during the interview whether the applicant has an exception from the P.P. (paragraph 19), and if not, whether the applicant qualifies for a waiver (paragraphs 21-29).  Based on the Department's experience with the DV program, very few DV applicants are likely to fit within an exception or to qualify for a waiver.  DV applicants who do not fit one of the exceptions or who do not qualify for a waiver should be refused EO17.  Consular officers may send AO requests to VO/L/A in these cases but are not required to do so.  For more information on appropriate refusal procedures, CLASS refusal codes, and text of refusal letters, please refer to the Operational Q&As on CA Web.

Exceptions to the P.P.

19. (SBU) The P.P.'s suspension of entry does not apply to the following:

a) Any national who was in the United States on applicable effective date of the P.P. for that national, regardless of immigration status;
b) Any national who had a valid visa on the applicable effective date of the P.P. for that national;
c) Any national whose visa was marked revoked or marked canceled as a result of Executive Order 13769 who is entitled to a visa or other valid travel document under section 6(d) of the P.P.;
d) Any lawful permanent resident (LPR) of the United States;

SENSITIVE BUT UNCLASSIFIED

e) Any national who is admitted to or paroled into the United States on or after the applicable effective date of the P.P for that national;
f) Any national who has a document other than a visa – such as a transportation letter, an appropriate boarding foil, or an advance parole document – valid on the applicable effective date of the P.P. for that national or issued on any date thereafter that permits him or her to travel to the United States and seek entry or admission;
g) Any dual national of a country designated under the P.P. when traveling on a passport issued by a non-designated country;
h) Any national traveling on a diplomatic (A-1 or A-2) or diplomatic-type visa (of any classification), NATO-1-6 visas, C-2 visa for travel to the United Nations, or G-1, G-2, G-3, or G-4 visa; except certain Venezuelan government officials and their family members traveling on a diplomatic-type B-1, B-2, or B1/B2 visas; or
i) Any national who has been granted asylum; any refugee who has already been admitted to the United States; or any individual who has been granting withholding of removal, advance parole, or protection under the Convention Against Torture.

20. (SBU) When issuing an IV, NIV, or DV to an individual who falls into one of the visa restrictions listed in paragraph 7 based on an exception in paragraph 19, the visa should be annotated to state, "Exception under Proclamation." Interviewing officers must also enter a clear case note stating the specific reason why the applicant has an exception.

Waiver Qualifications and Process

21. (SBU) The P.P. permits consular officers to grant waivers and authorize the issuance of a visa on a case-by-case basis when the applicant demonstrates to the officer's satisfaction that the visa case meets all of the following three conditions:

a) Denying entry would cause undue hardship to the applicant;
b) His or her entry would not pose a threat to the national security or public safety of the United States; and
c) His or her entry would be in the U.S. national interest.

22. (SBU) To establish that visa denial under the P.P. will meet the undue hardship condition, the applicant must demonstrate to the consular officer's satisfaction that an unusual situation exists that compels immediate travel by the applicant and that delaying visa issuance and the associated travel plans until after visa restrictions imposed with respect to nationals of that country are lifted would defeat the purpose of travel.

23. (SBU) An applicant may meet the national interest condition if a U.S. person or entity would suffer hardship if the applicant could not travel until after visa restrictions imposed with respect to nationals of that country are lifted.

24. (SBU) Consular officers may not categorically grant case-by-case-waivers. The P.P. includes the following examples where case-by-case waivers may be appropriate:

<u>SENSITIVE BUT UNCLASSIFIED</u>

-8-

    a) The applicant has previously been admitted to the United States for a continuous period of work, study, or other long-term activity, is outside the United States on the applicable effective date of the P.P. for the applicant, seeks to reenter the United States to resume that activity, and the denial of reentry would impair that activity;

    b) The applicant has previously established significant contacts with the United States but is outside the United States on the applicable effective date of the P.P. for the applicant for work, study, or other lawful activity;

    c) The applicant seeks to enter the United States for significant business or professional obligations and the denial of entry would impair those obligations;

    d) The applicant seeks to enter the United States to visit or reside with a close family member (e.g., a spouse, child or parent) who is a U.S. citizen, LPR, or alien lawfully admitted on a valid NIV, and the denial of entry during the suspension period would cause the foreign national undue hardship;

    e) The applicant is an infant, a young child, or adoptee, an individual needing urgent medical care, or someone whose entry is otherwise justified by the special circumstances of the case;

    f) The applicant has been employed by, or on behalf of, the U.S. Government (or is the eligible dependent of such an employee) and the employee can document that he or she has provided faithful and valuable service to the U.S. Government;

    g) The applicant is traveling for purposes related to an international organization designated under the International Organizations Immunities Act (IOIA), 22 U.S.C 288 et seq., traveling for purposes of conducting meetings or business with the United States Government, or traveling to conduct business on behalf of an international organization not designated under the IOIA;

    h) The applicant is a Canadian permanent resident who applies for a visa at a location within Canada;

    i) The applicant is traveling as a U.S. Government-sponsored exchange visitor; or

    j) The applicant is traveling to the United States at the request of a U.S. Government department or agency for legitimate law enforcement, foreign policy, or national security purposes.

25. (SBU) Waivers based on special circumstances other than the examples set forth in paragraph 24(e) require a consular chief approval and submission of an AO to VO/L/A. With VO's concurrence, the consular officer may approve a waiver based on other special circumstances.

26. (SBU) Additional guidance on making the national security/public safety determination will be sent via septel. The septel will address ways to mitigate the risks of making such a determination notwithstanding the national security and public safety risks identified in the P.P and assessing the sufficiency of available information. Officers who determine that an applicant meets the undue hardship and the national interest conditions of the three-prong test in paragraph 21 should refuse the applicant EO17 until additional guidance referenced in this paragraph regarding determining that the applicant would not pose a threat to national security or public safety is available.

<u>SENSITIVE BUT UNCLASSIFIED</u>

SENSITIVE BUT UNCLASSIFIED

-9-

27. (SBU) If the applicant qualifies for a waiver based on criteria in paragraphs 21-26 (including consideration of the guidance to be sent septel), the consular officer may issue the visa with the concurrence of a Visa Unit chief (IV or NIV) or the Consular Section chief. The officer should waive the EO17 refusal in the NIV or IVO system. The visa should be annotated to read, "Presidential Proclamation Waived." Case notes must reflect the basis for the waiver; the undue hardship that would be caused by denying entry during the suspension; the national interest; the reasons the applicant does not pose a threat to U.S. national security or public safety; and the position title of the manager concurring with the waiver.

28. (SBU) If the applicant does not qualify under one of the waiver category examples in paragraph 24, but the interviewing officer and consular manager believe that the applicant meets the waiver requirements of undue hardship and national interest, the consular officer should submit the case to the Visa Office via email to countries-of-concern-inquiries@state.gov for consideration. The Visa Office will review requests and reply to posts within two business days.

29. (SBU) If the applicant is not able to satisfy any of the three tests: the undue hardship; national interest; or no threat to U.S. national security or public safety, no waiver is available and the consular officer must refuse the application under the EO17 refusal code.

Definitions of "Close Family" and "U.S. Entity"

30. (SBU) In light of the referenced court orders, "close family" is currently defined as a parent, including parent-in-law, spouse, fiancé, child, adult son or daughter, son-in-law, daughter-in-law, sibling, brother-in-law, sister-in-law, grandparent, grandchild, aunt, uncle, niece, nephew, and first-cousin. For all relationships, half or step status is included (e.g., "half-brother" or "step-sister"). "Close family" does not include any other "extended" family members. A credible claim of a bona fide relationship with a "U.S. entity" must be formal, documented, and formed in the ordinary course rather than for the purpose of evading suspension of entry under E.O. 13780. This guidance will be applicable during Phase 1 for those countries subject to E.O. 13780. Pursuant to the President's determination in the P.P., this guidance will no longer be operative under Phase 2 of implementation of the P.P.

Processing V92 and V93 cases

31. (SBU) The P.P. does not affect V92 applicants (follow-to-join asylees), and post should adjudicate these cases per standard guidance.

32. (SBU) While the P.P. does not affect V93 applicants (follow-to-join refugees), they continue to be subject to Section 6 of E.O. 13780, which remains in effect, subject to the Supreme Court exceptions. Post must continue processing and adjudicate V93 cases to determine their qualifications as normal and then determine if one of the Supreme Court exceptions apply. We believe that based on their follow-to-join status, most V93 applicants will qualify for an exemption based on their relationship with the petitioner in the U.S. If posts have any questions about as specific case please reach out to your VO/F liaison. VO will send guidance when Section 6 of E.O. 13780 no longer applies to V93 cases.

SENSITIVE BUT UNCLASSIFIED

33. (SBU) Posts with questions regarding this guidance should contact their post liaison officer in CA/VO/F.

34. (U) Minimize considered.

<u>SENSITIVE BUT UNCLASSIFIED</u>

-11-

| | | |
|---|---|---|
| Approved: | CA: CRisch | (ok) |
| Drafted: | CA/VO/F – Katie Plona ext. 5-7609, cell | B6 |
| Cleared: | CA: KChristensen | (ok) |
| | CA: PMarigliano | (ok) |
| | CA/VO: ERamotowski | (ok) |
| | CA/VO: KKing | (ok) |
| | CA/VO/F:MAParker | (ok) |
| | CA/VO/F: JNantais | (ok) |
| | CA/VO/L: DNewman | (ok) |
| | CA/VO/L: NPerry | (ok) |
| | CA/VO/L: MMcNeil | (ok) |
| | CA/VO/L: TDerentz | (ok) |
| | CA/VO/L: LNeilan | (ok) |
| | CA/VO/SAC: TSmith | (ok) |
| | CA/VO/SAC: EHoffmann | (ok) |
| | L/CA: JOsborn | (ok) |
| | L/CA: ARavjani | (ok) |
| | L/CA: DSalie | (ok) |
| | L/CA: MMadad | (ok) |
| | M: JWhiteley | (ok) |
| | P: LSnyder | (ok) |
| | S/P: TFrideres | (ok) |
| | D: JShufflebarger | (ok) |
| | EAP: RLee | (ok) |
| | EUR: SPierson | (ok) |
| | WHA: RPoynter | (ok) |
| | AF: RScott | (ok) |
| | NEA: ASchedlbauer | (ok) |
| | CT: WMuCulla | (ok) |
| | PRM: LBartlett | (ok) |
| | AF-EX: DilleBB | (ok) |
| | EAP-EX: DerosaJM | (ok) |
| | WHA-EX: SullivanKB | (ok) |
| | EUR-IO-EX: MennutiJR | (ok) |
| | NEA-SCA-EX: InzerilloSM | (ok) |

<u>SENSITIVE BUT UNCLASSIFIED</u>