UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>KEVIN K. McALEENAN, et al.,<br><br>Defendants. | Case No. 18-cv-01587-JD<br><br>**ORDER RE DISCOVERY**<br><br>Re: Dkt. No. 117 |
| PARS EQUALITY CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MIKE POMPEO, et al.,<br><br>Defendants. | Case No. 18-cv-07818-JD<br><br>Re: Dkt. No. 138 |

This order resolves the multiple discovery disagreements between the parties that are outlined in the joint discovery report. Dkt. No. 117 (Case No. 18-1587).

The prior dismissal order held that plaintiffs had adequately alleged a claim under *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), with respect to whether the State Department has failed to abide by its own rules and procedures for the waiver program that was created pursuant to Presidential Proclamation 9645. Dkt. No. 74 (Case No. 18-1587) at 13-16. The allegations that were key to sustaining the claim over the government's Rule 12(b)(6) challenge included factual allegations that: (1) although the State Department's guidance provided that waiver eligibility should be disclosed at the visa interview, applicants were denied waivers without an interview after the Proclamation's effective date, or any opportunity to submit documents and demonstrate eligibility for a waiver; and (2) although the State Department's guidance stated that individual consular officers would exercise discretion to grant waivers on a

case-by-case basis, officers were not allowed to exercise that discretion and individualized waiver decisions were usurped by a de facto policy of blanket denials. *Id*. This latter allegation was supported by the declaration of a former consular officer, among other facts. *Id*.

That is the main claim in this case, and while it may be formally styled as an expression of the *Accardi* doctrine, it is at heart a claim of procedural fairness that owes as much to the Due Process Clause as to the Administrative Procedures Act. *See Jefferson v. Harris*, 285 F. Supp. 3d 173, 185 (D.D.C. 2018). It is fundamentally unfair, and antithetical to our tradition as a republic of laws, for the government to grant procedures and rights on paper that it fails to honor in practice.

Consequently, the government's insistence that the evidence in this case should be strictly cabined to an "administrative record" is not well taken. As the government has previously recognized, there is no "administrative record" when the essence of the claim is that the government has failed to act in accordance with its own rules and regulations. The government's position is all the more doubtful because it has tendered as the basis of a summary judgment motion a new report that it says disproves the claim that waivers have been consistently denied in violation of the State Department's procedures. *See* Dkt. No. 98 (Case No. 18-1587); Dkt. No. 120 (Case No. 18-7818). Even under the traditional notions of an administrative record that the government seeks to invoke, this would be an extra-record document. In effect, the government seeks to rely on a document that it created after this litigation started while insisting that plaintiffs on their part have no right to go beyond the "record," whatever that might be in these circumstances. The government has compounded the problem with its position by suggesting that plaintiffs simply have to live with the report on a no-questions-asked basis.

This will not do. Pre-trial discovery is "ordinarily accorded a broad and liberal treatment," and it is a hallowed principle in the United States courts that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotations omitted). The government is not, of course, excepted from this principle.

At the same time, the Court cannot say that all of the discovery plaintiffs seek is appropriate. Several of the proposed discovery requests go beyond the *Accardi* claim as it currently stands. It is possible the scope of the case might be broadened after the resolution of the pending round of motions to dismiss that are currently under submission, but that issue will be saved for another day. The key inquiry is what discovery is proportional and fair in light of the claim at this time.

The Court orders the following discovery on the categories listed in the parties' joint report. Dkt. No. 117 (Case No. 18-1587).

# I. TRANCHE ONE

1. **Materials "directly or indirectly" considered in adopting the guidance mandated by Section 3(c) of the Proclamation, including FAM Section 302.14-10 and the additional guidance materials provided to consular officers responsible for visa adjudications under the Proclamation**

DENIED. Materials "considered" in adopting guidance does not bear on whether the State Department failed to follow the guidance that was issued.

2. **Materials from other defendant agencies besides the Department of State and from contractors involved in implementing the Proclamation**

DENIED. As the Court's prior order made clear, the agency at issue here is the Department of State. Dkt. No. 74 (Case No. 18-1587) at 14.

3. **Materials representing the work and recommendations of subordinates involved in drafting, revising, or implementing FAM Section 302.14-10 and the relevant guidance documents**

DENIED. As with the first category, the Court does not find this category of materials to bear on the question of whether the State Department has failed to follow the guidance it issued.

4. **Materials referenced by Record documents but not included in the Record**

GRANTED, to the extent the documents referenced relate to the issues of (1) the process by which applicants were permitted – or not permitted – to submit documents and demonstrate eligibility for a waiver, or (2) the scope of individual consular officers' discretion to grant or deny waivers.

5. **Privilege log**

GRANTED. Plaintiffs are entitled to the basic information needed to be able to test

1 defendants' claims of privilege.

### 6. "*Accardi*-related discovery"

DENIED. This category is too vague as it is described by plaintiffs in the joint report. Dkt. No. 117 (Case No. 18-1587) at 8.

## II. TRANCHE TWO

The parties describe as "tranche two" discovery relating to the State Department report referenced in defendants' pending motions to dismiss, which provided statistics on waiver processing between December 2017 and March 2019.

For this tranche, the Court has been advised that the government intends to provide plaintiffs with a further declaration about the report by September 12, 2019, to be followed by a possible a Rule 30(b)(6) deposition of defendants' person most knowledgeable about the report.

The Court defers ruling on the discovery outlined by plaintiffs concerning the State Department report. Dkt. No. 117 (Case No. 18-1587) at 23-24. The parties may raise further disputes for "tranche two," if any, using the Court's discovery dispute letter procedure following plaintiffs' receipt and review of defendants' declaration as well as, possibly, the taking of defendants' 30(b)(6) deposition.

**IT IS SO ORDERED.**

Dated: September 12, 2019

JAMES DONATO
United States District Judge