| | |
|---|---|
| **MUSLIM ADVOCATES** | **MAYER BROWN LLP** |
| NIMRA H. AZMI (*pro hac vice*) | ERIC B. EVANS (Bar No. 232476) |
| P.O. Box 34440 | 3000 El Camino Real |
| Washington, D.C. 20043 | Two Palo Alto Square, Ste. 300 |
| Telephone: (202) 897-2622 | Palo Alto, CA 94306 |
| Facsimile: (202) 508-1007 | Telephone: (650) 331-2063 |
| nimra@muslimadvocates.org | Facsimile: (650) 331-4563 |
| | eevans@mayerbrown.com |
| **LOTFI LEGAL, LLC** | |
| SHABNAM LOTFI (*pro hac vice*) | *Attorneys for Emami Plaintiffs* |
| VERONICA SUSTIC (*pro hac vice*) | |
| P.O. Box 64 | |
| Madison, WI 53701 | |
| Telephone: (608) 259-6226 | |
| Facsimile: (208) 977-9974 | |
| shabnam@lotfilegal.com | |
| veronica@lotfilegal.com | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| FARANGIS EMAMI, et al., | Case No. 3:18-cv-01587-JD |
| Plaintiffs, | **NOTICE OF MOTION; PLAINTIFFS' MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE; AND MEMORANDUM IN SUPPORT** |
| v. | |
| KEVIN K. McALEENAN, et al., | |
| Defendants. | |
| | Judge: Hon. James Donato |
| | Hearing: November 21, 2019, 10:00 AM |
| | Place: San Francisco U.S. Courthouse, Courtroom 11, 19th Floor |

**NOTICE OF MOTION AND MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE**

PLEASE TAKE NOTICE that on November 14, 2019 at 10:00 AM in the United States Courthouse for the Northern District of California, Courtroom 11, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs will move, and hereby do move, for leave to withdraw Plaintiff Soheil Vazehrad and Plaintiff Atefehossadat Motavaliabyazani as named plaintiffs in this

1  action and voluntarily dismiss their individual claims without prejudice. Because voluntary dismissal
2  will not prejudice any party, Plaintiffs respectfully request that this Court grant their motion.
3     Plaintiffs' motion is made pursuant to Federal Rule of Civil Procedure 41(a)(2). The bases
4  for this motion are set forth fully below.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE**

### I.  INTRODUCTION

Under Federal Rule of Civil Procedure 41(a)(2), Plaintiffs respectfully request that this Court withdraw Plaintiff Soheil Vazehrad and Plaintiff Atefehossadat Motavaliabyazani as named plaintiffs from this action and voluntarily dismiss their individual claims without prejudice. Plaintiffs make this request following Defendants' refusal to stipulate to a dismissal. Dismissal without prejudice of Plaintiffs Vazehrad and Motavaliabyazani will not prejudice Defendants or any party in this litigation. 34 other putative class representatives remain who will vigorously pursue *Emami* Plaintiffs' claims. Moreover, this case is at an early stage: Defendants' Motion to Dismiss the Second Amended Complaint remains pending, depositions have not been noticed, and Plaintiffs have not moved for class discovery or class certification. These circumstances strongly favor allowing the request to withdraw. Plaintiffs respectfully request that the Court grant Plaintiffs Vazehrad and Motavaliabyazani's motion for leave to dismiss their claims without prejudice.

### II.  FACTUAL BACKGROUND

Plaintiffs Vazehrad and Motavaliabyazani are an engaged couple who have been separated for years by Proclamation 9645. Second Amended Complaint ("SAC") ¶¶ 183-87. Plaintiff Vazehrad is a U.S. citizen and Californian. SAC ¶ 183. He is one of 16 members of the putative Family Member Class. SAC ¶ 304. Plaintiff Motavaliabyazani is the fiancée of Plaintiff Vazehrad and is an Iranian national. SAC ¶ 184. She is one of 18 members of the Visa Applicant Class. SAC ¶ 304. Plaintiffs Vazehrad and Motavaliabyazani, disappointed that they remain separated over three years after their visa's approval and over a year as plaintiffs in *Emami*, no longer wish to bear the burden of being named plaintiffs in *Emami*. Declaration of Nimra H. Azmi in Support of Plaintiffs' Motion for Leave to Withdraw Plaintiff Soheil Vazehrad and Plaintiff Atefehossadat Motavaliabyazani's Claims ¶ 2 (hereinafter "Azmi Decl."). Both Plaintiffs have done their duty thus far as representatives of their putative classes and the law does not require that they continue to serve as Plaintiffs against their will.

*Emami* Plaintiffs, including Plaintiffs Vazehrad and Motavaliabyazani, filed the first Complaint on March 13, 2018. ECF No. 1. The First Amended Complaint on behalf of Family

1  Member and Visa Applicant Classes, including Plaintiffs Vazehrad and Motavaliabyazani
2  respectively, was filed on July 29, 2018. ECF No. 34. Following this Court's February 4, 2019 order
3  on Defendants' Motion to Dismiss the First Amended Complaint, which denied dismissal of the
4  *Accardi* claims and granted dismissal with leave to amend the constitutional and mandamus claims,
5  Plaintiffs filed a SAC on behalf of Family Member and Visa Applicant Classes on April 10, 2019.
6  ECF Nos. 74, 75.

7  On June 13, 2019, Defendants moved to dismiss the SAC or, in the alternative, for summary
8  judgment on the *Accardi* claims ("Defs.' MTD/MSJ SAC"). ECF No. 98. On July 25, 2019, the Court
9  heard arguments on the Defs.' MTD/MSJ SAC. ECF No. 113. On September 12, 2019, the Court
10 issued an order permitting certain discovery related to Plaintiffs' *Accardi* claim. ECF No. 122. As of
11 this filing, the Court has not ruled on Defs.' MTD/MSJ SAC. Plaintiffs have not yet moved for class
12 discovery or class certification.

13 On September 24, 2019, *Emami* counsel were informed that Plaintiffs Vazehrad and
14 Motavaliabyazani, discouraged with the pace of the litigation, no longer wished to be plaintiffs in
15 *Emami* or continue to retain *Emami* counsel. Azmi Decl. ¶ 2. On September 30, 2019, *Emami* counsel
16 notified Defendants' counsel by email of Plaintiffs Vazehrad and Motavaliabyazani's desire to
17 withdraw and requested that Defendants' counsel stipulate to the withdrawal without prejudice. Azmi
18 Decl. ¶ 4. *See also* Exs. A, B. On October 2, 2019, Defendants' counsel, August Flentje, responded,
19 asking whether *Emami* counsel were "seeking dismissal in order to file new litigation on behalf of
20 your client raising similar claims" and refusing to stipulate to a dismissal of claims without
21 prejudice—even though this Court has yet to dismiss *any* of *Emami* Plaintiffs' claims with prejudice.
22 Azmi Decl. ¶ 5. Defendants also conditioned any stipulation to dismissal on "[*Emami* counsel]
23 stipulat[ing] to be bound by the district court's rulings in future litigation in a federal district court."
24 Azmi Decl. ¶ 5. Plaintiffs' counsel clarified that Plaintiffs Vazehrad and Motavaliabyazani were not
25 seeking to withdraw so *Emami* counsel could file a new case on their behalf. *Emami* counsel further
26 clarified that they did not plan to represent Plaintiffs Vazehrad and Motavaliabyazani in new
27 litigation. Azmi Decl. ¶ 6. On October 3, 2019, despite the clarification from *Emami* counsel, Mr.
28

Flentje refused to stipulate to a dismissal for Plaintiffs Vazehrad and Motavaliabyazani's claims. Azmi Decl. ¶ 7.

### III. ARGUMENT

#### a. Legal Standard for Voluntary Dismissal under Fed. R. Civ. P. 41(a)(2)

Under Rule 41(a)(2), the Court may voluntarily dismiss a plaintiff's claim "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Voluntary dismissal under Rule 41(a)(2) should be granted unless Defendants can show that they "will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982). In deciding a motion for voluntary dismissal under Rule 41(a)(2), courts in this district assess: "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Fraley v. Facebook, Inc.*, No. 11-01726-LHK, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012). When the dismissal does not dispose of the entire case, the Court may also evaluate the dismissal's effect on the other plaintiffs in the litigation. *See Columbia Cas. Co. v. Gordon Trucking, Inc.,* No. 09–05441–LHK, 2010 WL 4591977, at *3 (N.D. Cal. Nov. 4, 2010).

Additionally, Rule 41(a) can be used "to dismiss less than all of the parties." *Lake at Las Vegas Inv'rs Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 728 (9th Cir. 1991). Furthermore, courts have found that absent "good reason", a plaintiff should not be compelled to litigate a case against her will. *Roberts v. Electrolux Home Prod., Inc.*, No. 12-1644-CAS (VBKX), 2013 WL 4239050, at 2 (C.D. Cal. Aug. 14, 2013).

#### b. No Parties Will be Prejudiced if Plaintiffs Vazehrad and Motavaliabyazani's Claims Are Voluntarily Dismissed without Prejudice.

##### i. Defendants Will Not Suffer from Legal Prejudice if Plaintiffs Vazehrad and Motavaliabyazani's Claims Are Voluntarily Dismissed without Prejudice.

This Court should dismiss Plaintiffs Vazehrad and Motavaliabyazani's claims without prejudice, because their withdrawal will not result in any legal prejudice to Defendants. Legal prejudice requires Defendants show "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996). Legal prejudice has

3

been recognized where dismissal without prejudice leads to "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* No such legal consequences are possible here. Plain legal prejudice requires more than potential inconvenience that Defendants may face by defending an action in another forum, even if Plaintiffs Vazehrad and Motavaliabyazani might gain some "tactical advantage" because of the dismissal. *Fraley*, 2012 WL 893152, at *3. Similarly, the prospect of future litigation or uncertainty from an unresolved dispute does not create plain legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001).

Defendants will not suffer plain legal prejudice if Plaintiffs Vazehrad and Motavaliabyazani's claims are dismissed without prejudice. This case will continue forward without these Plaintiffs in the same forum and with the same rights, defenses, and legal arguments available to Defendants. Nor does the possibility that Plaintiffs Vazehrad and Motavaliabyazani may file a future related litigation in another forum create plain legal prejudice to Defendants. As Defendants' counsel's email makes clear, their refusal to stipulate to dismissal of Plaintiffs Vazehrad and Motavaliabyazani's claims without prejudice is linked to the possibility that Plaintiffs may file a new, similar action. Azmi Decl. ¶ 5. *See also* Ex. B. Unfortunately for Defendants, in the Ninth Circuit, such concerns or uncertainty do not satisfy the standard for plain legal prejudice to support denying dismissal of Plaintiffs' claims without prejudice. *See Smith*, 263 F.3d at 976.

Simply put, Proclamation 9645 has kept Plaintiffs Vazehrad and Motavaliabyazani apart for years. SAC ¶¶ 183-87. They had hoped that participating in *Emami* would unite them. Azmi Decl. ¶ 2. Unfortunately, their waiver has not been granted. Nothing in the law requires them to continue as class representatives in an action they no longer wish to bear the burden of being a part and there is no good reason to force them to remain part of this case. *See Roberts*, 2013 WL 4239050, at 2.

### ii. The Other Plaintiffs Will Not Be Prejudiced if Plaintiffs Vazehrad and Motavaliabyazani's Claims Are Dismissed without Prejudice.

The other *Emami* Plaintiffs and putative class members will not be prejudiced if this Court dismisses Plaintiffs Vazehrad and Motavaliabyazani's claims without prejudice. Plaintiffs Vazehrad and Motavaliabyazani are two of 34 plaintiffs and putative class representatives across *Emami*. Plaintiff Vazehrad is one of 16 Family Member plaintiffs; Plaintiff Motavaliabyazani is one of 17

4

Visa Applicant plaintiffs. These remaining plaintiffs, who have been a part of the case since the First Amended Complaint, if not earlier, are positioned to continue as representatives of their putative classes so long as their visas remain ungranted, and they will bring the same claims and causes of action as Plaintiffs Vazehrad and Motavaliabyazani. *Fraley*, 2012 WL 893152, at *3 (finding no prejudice to the interest of putative classes when putative class representatives with historical involvement with the case remained and intended to prosecute the action with the same causes of action). Thus, neither Plaintiff Vazehrad nor Plaintiff Motavaliabyazani is indispensable to this action and their withdrawal will not affect the rights and standing of the putative classes and their members. As a result, there exists no good reason to force them to remain in this action.

### c. The Factors Support Dismissing Plaintiffs Vazehrad and Motavaliabyazani's Claims without Prejudice.

This Court should grant Plaintiffs Vazehrad and Motavaliabyazani leave to dismiss their claims without prejudice. To determine whether a dismissal should be with or without prejudice, courts consider: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Senne v. Kansas City Royals Baseball Corp.*, No. 14-00608-JCS, 2016 WL 3648547, at *2 (N.D. Cal. July 6, 2016). In this case, these factors support that the dismissal be granted without prejudice. Because these factors are met, it would be neither inequitable nor prejudicial to Defendants to dismiss this case without prejudice, particularly since this Court has not dismissed any of Plaintiffs' claims with prejudice as of this filing. *See, e.g., Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (holding that dismissal would be with prejudice but *only* because plaintiff's attorney had admitted that claim had been added without proper diligence).

*First*, this case is at an early stage with trial still a distant prospect. This Court has yet to dismiss any of Plaintiffs' claims with prejudice. Defs.' MTD/MSJ SAC remains pending. Defendants have refused to produce any discovery as of this filing, beyond a manifestly incomplete and cherry-picked "Administrative Record." Class discovery and class certification have not yet started. As such, Defendants have not begun preparing for trial in any meaningful sense. Moreover, any expended effort or expenses will be unaffected by Plaintiffs Vazehrad and Motavaliabyazani's withdrawal. No

5

discovery—such as depositions—specific to Plaintiffs Vazehrad and Motavaliabyazani has occurred. The fact that the Administrative Record provided an update on their individual case is not so significant an effort or expense to support dismissal with prejudice. *See* ECF No. 98-1 at 356. The putative classmembers will remain to pursue the claims and the case will continue unchanged without Plaintiffs Vazehrad and Motavaliabyazani, because, as members of broader classes, Plaintiffs Vazehrad and Motavaliabyazani play no singular role here. *See Senne,* 2016 WL 3648547, at *3 ("…Defendants have not pointed to any unique role played by these Plaintiffs that would render any other efforts by Defendants in this action a waste of time or resources."). This factor supports dismissing Plaintiffs Vazehrad and Motavaliabyazani's claims without prejudice.

*Second*, there has been no excessive delay or lack of diligence on part of Plaintiffs Vazehrad and Motavaliabyazani. The first *Emami* complaint was filed on March 13, 2018, mere months after the Supreme Court's initial vacatur of the preliminary injunction imposed by the lower courts in *Trump v. Hawaii*. ECF No. 1. Plaintiffs have actively litigated the case, amending the complaint twice and briefing several issues. And in light of the early stages of this case discussed above, the instant motion has not been excessively delayed nor has its timing meaningfully prejudiced Defendants. *See Senne,* 2016 WL 3648547, at *3 (holding that Defendants were not prejudiced when withdrawal was sought before motion for class certification). This factor also supports granting Plaintiffs Vazehrad and Motavaliabyazani's dismissal without prejudice.

*Third*, Plaintiffs Vazehrad and Motavaliabyazani have provided a more-than-sufficient reason for their desire to withdraw from the case: they are disappointed with the pace of the litigation and continue to suffer from their separation because of the Muslim Ban. In light of this, they are unwilling to continue with the burden of being named plaintiffs in this case. This final factor also supports dismissing Plaintiffs Vazehrad and Motavaliabyazani's claims without prejudice.

### d. The Terms and Conditions Demanded by Defendants for Stipulating to a Withdrawal Are Improper.

In his October 2 email, Defendants' counsel, Mr. Flentje, implied that counsel were planning to forum shop on Plaintiffs Vazehrad and Motavaliabyazani's behalf and stated that Defendants would stipulate to dismissal only if Plaintiffs' counsel agreed to be bound by this Court's rulings in

6
PLS' NOTICE OF MOT. AND MOT. TO DISMISS CLAIMS    CASE NO. 3:18-CV-01587-JD

*all* future litigations in *any* federal district court. Azmi Decl. ¶ 5. *See also* Ex. B. Even after counsel had clarified that they were not planning to file a new action on behalf of Plaintiffs Vazehrad and Motavaliabyazani or continue on as their attorneys once withdrawal was completed, Defendants' counsel refused to retract these expansive and unfair conditions and stipulate to Plaintiffs' withdrawal. Azmi Decl. ¶ 7. To use the withdrawal of a plaintiff to strong-arm Plaintiffs' counsel into a broad mandate on how they can represent future clients—not only Plaintiffs Vazehrad and Motavaliabyazani—is unethical and an improper, coercive condition to seek to impose. Moreover, it unduly burdens the rights of Plaintiffs Vazehrad and Motavaliabyazani. As *Emami* counsel flagged for Defendants' counsel, California Rules of Professional Conduct explicitly prohibit offering or making any agreement pertaining to a client controversy that restricts an attorney's right to practice, including agreements to not represent clients or pursue certain claims. *See* Ex. B. *See also* Prof. Conduct Rule 5.6. This is to ensure, in part, that the public's access to counsel is not inhibited and that negotiations are not distorted with considerations unrelated to the client. *In Re J.T. Thorpe, Inc.*, 870 F.3d 1121, 1137 (9th Cir. 2017). Defendants' proposal was improper, implicating both public access to counsel and reaching a scope far beyond Plaintiffs Vazehrad and Motavaliabyazani, and Plaintiffs' counsel properly refused it. The dismissal of Plaintiffs Vazehrad and Motavaliabyazani claims should be granted without prejudice and without unjust and unethical conditions.

### IV. CONCLUSION

For these reasons, Plaintiffs' Motion to Withdraw Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazani's Claims Without Prejudice should be granted.

DATED: October 9, 2019
   Washington, D.C.

/s/ Nimra H. Azmi
Nimra H. Azmi
MUSLIM ADVOCATES
P.O. Box 34440
Washington, D.C. 20043
Telephone: (202) 897-2564
Fax: (202) 508-1007
nimra@muslimadvocates.org

*Attorney for Emami Plaintiffs*

7

PLS' NOTICE OF MOT. AND MOT. TO DISMISS CLAIMS     CASE NO. 3:18-CV-01587-JD

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of October, 2019, I electronically filed **PLAINTIFFS' MOTION FOR LEAVE TO DISMISS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE** with the Clerk of the Court via CM/ECF. I also certify that the foregoing document should automatically be served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Nimra H. Azmi
Nimra H. Azmi