JOSEPH H. HUNT
Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
SAMUEL GO
Senior Litigation Counsel, Office of Immigration Litigation
District Court Section
NICOLE GRANT
P. ANGEL MARTINEZ
DAVID KIM
Trial Attorneys, Office of Immigration Litigation

    Ben Franklin Station, P.O. Box 878
    Washington, D.C. 20044
    Telephone: (202) 532-4094
    Email: david.kim4@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

PARS EQUALITY CENTER, *et al.*,

    Plaintiffs,

    v.

MIKE POMPEO, *et al.*,

    Defendants.

    *and*

FARANGIS EMAMI, *et al.*,

    Plaintiffs,

    v.

KIRSTJEN NIELSEN, *et al.*,

    Defendants.

CASE Nos. 18-cv-7818-JD
           18-cv-1587-JD

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE**

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE - 1
CASE NOS. 18-CV-7818 JD & 18-CV-1587-JD

Defendants submit this response to briefly address the assertions made in Plaintiffs' motion for leave to dismiss Soheil Vazehrad ("Soheil") and Atefehossadat Motavaliabyazani ("Atefehossadat") as plaintiffs in this suit without prejudice.

**BACKGROUND**

On September 30, 2019, Ms. Shabnam Lotfi, counsel for *Emami* Plaintiffs, wrote to Defendants by email, advising that Soheil and Atefehossadat "no longer wished to be plaintiffs in *Emami*." ECF No. 126, at 2. Ms. Lotfi asked whether Defendants would stipulate to the withdrawal. *See* Attach. In a response email from government counsel Mr. August Flentje, we stated that we had "some concerns to dismissal without prejudice if the goal is to refile a similar suit." *Id*. We then indicated that Defendants could "stipulate to dismissal if [the two plaintiffs would] stipulate to be bound by the district court's rulings in future litigation in a federal district court." *Id*. We further indicated that we did "not think it would be appropriate for [the plaintiffs] to dismiss without prejudice, file a new suit, and then seek to assert claims or discovery that have been rejected by [this Court]." *Id*. In response, Ms. Lotfi stated that she and the rest of Plaintiffs' attorneys did not plan to represent Soheil and Atefehossadat in any future actions, and were unaware that the two intended to retain them to initiate litigation raising "identical or substantially similar" claims. *Id*. Ms. Lotfi, however, did not address our express concern as to whether a stipulated dismissal would lead to duplicative litigation involving claims already considered and ultimately dismissed by this Court, or whether a stipulation could obviate the need to relitigate identical issues in a second federal district court brought by the same two plaintiffs. In light of that omission, we advised Ms. Lotfi that Plaintiffs would need to file a motion to dismiss, to which Defendants could respond. *See id*. Ms. Lotfi then asked whether we agreed with a draft stipulation to dismiss without prejudice, and we responded that we did not agree to stipulate to dismissal, repeating that if Plaintiffs moved for dismissal, Defendants would file a response. *See id*. Plaintiffs subsequently filed their motion for leave to dismiss pursuant to Rule 41(a)(2).

# ARGUMENT

Under Rule 41(a)(1) of the Federal Rules of Civil Procedure, a plaintiff may dismiss an action without a court order by filing a notice of dismissal if the defendant has not filed either an answer or a motion for summary judgment. Here, because Defendants filed a motion for summary judgment on June 30, 2019, Plaintiffs cannot withdraw Soheil and Atefehossadat as plaintiffs by a notice of dismissal. In such circumstances, a plaintiff may still file a stipulation of dismissal signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1). That is what Plaintiffs attempted to do here, by inquiring whether Defendants would stipulate to the voluntary dismissal of Soheil and Atefehossadat's claims. Because Plaintiffs were not open to a stipulated dismissal that would avoid duplicative district court litigation in another federal district court, the government determined that it needed to respond to a motion to dismiss rather than stipulate without conditions.

The government believes the most efficient resolution of this issue would be for the parties to agree to a stipulated dismissal under terms whereby the dismissing Plaintiffs would agree, in litigation filed by them in another district court, not to raise duplicative legal issues or seek discovery that this Court has already resolved. Instead, the parties could stipulate to abide by this Court's rulings in any newly filed litigation while in a district court, subject to appeal by either party or, in appropriate circumstances, reconsideration. Such a stipulated resolution would leave both parties in the same positions that they are in now and would ensure that this Court's rulings are not circumvented by the two dismissing plaintiffs. We understand that Plaintiffs are frustrated by the pace of this litigation, and the government also does not think that such a stipulated dismissal should preclude an appropriately narrowed claim for mandamus relief in a district court with respect to the agency's consideration of their own visa petition, although the government would retain its defenses to any such claim. The government remains willing to discuss such a stipulated dismissal.

We are unsure whether this Court could enter a dismissal on those terms. *See* Fed. R. Civ. P. 41(a)(2) (voluntary dismissal permitted "on terms that the court considers proper"). But we do not think a pure dismissal without prejudice would be appropriate. If this Court dismisses without prejudice, the

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE - 3
CASE NOS. 18-CV-7818 JD & 18-CV-1587-JD

government could suffer legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001) (explaining that, for purposes of Rule 41(a)(2), legal prejudice means simply "prejudice to some legal interest, some legal claim, some legal argument" (internal quotation marks omitted)). Dismissal without prejudice could confer on the two dismissing plaintiffs the ability to relitigate matters already resolved by this Court, without any obligation to abide by the standards for reconsideration or to file an appeal after final judgment, thus threatening to force the government to defend against a burdensome and redundant action in yet another federal forum. And while "plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum," *id.*, this case has involved 18 months of litigation. In that time, the parties have directed significant time and resources to litigating the issues, including hearings before this Court in San Francisco, numerous motion briefs, and coordinated discovery efforts. *See Burnette v. Godshall*, 828 F. Supp. 1439, 1443, (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995) (holding that dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action"); *Burns v. Scottsdale Ins. Co.*, No. 08-1136-RSL, 2009 WL 86549 (W.D. Wash. Jan. 7, 2009) (explaining that Rule 41(a)(2) is "designed to avoid" such situations as where a defendant would "be forced to incur the expense, burden, and uncertainty of re-litigating the case or trying to prove that collateral estoppel or *res judicata* applies").

No less importantly, this Court, on February 4, 2019, issued an order dismissing many of the Plaintiffs' claims, including all of their constitutional claims. *See* ECF No. 74, at 16-18 (noting that Plaintiffs had not shown a constitutionally recognized right to the "integrity of the family unit" and that their allegation of a discriminatory "policy of denying waivers" had been rejected by the Supreme Court). While that dismissal was without prejudice and allowed of an opportunity to amend, the Court also noted the "sizeable roadblock" facing Plaintiffs' claims, *id.* at 18, which Plaintiffs failed to surmount when they filed a revised complaint that made no material amendments to their prior constitutional arguments, *see* ECF No. 75. In short, dismissal without prejudice runs counter to the Court's carefully considered rulings on Plaintiffs' claims, as well as the Court's pending review of Defendants' dispositive motion for summary

judgment

That motion for summary judgment applies no less to the two plaintiffs seeking dismissal. In conjunction with that motion, the government provided an administrative record showing the status of the waiver request for the two plaintiffs. *See* ECF No. 98. According to the record, on March 22, 2019, the consular officer "made a preliminary determination that the personal hardship and national interest prongs were met" and "is in consultation with the Visa Office regarding whether Ms. Motavaliabyazani's entry could pose a threat to national security or public safety." A.R. 356. That review was ongoing, but the record demonstrates that the Soheil and Atefehossadat are not being denied the opportunity to seek waivers in this case.

Given this, we do not think that it would be appropriate to dismiss the claims brought by Soheil and Atefehossadat without prejudice. Instead, we ask that this Court grant summary judgment on those claims, as the government has requested. That said, we also remain willing to discuss with opposing counsel the prospect of a dismissal subject to the conditions laid out above.

Lastly, Plaintiffs' attorneys are widely off base in asserting that Mr. Flentje's email to counsel constituted an ethical violation or constricted "public access to counsel." That accusation is false and founders under scrutiny. *See* Attach. First, Rule Rule 41(a)(1) imposes no restrictions on stipulations to dismiss, and so it was well within reason and propriety to broach terms of dismissal that might avoid duplicative litigation by the two plaintiffs. *See* Fed. R. Civ. P. 41(a)(1). Thus, Plaintiffs have no valid argument that Defendants acted improperly by inquiring about the precise terms of Plaintiffs' proposed stipulation or, for that matter, proposing their own conditions to any stipulation that would be filed. As Rule 41(a)(1)(A)(ii) clearly states, a stipulation of dismissal must be "signed by all parties who have appeared." Unless it is opposing counsel's suggestion that a defendant can be coerced into signing any stipulation that a plaintiff sets before him, it was entirely reasonable and appropriate for Defendants to be concerned about the potential adverse effects of a stipulated dismissal, to assay whether Plaintiffs would include certain terms to the stipulation to allay those concerns, and ultimately to refuse to sign the stipulation without those terms.

Second, the allegations by Plaintiffs' counsel are based on the inexplicable assertion that Mr. Flentje's email sought somehow to restrict the practice of law by Plaintiffs' attorneys. While the email communication was not drafted with the precision of a legal pleading, how such a misinterpretation arose is unclear—the email plainly intended to initiate a discussion of terms that would bind the two plaintiffs, and *not* their lawyers, regarding Plaintiffs' request to dismiss their claims after the deadline for voluntary dismissal by notice under Rule 41(a)(1)(A)(i) had passed. Any other interpretation makes no sense—including the unusual interpretation that Plaintiffs could somehow stipulate to limit the actions of their lawyers. Far from attempting to restrict opposing counsel's "right to practice"—a practical impossibility on its face—Mr. Flentje made it clear that, since the two parties could not agree to a stipulated dismissal, Plaintiffs should file a motion with the Court to dismiss —as Rule 41(a)(2) permits—to which Defendants would respond. *See* Attach.

In sum, Defendants respectfully request that the Court deny Plaintiffs' motion for leave to dismiss Soheil and Atefehossadat' claims in this action or, in the alternative, allow dismissal on terms described in this response. Defendants also remain open to stipulating to dismissal on those terms.

DATED: October 23, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General
Civil Division

AUGUST F. FLENTJE
Special Counsel

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

DAVID KIM
P. ANGEL MARTINEZ
NICOLE GRANT
Trial Attorneys
Office of Immigration Litigation

/s/ *David Kim*

**Attorneys for Federal Defendants**

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO DISMISS PLAINTIFFS SOHEIL VAZEHRAD AND ATEFEHOSSADAT MOTAVALIABYAZANI'S CLAIMS WITHOUT PREJUDICE - 6
CASE NOS. 18-CV-7818 JD & 18-CV-1587-JD