November 8, 2019

The Honorable James Donato
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
San Francisco, CA  94102

>    Re:   *Emami v. Nielsen, et al.*, **3:18-cv-01587-JD**;
>          *Pars Equality Center, et al. v. Pompeo*, *et al.,* **3:18-cv-07818-JD**

Dear Judge Donato:

Pursuant to the Court's April 25, 2014 Standing Order for Discovery in Civil Cases ¶ 18, Plaintiffs respectfully submit this letter to compel the deposition of James Nantais, the Director for Domestic Operations, Visa Office, Bureau of Consular Affairs, U.S. Department of State.[1]

Plaintiffs' basis is simple.  Defendants submitted a self-serving statistical report[2] that is outside the administrative record as the only factual basis for their motion for summary judgment.  (ECF 98.)  Despite relying on the report, Defendants have refused to give Plaintiffs basic discovery into the report's sources, providing only a declaration from Mr. Nantais, in contravention of this Court's recognition of the importance of that discovery.  Defendants refuse to provide a date for Mr. Nantais's declaration unless Plaintiffs agree in advance that Mr. Nantais's deposition will be the last discovery taken  and unless Plaintiffs pre-clear the topics of their questions with Defendants.

Defendants' position is unsupported by any law or rule.  The Court put it well at the July 25 hearing, noting that it could not "fathom why [the report was] not fair for depositions, document discovery, and the full panoply of federal litigation discovery."  (ECF 115 at 11.)  Defendants should be ordered to produce Mr. Nantais for deposition within 30 days, without prejudice to Plaintiffs' right to seek further discovery from Defendants.

    **I.**    **Background**

Plaintiffs have brought APA and Constitutional challenges to the Government's implementation of the waiver provision of the third iteration of the Administration's Muslim Ban.  On June 13, 2019, Defendants moved to dismiss this matter or, in the alternative, for summary judgment.  (ECF 98.)  Although Defendants have repeatedly argued that Plaintiffs are

---

[1] In accordance with a prior directive of this Court, Plaintiffs for both the *Emami* and *Pars* cases submitted a stipulation to consolidation.  (*See generally* ECF 114.)  To avoid duplicative filings, Plaintiffs have filed subsequent documents only in the *Emami* docket.  Thus, citations to the record in this letter are only to the *Emami* docket.

[2] *See generally* Dep't of State Report Implementation of Presidential Proclamation 0645—December 8, 2017 to March 31, 2019.

The Honorable James Donato
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Page 2

confined to the Administrative Record, Defendants' summary judgment request was entirely premised on an extra-record Department of State report.

At the July 25 hearing, this Court noted the extra-record nature of Defendants' report, as well as Defendants' reliance upon it for their motion, and stated that it could not "fathom why [the report was] not fair for depositions, document discovery, and the full panoply of federal litigation discovery." (ECF 115 at 11.) At that hearing, the Court directed the parties to meet-and-confer and to submit a joint filing to the Court on the discovery Plaintiffs believe they are entitled and the parties' positions in the discovery dispute.

On September 5, the parties filed their joint filing, *see generally* ECF 117, in which, Plaintiffs asserted that discovery is appropriate on claims both related and unrelated to the *Accardi* doctrine; Defendants opposed. At the time of the filing, Defendants had not yet produced Mr. Nantais's declaration.

On September 12, 2019, this Court granted some of Plaintiffs' document demands, denied others, and ordered that Defendants provide a privilege log. (ECF Doc. 122.) The Court noted that it "had been advised that the government intends to provide plaintiffs with a further declaration about the report by September 12, 2019, to be followed by a possible Rule 30(b)(6) deposition of defendants' person most knowledgeable about the report." (*Id.* at 4.)

On September 13, 2019, Defendants delivered a 17-page declaration by Mr. Nantais, whose office had the lead responsibility in preparing the Report. While Defendants provided certain additional Administrative Record documents mentioned in the Court's prior order, Defendants still have not fully complied with the Court's September 12 Order.[3] Even so, Plaintiffs sought to move forward with Mr. Nantais's deposition because the deposition may clarify, if not resolve, the parties' disputes over remaining outstanding documents.

On October 21, 2019, the parties telephonically met and conferred about these disputes. Defendants stated that they did not believe a deposition is required and proffered that they would only agree to a deposition under either of two conditions: that Plaintiffs must agree, before the deposition, that discovery would close right after the deposition; **or**, that Plaintiffs must identify deposition topics in advance, subject to Defendants' approval, and so limit questioning regardless of Mr. Nantais's responses.

Plaintiffs declined both conditions. Plaintiffs noted that agreeing to immediately close discovery requires Plaintiffs to waive any further discovery, regardless of Defendants'

---

[3] For example, Defendants have still not provided a privilege log. Defendants previously stated their intention to disclose the log by the end of the first week of November; however, today Defendants notified Plaintiffs via email that they will not do so. Instead, Defendants wrote that they plan to offer an "update as to the status of [their] efforts after Veterans Day next week." Likewise, Defendants have failed to provide further information related to individual plaintiff visa applications notwithstanding their having been referenced in Defendant's proffered Administrative Record. That withholding constitutes a clear violation of this Court's order that Defendants disclose "[m]aterials referenced by Record." (*See* ECF 122 at 3.)

outstanding discovery obligations and no matter whether Mr. Nantais's answers themselves generated follow-up discoverable material.

Likewise, Plaintiffs explained that pre-approving topics to be explored in the deposition would require binding Plaintiffs to an unduly narrow deposition, based on speculation that Mr. Nantais's answers would not implicate other issues. Plaintiffs noted that Defendants may object during the deposition, if they have grounds. On that call, Plaintiffs made clear that they would not agree to either condition.

On October 25, 2019, Defendants wrote to Plaintiffs. Changing their October 21 position, Defendants stated that Plaintiffs would need to agree to ***both*** conditions—ending discovery and pre-clearing topics with Defendants—before Defendants would schedule a deposition with Mr. Nantais.

Plaintiffs responded on November 5, 2019, noting that the parties are at impasse but offering Defendants a last chance to offer deposition dates before Thanksgiving.

On November 8, 2019, Defendants refused this last chance without substantive response.

## II. Defendants Should Be Ordered to Make Mr. Nantais Available for Deposition.

Defendants' position that they may set unilateral preconditions for deposing Mr. Nantais are untenable both in light of these proceedings and as a matter of law.

First, the proceedings here leave no room for Defendants to claim that the need for a deposition is subject to debate. On July 25, this Court made clear that it is unfathomable that Defendants could rely—as they continue to—on the extra-record Report without facing depositions and "the full panoply of federal litigation discovery." (ECF 115 at 11.) Likewise, in its September 12 order, this Court questioned how Defendants can reasonably rely on the Report for its claims while foreclosing Plaintiffs from obtaining extra-record materials. (*See* ECF 122 at 2 (noting that Defendants have been "seek[ing] to rely on a document that it completed after the litigation stated while insisting that plaintiffs on their part have no right to go beyond the 'record,' whatever that might be in these circumstances.")) 

Second, as noted above, Defendants' claim that they can introduce extra-record material and then refuse discovery is wrong. The Ninth Circuit holds that extra-record discovery is necessary when "the agency has relied on documents not in the record," or "when supplementing the record is necessary to explain technical terms or complex subject matter." *Lands Council v. Powell*, 395 F.3d 1019, 1029 (9th Cir. 2005) (internal quotations omitted). Both conditions are met here. The report is not part of the administrative record. And to generate the statistics in the State Department report, Defendants relied on complex, technical materials not in the Record—data about waivers considered, granted, and denied. Thus, even without the

The Honorable James Donato
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
Page 4

Court's clear instructions, the law compels conducting the sought-after discovery into Defendants' extra-record evidence.

Plaintiffs thank the Court for its consideration of this matter and respectfully request that it compel the deposition of Mr. Nantais.

Respectfully submitted,

/s/ *John A. Freedman*

JOHN A. FREEDMAN (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC  20001-3743
Telephone:   (202) 942-5000
Facsimile:    (202) 942-5999
Email:         john.freedman@arnoldporter.com

/s/ *Max S. Wolson*

MAX S. WOLSON (appearance *pro hac vice*)
**NATIONAL IMMIGRATION LAW CENTER**
P.O. BOX 34573
Washington, DC  20043
Telephone:   (202) 216-0261
Facsimile:    (202) 216-0266
Email:         wolson@nilc.org

*Counsel for Pars Plaintiffs*

/s/ *Eric B. Evans*

ERIC B. EVANS (SBN 232476)
**MAYER BROWN LLP**
3000 El Camino Real
Two Palo Alto Square, Suite 3000
Palo Alto, CA 94306
Telephone:   (650) 331-2063
Facsimile:    (650) 331-4563
Email:         eevans@mayerbrown.com

*Counsel for Emami Plaintiffs*

**ATTESTATION OF CONCURRENCE IN THE FILING**

Pursuant to Civil Local Rule 5-1(i)(3), I declare that concurrence has been obtained from all counsel to file this document with the Court.

/s/ *John A. Freedman*
JOHN A. FREEDMAN