JOSEPH H. HUNT
Assistant Attorney General
Civil Division
AUGUST E. FLENTJE
Special Counsel
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
SAMUEL P. GO
Assistant Director
DAVID KIM
NICOLE GRANT
P. ANGEL MARTINEZ
Trial Attorneys

   Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Telephone:  (202) 598-8085 / (202) 532-4094
Email:  Angel.Martinez2@usdoj.gov
       David.Kim4@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>CHAD F. WOLF, In His Official Capacity As Acting Secretary of Homeland Security,[1] et al.,<br><br>       Defendants. | Case No. 3:18-cv-01587-JD<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

---

[1] Under Fed. R. Civ. P. 25(d), Acting Secretary Chad F. Wolf, in his official capacity, is substituted for his predecessor, Kevin K. McAleenan.

Defendants, by and through undersigned counsel, hereby answer to the Second Amended Complaint for Injunctive and Declaratory Relief and for Writ of Mandamus ("Second Amended Complaint" or "SAC"), Doc. 81-1, based on information and belief. Defendants deny all allegations not specifically admitted, denied, or modified in this Answer.

## INTRODUCTION

1.      Paragraph 1 contains Plaintiffs' characterization of Presidential Proclamation 9645 ("Proclamation"), to which no response is required. To the extent a response is deemed required, Defendants deny Plaintiffs' allegations. Defendants further aver that the Proclamation speaks for itself.

2.      Paragraph 2 contains Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

3.      Paragraph 3 contains Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiffs include visa applicants who were denied waivers and visa applicants were informed that their eligibility for a waiver was being considered and have been waiting for months or more than a year without a waiver decision. This paragraph also quotes and interprets language used in court opinions, which speak for themselves.  Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

4.      For Paragraph 4, Defendants admit that Plaintiffs include U.S. citizens, lawful permanent residents, and Iranian, Libyan, Somali, Syrian, and Yemeni foreign nationals, who have approved immigrant petitions on behalf of their family members, have applied for immigrant or non-immigrant visas, or have applied for business-related or extraordinary ability visa classifications to the United States. Defendants deny the remaining allegations and deny that their conduct was

or is unlawful.

5.      Paragraph 5 contains Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

6.      Paragraph 6 contains Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

7.      Paragraph 7 contains Plaintiffs' characterization of this action to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

8.      Paragraph 8 contains Plaintiffs' characterization of this action and legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful. The Court has dismissed Plaintiffs' due process claim. Doc. 152.

9.      Paragraph 9 contains a prayer for relief, to which no response is required. To the extent a response is deemed to be required, Defendants deny that Plaintiffs are entitled to the relief they seek or any relief whatsoever.

## CLASS DEFINITION

10.      Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b). Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

11.      Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meets the

requirements of Fed. R. Civ. P. 23(a) and (b). Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

12.     Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meets the requirements of Fed. R. Civ. P. 23(a) and (b). Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

13.     Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the Defendants deny that this Court has jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus); 28 U.S.C. § 2201 (Declaratory Judgment Act); 5 U.S.C. § 702 (Administrative Procedure Act); 28 U.S.C. § 1651 (All Writs Act); and 28 U.S.C. §§ 2201-2202 (Creation of remedy and further relief), and deny that this Court may grant relief.

14.     Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that should this Court have jurisdiction over Plaintiffs' SAC, venue would be proper before this Court.

15.     Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that should this Court have jurisdiction over Plaintiffs' SAC, intradistrict assignment would be proper before this Court.

## PARTIES

### I.   Plaintiffs

16.     Defendants admit Plaintiff Tannaz Toloubeydokhti's nationality and that she filed immigrant petitions on behalf of her parents that were approved by United States Citizenship and Immigration Services ("USCIS"). Defendants lack knowledge or information sufficient to form a

belief as to the truth of the remaining allegations, and therefore deny.

17.     Defendants admit Plaintiffs Fathollah Tolou Beydokhti and Behnaz Malekghaeini's nationalities and that they applied for immigrant visas and were refused in accordance with Presidential Proclamation 9645. Defendants deny the visa applications are pending. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

18.     Defendants admit Plaintiff Afrooz Kharazmi's nationality and that she filed an immigrant petition on behalf of her sister that was approved by USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

19.     Defendants admit Plaintiff Afshan Alamshah Zadeh's nationality and that she applied  for an  immigrant visa and was refused in accordance with Presidential Proclamation  9645. Defendants aver that on January 23, 2020, Ms. Alamshahzadeh was found eligible for a waiver of her ground of visa refusal and issued an immigrant visa.  Defendants deny the visa application is pending. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

20.     Defendants admit Plaintiff Dr. Najib Adi's nationality and that he filed an immigrant petition on behalf of his mother that was approved by USCIS. Defendants aver that on May 21, 2019, Dr. Adi's mother, Ms. Mona Nasri, was found eligible for a waiver of her ground of visa refusal and issued an immigrant visa. Defendants deny that Dr. Adi or his mother are awaiting adjudication of her waiver application.

21.     Defendants admit Plaintiff Ismail Alghazali's nationality and that he filed an immigrant petition on behalf of his wife that was approved by USCIS. Defendants admit that Mr. Alghazali's wife, Hend Ali Mohammed Musleh Al  Lahadi, applied for an immigrant visa and was refused.

On October 15, 2019, Mr. Alghazali's wife was found eligible for a waiver of her ground of visa refusal and issued an immigrant visa.  Defendants deny that Mr. Alghazali's wife was not considered for a waiver.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

22.     Defendants admit Plaintiff Malik Almathil's nationality and that he filed an immigrant petition on behalf of his wife that was approved by USCIS.  Defendants aver that Mr. Al Mathil's wife, Shaima Al Mathil, applied for an immigrant visa and was refused, and further aver that  Mr. Al Mathil's wife's application for a waiver of her ground of visa refusal is under consideration. Defendants deny that Mr. Al Mathil's wife's waiver is denied.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

23.     Defendants admit Plaintiff Khalil Ali Nagi's nationality and that he filed an immigrant petition on behalf of his wife that was approved by USCIS. Defendants admit that Mr. Nagi's wife, Anwaar Yahya Ahmed Alfakeh, applied for an immigrant visa and was refused.  Defendants aver that on October 10, 2019, Mr. Nagi's wife was found eligible for a waiver of her ground of visa refusal and issued an immigrant visa.  Defendants deny that Mr. Nagi's wife was not considered for a waiver.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

24.     Defendants admit that Plaintiff Hezam Alarqaban is a lawful permanent resident of the United States and that he filed an immigrant petition on behalf of his wife that was approved by USCIS. Defendants admit that Mr. Alarqaban's wife, Jameeleh Kasem Munassar Ali, applied for an immigrant visa and was refused.  Defendants aver that on September 23, 2019, Mr. Alarqaban's wife was found eligible for a waiver of her ground of visa refusal and issued an immigrant visa. Defendants further aver that Mr. Alarqaban's wife's eleven derivative children visa applicants

were also found eligible for waivers and issued immigrant visas on that date. Defendants deny that Mr. Alarqaban's wife was not considered for a waiver. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

25.    Defendants admit Plaintiff Abdurraouf Gseaa's nationality and that he filed an immigrant petition on behalf of his wife that was approved by USCIS. Defendants admit that Mr. Gseaa's wife, Marwa Mohamed B Ali, applied for an immigrant visa and was refused. Defendants aver that on April 26, 2019, Mr. Gseaa's wife was found eligible for a waiver of her ground of visa refusal and issued an immigrant visa. Defendants deny that Mr. Gseaa's wife was not considered for a waiver. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

26.    Defendants admit Plaintiff Sudi Wardere's nationality and that she filed an immigrant petition on behalf of her husband that was approved by USCIS. Defendants admit that Ms. Wardere's husband, Bashir Tahlil Roble, applied for an immigrant visa and was refused. Defendants aver that on July 31, 2020, Ms. Wardere's husband was found eligible for a waiver of his ground of visa refusal and issued an immigrant visa. Defendants deny that Ms. Wardere's husband was not considered for a waiver. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

27.    Defendants admit that Plaintiff Khadija Aden is a lawful permanent resident of the United States and that she filed an immigrant petition on behalf of her son that was approved by USCIS. Defendants admit that Ms. Aden's son, Abdirashid Ahmed Jama, applied for an immigrant visa and was refused. Defendants aver that Ms. Aden's son failed to appear for a follow up interview on October 10, 2019 regarding consideration of the waiver of his ground of visa refusal. Defendants further aver that Ms. Aden's son has not contacted the consular section about reappearing.   Defendants deny that Ms. Aden's son was not considered for a waiver. Defendants

lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

28.     Plaintiff Soheil Vazehrad voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants admit Plaintiff Soheil Vazehrad's nationality and that he filed a nonimmigrant petition on behalf of his fiancé. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

29.     Plaintiff Atefehossada Motavaliabyazani voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants admit Plaintiff Atefehossada Motavaliabyazani's nationality and that she applied for a nonimmigrant visa and was refused. On November 20, 2019, Ms. Motavaliabyazani was found eligible for a waiver of her ground of visa ineligibility and issued a nonimmigrant visa. Deny that Ms. Motavaliabyazani was not considered for a waiver. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

30.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny. Tourist visa applications under INA section 101(a)(15)(B) have no petitioner.

31.     Defendants admit Plaintiffs Roghayeh Azizikoutenaei and Hojjatollah Azizikoutenaei's nationalities and that they applied for tourist visas. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

32.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny. Tourist visa applications under INA section 101(a)(15)(B) have no petitioner.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny. Tourist visa applications under INA section 101(a)(15)(B) have no petitioner.

34.     Defendants admit Plaintiffs Farajollah Farnoudian and Farangis Emami's nationalities and that they applied for tourist visas. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny. Tourist visa applications under INA section 101(a)(15)(B) have no petitioner.

36.     Defendants admit Plaintiffs Zahra Rouzbehani and Bahram Charkhtab Tabrizi's nationalities and that they applied for tourist visas. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

37.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny. Tourist visa applications under INA section 101(a)(15)(B) have no petitioner.

38.     Defendants admit Plaintiff Mohammad Mehdi Mozaffary's nationality and that he applied for a tourist visa. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

39.     Defendants admit Plaintiff's Behnam Babalou's nationality and that he is the beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

40.     Defendants admit Plaintiff's Hoda Mehrabi Mohammad Abadi's nationality and that she is the beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

41.     Defendants admit Plaintiff Dr. Mahdi Afshar Arjmand's nationality and that he is the

beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

42.    Defendants admit Plaintiff Dr. Ehsan Heidaryan's nationality and that he is the beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

43.    Defendants admit Plaintiff Najmeh Maharlouei's nationality and that she is the beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

44.    Defendants admit Plaintiff Nastaran Hajiheydari's nationality and that she is the beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

45.    Defendants admit Plaintiff Mohamad Hamami's nationality and that she is the beneficiary of an approved petition from USCIS. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

**I.    Defendants**

46.    Defendants deny that Kirstjen Nielsen is Secretary of Homeland Security, and aver that Chad F. Wolf is the Acting Secretary of Homeland Security. Defendants admit the remainder of Paragraph 46 to the extent that Acting Secretary Wolf is responsible for the U.S. Department of Homeland Security's (DHS) obligations under the Proclamation.

47.    Defendants admit that the U.S. Department of Homeland Security (DHS) is a cabinet-level department based in Washington, D.C. The remainder of Paragraph 47 contains Plaintiffs' characterization of the Proclamation, which speaks for itself.

48.    Defendants admit that Michael R. Pompeo is Secretary of State. Defendants admit the remainder of Paragraph 48 to the extent that Secretary Pompeo is responsible for the U.S.

Department of State's obligations under the Proclamation.

49.     Defendants admit that the Department of State is a cabinet-level department based in Washington, D.C. The remainder of Paragraph 49 contains legal conclusions to which no response is required, and Plaintiffs' characterization of the Proclamation, which speaks for itself.

50.     Defendants deny that Kevin C. McAleenan is the Commissioner of U.S. Customs and Border Protection (CBP), and aver that Mark A. Morgan is the Senior Official Performing the Duties of the Commissioner of CBP.  Defendants admit the remainder of Paragraph 50 to the extent that Mr. Morgan is responsible for the CBP's obligations under the Proclamation.

51.     Defendants admit that CBP is an agency within DHS based in Washington, D.C. The remainder of Paragraph 51 contains Plaintiffs' characterization of the Proclamation, which speaks for itself.

52.     Defendants deny that L. Francis Cissna is the Director of U.S. Citizenship and Immigration Services (USCIS), and aver that Kenneth T. Cuccinelli is the Senior Official Performing the Duties of the Director of USCIS.  Defendants admit the remainder of Paragraph 52 to the extent that Mr. Cuccinelli is responsible for the USCIS's obligations under the Proclamation.

53.     Defendants admit that USCIS is an agency within DHS based in Washington, D.C. The remainder of Paragraph 53 contains legal conclusions to which no response is required, and Plaintiffs' characterization of the Proclamation, which speaks for itself.

## STATEMENT OF FACTS

### I.   The Proclamation

54.     Defendants admit the first sentence in Paragraph 54. The remainder of the paragraph contains Plaintiffs' characterization of the Proclamation and media sources, which speak for themselves.

55.     Paragraph 55 contains Plaintiffs' characterization of the Proclamation and a State

Department press release, which speak for themselves.

56. Paragraph 56 quotes and interprets language used in court opinions, which speak for themselves.

57. Paragraph 57 contains Plaintiffs' characterization of the Proclamation, which speaks for itself, and a legal conclusion for which no response is required. To the extent a response is required, Defendants admit that individuals covered under the Proclamation may be found eligible for visas and/or admission to the United States lawfully only if they are found eligible for a waiver by a Customs and Border Protection officer or a  consular officer.

## II.    Case-by-Case Waivers under the Proclamation

58. Paragraph 58 quotes the Proclamation, which speaks for itself.

59. Paragraph 59 contains quotes to the Proclamation and Plaintiffs' characterization of the Proclamation, which speaks for itself.

60. Paragraph 60 contains quotes to the Proclamation and Plaintiffs' characterization of the Proclamation, which speaks for itself.

61. Paragraph 61 contains quotes to the Proclamation and Plaintiffs' characterization of the Proclamation, which speaks for itself.

## III.    Agency Guidance and Implementation

62. Paragraph 62 contains Plaintiffs' characterization of the Proclamation, which speaks for itself.

63. Paragraph 63 contains Plaintiffs' characterization of this action, to which no response is required. It also quotes a court opinion, which speaks for itself. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

64. Paragraph 64 contains Plaintiffs' characterization of a State Department website, which

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          3:18-cv-01587-JD

SBU - LEGAL

speaks for itself.

65.     Paragraph 65 contains Plaintiffs' characterization of a media website and declaration, which speak for themselves. Defendants deny the remaining allegations.

A.     The Guidance Provided by Federal Officials About the Waiver Process
       Has Been Non-Existent or Conflicting

66.     Paragraph 66 contains Plaintiffs' characterization of exchanges between visa applicants and State Department personnel, which speak for themselves. Defendants deny Plaintiffs' characterization of such exchanges.

67.     Paragraph 67 contains Plaintiffs' characterization of this action, to which no response is required. It also quotes a court opinion, which speaks for itself. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

68.     Paragraph 68 contains Plaintiffs' characterization of this action, to which no response is required. It also contains Plaintiffs' characterization of documents referenced in a website, which speaks for itself. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

69.     Paragraph 69 contains Plaintiffs' characterization of a State Department response to a U.S. Senator, which speaks for itself.

70.     Paragraph 70 contains a quote to a State Department response to a U.S. Senator, which speaks for itself. It also contains Plaintiffs' characterization of this action and legal conclusions, for which no response is required. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

71.     Paragraph 71 contains Plaintiffs' characterization of this action, to which no response is required. It also quotes a court opinion, which speaks for itself. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

72.     Paragraph 72 contains Plaintiffs' characterization of a declaration, which speaks for itself.

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

73.     Paragraph 73 contains Plaintiffs' characterization of this action, to which no response is required. It also contains Plaintiffs' characterization of a declaration, which speaks for itself. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

74.     Paragraph 74 contains Plaintiffs' characterization of this action and legal conclusion, to which no response is required. It also contains Plaintiffs' characterization of a State Department website and exchange involving State Department personnel, which speak for themselves. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

75.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and therefore deny the first sentence in Paragraph 75. The rest of Paragraph 75 contains Plaintiffs' characterization of a declaration, which speaks for itself, and their characterization of this action, to which no response is required; to the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

76.     Paragraph 76 contains Plaintiffs' characterization of an exchange involve State Department, personnel, which speaks for itself. To the extent a response is deemed required, Defendants deny Plaintiffs' characterization of such exchange and deny that their conduct was or is unlawful.

77.     Paragraph 77 contains legal conclusions and Plaintiffs' characterization of this action, for which no response is required. It also contains a citation to a court opinion and website article, which speak for themselves. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

78.     Paragraph 78 contains Plaintiffs' characterization of this action, for which no response is required. It also contains a characterization of documents referenced in a website, which speak for themselves. To the extent a response is deemed required, Defendants deny the allegations and deny that their conduct was or is unlawful.

B.     <u>Denial Letters Issued by Consular Officers Provide Further Evidence of the Dearth of Meaningful Guidance</u>

79.     Defendants admit the first sentence in Paragraph 79. The remainder of the paragraph contains quotes to a State Department template letters and Plaintiffs' characterization of it, and it speaks for itself.

80.     Paragraph 80 contains Plaintiffs' characterization of State Department template letters, which speak for themselves. Defendants deny the remaining allegations. If an applicant is found eligible for a waiver and issued a visa the waiver is annotated on the visa.  The State Department has never used separate waiver approval notice letters for waivers under INA section 212(d)(3)(A) or (B).

C.     <u>Defendants Have Granted a "Miniscule Percentage" of Waiver Applications</u>

81.     Defendants admit that the majority of waiver applications have been denied, but deny Plaintiffs' characterization of such number and of Defendants' action, and deny that their conduct was or is unlawful.

82.     Paragraph 82 contains Plaintiffs' characterization of a State Department letter, which speaks for itself.

83.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

84.     Paragraph 84 contains Plaintiffs' characterization of information from a website, which speaks for itself.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT         3:18-cv-01587-JD

SBU - LEGAL

85.     Paragraph 85 contains Plaintiffs' characterization of information from a State Department letter, which speaks for itself.

86.     Defendants deny the first sentence in Paragraph 86. The remainder of the paragraph contains an assumption, to which no response is required. It also contains a quote to a court opinion, which speaks for itself.

87.     Paragraph 87 contains Plaintiffs' characterization of a declaration, which speaks for itself. To the extent a response is required, Defendants admit that their use of the term "cleared for waivers" does not necessarily mean that a consular officer found the applicant eligible for a waiver and issued a visa, but only that the consular officer has received a response regarding interagency screening and vetting. Defendants deny that their conduct was or is unlawful.

88.     Deny.

        D.      <u>Former Consular Officials Have Confirmed the Absence of a Meaningful Waiver Process</u>

89.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

90.     Paragraph 90 contains Plaintiffs' characterization of an affidavit and website, which speak for themselves.

91.     Paragraph 91 contains Plaintiffs' quote to an affidavit and characterization of a website, which speak for themselves.

92.     Paragraph 92 contains a legal conclusion, for which no response is required. It also contains Plaintiffs' characterization of an affidavit, which speaks for itself. To the extent a response is required, Defendants deny the allegations and deny that their conduct was or is unlawful.

93.     Paragraph 93 contains Plaintiffs' characterization of a declaration, which speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

94.     Paragraph 94 contains Plaintiffs' characterization of this action, for which no response is required. To the extent a response is required, Defendants deny the allegations and deny that their conduct was or is unlawful.

**IV.   The Plaintiffs**

95.     Defendants admit that Plaintiffs include U.S. citizens, lawful permanent residents, and Iranian, Libyan, Somali, Syrian, and Yemeni foreign nationals, who have approved immigrant petitions on behalf of their family members, have applied for immigrant or non-immigrant visas, or have applied for business-related or extraordinary ability visa classifications to the United States. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

96.     Defendants admit that Plaintiffs include U.S. citizens, lawful permanent residents, and Iranian, Libyan, Somali, Syrian, and Yemeni foreign nationals, who have approved immigrant petitions on behalf of their family members, have applied for immigrant or non-immigrant visas, or have applied for business-related or extraordinary ability visa classifications to the United States.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

97.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny, and deny that their conduct was or is unlawful.

98.     Paragraph 98 contains legal conclusions and Plaintiffs' characterization of this action, for which no response is required. To the extent a response is required, Defendants deny the allegations and deny that their conduct was or is unlawful.

99.     Defendants admit Plaintiff Tannaz Toloubeydokhti's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

100.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

101.     Admit except for petition date. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore, deny.

102.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

103.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

104.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

105.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

106.     Admit except for Plaintiff Kharazmi's national origin, Plaintiffs' residences, and petition date. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, therefore, deny.

107.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

108.     Admit except for petition approval date. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

109.     Admit.

110.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

111.     Deny.

112.     Deny the first sentence. Defendants lack knowledge or information sufficient to form a

1    belief as to the truth of the remainder of the allegations, and therefore deny.

2    113.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
3    allegations.

4    114.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
5    allegations, and therefore deny.
6
7    115.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
8    allegations, and therefore deny.

9    116.    Defendants admit Plaintiff Dr. Najib Adi's nationality. Defendants lack knowledge or
10   information sufficient to form a belief as to the truth of the remaining allegations, and therefore
11   deny.
12
13   117.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
14   allegations, and therefore deny.

15   118.    Admit except for petition-related dates.

16   119.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
17   allegations, and therefore deny.

18   120.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
19   allegations, therefore, deny.
20
21   121.    Deny. On May 21, 2019, Dr. Adi's mother, Ms. Mona Nasri, was found eligible for a
22   waiver of her ground of visa refusal and issued an immigrant visa.

23   122.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
24   allegations, and therefore deny.

25   123.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the
26   allegations, and therefore deny.
27
28   124.    Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          3:18-cv-01587-JD

a belief as to the truth of the remaining allegations, and therefore deny.

125.    Admit except for petition-related dates.

126.    Admit.

127.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

128.    Deny.

129.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

130.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny. Paragraph 130 cites to a news article, which speaks for itself. Defendants aver that the first sentence conflicts with the allegations in Paragraph 133.

131.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

132.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

133.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

134.    Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

135.    Admit the first two sentences. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence, and therefore deny.

136.    Admit that the visa applicant was refused in accordance with the Proclamation.

137.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

138.   Deny.

139.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

140.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

141.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

142.   Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

143.   Admit Plaintiff's petition and its approval. Admit that Mr. Nagi's wife applied for and interviewed for an immigrant visa in October 2017, and was refused a visa under INA 221(g). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

144.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

145.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

146.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

147.   Admit that Plaintiff is a lawful permanent resident. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

148.   Admit except for petition-related dates.

149.   Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny.

150.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

151.    Admit the visa applicants were interviewed at the U.S. Embassy in Djibouti in 2018, found ineligible for visas in accordance with the Proclamation, and considered for waivers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

152.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

153.    Deny.

154.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

155.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

156.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

157.    Admit except for Plaintiff's national origin and residence.

158.    Admit the petition was approved. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

159.    Admit.

160.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

161.    Deny.

162.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT                    3:18-cv-01587-JD

21

allegations.

163.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

164.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

165.     Admit except for Plaintiff's national origin and residence.

166.     Admit the first two sentences, except deny that USCIS approved the visa petition on March 31, 2017, and aver that it was approved on March 8, 2017 and shipped to Department of State on March 31, 2017.  Deny the last sentence. On July 31, 2020, Ms. Wardere's husband was found eligible for a waiver of his ground of visa refusal and issued an immigrant visa.

167.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

168.     Deny.

169.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

170.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

171.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

172.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

173.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

174.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny.

175.     Admit that Plaintiff is a lawful permanent resident. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

176.     Admit petition's approval, that he attended an interview on that date, applied for an immigrant visa, and was refused in accordance with the Proclamation. Deny that applicant was found ineligible for waiver; it is pending further action on the applicant. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

177.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

178.     Deny.

179.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

180.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny. Paragraph 180 also includes legal conclusions, for which no response is required. To the extent a response is required, Defendants deny the allegations and deny that their conduct was or is unlawful.

181.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

182.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

183.     Plaintiff Soheil Vazehrad voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants admit nationality, but lack knowledge

or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny those remaining allegations.

184.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants admit.

185.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants deny and aver the petition was approved on July 26, 2016.

186.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazani voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants admit the interview date and that the visa application was denied on that date. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny those remaining allegations.

187.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants admit that the visa application was denied and a waiver was under consideration. On November 20, 2019, Ms. Motavaliabyazani was found eligible for a waiver of her ground of visa ineligibility and issued a nonimmigrant visa.

188.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

189.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants deny.

190.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

191.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

192.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

193.     Plaintiffs Soheil Vazehrad and Atefehossadat Motavaliabyazan voluntarily dismissed this action, Doc. 132, so no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

194.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

195.     Admit the two aliens applied for tourist visas. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

196.     Admit that both applied for tourist visas and were interviewed on that date and such visa applications were refused under INA section 221(g). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

197.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny.

198.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

199.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

200.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

201.    Deny.

202.    Deny.  The aliens were interviewed when they applied for tourist visas and had the chance to state their purpose of travel.

203.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

204.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

205.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

206.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

207.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

208.    Admit both aliens applied for and interviewed for tourist visas in October 2017. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

209.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny.

210.    Admit both tourist visa applications were refused in accordance with the Proclamation. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

211.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

212.    Deny.

213.    Deny.  Defendants aver that Mr. Charktab Tabrizi and Ms. Rouzbehani were interviewed when they applied for tourist visas and had the chance to state their purpose of travel.

214.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

215.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

216.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

217.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

218.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

219.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

220.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

221.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny.

222.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

223.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

224.    Admit that the Ms. Mozafari and Mr. Mozaffary applied for tourist visas and Mr. Mozaffary was refused.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

225.    Admit Mr. Mozaffary's interview date and that the tourist visa application was subsequently refused.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations, and therefore deny.

226.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

227.    Admit.

228.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

229.    Deny.

230.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

231.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

232.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

233.    Admit.

234.    Deny.  Defendants aver that both tourist visa applications were refused.

235.    Admit.

236.    Deny that Ms. Emami's visa was revoked. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

237.    Deny.

238.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

239.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

240.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

241.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

242.    Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny. This paragraph also contains a cite to information in a USCIS website, which speaks for itself.

243.    Admit petition's approval, that Mr. Babalou applied for an immigrant visa, the interview date, and was refused. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

244.    Admit that his visa application was denied on that date pursuant to the Proclamation.

245.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

246.    Deny.

247.    Deny, Mr. Babalou's waiver is under consideration based on later submissions.

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          3:18-cv-01587-JD

29

248.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

249.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

250.    Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

251.    Admit petition's approval, that Ms. Mohammadabadi applied for an immigrant visa, the interview date, and was refused. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

252.    Admit.

253.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

254.    Deny.

255.    Admit.

256.    Deny.

257.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

258.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

259.    Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

260.    Admit that Mr. Afshar Arjmand applied and interviewed for an immigrant visa on July 25, 2017, based on an approved petition, and was refused.

261.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations, and therefore deny.

262.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

263.     Deny.

264.     Deny the last sentence. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

265.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

266.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

267.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

268.     Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

269.     Admit that Ms. Mohammadabadi applied for an immigrant visa, based on an approved petition, and interviewed on approximately that date. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny

270.     Admit.

271.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

272.     Deny.

273.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

274.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT          3:18-cv-01587-JD

allegations, and therefore deny.

275.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

276.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

277.     Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny. This paragraph also contains Plaintiffs' citation to a USCIS website, which speaks for itself, and Plaintiffs' characterization of a legal provision, which speaks for itself.

278.     Admit that Ms. Maharlouei applied for an immigrant visa, based on an approved petition, was interviewed on that date, and was refused. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

279.     Admit.

280.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

281.     Deny.

282.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

283.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

284.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

285.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

286.     Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

287.     Admit that Mr. Hajiheydari applied for an immigrant visa, based on an approved petition, was interviewed on that date, and was refused. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

288.     Admit.

289.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

290.     Deny.

291.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

292.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

293.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

294.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

295.     Admit Plaintiff's nationality. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

296.     Deny visa approval. Admit that Mr. Hamami applied for an immigrant visa, based on an approved petition, and was refused. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore deny.

297.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

298.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

299.     Deny; applicant has not first provided the requested additional documents and information in support of his eligibility for the immigrant visa classification sought.

300.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

301.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

302.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore deny.

## CLASS ALLEGATIONS

303.     Paragraph 303 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23. Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

304.     Paragraph 304 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23. Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

305.     Paragraph 305 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23(a)(1). Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

306.     Paragraph 306 contains legal conclusions to which no response is required. To the extent a

response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23(a)(2). Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

307.    Paragraph 307 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23(a)(3). Defendants deny the remaining allegations and deny that their conduct was or is unlawful.

308.    Paragraph 308 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23(a)(4). Defendants deny the remaining allegations, deny that their conduct was or is unlawful, and deny that Plaintiffs are entitled to any relief.

309.    Paragraph 309 contains legal conclusions to which no response is required. To the extent a response is required, Defendants do not deny the adequacy or experience of Plaintiffs' counsel, but deny that Plaintiffs will adequately represent the proposed class.

310.    Paragraph 310 contains legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs' proposed class meet the requirements of Fed. R. Civ. P. 23(b)(2). Defendants deny the remaining allegations, deny that their conduct was or is unlawful, and deny that Plaintiffs are entitled to any relief.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Violation of Administrative Procure Act)

311.    Defendants repeat and re-allege the responses contained in preceding paragraphs as if fully set forth herein.

312.    Paragraph 312 contains quotes and citations to the APA, which speaks for itself.

313. Paragraph 313 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants admit that they have issued guidance but deny the remaining allegations and deny that their actions violate or violated the APA or was unlawful.

314. Paragraph 314 consists of legal conclusions, to which no response is required. It also cites to regulations and the Foreign Affairs Manual, which speak for themselves. To the extent a response is required, Defendants deny.

315. Paragraph 315 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

316. Paragraph 316 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

317. Paragraph 317 consists of legal conclusions, to which no response is required. It also cites to a court opinion, which speaks for itself. To the extent a response is required, Defendants deny.

318. Paragraph 318 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendants deny.

**SECOND CLAIM FOR RELIEF**
**(Violation of Procedural Due Process under the Fifth Amendment)**

319. The Court has dismissed this count, so no response is required. Doc. 152.

320. The Court has dismissed this count, so no response is required. Doc. 152.

321. The Court has dismissed this count, so no response is required. Doc. 152.

322. The Court has dismissed this count, so no response is required. Doc. 152.

323. The Court has dismissed this count, so no response is required. Doc. 152.

324. The Court has dismissed this count, so no response is required. Doc. 152.

325. The Court has dismissed this count, so no response is required. Doc. 152.

326. The Court has dismissed this count, so no response is required. Doc. 152.

### THIRD CLAIM FOR RELIEF
#### (Violation of Due Process Clause under the Fifth Amendment)

327.   The Court has dismissed this count, so no response is required. Doc. 152.

328.   The Court has dismissed this count, so no response is required. Doc. 152.

329.   The Court has dismissed this count, so no response is required. Doc. 152.

330.   The Court has dismissed this count, so no response is required. Doc. 152.

331.   The Court has dismissed this count, so no response is required. Doc. 152.

### FOURTH CLAIM FOR RELIEF
#### (Mandamus)

332.   The Court has dismissed this count, so no response is required. Doc. 152.

333.   The Court has dismissed this count, so no response is required. Doc. 152.

334.   The Court has dismissed this count, so no response is required. Doc. 152.

335.   The Court has dismissed this count, so no response is required. Doc. 152.

336.   The Court has dismissed this count, so no response is required. Doc. 152.

337.   The Court has dismissed this count, so no response is required. Doc. 152.

338.   The Court has dismissed this count, so no response is required. Doc. 152.

339.   The Court has dismissed this count, so no response is required. Doc. 152.

## PRAYER FOR RELIEF

The remainder of the complaint contains Plaintiffs' prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief they seek or any relief whatsoever, including any injunctive relief. Defendants deny that Plaintiffs are entitled to attorney's fees and costs.

All allegations that have not been specifically admitted are hereby denied.

*****

## **AFFIRMATIVE DEFENSES**

Defendants will rely upon any other defenses that become known or available to them during the course of these proceedings, including at trial. In addition, Defendants assert the following affirmative defenses and reserve their right to plead additional affirmative defenses according to proof:

1.      Plaintiffs have failed to state a claim upon which relief can be granted.

2.      The Court lacks subject matter jurisdiction to review Plaintiff's Amended Complaint and each cause of action therein.

3.      The Court lacks jurisdiction to grant the relief requested, including class-wide relief.

4.      Relief should be denied as an exercise of judicial discretion to withhold relief.

5.      Plaintiffs have suffered no injury

6.      Defendants' actions with respect to the claims in this case were in full compliance with law and regulation.

7.      All actions taken by Defendants were grounded in good faith and are not arbitrary, capricious, or in violation of any federal law or the United States Constitution.

8.      Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiffs on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

9.      Defendants may seek leave to amend this answer as necessary.

1

## **DEFENDANTS' PRAYER FOR RELIEF**

2

WHEREFORE, Defendants having fully answered Plaintiffs' Second Amended

3

Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing

4

the action, granting Defendants their costs, and granting such other and further relief as this Court

5

deems just and proper.

6

7

Dated: June 19, 2020                    Respectfully submitted,

8

JOSEPH H. HUNT

9

Assistant Attorney General
United States Department of Justice, Civil Division

10

AUGUST E. FLENTJE

11

Special Counsel

12

WILLIAM C. PEACHEY

Director, Office of Immigration Litigation

13

District Court Section

14

SAMUEL P. GO

15

Assistant Director

16

By: */s/ P. Angel Martinez*

P. ANGEL MARTINEZ

17

DAVID KIM

NICOLE GRANT

18

Trial Attorneys

19

20

21

22

23

24

25

26

27

28