

40-11-114.03
40-82-103.03

**U.S. Department of Justice**

Civil Division

Office of Immigration Litigation

_Washington, D.C. 20530_

**VIA CM/ECF**                                   February 11, 2021

Honorable James Donato
United States District Court for the Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *Emami, et al. v. Nielsen, et al.*, No. 18-cv-1587-JD, and *Pars Equality Center, et al. v. Pompeo, et al*, No. 18-cv-7818-JD

Dear Judge Donato:

    Plaintiffs brought this action under the Administrative Procedure Act ("APA") and the Constitution challenging the implementation of the waiver provision in Presidential Proclamation 9645 ("PP 9645"). The court has since dismissed Plaintiffs' claims in part, clarifying that the core of the remaining claims is "whether the State Department has failed to abide by its own rules and procedures for the waiver program that was created pursuant to [PP 9645]." *Emami*, Dkt. No. 122 at 1. Defendants respectfully submit this letter to advise the Court of the recent dismissals of similar lawsuits, based on the revocation of PP 9645. *See generally* Proclamation No. 10141, 86 Fed. Reg. 7005 (Jan. 20, 2021)[1]; Rescission of Presidential Proclamation 9645 and 9983[2].

    In *Kavoosian, et al. v. Blinken, et al.*, No. 19-cv-01417-JVS-DFM (C.D. Cal.), the plaintiffs brought an action under the APA challenging the implementation of the waiver provision in PP 9645. *See Kavoosian*, Dkt. No. 91 at 1 ("The instant case challenges Defendants' standards, policies, and procedures implementing the waiver provision (§ 3(c)) of Presidential Proclamation 9645." (internal quotation marks omitted)). On February 9, 2021, after the plaintiffs had appealed the district court's dismissal of their complaint based on their failure to state a claim, the United States Court of Appeals for the Ninth Circuit dismissed the appeal for mootness given the recent rescission of PP 9945:

    The panel directs the Clerk of Court to enter the following order:

---

[1] https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-ending-discriminatory-bans-on-entry-to-the-united-states/
[2] https://travel.state.gov/content/travel/en/News/visas-news/rescission-ofpresidential-proclamations-9645-and-9983.html

> Plaintiffs-Appellants, a group of United States citizens and lawful permanent residents and their Iranian national visa applicant relatives, appeal the district court's dismissal of their complaint for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). Because this case is moot, we dismiss the appeal.
>
> Article III of the Constitution requires a case to present an actual controversy which is "extant at all stages of review, not merely at the time the complaint is filed." *Hamamoto v. Ige*, 881 F.3d 719, 722 (9th Cir. 2018) (citation omitted). "An appeal is moot if there exists no present controversy as to which effective relief can be granted." *W. Coast Seafood Processors Ass'n v. Nat. Res. Def. Council, Inc.*, 643 F.3d 701, 704 (9th Cir. 2011) (internal quotation marks and citation omitted).
>
> Plaintiffs-Appellants' operative complaint seeks declaratory and injunctive relief regarding the enforcement of Presidential Proclamation 9645 ("PP 9645"), which created "enhanced vetting" and waiver procedures for visa applicants from certain countries, including Iran. Proclamation No. 9645, 82 Fed. Reg. 45161 (Sept. 24, 2017). PP 9645 has since been revoked. Proclamation No. 10141, 86 Fed. Reg. 7005 (Jan. 20, 2021). Accordingly, Plaintiffs-Appellants' appeal presents no active controversy as to which this court could grant relief. Plaintiffs-Appellants' argument that this case is capable of repetition yet evades review is conclusory, as they provide no evidence of a "reasonable expectation" that they will confront this controversy again. *See W. Coast Seafood*, 643 F.3d at 704. Indeed, the Proclamation which rescinded PP 9645 now directs visa processing to resume in a manner similar to that which Plaintiffs-Appellants seek in their operative complaint. 86 Fed. Reg. 7005.
>
> DISMISSED. Each party to bear its own costs.

*Kavoosian, et al. v. Blinken, et al.*, No. 20-55325, Dkt. No. 30 (9th Cir. Feb. 9, 2021) (Attach. A).

Similarly, in *Arab Am. Civil Rights League, et al. v. Donald Trump, et al.*, No. 17-cv-10310-VAR-SDD (E.D. Mich.) ("*ACRL*"), individuals alleging an interest in immediate relatives' immigrant visas, along with some organizational plaintiffs, claimed constitutional violations as a result of PP 9645. *See ACRL*, Dkt. No. 7-10. Pending interlocutory appeal of the district court's denial of the government's motion to dismiss, the United States Court of Appeals for the Sixth Circuit dismissed the appeal based on the parties' joint motion to dismiss for mootness. *See Arab Am. Civil Rights League, et al. v. Donald Trump, et al.*, No. 19-2375, Dkt. No. 56-2 (6th Cir. Feb 10, 2021) (Attach. B). Concluding that "mootness preclude[d] [the court] from reviewing the merits of that order," the Sixth Circuit remanded the case for instructions to dismiss the plaintiffs' claims. *Id.* (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)).

The decisions in *Kavoosian* and *ACRL* buttress Defendants' position that, in light of President Biden's January 20, 2021 Proclamation, a live controversy has ceased to exist and these cases are now moot. *See Emami*, Dkt. No. 173 at 9-10. Accordingly, Defendants respectfully request that this Court dismiss these actions.

Dated: February 11, 2021                                                   Respectfully submitted,

BRIAN M. BOYNTON                                    By: */s/ P. Angel Martinez*
Acting Assistant Attorney General                   P. ANGEL MARTINEZ
                                                    NICOLE GRANT
WILLIAM C. PEACHEY                                  Senior Litigation Counsel
Director                                            DAVID KIM
                                                    Trial Attorney
JEFFREY S. ROBINS
Deputy Director

SAMUEL G. GO
Assistant Director                                  *Counsel for Defendants*