**MUSLIM ADVOCATES**
MATTHEW CALLAHAN (Bar No., 307782)
P.O. Box 34440
Washington, DC 20043
Telephone: (202) 897-1892
Facsimile: (202) 508-1007

**LOTFI LEGAL, LLC**
SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (208) 977-9974
shabnam@lotfilegal.com
veronica@lotfilegal.com

**MAYER BROWN LLP**
ERIC B. EVANS (Bar No. 232476)
3000 El Camino Real Two Palo Alto Square
Ste 300
Palo Alto, CA 94306
Telephone: (650) 331-2063
Facsimile: (650) 331-4563
eevans@mayerbrown.com
*Attorneys for Emami Plaintiffs*

BRIAN BOYNTON
Acting Assistant Attorney General
Civil Division
WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section
SAMUEL P. GO
Assistant Director, Office of Immigration
Litigation

**NATIONAL IMMIGRATION LAW CENTER**
MAX S. WOLSON (*pro hac vice*)
P.O. Box 34573 Washington, DC 20043
Telephone: (202) 216-0261
Facsimile: (202) 216-0266
wolson@nilc.org

**ARNOLD & PORTER KAYE SCHOLER LLP**
JOHN A. FREEDMAN (*pro hac vice*)
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999

**ARNOLD & PORTER KAYE SCHOLER LLP**
DANIEL B. ASIMOW (SBN 165661)
Three Embarcadero Center
10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
**[additional counsel listed on signature page]**
*Attorneys for Pars Plaintiffs*

P. ANGEL MARTINEZ
NICOLE P. GRANT
Senior Litigation Counsel, Office of
Immigration Litigation
DAVID KIM
Trial Attorney, Office of Immigration
Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044
Telephone: (202) 532-4094
Email: Nicole.P.Grant@usdoj.gov
    David.Kim4@usdoj.gov
    Angel.Martinez2@usdoj.gov

*Attorneys for Federal Defendants*

CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*,<br>    Plaintiffs,<br>    v.<br>MIKE POMPEO, *et al.*,<br>    Defendants.<br>    *and*<br>FARANGIS EMAMI, *et al.*,<br>    Plaintiffs,<br>    v.<br>KIRSTJEN NIELSEN, *et al.*,<br>    Defendants. | CASE Nos. 18-cv-7818-JD<br>          18-cv-1587-JD<br><br>**JOINT STATUS REPORT** |

These cases concern a challenge under the Administrative Procedure Act ("APA") and the U.S. Constitution to Defendants' implementation of the waiver provisions of Presidential Proclamation 9645 ("PP 9645" or "the Muslim Bans"). Since PP 9645 was enacted, over 40,000 individuals have been denied visas to enter the United States, the overwhelming majority from predominantly Muslim countries. Plaintiffs filed suit in March and July 2018, respectively.

On June 13, 2019, Defendants filed a motion to dismiss and for summary judgment. Dkt. No. 98. On June 5, 2020, the Court denied Defendants' motion to dismiss Plaintiffs' APA claims for arbitrary-and-capricious agency action and failure to comply with notice-and-comment requirements, as well as Plaintiffs' *Accardi* claims, but dismissed Plaintiffs' constitutional claims. Dkt. No. 152.

JOINT STATUS REPORT - 1
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

On March 23, 2021, this Court issued an order staying these cases, terminating the pending discovery disputes, and administratively closing the cases, pending further developments. *Emami*, Dkt. No. 176. In its order, the Court noted that Presidential Proclamation 10141 ("PP 10141"), "Ending Discriminatory Bans on Entry to the United States," 86 Fed. Reg. 7005 (2021), revoked PP 9645, and that Plaintiffs had acknowledged that "the new Proclamation's requirements, if carried out by the government, may remedy the harms plaintiffs have alleged in these cases." *Id.* The Court then directed the parties to file a joint status update by June 7, 2021. *Id.*

In accordance with the Court's order, the parties hereby provide the following:

## PLAINTIFFS' SUBMISSION

1. Plaintiffs' and the Court's optimism have been misplaced. The government's rescission of PP 9645 has not, in fact, "remed[ied] the harms plaintiffs have alleged in these cases." Dkt. No. 176. Specifically, persons who were denied waivers under the prior unlawful guidance and who have not been granted visas post-rescission remain harmed by the now-withdrawn Muslim Bans.

2. This particular harm was called out specifically in PP 10141:

> Beyond contravening our values, these Executive Orders and Proclamations have undermined our national security. They have jeopardized our global network of alliances and partnerships and are a moral blight that has dulled the power of our example the world over. ***And they have separated loved ones, inflicting pain that will ripple for years to come.*** They are just plain wrong.[1]

3. Defendants have made no attempt identifiable in public sources to remedy this harm. Instead, they invite persons denied visas under the unlawful and "just plain wrong" Muslim Bans to reapply, denying them the benefit of their earlier application date, extending the pain of family separation, and putting the onus on the injured parties to redress the harm inflicted by Defendants.

---

[1] *See* Presidential Proclamation 10141, *available at*, https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-ending-discriminatory-bans-on-entry-to-the-united-states/ (emphasis added).

JOINT STATUS REPORT - 2
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

4. Almost six months after the rescission of the Muslim Bans, Plaintiffs who were previously denied a visa remain aggrieved and injured by Defendants' assessment of their visa under procedurally and substantively illegal standards.  While some of the Plaintiffs have received visas, Defendants note that several Plaintiffs have remained denied.  And clients of the Organizational Plaintiffs and thousands of members of the putative class are similarly situated and remain denied.

5. The cases are not moot, and will not be mooted by Defendants' stated course in this matter.  Rescission of the Muslim Bans does not change this reality.  Plaintiffs intend to bring a motion for summary judgment as to the notice-and-comment and arbitrary-and-capricious counts because the Plaintiffs, clients of the Organizational Plaintiffs, and thousands of members of the putative class were denied (and remain denied) under regulations that were contrary to law and unsupported by the heavily curated Administrative Record Defendants produced.

6. Prior to the Bans' rescission, Defendants denied over 40,000 immigrant and nonimmigrant visa applications pursuant to the unlawfully promulgated guidance at issue in this case.  Based on the extremely limited information the Department of State has made available, only a subset of those wrongfully denied applicants may now pursue post-rescission relief.  Specifically, the State Department's public guidance indicates that *only* immigrant visa applicants who were denied under the Muslim Bans after January 20, 2020, may receive reconsideration of their denials without reapplying and paying new fees.

7. As such, *all* non-immigrant visa applicants, and all immigrant visa applicants denied prior to January 20, 2020, remain equally harmed by the pre-rescission denials pursuant to the illegally promulgated guidance.  Defendants' updates (including the update below) make clear that multiple Plaintiffs—let alone the clients of Plaintiff organizations and members of the putative class generally— have not received relief for their harms at issue in this case. Defendants have said nothing to suggest they intend to ameliorate those harms.  For those individuals, the Bans' rescission does nothing to remedy their ongoing harms directly caused by the unlawful guidance.  Their claims are thus not moot, and will not become moot absent this Court's intervention.

JOINT STATUS REPORT - 3
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

8. Without the State Department reversing position, individuals denied under the unlawful regulations will have to choose between two significant harms: continue to remain unable to obtain visas due to their pre-Rescission denials or begin their application process anew, which, in addition to potential years of further delay due to changed priority dates, will require the applicants to incur repayment of fees already paid, the cost and inconvenience of travel to embassies outside their home countries for new consular interviews, complex application processes, and potential additional legal fees. The ability to reapply simply is not a remedy.

9. As Plaintiffs noted in the last Joint Status Report, there is no basis for Defendants to claim that rescinding the unlawful guidance and underlying policy moots this matter because there are still Plaintiffs and putative class members suffering harm from the guidance and policy. *See* ECF 173 at 4 ("Denial pursuant to an unlawful policy is not cured by removal of the policy going forward; rather, it would be mooted by remedying the still-in-effect denials under the unlawful policy.") Defendants' position relies upon a fundamental misrepresentation of Plaintiffs' claims.

10. Plaintiffs did not, as Defendants have implied, challenge only a failure by Defendants to adjudicate waiver requests. Rather, Plaintiffs have at all times challenged the whole waiver system, including the Defendants' practice of improperly withholding waivers *including by denials*.[2] These improper denials have harmed Plaintiffs and putative class members and, notwithstanding the rescission of the challenged guidance and policy, they continue to harm Plaintiffs and putative class members, who have no avenue for their wrongfully denied visa applications to be reconsidered.

11. Defendants' post-rescission actions have changed nothing for individuals who were wrongfully denied visas under the challenged guidance and policy. Defendants have indicated *no*

---

[2] *See, e.g., Pars* Complaint ¶ 13 ("Some individual plaintiffs have approved I-130 immigrant petitions or their relatives abroad; of these some. . . have been denied waivers and visas."); *id.* ("Other plaintiffs are foreign nationals who have filed nonimmigrant visa petitions . . . and who are either awaiting a decision or have been denied waivers and visas."). *See also id.* ¶¶ 183 (referring to pre-Complaint denial in discussion of Ms. Ahmed's harms), 188-89 (same for Mr. Azimi), 222 (same for Ms. Mohammadabadi), 229 (same for Ms. Tabrizi), 241 (same for John Doe #2), 254 (same for Jane Doe #1).

JOINT STATUS REPORT - 4
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

intention to reconsider *any* nonimmigrant visa application whatsoever.[3] Defendants have similarly indicated *no* intention to reconsider *any* immigrant visa application that was denied prior to January 20, 2020. Defendants have not offered to waive fees or reimburse out-of-pocket costs for applicants denied under the unlawful regulations. Plaintiffs' complaints, which are brought as class actions, continue to seek relief for those two classes who have no potential for relief under the Government's minimal post-rescission statements. The *Pars* complaint also includes organizational plaintiffs that continue to represent clients in these two categories. That the Government has rendered certain named plaintiff actions cases moot in no way indicates that it will do so for those classes of individuals who, by the express terms of the Government's rescission order, will receive no relief absent court intervention.[4]

12. Based on Defendants' statement below, Plaintiffs see no reason to believe that Defendants will take any step to address the harm they inflicted upon the named Plaintiffs or putative classes in these actions. Defendants even refused to answer Plaintiffs' request, as the parties were drafting this report, for information about "[1] whether NIV [non-immigrant visa] applicants generally who were denied prior to rescission are eligible for reconsideration – the rescission order and minimal post-rescission updates are silent as to that class[; and 2] whether there exists IV [immigrant visa] applicants generally who were not granted waivers prior to the rescission, and who are not eligible for reconsideration under the rescission. The limited post-rescission information indicates any final IV denials prior to January 20, 2020 would fall into that category."

13. Plaintiffs request that the Court lift the stay and set a case management conference where the parties can address the further schedule in the actions.

**DEFENDANTS' SUBMISSION**

14. Defendants believe that this case is now moot and that, in light of President Biden's January 20, 2021 Proclamation, a live controversy has ceased to exist. Given the express rescission of PP 9645

---

[3] The January 2021 Executive Order rescinding the Muslim Bans references only immigrant visas in reconsideration program requirements. Proclamation 10141, Ending Discriminatory Bans on Entry to the United States, 86 Fed. Reg. 7005 (Jan. 25, 2021).

[4] March 8, 2021 DOS Statement, *available at*, https://www.state.gov/the-departments-45-day-review-following-the-revocation-of-proclamations-9645-and-9983/.

JOINT STATUS REPORT - 5
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

and, with it, the waiver process that is the entire subject of this lawsuit, any decision by this Court on the lawfulness of Defendants' implementation of that process would be strictly advisory. *See, e.g.*, *New Eng. Reg'l Council of Carpenters v. Kinton*, 284 F.3d 9, 18 (1st Cir. 2002) (remarking that it would be "pointless" to declare the constitutionality of a policy that had been revised during litigation). Because PP 9645 and its waiver process have been rescinded and U.S. embassies and consular posts around the world have resumed visa processing in a manner consistent with that rescission, the claims of the remaining Plaintiffs in this case are moot.[5]

15.  It is Defendants' position that the "capable of repetition, yet evading review" exception—which the Ninth Circuit acknowledges is used sparingly and only in "exceptional situations"—does not apply here. *See Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836-37 (9th Cir. 2014) ("we apply the 'capable of repetition, yet evading review' exception sparingly, and only in 'exceptional situations'").

16.  First, these cases do not present an injury of "inherently limited duration," as required by the Ninth Circuit. *See id.* (concluding that the "capable of repetition, yet evading review" exception "does not apply to Appellants' claims because there was no 'inherent limit' on the duration of th[e] controversy"). PP 9645 did not set out any timetables, nor is there any objective standard, either in PP 9645 or in any other statute, that imposes a finite period within which waiver adjudications must have occurred or that allows the Court to determine what was a reasonable amount of time for waiver adjudications to occur. Moreover, as courts have recognized, immigration adjudications are time-consuming and can take years to complete. *See, e.g.*, *Islam v. Heinauer*, 32 F. Supp. 3d 1063, 1071 (N.D. Cal. 2014) ("courts in this Circuit have found that delays of up to four years for adjudication of immigration proceedings for United States-based residents were not [un]reasonable").

---

[5] The State Department's guidance includes the following note: "Please note that the rescission of P.P.s 9645 and 9983 does not necessarily mean that your local U.S. embassy or consulate is able to immediately schedule all affected applicants for visa interviews. The resumption of routine visa services during the ongoing COVID-19 pandemic, prioritized after services to U.S. citizens, will occur on a post-by-post basis, consistent with the Department's guidance for safely returning our workforce to Department facilities. U.S. Embassies and Consulates have continued to provide emergency and mission-critical visa services since the beginning of the COVID-19 pandemic and will continue to do so as they are able." *Rescission of Presidential Proclamations 9645 and 9983*, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/News/visas-news/rescission-of-presidential-proclamations-9645-and-9983.html (last updated Mar. 10, 2021).

JOINT STATUS REPORT - 6
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

17. Second, Plaintiffs are unable to satisfy the requirement that there be a "reasonable expectation" that they will be subject to the same action again. *See Protectmarriage.com-Yes on 8*, 752 F.3d at 836. Specifically, there is no reasonable expectation that the alleged unlawful conduct taken with respect to PP 9645 will be repeated. PP 9645 has been rescinded, and PP 10141 requires the Secretary of State to "direct all Embassies and Consulates, consistent with applicable law and visa processing procedures, including any related to coronavirus disease 2019 (COVID-19), to resume visa processing in a manner consistent with the revocation of [PP 9645]." PP 10141 at § 2(a). PP 10141 also requires the State Department, within 45 days of January 20, 2021, to provide a report setting out, *inter alia*, a proposal for individuals whose immigrant visa applications were denied under PP 9645 and who seek to have their applications reconsidered. PP 10141 at § 2(b). The State Department has done that and has also issued public guidance on its implementation of PP 10141.[6] *Rescission of Presidential Proclamations 9645 and 9983*, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/News/visas-news/rescission-of-presidential-proclamations-9645-and-9983.html (last updated Mar. 10, 2021).

18. Finally, Plaintiffs' complaints (which were filed before PP 10141's rescission of PP 9645) do not allege any facts related to Defendants' conduct since the issuance of PP 10141, nor do they even suggest that Defendants are violating PP 10141 in any way. Rather, Plaintiffs—many of whom had been granted visas even prior to PP 10141 or have received reconsideration under the new proclamation—have

---

[6] That guidance explains that immigrant visa applicants who were previously refused due to PP 9645 and determined not to qualify for a waiver before January 20, 2020, "may reapply for a visa by submitting a new visa application (DS-260) and paying a new visa application processing fee." *Rescission of Presidential Proclamations 9645 and 9983*, U.S. Department of State – Bureau of Consular Affairs, https://travel.state.gov/content/travel/en/News/visas-news/rescission-of-presidential-proclamations-9645-and-9983.html (last updated Mar. 10, 2021). In the alternative, immigrant visa applicants refused due to PP 9645 and determined not to qualify for a waiver on or after January 20, 2020, "may request their local embassy or consulate to reconsider their case within one year of the date of their waiver refusal without submitting a new application or paying a new visa application processing fee," consistent with State Department regulations. *Id.* Immigrant visa applicants who were refused due to PP 9645 and whose waiver eligibility was still being evaluated as of January 20, 2021, "will continue to have their applications processed," and "[e]mbassies and consulates are prioritizing the adjudication of applications for those individuals who, as of January 20, 2021, were awaiting an outcome" with regard to the PP 9645 waiver process. *Id.* As for nonimmigrant visa applicants, those who were previously refused due to PP 9645 and did not qualify for a waiver "will need to submit a new visa application (DS-160) and pay a new visa application processing fee if they wish to reapply for a visa." *Id.*

JOINT STATUS REPORT - 7
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

already obtained, or may now readily pursue, the ultimate relief they seek in their complaints. To sum, there is no reasonable expectation that Plaintiffs will be subject to the same actions regarding PP 9645 that they have complained about, and their claims should be dismissed for mootness.[7]

19. The following are status updates on the visa applications of the named Plaintiffs in these cases:

In *Emami*, there are twelve visa applicants who have been found eligible and issued visas:

1. Mona Nasri;
2. Hend Ali Mohammed Musleh Al Lahabi;
3. Shaima Al Mathil;
4. Anwaar Yahya Ahmed Alfakeh;
5. Jameeleh Kasem Munassar Ali;
6. Marwa Mohamed B Ali;
7. Atefehossadat Motavaliabyazani;
8. Heda Mehrabi Mohammadabadi;
9. Mahdi Afshar Arjmand;
10. Afshan Alamshahzadeh;
11. Bashir Tahlil Roble; and
12. Najmeh Maharlouei.

There are three visa applications pending action by the applicants for the consular officer to reconsider the prior refusal:

1. Fathollah Tolou Beydokhti;
2. Behnaz Malekghaeini; and

---

[7] Recently, in *Kavoosian v. Blinken*, No. 20-55325, 2021 WL 1226734 (9th Cir. 2021), a group of U.S. citizens and lawful permanent residents and their visa applicant relatives had appealed the district court's dismissal of their complaint regarding the enforcement of PP 9645, but the Ninth Circuit dismissed their appeal after determining that the case was moot in light of PP 10141. The Ninth Circuit held that because PP 9645 had been revoked, the plaintiffs' appeal "present[ed] no active controversy as to which th[e] court could grant relief," and that their argument that the case fell under the "capable of repetition yet evading review" exception was "conclusory," where they provided no evidence of a reasonable expectation that they would confront the controversy again. *Id.* at *1.

JOINT STATUS REPORT - 8
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

3. Mohamad Hamami (Mr. Hamami's prior refusal was not due to PP 9645).

There are two visa applicants awaiting a response from interagency partners for the consular officer to reconsider the prior refusals:

1. Abdirashid Ahmed Jama; and
2. Nastaran Haji Heydari.

There are eight visa applicants who were denied visas in 2017 and 2018 who have not subsequently reapplied for visas (at least not using the names identified in the complaint):

1. Roghayeh Azizikoutenaei;
2. Hojjatollah Azizikoutenaei;
3. Farajollah Farnoudian;
4. Farangis Emami;
5. Zahra Rouzbehani;
6. Bahram Charkhtab Tabrizi;
7. Mohammad Mehdi Mozaffary; and
8. Ehsan Heidaryan.

Lastly, there is one visa applicant who was denied on grounds other than the Proclamation and who has not reapplied:

1. Behnam Babalou.

In *Pars Equality Center*, there are fourteen visa applicants who have been found eligible and issued visas:

1. Amina Barre Ali and Sumayo Barre Ali;
2. Abdullah Saddam Ahmed Saddam;
3. Hood Yahya Abdulqader Hael Ghaleb;
4. Mitra Hannani;
5. Sanaz Mehrfar;
6. John Doe #2;
7. Mahdieh Alaei;

JOINT STATUS REPORT - 9
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

8. Minoo Mostaan;

9. Hoda Safaei;

10. Mahsa Sadat Kashani;

11. Aliakbar Khadiri;

12. Hamid Ebadat;

13. Abbas Ebadat: and

14. Ebrahim Farajzadeh Deroee.

There are three visa applications pending action by the applicants for the consular officer to reconsider the prior refusal:

1. Nafiso Hassan Ibrahim;

2. Albashir Ali Ahmed Attwergy; and

3. Mabroukah Abdulsalam Jummah Abdulsalam.

There is one visa applicant awaiting a response from interagency partners for the consular officer to reconsider the prior refusal:

1. Seyed Ali Motahari.

There are six visa applicants who were denied visas in 2017, 2018, or 2019 who have not subsequently reapplied for visas:

1. Afshin Raghebi;

2. Afsaneh Fatoorehchi;

3. Alireza Dehghanzadeh; and

4. Nasrin Shahebrahimi.

Lastly, there is one visa applicant whose application was denied on grounds other than the Proclamation:

1. Seyed Armin Shahebrahimi.

JOINT STATUS REPORT - 10
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

| | |
|---|---|
| DATED:  June 7, 2021 | Respectfully submitted,<br><br>BRIAN BOYNTON<br>Acting Assistant Attorney General<br>Civil Division<br><br>WILLIAM C. PEACHEY<br>Director, Office of Immigration Litigation<br>District Court Section<br><br>SAMUEL P. GO<br>Assistant Director<br>P. ANGEL MARTINEZ<br>Senior Litigation Counsel<br>NICOLE S. GRANT<br>Senior Litigation Counsel<br><br>s/ David Kim<br>DAVID KIM<br>Trial Attorney<br>Office of Immigration Litigation<br>Ben Franklin Station<br>P.O. Box 878<br>Washington, D.C. 20044<br>Telephone:  (202) 532-4094<br>Email:  david.kim4@usdoj.gov<br><br>***Attorneys for Federal Defendants*** |
| /s/ Shabnam Lotfi<br>Shabnam Lotfi<br><br>**LOTFI LEGAL, LLC**<br>SHABNAM LOTFI (*pro hac vice*)<br>VERONICA SUSTIC (*pro hac vice*)<br>P.O. Box 64<br>Madison, WI 53701<br><br>**MUSLIM ADVOCATES**<br>MATTHEW CALLAHAN (Bar No., 307782)<br>P.O. Box 34440<br>Washington, DC 20043<br>Telephone: (202) 897-1892<br>Facsimile: (202) 508-1007<br><br>**MAYER BROWN LLP**<br>ERIC B. EVANS (Bar No. 232476)<br>3000 El Camino Real<br>Two Palo Alto Square, Suite 3000 | /s/ Max. S. Wolson<br>Max S. Wolson<br><br>**NATIONAL IMMIGRATION LAW CENTER**<br>MAX S. WOLSON (*pro hac vice*)<br>P.O. Box 34573<br>Washington, D.C.  20043<br><br>**NATIONAL IMMIGRATION LAW CENTER**<br>KEVIN HERRERA (*pro hac vice*)<br>P.O. Box 32358<br>Washington, D.C.  20043<br><br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>JOHN A. FREEDMAN (*pro hac vice*)<br>601 Massachusetts Ave., NW<br>Washington, DC  20001-3743<br><br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>DANIEL B. ASIMOW (SBN 165661)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA  94111 |

JOINT STATUS REPORT - 11
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD

Palo Alto, CA 94306
Madison, WI 53701

*Attorneys For Emami Plaintiffs*

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**
ZAHRA A. BILLOO (SBN 267634)
BRITTNEY REZAEI (SBN 309567)
3160 De La Cruz Blvd., Suite 110
Santa Clara, CA 95054
Telephone: (408) 986-9874
Facsimile: (408) 986-9875
zbilloo@cair.com
brezaei@cair.com

**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**
ELICA S. VAFAIE (SBN 284186)
55 Columbus Ave.
San Francisco, CA 94111
Telephone: (415) 848-7711
elicav@advancingjustice-alc.org

**IRANIAN AMERICAN BAR ASSOCIATION**
BABAK G. YOUSEFZADEH (CA SBN 235974)
5185 MacArthur Blvd. NW, Suite 624
Washington, DC 20016
Telephone: (415) 774-3191
president@iaba.us
\**Pro Hac Vice* motion forthcoming

*Attorneys for Pars Plaintiffs*

JOINT STATUS REPORT - 12
CASE NOS. 18-CV-7818-JD & 18-CV-1587-JD