| | |
|---|---|
| **MUSLIM ADVOCATES**<br>MATTHEW CALLAHAN (SBN 307782)<br>P.O. Box 34440<br>Washington, DC 20043<br>Telephone: (202) 897-2622<br>Facsimile: (202) 508-1007<br>matthew@muslimadvocates.org | **NATIONAL IMMIGRATION LAW CENTER**<br>MAX S. WOLSON (*pro hac vice*)<br>P.O. Box 34573<br>Washington, DC 20043<br>Telephone: (202) 216-0261<br>Facsimile: (202) 216-0266<br>wolson@nilc.org |
| **LOTFI LEGAL, LLC**<br>SHABNAM LOTFI (*pro hac vice*)<br>VERONICA SUSTIC (*pro hac vice*)<br>P.O. Box 64<br>Madison, WI 53701<br>Telephone: (608) 259-6226<br>Facsimile: (208) 977-9974<br>shabnam@lotfilegal.com<br>veronica@lotfilegal.com | **ARNOLD & PORTER KAYE SCHOLER LLP**<br>JOHN A. FREEDMAN (*pro hac vice*)<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-5999<br>john.freedman@arnoldporter.com |
| **MAYER BROWN LLP**<br>ERIC B. EVANS (SBN 232476)<br>3000 El Camino Real<br>Two Palo Alto Square, Suite 3000<br>Palo Alto, CA 94306<br>Telephone: (650) 331-2063<br>Facsimile: (650) 331-4563<br>eevans@mayerbrown.com | **ARNOLD & PORTER KAYE SCHOLER LLP**<br>DANIEL B. ASIMOW (SBN 165661)<br>Three Embarcadero Center, 10th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 471-3100<br>Facsimile: (415) 471-3400<br>daniel.asimow@arnoldporter.com |
| **ATTORNEYS FOR EMAMI PLAINTIFFS** | **ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**<br>HAMMAD ALAM (SBN 284186)<br>55 Columbus Ave.<br>San Francisco, CA 94111<br>Telephone: (415) 848-7711<br>hammada@advancingjustice-alc.org |
| | **IRANIAN AMERICAN BAR ASSOCIATION**<br>ELICA S. VAFAIE (CA SBN 284186)<br>BABAK G. YOUSEFZADEH (CA SBN 235974)<br>5185 MacArthur Blvd. NW, Suite 624<br>Washington, DC 20016<br>Telephone: (415) 774-3191<br>evafaie@lccrsf.org<br>byousefzadeh@sheppardmullin.com |
| | **COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**<br>ZAHRA A. BILLOO (SBN 267634)<br>BRITTNEY REZAEI (SBN 309567)<br>3160 De La Cruz Blvd., Suite 110<br>Santa Clara, CA 95054<br>Telephone: (408) 986-9874<br>Facsimile: (408) 986-9875<br>zbilloo@cair.com<br>brezaei@cair.com |
| | **ATTORNEYS FOR PARS PLAINTIFFS** |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| PARS EQUALITY CENTER, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WILLIAM BURNS, *et al.*,<br><br>　　　　Defendants. | Case No. 3:18-cv-01587-JD<br>Case No. 3:18-cv-07818-JD<br><br>**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO LIFT STAY**<br><br>Hearing:　September 2, 2021, 10:00 a.m.<br>Place:　　Courtroom 11, 19th Floor<br>Judge:　　Hon. James Donato |
| PARS EQUALITY CENTER, et al.,<br><br>　*and*<br><br>FARANGIS EMAMI, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>ALEJANDRO MAYORKAS *et al.*,<br><br>　　　　Defendants. | |

## I. Introduction.

Defendants' opposition makes clear that the stay should be lifted. They do not claim that any factual or legal developments are forthcoming to warrant a stay. Instead, they inadvertently identify a basis for lifting the stay and briefing a motion: Defendants' meritless and grounded-in-misrepresentation claim that this matter is moot. Their belief that the case should be dismissed is a reason to lift the stay as Plaintiffs' request to lift the stay is expressly for purposes of dispositive motion practice.

Plaintiffs' motion to lift the stay is the only issue in this briefing and the only request currently before the Court. Thus, the question in this case is simple: should the Court lift a stay that currently prevents all parties from briefing the claim that their respective side should now prevail in this matter? The answer is plainly yes.

## II. The Indefinite Stay of Proceedings Should Be Lifted.

While courts possess broad discretion to grant and lift stays of proceedings, a court may not ordinarily indefinitely stay a matter.[1] Defendants desire an indefinite stay.

Defendants do not specify any pending factual or legal circumstance that is likely to change while this matter is stayed. Quite the opposite, their mootness claims (and Plaintiffs' anticipated summary judgment claims) rely on the proposition that nothing is likely to develop in this matter. The absence of any party claiming any probability of a change in circumstances makes this stay inarguably indefinite and thus impermissible.

Defendants' lone attempt to paint the stay as definite is a reference to the upcoming September 2 status hearing.[2] They do not identify any circumstances likely to occur preceding, during, or following that hearing that will change the status of the parties and their claims. The pendency of the hearing does nothing to remove the indefiniteness. By the date of the status hearing, this matter will have been stayed for 225 days, with 178 of those days coming after the end of the 45-

---

[1] *See Yong v. INS*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("If a stay is especially long or its term is indefinite, we require a greater showing to justify it.").

[2] *Emami* ECF Dkt. 182 at 8. In noting that the hearing is in "a little over a month," Defendants fail to note that the hearing was almost three months away when Defendants initially consented to lifting the stay. Defendants' dilatory conduct and about-face are the only reasons this motion is being fully briefed two months closer to the hearing. *See Emami* ECF Dkt. 181 at 7 (detailing Defendants' conduct regarding Plaintiffs' request for concurrence in the instant motion).

day review upon which this Court based the stay. Defendants' apparent desire to avoid brief writing does not merit further delay.

### III. Defendants are Required to File a Motion if they are Requesting that this Court Dismiss the Case as Moot—Lifting the Stay Would Enable That Motion.

Defendants ground their opposition to lifting the stay in claims that this matter is moot. Both the Federal and Local Rules make clear that Defendants must file a motion to seek such relief.[3] Courts routinely deny as improper requests for relief shoehorned into oppositions to other filings.[4]

If Defendants truly think the law compels dismissal, they should be eager to lift the stay and so-move the Court. They have made no such motion and seek to preclude that possibility by encouraging leaving the stay in place. Hoping to provoke a *sua sponte* dismissal without litigating the basis for dismissal asks the Court to do Defendants' work for them.

### IV. Defendants' Refusal to Properly Litigate their Mootness Claims is Unsurprising—this Case is Not Moot.

Even if Defendants' unwillingness to file a motion to dismiss is excused, their mootness claims are meritless and wholly reliant upon a misrepresentation of the claims in this case.

Defendants must meet a "demanding standard" to establish mootness.[5] A case will only be dismissed as moot where the Court is unable to provide plaintiffs with *any* relief.[6] Such relief need

---

[3] *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *see also* N.D. Cal. L. Cv. R. 7-1(a)(1) (requiring that "[a]ny written request to the Court for an order be presented by, *inter alia*, a "[d]uly noticed motion . . . ").

[4] *La Clinica de la Raza v. Trump*, No. 19-cv-04980-PJH, 2020 WL 7053313, at *5 (N.D. Cal. Nov. 25, 2020) (rejecting as improper *de facto* motion for reconsideration contained within defendants' opposition to plaintiffs' motion for reconsideration); *Griego v. Cnty. of Maui*, No. 15-00122 SOM-KJM, 2017 WL 2882695, at *5 (D. Haw. July 6, 2017) ("The regular briefing protocol for a motion would be undermined if a new motion . . . were countenanced if mentioned in an opposition memorandum."); *Benedict v. Hewlett-Packard Co.*, 13-cv-00119-BLF, 2016 WL 1213985, at *2 n.2 (N.D. Cal. Mar. 29, 2016) ("Because an opposition is not an appropriate vehicle for seeking relief, the Court does not address Plaintiffs' requests for affirmative relief."); *Carrington v. Neuschmid*, No. 2:19-cv-02771-FMO-MAA, 2020 WL 861746, at *1 (N.D. Cal. Feb. 20, 2020) (noting court's authority to refuse to consider a motion contained within an opposition brief).

[5] *Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1660 (2019) (holding that plausible remaining claim for money damages precluded mootness in case concerning since-expired business agreement).

[6] *See Knox v. SEIU, Local 1000*, 567 U.S. 298, 307 (2012) ("A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party.").

only be possible for a case to remain live—certainty is not required.[7] Likewise, "[t]he question is not whether the precise relief sought at the time the case was filed is still available but whether there can be any effective relief."[8]

Defendants' mootness claim hinges on their knowingly false claim that Plaintiffs already "have received what they have been asking for."[9] Plaintiffs seek—and always have sought—adjudication of their visa applications *without subjecting those applications to the unlawful guidance*.[10] Absent an order from this Court, Defendants have not, and will not, provide any readjudication for the tens of thousands of non-immigrant visa and pre-January 20, 2020 immigrant visa applicants denied pursuant to that unlawful guidance.

Plaintiffs challenge—and always have challenged—Defendants' unlawful waiver guidance promulgation precisely because it was designed to deny Plaintiffs' waiver requests and did result in such denials.[11] An order from this Court can confirm those but-for causes of visa denials are unlawful and can require the equitable relief of reconsideration without reference to the illegal and since-rescinded policies. The case remains live.

Defendants' citation to *Kavoosian* is not to the contrary.[12] Defendants cite *Kavoosian* to assert that "the Ninth Circuit has concluded that this type of case" is moot following the Muslim Ban's rescission. Although Defendants make no mention of it, Plaintiffs have previously apprised this Court of *Kavoosian*'s inapplicability to this case.[13] As Plaintiffs noted when Defendants first

---

[7] *See, e.g., Mission Product Holdings, Inc.*, 139 S. Ct. at 1660 (noting a case remains live if claimed basis for relief is "at all plausible"); *see also, e.g., Emami* ECF Dkt. 181 at 9 n.22 (collecting cases demonstrating that redressable harms may exist for a no-longer-effective policy).

[8] *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (internal quotation omitted).

[9] *Emami* ECF Dkt. 182 at 9.

[10] *See, e.g., Pars* Compl. at 65 (praying that the Court "[d]irect Defendants . . . to reconsider waivers"); *see also id.* at 66 (requesting "any other and further relief as the Court deems equitable, just, and proper").

[11] *See, e.g., Pars* Complaint ¶ 13 ("Some individual plaintiffs have approved I-130 immigrant petitions for their relatives abroad; of these some. . . have been denied waivers and visas."); *id.* ("Other plaintiffs are foreign nationals who have filed nonimmigrant visa petitions . . . and who are either awaiting a decision or have been denied waivers and visas."). *See also id.* ¶¶ 183 (referring to pre-Complaint denial in discussion of Ms. Ahmed's harms), 188-89 (same for Mr. Azimi), 222 (same for Ms. Mohammadabadi), 229 (same for Ms. Tabrizi), 241 (same for John Doe #2), 254 (same for Jane Doe #1).

[12] *Emami* ECF Dkt. 182 at 8 (citing *Kavoosian v. Blinken*, No. 20-55325, 2021 WL 1226734, at *1 (9th Cir. Feb. 9, 2021)).

[13] *See Emami* ECF Dkt. 175 at 1 (differentiating *Kavoosian*, 2021 WL 1226734).

filed a notice of that decision with this Court:

> Defendants fail[ed] to note that the key issue in *Kavoosian* was an allegation of unreasonable delays in adjudicating visas, which is not the issue here.  More precisely, the *Kavoosian* case concerned allegations that Defendants "through unreasonable delays" had not timely adjudicated visa applications.  As a corollary to that claim, the *Kavoosian* plaintiffs "challenge[d] the practices and policies *causing the withholding of waiver adjudications* . . . ."  As Defendants well know, [the *Emami* and *Pars*] Plaintiffs' challenge includes *denials* pursuant to unlawfully promulgated rules and substantively illegal standards.  The two cases are simply not the same.[14]

Defendants make no attempt to address the already-noted inapplicability of *Kavoosian*.  Their silence speaks volumes to the continued inapplicability of that case to the instant matter.

In contrast, the D.C. Circuit's holding in *Almaqrami v. Pompeo* is directly on-point.[15]  In *Almaqrami*, plaintiffs challenged the Department of State's refusal to issue diversity visas in reliance upon an earlier iteration of the Muslim Ban.[16]  The *Almaqrami* plaintiffs contended that a State Department memo relying upon an entry ban to deny visa issuance was neither consistent with the Ban nor legally permissible regardless of the legality of the Ban itself.  The Ban at issue expired before the district court case concluded.[17]  The district court then dismissed the matter as moot, citing the policy's expiration as a basis.[18]

The D.C. Circuit reversed.  The court explained that "whether the [Policy] ha[d] expired ha[d] no effect on the potential viability of plaintiffs' theories of relief, which [the court] must assume are valid unless they are 'wholly insubstantial and frivolous.'"[19]  The court likewise held that, despite the Policy's expiration, "there [wa]s some chance that [the relief Plaintiffs sought] would be effective at

---

[14] *Id.* (portions of emphasis in original) (internal citations to *Darchini v. Pompeo*, Case 8:19-cv-01417-JVS-DFM, ECF 99 (C.D. Cal. Mar. 18, 2020) omitted).

[15] *Almaqrami v. Pompeo*, 933 F.3d 774 (D.C. Cir. 2019).

[16] *Id.* at 778.

[17] *Id.*

[18] *Id.* at 779.

[19] *Id.* at 783.

securing plaintiffs' immigration to the United States[.]"[20]   The same is true here—neither the impropriety of Defendants' rulemaking nor the ability of this Court to grant meaningful relief have changed.

V.   Conclusion.

In light of the foregoing, the stay should be lifted so that ripe dispositive motions may be filed.

DATED: August 3, 2021

/s/ *Shabnam Lotfi*
SHABNAM LOTFI
**LOTFI LEGAL, LLC**
SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
P.O. Box 64
Madison, WI  53701

**MUSLIM ADVOCATES**
MATTHEW CALLAHAN
P.O. Box 34440
Washington, DC  20043

**MAYER BROWN LLP**
ERIC B. EVANS
3000 El Camino Real
Two Palo Alto Square, Suite 3000
Palo Alto, CA  94306

A*TTORNEYS* F*OR* E*MAMI* P*LAINTIFFS*

Respectfully submitted,

/s/ *John A. Freedman*
JOHN A. FREEDMAN
**ARNOLD & PORTER KAYE SCHOLER LLP**
JOHN A. FREEDMAN (*pro hac vice*)
601 Massachusetts Ave., NW
Washington, DC  20001-3743

DANIEL B. ASIMOW (SBN 165661)
Three Embarcadero Center, 10th Floor
San Francisco, CA  94111

**NATIONAL IMMIGRATION LAW CENTER**
MAX S. WOLSON (*pro hac vice*)
P.O. Box 34573
Washington, D.C.  20043

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**
ZAHRA A. BILLOO (SBN 267634)
BRITTNEY REZAEI (SBN 309567)
3160 De La Cruz Blvd., Suite 110
Santa Clara, CA  95054

**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**
HAMMAD ALAM  (SBN 284186)
55 Columbus Ave.
San Francisco, CA  94111

**IRANIAN AMERICAN BAR ASSOCIATION**
ELICA S. VAFAIE (CA SBN 284186)
BABAK G. YOUSEFZADEH
5185 MacArthur Blvd. NW, Suite 624
Washington, DC  20016

A*TTORNEYS* F*OR* P*ARS* P*LAINTIFFS*

---

[20] *Id.* at 784.

**ATTESTATION OF CONCURRENCE IN THE FILING**

Pursuant to Civil Local Rule 5-1(i)(3), I declare that concurrence has been obtained from all counsel to file this document with the Court.

/s/ *John A. Freedman*
JOHN A. FREEDMAN