**PERKINS COIE**

3150 Porter Drive
Palo Alto, CA 94304-1212

T. +1.650.838.4300
F. +1.650.838.4350
PerkinsCoie.com

January 4, 2022

Eric B. Evans
EEvans@perkinscoie.com
D. +1.650.838.4334
F. +1.650.838.4534

**BY ECF**

Honorable James Donato
United States District Court for the Northern
District of California
San Francisco Courthouse, Courtroom 11
19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:    Emami v. Nielsen et al (N.D. Cal. no. 18-cv-1587)**

Dear Judge Donato:

We write to apprise the Court of the status of this matter. Since the last hearing before the Court on September 2, 2021, Defendants have rejected Plaintiffs' renewed settlement proposal and declined to provide any counteroffer. Thus, at present, this matter is intractably stalled with no prospect of being resolved absent further action by the Court. Plaintiffs proposed that a joint status letter be prepared for the Court; however, Defendants declined.

As the Court is aware, these cases challenge the unlawfully promulgated waiver program contained within the previous Administration's Muslim Ban. Over 40,000 people, including numerous Plaintiffs and individuals sponsored by Plaintiffs, were denied visas as a result of being denied waivers under those unlawfully promulgated policies. Following President Biden's rescission of the Muslim Ban, on March 23, 2021, this Court *sua sponte* stayed this matter, noting the potential that the rescission could resolve this matter. *Emami* ECF No. 176. This case has remained stayed since that date.

In Plaintiffs' view, the rescission did not—and will not—resolve the harms for the majority of individuals who were denied visas as a result of the since-rescinded Ban and unlawful waiver program, and who have still not been granted visas. Absent relief awarded as a result of this case, Plaintiffs are left with the inadequate option of starting their visa applications anew, repaying fees already paid, and completing costly and time-consuming acts already completed. In some cases, this will involve international travel to consulates or embassies and repeating procedures that the applicants previously took prior to implementation of the Muslim Ban. Moreover, in the normal course of seeking a visa, an applicant whose visa was previously denied must disclose the prior denial, and such prior rejection is considered as adverse information. Defendants have not

disclosed whether they have taken steps to relieve all individuals improperly denied under the Muslim Ban of this treatment. These constitute clear, continuing harms not mooted by the Ban's rescission and remediable by an order of this Court requiring that Defendants promptly readjudicate visa applications whose still-impactful denials are attributable to the unlawful guidance.

Defendants have previously sought summary judgment in this matter, which the Court denied. *See generally Emami* ECF No. 152. Plaintiffs are ready to seek summary judgment on their claims (because, among other things, the administrative record produced by Defendants demonstrates that the waiver provisions were implemented in an arbitrary and capricious manner), but are precluded from doing so by the stay of proceedings.[1]

On July 17, 2021, Plaintiffs asked that this Court lift the stay in this matter to allow for dispositive briefing. *Emami* ECF No. 181. Defendants opposed lifting the stay despite citing no impending event justifying a stay. *See generally Emami* ECF No. 182. Instead, Defendants contended that this case is moot. In reply, Plaintiffs explained why the case should be unstayed and why the matter is not moot. *See generally Emami* ECF No. 183.[2]

On September 2, 2021, the Court held a status and motion hearing. The Court did not rule on the pending motion to lift the stay, and the motion remains pending. *Emami* ECF No. 188. Instead, the Court directed the parties to submit a joint chart identifying each plaintiff at issue in this matter and noting their respective positions on whether that plaintiff's claims remained live. *Id.* The parties submitted that chart on October 4, 2021. *Emami* ECF No. 189.

Thereafter, on October 27, 2021, Plaintiffs contacted Defendants, proposing once again that the parties attempt to negotiate a settlement. Over seven weeks later, on December 17, 2021, Defendants rejected the proposal in its entirety and declined to make any counteroffer. Defendants primarily grounded their refusal in their stance that this matter is moot.

Accordingly, Plaintiffs believe the case is indefinitely stayed without any reasonable likelihood of resolution, and that the path forward will require the Court to lift the stay, at least in part. Plaintiffs are prepared to promptly move for summary judgment. Defendants continue to assert that the case is moot, but appear uninterested in filing a dispositive motion in support of

---

[1] While Plaintiffs do not object to Defendants' mootness arguments being heard, Defendants should not be permitted to relitigate the issues in their failed motion for summary judgment. *See generally Emami* ECF No. 152 (denying Defendants' motion for summary judgment).

[2] The parties have also notified the Court of decisions that they contend are pertinent to the issue of mootness. *See Emami* ECF No. 174 (Defendants' statement of recent decision); *Emami* ECF No. 175 (Plaintiffs'' response explaining inapplicability of same); *see also Emami* ECF No. 184 (Plaintiffs' statement of recent decision); *Emami* ECF No. 186 (Defendants' response to same).

Honorable James Donato
January 4, 2022
Page 3

their mootness claims.  Plaintiffs submit that the aforementioned filings sufficiently set forth the parties' position on the mootness issue (including identifying specific Plaintiffs who have not yet received relief and continue to be negatively impacted by the Muslim Ban) and the issue is ripe for ruling.  Plaintiffs thus respectfully request that the Court rule on Plaintiffs' motion to lift the stay or grant Defendants' de facto motion to dismiss this matter as moot.  If the Court would like additional briefing on the issue of mootness, Plaintiffs are prepared to brief the issue further.

Respectfully Submitted,

/s/Eric B. Evans

Eric B. Evans