

40-82-103.03

**U.S. Department of Justice**
Civil Division
Office of Immigration Litigation

_____

*Washington, D.C. 20530*

**VIA CM/ECF**                                                February 9, 2022

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, California 94102

        Re:    *Emami v. Nielsen*, No. 18-cv-1587-JD, and *Pars Equality Center v. Pompeo*, No. 18-cv-7818-JD

Dear Judge Donato:

      Defendants write to respond to Plaintiffs' most recent letter requesting that the Court lift its stay in these cases based on their belief that they still possess live claims. As Defendants have consistently stated, these cases are moot because Presidential Proclamation 9645 ("PP 9645") was rescinded over a year ago, on January 20, 2021, when President Biden signed Presidential Proclamation 10141 ("PP 10141"), "Ending Discriminator Bans on Entry to the United States," 86 Fed Reg. 7005 (Jan. 20, 2021). As the State Department's guidance makes clear, PP 10141 ended the travel restrictions under PP 9645 and directed the agency "to pursue the processing of visa applications for individuals from affected countries consistent with applicable law and visa processing procedures."[1] Therefore, all claims related to waivers under the rescinded PP 9645 are moot. Moreover, the State Department has carried out the new proclamation's directive, as evidently seen in the cases of these individual immigrant visa applicant plaintiffs, almost all of whom have had their prior refusals reconsidered and have been found eligible and issued visas by now. The few who have not been found eligible and issued visas either are ineligible for visas on other grounds, have failed to respond to the consular officer's request for necessary information, or are being reconsidered while the consular officer waits for an interagency response. Indeed, the Court stayed and administratively closed these cases—also terminating all discovery disputes raised by Plaintiffs—in light of the rescission, stopping short of outright dismissal only so that it might observe whether the State Department would implement the provisions of the new proclamation and "remedy the harms [P]laintiffs have alleged in these cases." *Emami*, ECF No. 176. Defendants have demonstrated, via the joint status report, that the agency has done just that, and now ask that the Court, consistent with its considered order staying these cases, dismiss Plaintiffs' claims as moot.

---

[1] "Presidential Proclamation 9645 and Presidential Proclamation 9983," U.S. Department of State, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/presidential-proclamation-archive/presidential-proclamation9645.html.

In their letter, Plaintiffs allege that the rescission somehow did not "resolve the harms for the majority of individuals who were denied visas" pursuant to PP 9645 and "who have still not been granted visas." *Emami*, ECF No. 190 at 1. That is incorrect. As counsel for Defendants explained during the status hearing on September 2, 2021, the State Department has issued and implemented guidance that explicitly sets out procedures for the reconsideration of visa applications previously refused under PP 9645.[2] The policies challenged in Plaintiffs' complaints no longer exist, and the new policies that have supplanted them are designed to ensure prompt processing of pending visa applications—which is the most that could have been obtained in a suit that challenged the prior policies. Importantly, Plaintiffs' complaints do not challenge the policies currently in existence, which should be the end of the matter as far as these suits are concerned. Under these new proclamation, immigrant visa applicants denied waivers on or after January 20, 2020, "may request their local embassy or consulate to reconsider their case within one year of the date of their waiver refusal" even without submitting a new application or paying a new fee, consistent with State Department regulations.[3] As for immigrant visa applicants whose waiver eligibility was still being evaluated as of January 20, 2021, the guidance assures that they "will continue to have their applications processed" and that "[e]mbassies and consulates are prioritizing the adjudication of applications for those individuals."[4]

The exemption from paying new fees extends even to immigrant visa applicants who were previously refused and found ineligible for waivers under PP 9645 *before* January 20, 2020: As laid out in recent guidance, the State Department has amended 22 C.F.R. §§ 22.1 and 42.71—which govern immigrant visa fees—to exempt from such fees "certain applicants previously denied an [immigrant visa] solely due to [PP] 9645."[5] Thus, the guidance further explicates, "all [immigrant visa] applicants previously denied an [immigrant visa] on or between December 8, 2017, and January 19, 2020," solely based on PP 9645, "are exempted from paying a new [immigrant visa] application fee or affidavit of support fee if applying again for an [immigrant

---

[2] "Rescission of Presidential Proclamations 9645 and 9983," U.S. Department of State, https://travel.state.gov/content/travel/en/News/visas-news/rescission-of-presidential-proclamations-9645-and-9983.html.

[3] These applicants fall within the operation of 22 C.F.R. § 42.81(e), which provides that "an additional application fee shall not be required" if an applicant within one year from the date of a visa refusal "adduces further evidence tending to overcome the ground of ineligibility on which the refusal was based." Guidance from the State Department explicitly states that it considers PP 10141 "as the presentation of evidence overcoming the ineligibility, thus allowing cases refused within the prior year to be reconsidered under 22 C.F.R. § 42.81(e) without a new application fee." "Immigrant Visa Fee Exemption for Applicants Previously Refused under Presidential Proclamations 9645 and 9983," U.S. Department of State, https://travel.state.gov/content/travel/en/News/visas-news/iv-fee-exemption-for-applicants-previously-refused-under-pps-9645-and-9983.html.

[4] "Rescission of Presidential Proclamations 9645 and 9983," *supra* note 2.

[5] "Immigrant Visa Fee Exemption for Applicants Previously Refused under Presidential Proclamations 9645 and 9983," *supra* note 3.

visa]."[6] Defendants' counsel have consulted with State Department personnel and are unaware of any affected applicants—regardless of when they were finally refused under PP 9645—who have been required to pay new fees for reconsideration.

The State Department's guidance also addresses nonimmigrant visa applicants previously refused under PP 9645 who did not qualify for a waiver, explaining that they "will need to submit a new visa application (DS-160) and pay a new visa application processing fee if they wish to reapply for a visa."[7] Plaintiffs argue that these nonimmigrant visa applicants are not reconsidered in the manner of immigrant visa applicants previously refused under PP 9645, but they do not challenge this distinction in their complaints. In any case, there is good reason to treat the two groups differently: Nonimmigrant visa applicants, by definition, seek to enter the United States on a *temporary* basis—and certainly not for any purposes that would remain valid over the multiple years that have transpired since the nonimmigrant visa plaintiffs here initially submitted their applications.[8] *See Emami*, ECF No. 1. While these individuals are not precluded from applying for visas if they still seek to travel to the United States, consular officers cannot find that they meet their legal burden of establishing eligibility based on their now-expired reasons for travel and claims made years ago to try and show their residence abroad.

In sum, over the past year, the State Department has fully implemented PP 10141, taking deliberate measures—even amending existing regulations to exempt applicants from additional fees—to ensure that most categories of visa applications previously refused under PP 9645 are regularly reconsidered with minimal burden to the applicants.[9] The vast majority of named plaintiffs here have benefitted from the agency's procedures, having been found eligible and issued visas, some upon reconsideration. As displayed in the joint chart, of the 46 named petitioner-plaintiffs across the two cases, 28 have had visas issued to either their beneficiaries or themselves. *Emami*, ECF No. 189. Plaintiffs acknowledge that these individual cases, in addition to four refused cases, are all moot. Of the remaining 14, nine are nonimmigrant visa applicants who have not applied for new visas. *Id.* Plaintiffs contend that these individuals are "unable to apply" because of a lack of appointments, but the press of business at these posts is not a result of the rescinded proclamation. Instead, consular posts are diligently processing large volumes of visa applications amidst delays caused by a global pandemic, and appointment slots are being made available on a continuing basis. *Id.* In any case, these nonimmigrant visa applicants would not have viable claims even if they applied for new visas, where their new applications would necessarily be unrelated to their previous reasons for desired travel and require a new review.

---

[6] *Id.*

[7] "Rescission of Presidential Proclamations 9645 and 9983," *supra* note 2.

[8] "Directory of Visa Categories," U.S. Department of State, https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/all-visa-categories.html.

[9] The State Department guidance, for instance, is clear that applicants who were denied immigrant visas under PP 9645 "and additional refusal grounds" are not exempt from additional fees, "unless a consular officer had previously determined that the refusal on other grounds had been overcome and the only impediment to issuance of an [immigrant visa] on January 20, 2021," was due to PP 9645. "Immigrant Visa Fee Exemption for Applicants Previously Refused under Presidential Proclamations 9645 and 9983," *supra* note 3.

Finally, of the five immigrant visa applicants who have not received visas, one is a diversity visa applicant whose eligibility for the program expired at the end of fiscal year 2018 (Mohsen Zamani), *see* 8 U.S.C. § 1154(a)(1)(I)(ii)(II), while three have either not sought reconsideration (Behnam Babalou) or failed to respond to consular requests for required documents such as updated medical exam certificates (Khadija Aden, Ehsan Heidaryan). That leaves just one plaintiff for whom reconsideration is ongoing (Nastaran Haji Heydari). But even in that solitary case, the application has already been refused under 8 U.S.C. § 1201(g) (providing that no visa shall be issued if, *inter alia*, it appears to the consular officer that the applicant is ineligible to receive a visa). Thus, the Court may dismiss even that lone remaining plaintiff's claim as moot, particularly where PP 9645 has been rescinded in its entirety and the State Department has assiduously implemented the new proclamation's requirements—which, it bears repeating, are not the basis of the operative complaints.

In light of the foregoing, Defendants respectfully request that the Court, having already stayed and administratively closed these cases, dismiss Plaintiffs' claims as moot. And while Defendants agree that the issue of mootness has sufficiently been set forth by the parties in their prior filings, they are prepared to provide additional briefing if the Court finds it necessary.

Dated:  February 9, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

SAMUEL P. GO
Assistant Director
Office of Immigration Litigation
District Court section

*/s/ David Kim*
DAVID KIM
Trial Attorney
P. ANGEL MARTINEZ
NICOLE GRANT
Senior Litigation Counsel

**Attorneys for Defendants**

- 2 -

- 2 -

SBU - LEGAL