UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>  Defendants. | Case No. 18-cv-01587-JD<br><br>**ORDER RE SUMMARY JUDGMENT** |
| PARS EQUALITY CENTER, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>ANTONY BLINKEN, et al.,<br><br>  Defendants. | Case No. 18-cv-07818-JD |

In these related cases, plaintiffs ask for summary judgment on their claims under the Administrative Procedure Act. Dkt. No. 197.[1] They do not seek summary judgment for their APA claims based on the *Accardi* doctrine, *see id*. at 11 n.13, and so those claims are not addressed in this order. They request summary judgment only on their APA claims brought pursuant to 5 U.S.C. §§ 706(2)(A) and (D). *See id*. at 16-23. The Court finds plaintiffs' motion to be suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).

The government makes only one real argument in opposition to plaintiffs' summary judgment motion. They say that plaintiffs' claims are moot because President Biden revoked Proclamation 9645 issued by former President Trump, and so "the waiver process implemented by

---

[1] Unless otherwise stated, all docket number references are to the ECF docket for the *Emami* case, No. 18-cv-1587-JD.

the U.S. Department of State [pursuant to Proclamation 9645] that is the sole subject of these lawsuits no longer exists." Dkt. No. 202 at 1.

While the revocation provided substantial relief, it did not moot all of plaintiffs' claims. The government says that plaintiffs "do not suffer any continuing harms from the Department's implementation of the waiver provisions in Proclamation 9645." Dkt. No. 202 at 12. But plaintiffs have demonstrated that their visa applications were denied without the opportunity to apply under a properly-administered waiver process, and even if permitted to reapply, they will bear undue transactional costs, financial and otherwise, that they should not be required to bear for a second time. *See*, *e.g.*, Dkt. No. 197-6 (Scott Declaration) ¶¶ 13, 19-20; Dkt. No. 197-7 (Farnoodian-Tedrick Declaration) ¶¶ 13-14. These are genuine injuries that continue to exist independent of the revocation, and which plaintiffs seek to remedy.

The government's suggestion that, because of the revocation, any order by the Court would be tantamount to an "advisory" opinion is also misdirected. Dkt. No. 202 at 15. To start, the government rather surprisingly did not adduce proof that the "agency guidance materials relating to Proclamation 9645 . . . became defunct with the revocation of Proclamation 9645." *Id*. at 16. That statement is purely argument by the government's counsel, without any evidence the Court can bank on. As the District of Columbia Circuit Court noted in *Almaqrami v. Pompeo*, 933 F.3d 774 (D.C. Cir. 2019), it was not clear that the State Department's guidance memo in that case "expired by its own terms" along with the Executive Order that the memo was related to, and in fact there was "'nothing in the record suggesting that' the Guidance Memo or the policy it announced 'was ever rescinded or modified.'" 933 F.3d at 783 (internal citations omitted). So too here. The government did not establish that the agency guidance materials at issue do not "remain on the books for now." *Id*. (quoting *Nat'l Ass'n of Mfrs. v. Dep't of Def.*, 138 S. Ct. 617, 627 n.5 (2018)).

Even assuming for discussion that the government had done that, a genuine dispute remains for the Court to resolve. The decision in *Uzuegbunam v. Preczewski*, 141 S. Ct. 792 (2021), indicates that the Court may determine the legality of withdrawn materials where, as here, plaintiffs have sufficiently alleged that they still have redressable claims. It may be that the Chief

Justice had some qualms about that, as expressed in his lone dissent, *see* 141 S. Ct. at 802-03 (Roberts, C.J., dissenting), but the majority concluded that even though the challenged speech restrictions had been withdrawn, the case before the Court was not moot, and there remained a live case about the constitutionality of those withdrawn speech policies. *See id*. at 796-802. The same principle applies in full force here.

That puts to rest the entirety of the government's arguments in opposition to summary judgment, Dkt. No. 202, and the Court finds that plaintiffs' submissions affirmatively support a grant of summary judgment in their favor. Summary judgment may be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Ecological Rights Foundation v. Federal Emergency Management Agency*, 384 F. Supp. 3d 1111, 1119 (N.D. Cal. 2019). In an APA case, the Court decides summary judgment motions based on a review of the agency's administrative record. *Id*. The Court's role is to determine whether the agency's record supports the agency's decision as a matter of law under the APA's arbitrary and capricious standard of review. *See Occidental Engineering Co. v. I.N.S.*, 753 F.2d 766, 769 (9th Cir. 1985). In so doing, the Court may rely on the portions of the record that the parties have cited and argued. It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (internal quotations and citations omitted).

Drawing all inferences and viewing all evidence in the light most favorable to the government, the Court finds that plaintiffs have met their burden of showing that there is no genuine dispute as to any material fact, and that the waiver implementation guidance was arbitrary and capricious in violation of the APA. Plaintiffs have come forward with numerous waiver criteria -- such as for "undue burden," "undue hardship," "national interest," and "national security," Dkt. No. 197 at 5-7, 21-22 -- for which the government promulgated unduly narrow and restrictive limitations, and for which no rational explanations can be found in the administrative record, Dkt. No. 98-1.

Consequently, summary judgment is granted in plaintiffs' favor on the APA claims brought under 5 U.S.C. § 706(2)(A). On the issue of a remedy, the Court directs the parties to

1  meet and confer, and discuss the following issue:  the procedures the government will use
2  (i) to confirm that affected applicants wish to have their applications reconsidered, as well as
3  (ii) for those interested applicants to update their applications in a way that is least burdensome to
4  the applicants but will still provide the government with any necessary updates that would be
5  material to the government's consideration of the applications.

6  The summary judgment hearing set for August 16, 2022, at 2:00 p.m. is changed to a status
7  conference to discuss the issue identified by the Court.  The remote access information remains the
8  same.  *See* Dkt. No. 206.

9  The Court expects that plaintiffs' APA notice-and-rulemaking claims and *Accardi* claims
10 can be dismissed once the remedy issue has been worked out, since the APA arbitrary-and-
11 capricious claim should be a sufficient basis for plaintiffs to obtain the totality of the relief they
12 are still seeking in this case.

13 **IT IS SO ORDERED.**

14 Dated:  August 1, 2022

JAMES DONATO
United States District Judge