September 7, 2022

Honorable James Donato
United States District Court, Northern District of California
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**VIA CM/ECF**

      **RE**:  *Emami v. Nielsen*, No. 17-cv-1587-JD
            <u>*Pars Equality Center v. Pompeo*</u>, No. 17-cv-7818-JD

      For nearly four years, Defendants denied visas to nearly 42,000 people pursuant to the Trump Administration's discriminatory travel ban.[1] Now, having been found to have acted unlawfully in so doing, Defendants propose in these class action cases that only a handful of harmed people should receive any relief. Defendants' proposal falls short of even affording full relief to that handful. That Defendants continue to ask Plaintiffs to "reapply" for a visa is an empty offer which maintains the status quo in complete disregard of this Court's order. Making matters worse, Defendants arrived at that proposal without engaging in good faith in a Court-ordered meet-and-confer and without making any mention to the Court of that meet-and-confer.

      Attached to this filing as Exhibit A, Plaintiffs include a letter that Plaintiffs sent to Defendants in advance of meeting and conferring, which proposed the contours of a remedy to resolve outstanding harms. Plaintiffs ask that the Court order Defendants to identify with specificity a remedy that fulfills the contours of Plaintiffs' requests. If the Court believes that a class certification motion is needed, Plaintiffs respectfully request that the Court set an expedited briefing schedule for such a motion.

      **I.**     **Brief Background**

      On August 1, 2022, this Court granted Plaintiffs' motion for summary judgment. ECF No. 208. In its order, the Court stated that Plaintiffs should "obtain the totality of the relief they are still seeking in this case . . . ." *Id.* at 4. The Court noted that Defendants had argued mootness only and rejected Defendants' claims on that issue. The Court further ordered the parties to meet and confer to identify the remedy for "affected applicants" in this matter. *Id.* at 4.

      To initiate the Court-ordered meet-and-confer process, Plaintiffs sent Defendants a letter on August 8, 2022. *See* Ex. A. In the letter, Plaintiffs detailed their stance regarding the contours of a proper remedy to provide the totality of relief that Plaintiffs still seek, including relief for affected "applicants" as ordered by the Court.

---

[1] *See* Implementation of Presidential Proclamations (P.P.) 9645 and 9983 at 3, https://travel.state.gov/content/dam/visas/presidentialproclamation/PP-9645_Montly-Public-Reporting-January%202021.pdf (noting 41,876 people as having been "Not Qualified for Waiver, Ineligible under P.P. 9645/P.P. 9983).

The parties met telephonically on August 12, 2022. During that conference, Defendants stated that they do not believe that the Court's order concerned the broader class. Defendants thus maintained that only individual named plaintiffs should be afforded any relief. Moreover, at the August 12 conference, Defendants did not propose any specific relief for those individual plaintiffs. Defendants indicated that discussing Plaintiffs' proposals would not be possible unless Defendants were disabused of their belief regarding class-wide relief.

In hopes of avoiding needing to further litigate the scope of relief, Plaintiffs asked Defendants to consult with their clients about whether the parties could resolve the class-versus-individual issue without court intervention. Plaintiffs asked Defendants to provide that answer at the since-stricken August 16, 2022 status conference.

Defendants have not answered that request. Additionally, Defendants never advised Plaintiffs of the proposal set forth in their letter to the court prior to its submission. In other words, Defendants' August 30 letter, ECF No. 211, is the first and only time Plaintiffs have heard from Defendants since the parties' August 12 telephonic meet and confer, effectively making their proposal a unilateral one.

## II.    Plaintiffs Submit that the Court's Order is Consistent with Affording Relief to All Impacted People and Not Just Remaining Individuals

As Plaintiffs explained when meeting and conferring with Defendants, the wording of the Court's Order is consistent with a requirement to grant relief to all individuals who are still harmed by the Executive Orders and not just individual Plaintiffs in this case. Two aspects of the Court's opinion led to this conclusion.

First, the Court's opinion used notably different language when discussing whether plaintiffs continued to have live claims than it did when it directed the parties to identify the appropriate remedy. When referring to the former, the Court consistently used the phrase "plaintiffs." *See, e.g.,* ECF No. 208 at 2 ("While the revocation provided substantial relief, it did not moot all of *plaintiffs'* claims." (emphasis added)). When directing the parties to identify the latter, however, the Court instead referred to "affected applicants." *Id.* at 4. Plaintiffs explained to Defendants that this is consistent with requiring a remedy beyond just named plaintiffs.

Second, the Court directed the parties to identify "procedures the government will use[ ]to confirm that *affected applicants* wish to have their applications reconsidered." *Id.* at 4 (emphasis added). If only the individual plaintiffs were meant to be afforded a remedy, no procedures would be required—Defendants would just have to ask Plaintiffs' counsel.

## III.    If Class Certification Briefing is Needed, Plaintiffs Request that an Expedited Schedule be Set for that Briefing and Confined to the Present Record

In the event that Plaintiffs are misinterpreting the Court's Order, or if Defendants' stance leads the Court to believe that class certification briefing is needed, Plaintiffs ask that an expedited briefing schedule be set for that issue.

Ordinarily, Plaintiffs would have long ago litigated the issue of class certification. However, as Plaintiffs noted in numerous motions to compel, Defendants stonewalled, declining to engage in any of the discovery processes as required by the Federal Rules of Civil Procedure. *See, e.g.,* ECF No. 101 (seeking to compel class certification discovery when "Defendants . . . made clear that they d[id] not intend to respond"). As a result, it was not previously practicable for Plaintiffs to file their motion. *See* Fed. R. Civ. P. 23(c)(1)(A) (requiring determining class action status "[a]t an early practicable time").

Given the Court's ruling on summary judgment and the limited discovery produced in the case, however, Plaintiffs can now move quickly for class certification. Defendants have now waived any opportunity to address the manner in which Defendants uniformly applied their unlawful actions and the way in which those actions had common harms inflicted on thousands of people. Plaintiffs submit that class certification briefing has thus now become practicable.

If class certification briefing would be of use, Plaintiffs are able to quickly prepare such a motion. Plaintiffs would ask that the briefing be confined to the current record as the time for Defendants to build any contrary factual record was when Defendants chose not to respond to discovery that Plaintiffs served several years ago.

## IV.  Even if the Class is Ignored, Defendants' Proposal is Insufficient

Even setting aside Defendants' silence as to the class action component of these cases, Defendants' proposal is insufficient on its face in multiple ways.

First, Defendants' proposal makes no mention whatsoever of the organizational plaintiff in the *Pars* matter. Defendants offer no means for Pars as an organization to obtain any relief for itself or its clients on whose behalf Pars sued.

Second, Defendants neglect to offer relief to all named Plaintiffs by leaving out *Emami* plaintiffs: Khadija Aden, Hojjatollah Azizikoutenaei, Roghayeh Azizikoutenaei, Farangis Emami, and Ehsan Heidaryan; and *Pars* Plaintiff Hossein Zamani's relatives, Fakhrossadat Hosseini and Mohsen Zamani.

Third, Defendants' proposal ignores the costs other than application fees. In rejecting Defendants' mootness claims, this Court noted that "Plaintiffs have demonstrated that . . . even if permitted to reapply, [plaintiffs] will bear undue transactional costs, financial and otherwise, that they should not have to bear for a second time." ECF No. 208 at 2. Defendants do not explain how their proposal avoids that harm. At most, Defendants illogically assert that waiving application fees will address all of those harms. *See* ECF No. 211 at 5 (claiming that "if this Court orders that no new application fee be collected, the financial concerns raised by Plaintiffs will be alleviated"). Simply put, Defendants put the burden on Plaintiffs to "reapply" for a visa minus the filing fee despite this Court finding that reconsideration is appropriate. *See* ECF No. 178 at 4 (referring to additional remedies for "applicants who wish to have their applications *reconsidered*" (emphasis added)).

Fourth, Defendants rely upon a conclusory assertion to claim that one significant source of cost—the requirement to engage in international travel for interviewing—is necessary for nonimmigrant visa applicants. *Id.* at 181. Defendants support that claim by referencing 8 U.S.C. § 1202(h). Defendants fail to note that the portion of the statute Defendants likely meant to cite, section 1202(h)(2), refers to requiring certain individuals to submit to a *single* in-person interview and does not purport to require further, future in-person interviews. *See* 8 U.S.C. § 1202(h)(2) (requiring that certain applicants "submit to *an* interview" (emphasis added)). Every person denied a waiver has already submitted to a required interview as the waiver assessment came only after satisfying all other requirements. Defendants make no attempt to explain why a subsequent *re*interview is necessary for reconsideration in the first place, or, if necessary, why a statute phrased in the singular applies prospectively to an already-once-met requirement.

## V.     The Court Should Decline Defendants' Cursory Request to Stay any Relief

In yet another effort to delay this years-old matter, Defendants propose their incomplete remedy after first requesting "that any remedial order go into effect 60 days after entry to permit the government time to consider whether to appeal." ECF No. 208 at 3. Defendants offer no support for their request to stay relief in this matter and none exists. Of particular note, a stay pending appeal would require Defendants to establish a likelihood of success on the merits. *See, e.g., Nken v. Holder*, 556 U.S. 418, 433 (2009) (requiring "a strong showing that [a party] is likely to succeed on the merits" to obtain stay pending appeal). Defendants have no chance of appellate success—Defendants waived all substantive arguments by failing to raise merits arguments in response to Plaintiffs' summary judgment motion. Defendants chose to advance *only* a mootness claim, which the Court had previously rejected, and which the Court rejected anew relying on binding, squarely applicable caselaw. Defendants would fail on any proper motion for stay and should be denied a perfunctory request as well.

## VI.    Defendants Should Not be Permitted to File Further Briefing

Finally, Defendants request that they be permitted the opportunity to file a response to this letter. Defendants should not be permitted extra briefing and delay because Defendants would be responding to that which Plaintiffs gave to Defendants over three weeks prior to Defendants' filing. As noted *supra*, Plaintiffs sent the attached letter proposal to Defendants on August 8, 2022. Defendants should not be permitted to further delay this matter to respond to a proposal Defendants received in writing 22 days prior to their filing.

## VII.   Conclusion

Plaintiffs respectfully request that this Court adopt Plaintiffs' contours of a class-wide remedy and, if needed, order expedited class certification briefing limited to the record at hand. Plaintiffs further request that the Court reject Defendants' unsupported and incorrect request for a stay and deny Defendants' request for the opportunity to file an additional response to a letter Defendants had in their possession and disregarded for over three weeks. After years of delay by Defendants, this Court should permit the prompt resolution of this case.

Respectfully submitted,

/s/ *Shabnam Lotfi*                        /s/ *Max S. Wolson*

**Counsel for *Emami* Plaintiffs**            **Counsel for *Pars* Plaintiffs**

**LOTFI LEGAL, LLC**
SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
P.O. Box 64
Madison, WI 53701

**MUSLIM ADVOCATES**
CHRISTOPHER GODSHALL (*pro hac vice*)
P.O. Box 34440
Washington, DC 20043
Telephone: (202) 873-1550
Facsimile: (202) 508-1007
christopher@muslimadvocates.org

**PERKINS COIE LLP**
ERIC EVANS (SBN 232476)
3150 Porter Drive
Palo Alto, CA 94304-1212
T. (650) 838-4334
F. (650) 838-4350
EEvans@perkinscoie.com

***ATTORNEYS FOR EMAMI PLAINTIFFS***

**NATIONAL IMMIGRATION LAW CENTER**
MAX S. WOLSON (*pro hac vice*)
P.O. Box 34573
Washington, D.C. 20043
Telephone: (202) 216-0261
Facsimile: (202) 216-0266

**ARNOLD & PORTER KAYE SCHOLER LLP**
JOHN A. FREEDMAN (*pro hac vice*)
601 Massachusetts Ave., NW
Washington, DC 20001-3743

DANIEL B. ASIMOW (SBN 165661)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111

**NATIONAL IMMIGRATION LAW CENTER**
JOSHUA T. STEHLIK (SBN 220241)
3450 Wilshire Blvd. #108-62
Los Angeles, CA 90010
Telephone: (213) 639-3900
Facsimile: (213) 639-3911
stehlik@nilc.org

**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**
HAMMAD A. ALAM (SBN 303812)
55 Columbus Ave.
San Francisco, CA 94111
Telephone: (415) 848-7711
hammada@advancingjustice-alc.org

**IRANIAN AMERICAN BAR ASSOCIATION**
BABAK G. YOUSEFZADEH (CA SBN 235974)
5185 MacArthur Blvd. NW, Suite 624
Washington, DC 20016
Telephone: (415) 774-3191
president@iaba.us

***ATTORNEYS FOR PARS PLAINTIFFS***