# EXHIBIT A

August 8, 2022

Nicole Patrice Grant
Department of Justice
Civil Division, Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, D.C. 20044

**VIA ELECTRONIC MAIL**

**RE:** Implementing the Court's Grant of Summary Judgment in *Emami* and *Pars* matters

Counsel,

On August 1, 2022, the Court granted our motion for summary judgment in these related class actions. In so doing, the Court determined that Defendants had implemented the travel ban pursuant to former President Trump's Presidential Proclamation No. 9645 (hereinafter, the "Muslim Ban") waiver provision by "promulgat[ing] unduly narrow and restrictive limitations, and for which no rational explanations can be found in the administrative record." The Court determined that rescission of the Muslim Ban did not cure the Muslim Ban's harms because "plaintiffs have demonstrated that their visa applications were denied without the opportunity to apply under a properly-administered waiver process, and even if permitted to reapply, they w[ould] bear undue transactional costs, financial and otherwise, that they should not be required to bear for a second time." The Court made clear that Plaintiffs have established as a matter of law "a sufficient basis . . . to obtain **the totality of the relief that they are still seeking in this case.**"

In light of the Court's determination, the Court has directed the parties to meet and confer regarding that total relief. Specifically, the Court has instructed the parties to discuss "the procedures the government will use (i) to confirm that affected applicants wish to have their applications reconsidered, as well as (ii) for those interested applicants to update their applications in a way that is least burdensome but will still provide the government with any necessary updates that would be material to the government's consideration of the applications."

In order to facilitate the Court-directed meet-and-confer process, we provide below the following contours of a remedy to effectuate the Court's merits ruling.

1. **Defendants must affirmatively notify all impacted applicants of the forthcoming opportunity to seek reconsideration and facilitate reapplication procedures for those impacted applicants**. Plaintiffs submit that Defendants must affirmatively provide personal notice to each of the 41,876 individuals whose applications were considered for and denied a waiver during the existence of the Muslim Ban and who have not yet been granted their visa. The notice must clearly advise those individuals that they are eligible to seek reconsideration and lay out a reasonable and efficient way to do so. Per item 3 below, the notice should also clearly state that the reconsideration process will be at no cost to the applicant. While we believe that this process can be conducted with little

burden (because the U.S. Department of State routinely communicates with visa applicants via the Consular Electronic Application Center), we are open to considering other methods of notification. In addition to providing individualized notice, the Department of State should post prominently on its website notice of the opportunity and means through which to seek reconsideration.  For individuals represented by counsel, Defendants should ensure that all notices are also sent to counsel.  Plaintiffs stand ready to assist in the public education effort once a process exists.

2. **Defendants must promptly establish a reconsideration process.**  Defendants should promptly identify – and post to the Department of State's website – those updates that Defendants anticipate requiring from the impacted applicants.  Consistent with the Court's order, Defendants should ensure that those updates are not tantamount to applying anew.  So that we can assess the updates, Defendants should inform Plaintiffs' counsel, for each type of update, of: (1) the reason the update is required, and (2) an explanation of how the update is not caused by the unlawful waiver determination process.

3. **The reconsideration process should be at no cost to applicants.**  As the Court directed, the reconsideration process cannot impose "undue transactional costs, financial and otherwise," particularly those that applicants would be "required to bear for a second time."  Defendants should not require that applicants attend in-person re-interviews and incur additional cost when reapplying.

4. **Defendants should promptly identify and implement the reconsideration process, with notices made and the reconsideration process operational within 4 months of the Court's August 1, 2022 Order.** Applicants who seek reconsideration should receive a decision within 60 days of submitting the required updated information.  Applicants who were denied should have at least three years once the process is in place to seek reconsideration.

5. **To ensure full compliance, Defendants should provide quarterly status reports to Plaintiffs and the Court**.  These notices will include data on the number of notices provided, and additional steps the Department of State is taking to publicize the reconsideration process, as well as the number of individuals who have sought reconsideration and statistics on the resolution of those requests for reconsideration, and the names and A-Numbers of individuals eligible for reconsideration.

Please ensure that this letter proposing how to implement the Court's merits holding is conveyed to your clients.  Likewise, please identify times prior to the August 16 hearing at which you are available to discuss the remedy in this matter with input from your clients.

Sincerely,

| | |
|---|---|
| /s/ *Max S. Wolson* | /s/ *Shabnam Lotfi* |
| Max S. Wolson | Shabnam Lotfi |
| **National Immigration Law Center** | **Lotfi Legal LLC** |
| P.O. Box 34573 | 22 E. Mifflin St., Ste. 232 |
| Washington, D.C. 20043 | Madison, WI 53703 |
| Telephone: (202) 216-0261 | Telephone: (608) 259-6226 |
| Email: Wolson@nilc.org | Email: shabnam@lotfilegal.com |
| | |
| *Counsel for Pars Plaintiffs* | *Counsel for Emami Plaintiffs* |