**MUSLIM ADVOCATES**
CHRIS GODSHALL-BENNETT (*pro hac vice*)
P.O. Box 34440
Washington, DC 20043
Telephone: (202) 897-1892
Facsimile: (202) 508-1007
christopher@muslimadvocates.org

**LOTFI LEGAL, LLC**
SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (608) 646-4654
shabnam@lotfilegal.com
veronica@lotfilegal.com

**PERKINS COIE LLP**
ERIC B. EVANS (SBN 232476)
EEvans@perkinscoie.com
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350

**Attorneys for Emami Plaintiffs**

**ASIAN AMERICANS ADVANCING
JUSTICE-ASIAN LAW CAUCUS**
GLENN KATON (SBN 281841)
HAMMAD A. ALAM (SBN 303812)
55 Columbus Ave.
San Francisco, CA 94111
Telephone:    (415) 848-7711
glennk@advancingjustice-alc.org
hammada@glennk@advancingjustice-alc.org

**NATIONAL IMMIGRATION LAW
CENTER**
MAX S. WOLSON (*pro hac vice*)
P.O. Box 34573
Washington, DC 20043
Telephone: (202) 216-0261
Facsimile: (202) 216-0266
wolson@nilc.org

**NATIONAL IMMIGRATION LAW
CENTER**
JOSHUA STEHLIK (*pro hac vice*)
P.O. Box 32358
Washington, D.C. 20043

**ARNOLD & PORTER KAYE SCHOLER
LLP**
JOHN A. FREEDMAN (*pro hac vice*)
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone: (202) 942-5316
Facsimile: (202) 942-5999
john.freedman@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER
LLP**
DANIEL B. ASIMOW (SBN 165661)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
daniel.asimow@arnoldporter.com

**COUNCIL ON AMERICAN-ISLAMIC
RELATIONS, CALIFORNIA**
ZAHRA A. BILLOO (SBN 267634)
BRITTNEY REZAEI (SBN 309567)
3160 De La Cruz Blvd., Suite 110
Santa Clara, CA 95054
Telephone:    (408) 986-9874
zbilloo@cair.com
brezaei@cair.com

**IRANIAN AMERICAN BAR
ASSOCIATION**
BABAK G. YOUSEFZADEH (CA SBN 235974)
5185 MacArthur Blvd. NW, Suite 624
Washington, DC 20016
Telephone:    (415) 774-3191
president@iaba.us

**Attorneys for Pars Plaintiffs**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FARANGIS EMAMI, et al., | Case Nos. 3:18-cv-1587-JD |
| Plaintiffs, | 3:18-cv-7818-JD |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION** |
| ALEJANDRO MAYORKAS, et al., | |
| Defendants. | |
| PARS EQUALITY CENTER, et al., | |
| Plaintiffs, | |
| v. | |
| ANTONY BLINKEN, et al., | |
| Defendants. | |

**NOTICE OF MOTION FOR CLASS CERTIFICATION TO THE DEFENDANTS AND THEIR COUNSEL OF RECORD:**

Pursuant to the discussion at the May 25, 2023 status conference and the Court's minute order of that date (ECF No. 239), Plaintiffs in the above-captioned matters will and hereby do move this Court, pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure, for class certification of their claims in these consolidated matters

Plaintiffs move the Court to certify a class, defined as follows:

All applicants for visas who are nationals of Iran, Libya, North Korea, Somalia, Syria, Venezuela, and Yemen who (1) were refused visas under INA 212(f) pursuant to Proclamation 9645 between December 8, 2017 and January 20, 2021; (2) did not obtain a waiver of that refusal; and (3) have not subsequently obtained a visa.

The Motion is based on this Notice, the following Memorandum of Points and Authorities, the Declarations of Eric B. Evans, John A. Freedman, Max S. Wolson, Hammad A.

1   Alam, Shabnam Lotfi, Veronica Sustic, and Naomi Tsu filed concurrently, the Administrative

2   Record, the papers, pleadings, and orders in the Court's record, and such further papers and

3   arguments of counsel that the Court may consider.

| | | |
|---|---|---|
| 1 | **MUSLIM ADVOCATES**<br>CHRIS GODSHALL-BENNETT (*pro hac vice*) | **NATIONAL IMMIGRATION LAW CENTER**<br>JOSHUA STEHLIK (*pro hac vice*) |

**MUSLIM ADVOCATES**
CHRIS GODSHALL-BENNETT (*pro hac vice*)
P.O. Box 34440
Washington, DC 20043
Telephone: (202) 897-1892
Facsimile: (202) 508-1007
christopher@muslimadvocates.org

**LOTFI LEGAL, LLC**
SHABNAM LOTFI (*pro hac vice*)
VERONICA SUSTIC (*pro hac vice*)
P.O. Box 64
Madison, WI 53701
Telephone: (608) 259-6226
Facsimile: (608) 646-4654
shabnam@lotfilegal.com
veronica@lotfilegal.com

**PERKINS COIE LLP**
ERIC B. EVANS (SBN 232476)
EEvans@perkinscoie.com
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350

**Attorneys for Emami Plaintiffs**

**ASIAN AMERICANS ADVANCING JUSTICE-ASIAN LAW CAUCUS**
GLENN KATON (SBN 281841)
HAMMAD A. ALAM (SBN 303812)
55 Columbus Ave.
San Francisco, CA 94111
Telephone:    (415) 848-7711
glennk@advancingjustice-alc.org
hammada@glennk@advancingjustice-alc.org

**NATIONAL IMMIGRATION LAW CENTER**
MAX S. WOLSON (*pro hac vice*)
P.O. Box 34573
Washington, DC 20043
Telephone: (202) 216-0261
Facsimile: (202) 216-0266
wolson@nilc.org

**NATIONAL IMMIGRATION LAW CENTER**
JOSHUA STEHLIK (*pro hac vice*)
P.O. Box 32358
Washington, D.C. 20043

**ARNOLD & PORTER KAYE SCHOLER LLP**
JOHN A. FREEDMAN (*pro hac vice*)
601 Massachusetts Ave., NW
Washington, DC 20001-3743
Telephone:  (202) 942-5316
Facsimile:  (202) 942-5999
john.freedman@arnoldporter.com

**ARNOLD & PORTER KAYE SCHOLER LLP**
DANIEL B. ASIMOW (SBN 165661)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:  (415) 471-3100
Facsimile:  (415) 471-3400
daniel.asimow@arnoldporter.com

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**
ZAHRA A. BILLOO (SBN 267634)
BRITTNEY REZAEI (SBN 309567)
3160 De La Cruz Blvd., Suite 110
Santa Clara, CA 95054
Telephone:   (408) 986-9874
zbilloo@cair.com
brezaei@cair.com

**IRANIAN AMERICAN BAR ASSOCIATION**
BABAK G. YOUSEFZADEH (CA SBN 235974)
5185 MacArthur Blvd. NW, Suite 624
Washington, DC 20016
Telephone:    (415) 774-3191
president@iaba.us

**Attorneys for Pars Plaintiffs**

1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

5
6
7
8
9
10

FARANGIS EMAMI, et al.,

Plaintiffs,

v.

ALEJANDRO MAYORKAS, et al.,

Defendants.

11
12
13
14
15

PARS EQUALITY CENTER, et al.,

Plaintiffs,

v.

ANTONY BLINKEN, et al.,

Defendants.

Case Nos. 3:18-cv-1587-JD
3:18-cv-7818-JD

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF CONTENTS

2

Page

3      I.      INTRODUCTION ................................................................................................ 1

4      II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY .................................... 2

5      III.    THE PROPOSED CLASS .................................................................................... 8

6      IV.     ARGUMENT ..................................................................................................... 9

7              A.      The Proposed Class Satisfies the Requirements of Rule 23(a) ............................ 9

8                      1.      Numerosity ........................................................................................ 9

9                      2.      Commonality .................................................................................... 10

10                     3.      Typicality ........................................................................................ 11

11                     4.      Adequacy of Representation .............................................................. 13

12             B.      The Proposed Class and Subclasses Satisfy the Requirements of Rule
                       23(b)(2). .......................................................................................... 15

13     V.      CONCLUSION ................................................................................................ 16

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Bumpus v. Realogy Brokerage Grp. LLC*,
   No. 3:19-CV-03309-JD, 2022 WL 867256 (N.D. Cal. Mar. 23, 2022) .................................. 10

*Consol. Rail Corp. v. Town of Hyde Park*,
   47 F.3d 473 (2d Cir. 1995) ........................................................................................................ 9

*DZ Rsrv. v. Meta Platforms, Inc.*,
   No. 3:18-CV-04978-JD, 2022 WL 912890 (N.D. Cal. Mar. 29, 2022) ................................ 12

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) ................................................................................................... 14

*Emami v. Nielsen*,
   365 F. Supp. 3d 1009 (N.D. Cal. 2019) ......................................................................... passim

*Evans v. Wal-Mart Stores, Inc.*,
   No. 17-CV-07641-AB, 2019 WL 7169791 (C.D. Cal. Nov. 25, 2019) ..................... 10, 11, 15

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998), overruled on other grounds by *Wal-Mart
   Stores, Inc. v. Dukes* ....................................................................................................... 10, 14

*Hanon v. Dataproducts Corp.*,
   976 F.2d 497 (9th Cir. 1992) ................................................................................................... 12

*Harris v. Palm Springs Alpine Estates, Inc.*,
   329 F.2d 909 (9th Cir. 1964) ..................................................................................................... 9

*Leyva v. Medline Indus. Inc.*,
   716 F.3d 510 (9th Cir. 2013) ................................................................................................... 12

*Parra v. Bashas', Inc.*,
   536 F.3d 975 (9th Cir. 2008) ................................................................................................... 11

*Rannis v. Recchia*,
   380 Fed. Appx. 646 (9th Cir. 2010) ......................................................................................... 9

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ................................................................................................. 15

*Stitt v. San Fran. Muni. Transp. Agency*,
   No. 12–CV–3704 YGR, 2014 WL 1760623 (N.D. Cal. May 2, 2014) ................................. 14

1

**TABLE OF AUTHORITIES (continued)**

2

**Page(s)**

3

*Walters v. Reno*,

4

    145 F.3d 1032 (9th Cir. 1998) ................................................................................ 11

5

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ................................................................................ 12

6

*Wolph v. Acer Am. Corp.*,

7

    272 F.R.D. 477 (N.D. Cal. 2011) ............................................................................. 9

8

STATUTES

9

Administrative Procedure Act ...................................................................................... 15

10

INA 212(f) ................................................................................................................. 2, 8

11

OTHER AUTHORITIES

12

82 FED. REG. 45161 (Sept. 27, 2017) ...................................................................... 2, 3

13

87 FED. REG. 2703 (Jan. 19, 2022) ............................................................................. 5

14

Fed. R. Civ. P. 23(a)(1) ............................................................................................... 9

15

FED. R. CIV. P. 23(a)(4) .......................................................................................... 13, 14

16

Fed. R. Civ. P. 23(b)(2) .................................................................................. 2, 9, 15, 16

17

Fed. R. Civ. P. 23(c)(1)(A) .......................................................................................... 9

18

Fed. R. Civ. P. 23(g)(1)(A) .......................................................................................... 14

19

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3

As raised at the February 9, 2023 and May 25, 2023 hearings, Plaintiffs move pursuant to

4

Rule 23 to certify a class of the individuals denied visas pursuant to Proclamation 9645, the

5

Muslim Ban ("the Proclamation" or "the Ban") who have still not obtained their visas despite the

6

Proclamation's rescission.[1], [2]  Class certification is necessary to address the ongoing and

7

pernicious effects of the Ban, which continue for many of the tens of thousands of people denied

8

visas under it.  Class certification is also necessary to remediate the Defendants' conduct and

9

afford the victims of the Ban a fair measure of relief.

10

The need for this relief is clear: on January 20, 2021, some twenty-nine months ago and

11

on his first day in office, President Biden rescinded the Muslim Ban, calling it "a stain on our

12

national conscience." [3] President Biden labeled the Ban "a moral blight that has dulled the power

13

of our example the world over" and confirmed that the Ban has "separated loved ones, inflicting

14

pain that will ripple for years to come."[4]

15

President Biden's acknowledgement of the moral blight and long-term pain inflicted did

16

not materialize in Defendants' approach to this case, or concrete relief for those injured by the

17

Ban. Over 41,000 people who would have otherwise been granted visas were denied visas under

18

the Proclamation. But for the overwhelming majority of harmed individuals, Defendants have

19

taken no meaningful action to remedy the harms caused by the Ban. For others, Defendants have

20

offered relief that does not fully redress the wrongs. Defendants have fought tooth and nail

21

22

---

23

[1] Fed. R. Civ. Proc 23.

[2] As discussed *infra*, and as undisputed at the summary judgment stage, all individuals denied pursuant to the Ban were considered for a waiver pursuant to the guidance that this Court has held unlawful and remained denied unless they obtained that waiver. *Emami* ECF No. 197 at 33 (explaining that waiver denials were "*the* but-for cause[ ]of applicants' inability to obtain visas" (emphasis in original), *accord Emami* ECF No. 208 at 1-2 (noting that Defendants only argued mootness due to the Proclamation rescission in opposing summary judgment), Thus, a continued visa denial is a necessary signifier of a waiver denial.

24

25

26

[3] Joseph R. Biden, *Proclamation on Ending Discriminatory Bans on Entry to The United States*, The White House (Jan 20, 2021), https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-ending-discriminatory-bans-on-entry-to-the-united-states/.

27

[4] https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-ending-discriminatory-bans-on-entry-to-the-united-states/

28

1  against providing meaningful relief, despite the President's express acknowledgment that the

2  Proclamation's harms will "ripple for years to come."

3       On August 1, 2022, the Court granted summary judgment to Plaintiffs, finding that

4  Defendants acted unlawfully and without justification in implementing the Ban, and denied

5  Defendants' cross-motion.[5]  For almost a year since then, Defendants have resisted providing

6  relief to all affected individuals, instead proposing to provide relief to as few people as possible,

7  and for the relief afforded to be minimal.

8       More recently, at a hearing on February 9, 2023, Defendants and Plaintiffs committed on

9  the record to settle this matter. Plaintiffs made significant concessions in that hearing—agreeing

10 to resolve the matter without addressing any outstanding harms to immigrant visa applicants and

11 reducing the scope of relief sought for nonimmigrant visa applicants. After months' more delay,

12 Defendants reneged, contending that a Justice Department lawyer they had sent to court lacked

13 authority to bind his client to the commitments made in Court, and contending that the Court and

14 Plaintiffs were mistaken to have believed otherwise.

15      Today, some twenty-nine months after the Ban was officially rescinded, tens of thousands

16 of individuals remain harmed by a purportedly disavowed policy, the implementation of which

17 this Court deemed unlawful almost one year ago.

18 **II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

19      On September 24, 2017, then-President Donald Trump signed Presidential Proclamation

20 9645, "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the

21 United States by Terrorists or Other Public-Safety Threats." (the "Proclamation" or "the Ban").[6,]

22 [7]. The Proclamation prohibited entry into the United States on immigrant visas and certain

23

24

25

26

---

[5] *Emami* ECF No. 208.

27 [6] 82 FED. REG. 45161 (Sept. 27, 2017).

[7] Plaintiffs assume the Court's familiarity with the details of the waiver program that the Court

28 held unlawful in its August 1, 2022 order (*Emami* ECF 208) and thus limit this background
recitation in that regard.

nonimmigrant visas[8] for nationals of six Muslim-majority countries: Chad,[9] Iran, Libya, Somalia, Syria, and Yemen. [10] The Proclamation included a "waiver" provision, providing that an otherwise-banned individual could still enter the United States if the individual established each of three criteria. In furtherance of that provision, the Department of State promulgated assorted mandatory guidance for consular officers that substantially altered and limited the availability of waivers.[11]

In light of Defendants' mass waiver denials and inconsistent handling of applicants seeking waivers, Plaintiffs filed these related lawsuits in 2018. *Emami* plaintiffs filed their lawsuit initially in this Court, where it has been pending since that time.[12] *Pars* plaintiffs filed their lawsuit first in the Western District of Washington; the court transferred the *Pars* matter to this Court on Defendants' motion on December 31, 2018.[13] The cases overlapped in certain claims but diverged in others.[14]

On July 30, 2019, *Emami* and *Pars* plaintiffs filed a joint proposal regarding consolidation.[15] Since that filing, the *Emami* and *Pars* Plaintiffs have jointly filed all documents, typically solely in the *Emami* ECF docket, and have done so bearing the captions and signatures of both cases.

In the ensuing litigation, Plaintiffs continually sought discovery, including discovery of information pertinent to class certification. Almost without exception, Defendants declined to

---

[8] The Proclamation banned: all Syrian nationals; all Libyan and Yemeni nationals seeking immigrant or nonimmigrant B1/B2 visas; all Iranian nationals except nonimmigrants seeking F, M, or J visas; and all Somali nationals seeking immigrant visas. Proclamation 9645 §§ 2(a)-(c), (e), (g), (h), 82 Fed. Reg. 45161 at 45165-67. The Proclamation also prevented entry of certain Venezuelan government officials and their family members and of all North Korean nationals. Proclamation 9645 §§ 2(d), (f), 82 Fed. Reg. 45161 at 45165-166.
[9] In April 2018, the Administration removed Chad from the list of targeted countries. *See* Administrative Record, *Emami* ECF No. 98-1 at 95 (noting removal of Chad from banned countries).
[10] Proclamation No. 9645 §§ 2(a)-(c), (e), (g), (h), 82 FED. REG. 45161 at 45165-67.
[11] *See Emami* ECF No. 197 at 5-7 (compiling examples of mandatory guidance that altered availability of waivers); *see also Emami* ECF No. 208 at 3 (agreeing that Plaintiffs identified "numerous waiver criteria . . . for which the government promulgated unduly narrow and restrictive limitations").
[12] *Emami* Compl., *Emami* ECF No. 1 (Mar. 13, 2018).
[13] *See generally* Minute Entry of case transfer, *Pars* ECF No. 81 (Dec. 31, 2018).
[14] *See* Pls.' Stip. & Proposed Order Regarding Consolidation of Cases at 2, *Emami* ECF No. 114 (July 30, 2019) (describing overlap and divergence of case claims).
[15] *Emami* ECF No. 114.

1  provide any discovery let alone raise objections, requiring a constant stream of discovery letters

2  to the Court and continual delay.[16]

3       On June 13, 2019, Defendants moved this Court to either dismiss these matters or to grant

4  summary judgment.[17] On June 19, 2020, the Court denied the bulk of Defendants' motion to

5  dismiss or for summary judgment as to both the amended *Emami* complaint and the *Pars*

6  complaint.

7       Several months later, while additional motions concerning discovery were pending,

8  President Biden won the 2020 Presidential Election, rescinding the Proclamation on his first day

9  in office.[18] After the rescission, Defendants declared that only immigrant visa applicants denied

10  waivers *after* January 20, 2020, could have their applications reconsidered within one year of the

11  denial without re-paying application fees under existing visa processing regulations. [19, 20] *Id.* This

12  action denied relief to all non-immigrant visa applicants, along with immigrant visa applicants

13  who were denied waivers between December 2017 and January 2020. The unlawfully omitted

14  applicants were thus left to re-submit visa applications (thereby likely enduring years-long

15  waiting periods), re-pay application fees, re-incur medical exams and fees, and presumably re-

16  attend visa interviews, which would likely involve long delays and re-incurring significant

17  logistical and travel burdens (especially as many applicants need to secure interview dates and

18  travel outside their country for such in-person interviews). The following year, immigrant visa

19  applicants' relief from re-application fees (only) was expanded to those denied waivers prior to

20  January 2020. Still, however, no relief was provided to address the substantial logistical costs and

21  hurdles for immigrant visa applicants to re-apply and re-interview.[21] Neither pronouncement

22

23  [16] *See, e.g.,* Emami ECF Nos. 90 (filed May 29, 2019), 101 (filed Jun. 17, 2019), 133 (filed Nov. 8, 2019), 136 (filed Dec. 2, 2019), 147 (filed Mar. 16, 2020), 151 (filed Apr. 24, 2020), 154 (filed July 15, 2020), and 159 (filed August 17, 2020).
24  [17] *Emami* ECF No. 98 (filed June 13, 2019).
25  [18] Rescission of Presidential Proclamations 9645 and 9983, https://travel.state.gov/content/travel/en/News/visas-news/rescission-of-presidential-proclamations-9645-and-9983.html (last updated Mar. 10, 2021).
26  [19] *Id.*
27  [20] Defendants declared that those immigrant visa applicants who were denied pursuant to the Ban *after* January 20, 2020, would be permitted to seek reconsideration of their original applications, and that they would not be required to pay fees to do so.
28  [21] *See* 87 FED. REG. 2703 (Jan. 19, 2022).

1    purported to cover in any way the 28,267 non-immigrant visa applicants denied visas solely by

2    virtue of being denied waivers.[22] Due to these limitations, all visa applicants denied waivers who

3    have not subsequently received visas remain harmed by pre-rescission denials issued pursuant to

4    the Proclamation.

5         Following the rescission, on March 23, 2021, the Court *sua sponte* stayed this matter,

6    noting the possibility that the rescission may render the outstanding issues in this case moot.[23]

7    Later, having still not obtained relief for the majority of individuals still harmed by the

8    Proclamation, Plaintiffs requested that the Court lift the stay in these matters for the specific

9    purpose of filing a motion for summary judgment on the counts for which further discovery was

10   no longer needed.[24]  On March 15, 2022, the Court reopened the cases[25] and Plaintiffs filed their

11   motion for summary judgment on April 7, 2022.[26]

12        On August 1, 2022, this Court granted Plaintiffs' motion for summary judgment.[27] In

13   doing so, the Court determined that Defendants had implemented the waiver provision of the

14   Proclamation by "promulgat[ing] unduly narrow and restrictive limitations, and for which no

15   rational explanations can be found in the administrative record."[28] The Court determined that

16   rescission of the Ban did not cure the Ban's harms because "plaintiffs have demonstrated that

17   their visa applications were denied without the opportunity to apply under a properly-

18   administered waiver process, and even if permitted to reapply, they w[ould] bear undue

19   transactional costs, financial and otherwise, that they should not be required to bear for a second

20   time."[29] In identifying the sorts of costs that would apply, the Court cited to Plaintiff declarations

21   detailing the harms applicants could expect to endure.[30]

22

23

---

24   [22] *Emami* ECF No 197-3, Exhibit B.
     [23] *Emami* ECF No. 176.
25   [24] *See generally* Emami ECF No. 181.
     [25] *Emami* ECF No. 192.
26   [26] *Emami* ECF No. 197.
     [27] *Emami* ECF No. 208.
27   [28] *Id.* at 3.
     [29] *Id.* at 2.
28   [30] *See Emami* ECF No. 208 at 2 (citing SCOTT ¶¶ 13, 19-20; FARNOODIAN-TEDRICK ¶¶ 13-14.

1    In a portion of an affidavit the Court pincited, Plaintiffs explained that expenses go well

2    beyond repaid application fees to include consular processing fees, affidavit of support filing fees,

3    new medical exams, and travel to attend new interviews.[31] The cited portion of the affidavits that

4    the Court relied on noted the "years long" backlog for many visa categories that reapplication

5    would lead to.[32] The Court further cited the ongoing injury caused by individuals finding no

6    appointments available to schedule for repeating already-completed consular interviews.[33] The

7    Court noted that these constitute "genuine injuries that continue to exist independent of the

8    [Ban's] revocation, and which plaintiffs seek to remedy."[34] The Court likewise expressed no

9    disagreement with Plaintiffs' summary judgment motion having sought "reconsideration" for all

10   impacted visa applicants that would "occur without the requirement of repetition of applications,

11   fees, or other costly travel and logistics."[35] The Court made clear that Plaintiffs had established,

12   as a matter of law, "a sufficient basis . . . to obtain the totality of the relief they are still seeking in

13   this case."[36]

14       Thereafter, on August 15, 2022, in order to proceed with the remedy in an efficient

15   manner, the Court directed Defendants to file an action plan for implementing a remedy, offering

16   Plaintiffs the opportunity to respond.[37] The Court indicated that the remedy should be such that it

17   allowed affected applicants "to have their visa applications reconsidered," permitting them to

18   "update their applications in a way that is least burdensome to the applicants but will still provide

19   the government with any necessary updates that would be material to the government's

20   consideration of the application."[38]

21       On August 30, 2022, Defendants filed their proposed—but wholly inadequate—remedy

22   with the Court.[39] Defendants' proposal only proposed relief for several individual plaintiffs, *i.e.,* it

23   offered no relief to absent class members. During a telephone conference between the parties to

24   _____

25   [31] SCOTT DEC ¶ 13
     [32] *Id.* ¶ 19.
     [33] FARNOODIAN-TEDRICK ¶¶ 13-14.
26   [34] *Emami* ECF No. 208 at 2.
     [35] Motion for SJ at 22.
27   [36] *Emami* ECF No. 208  at 4.
     [37] *Emami* ECF No. 209.
28   [38] *Emami* ECF No. 208 at 4.
     [39] *Emami* ECF No. 211.

discuss the offer, Defendants took the position that the Court's August 15 order did not require that they provide relief to the class or absent class members, and that only individual named plaintiffs should be afforded relief under the ruling. In response to Defendant's interpretation of the Court's ruling, on September 7, 2022, Plaintiffs filed their own remedial letter with the Court explaining Defendants' proposal's deficiencies, and the facially incorrect position they had taken.[40]

On February 9, 2023, the parties appeared before this Court for a status conference. At that hearing, the parties agreed to resolve this matter, with Plaintiffs agreeing to significant limitations on the scope of relief to which they are otherwise entitled. This Court memorialized those agreements in its Civil Minutes, setting certain deadlines to effectuate the agreements.[41] Thereafter, Defendants proceeded to spend the next eleven weeks failing to effectuate the settlement, ultimately insisting that their counsel lacked authority to make the commitments and representations made in Court on February 9.  Rather, they characterized the in-Court agreements as a "remedial order" issued by the Court, which they would discuss, but also would reserve the right to appeal from.

On April 24, 2023, the parties filed a joint status report representing the culmination of what should have been settlement effectuation discussions. Despite Plaintiffs following through on their numerous concessions, Defendants advised they would not settle this matter.[42]

The parties appeared before the Court again on May 25, 2023. At that hearing, in yet another example of what this Court has described as a case becoming "the theater of the absurd,"[43] Defendants' counsel disclaimed any knowledge of who at the Department of Justice or the Department of State possesses authority to resolve this matter. Both at the hearing, and in a subsequent, court-ordered filing identifying who has authority in this matter, Defendants made abundantly clear that they are not interested in settling this case, including on the substantially

---

[40] *Emami* ECF No. 212.
[41] *Emami* ECF No. 192
[42] *Compare* ECF No. 234 at 6 (noting Plaintiffs' concessions in furtherance of settlement) *with id.* at 4 (providing Defendants' insistence that no settlement had been reached in February nor could one have been).
[43] TRANSCRIPT AT 4.

compromised terms at issue in the April 24, 2023 Joint Status Report.[44] After noting that Defendants' approach to this matter "is abusive for the Plaintiffs" and "taxing the federal judiciary," the Court authorized Plaintiffs to file the instant class certification motion.[45] Moreover, in light of Plaintiffs emphasizing that the concessions in the April 24, 2023 joint status report were compromises in hopes of a settlement, and not a description of the full relief to which Plaintiffs are entitled, the Court invited Plaintiffs to file a proposed remedial order concurrent with this motion.[46] The Court indicated that Plaintiffs need not notice a hearing on the motion and that the filing would be due within 21 days.  Accordingly, Plaintiffs hereby move this court to certify a class under Federal Rule of Civil Procedure 23.

## III.    THE PROPOSED CLASS

Plaintiffs seek certification of a class to obtain relief from Defendants. The Class is defined as:

All applicants for visas who are nationals of Iran, Libya, North Korea, Somalia, Syria, Venezuela, and Yemen who (1) were refused visas under INA 212(f) pursuant to Proclamation 9645 between December 8, 2017 and January 20, 2021; (2) did not obtain a waiver of that refusal; and (3) have not subsequently obtained a visa.

The claims of the foregoing class are all based on the same nucleus of facts described *supra* and their claims will be fully and finally resolved by this Court's orders.

All members of the foregoing class were denied visas subject to the waiver provision that this Court has found to be unlawful in its summary judgment opinion. All claims were asserted on behalf of the class, all relief requested is based on Defendants' common course of conduct directed at the class, and all class members seek uniform relief:  the re-adjudication, without repetition of prior completed logistical or financial costs, of their visa applications without the waiver analysis found to be illegal by this Court. This commonality is made especially clear as

---

[44] *See, e.g., Emami* ECF No. 240 at 2 ("Here, there is no proposed settlement between the parties so determining who would have authority to approve a settlement is currently a hypothetical question. In addition, the agency that is the party to this matter . . . currently opposes any settlement along the lines of the proposed remedial order . . . .")
[45] TRANSCRIPT AT 6.
[46] TRANSCRIPT AT 13.

this Court has already issued summary judgment without distinguishing among harmed individuals.

## IV.   ARGUMENT

For a class to be certified, Plaintiffs must satisfy the requirements of Rule 23(a) and at least one of the three criteria for certification under Rule 23(b). Fed. R. Civ. P. 23(b). "Any doubts regarding the propriety of class certification generally should be resolved in favor of certification." *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 481 (N.D. Cal. 2011).[47]

As demonstrated below, Plaintiffs satisfy each of the Rule 23(a) requirements and the Rule 23(b)(2) requirement by a preponderance of evidence.

### A.   The Proposed Class Satisfies the Requirements of Rule 23(a)

#### 1.   Numerosity

Rule 23(a)(1) requires that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "Impracticability does not mean impossibility, but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (internal quotes and citation omitted). Generally, courts find that the numerosity requirement is satisfied when a class contains at least forty members. *Rannis v. Recchia*, 380 Fed. Appx. 646, 651 (9th Cir. 2010) (affirming grant of class certification involving 20 members); *see also Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) (noting that numerosity is presumed at a level of 40 members).

Here, according to the State Department's own statistics, between December 8, 2017 and January 20, 2021, 41,876 people in the Proposed Class were denied waivers. As Plaintiffs are not including in the class a country removed early from Proclamation 9645 (Chad) or the countries added in a subsequent proclamation (Proclamation 9983), Plaintiffs have subtracted the 603

---

[47] Federal Rule of Civil Procedure 23(c)(1)(A) requires issuance of a certification order "[a]t an early practicable time after a person sues or is sued as a class representative…." As noted *supra*, Defendants' noncompliance with discovery obligations has been the but-for cause of years of delay in this matter being able to be ready for the Court's ruling. Plaintiffs diligently and repeatedly sought pertinent discovery throughout this matter; however, in light of Defendants' accession to all of the factual and most all legal allegations in the summary judgment phase, Plaintiffs have now been able to make this motion without further discovery.

waiver denials attributable thereto.[48] While some of these individuals may have subsequently secured visas, tens of thousands remain without relief.  This is well above the contemplated number of 40 and militates in favor of certification. *See Bumpus v. Realogy Brokerage Grp. LLC*, No. 3:19-CV-03309-JD, 2022 WL 867256, at *2 (N.D. Cal. Mar. 23, 2022) (noting that the likelihood that hundreds or thousands were affected by Defendants' conduct made opposition to certification on numerosity grounds "doubtful"); *see also Evans v. Wal-Mart Stores, Inc.*, No. 17-CV-07641-AB, 2019 WL 7169791, at *6 (C.D. Cal. Nov. 25, 2019) (finding numerosity satisfied "[b]ecause the number of proposed class members far exceeds the forty putative class members which has been held to be a minimum to presumptively establish numerosity . . ."). The proposed class here is sufficiently numerous and (necessarily given the class consisting of individuals from multiple other countries being denied visas to travel to the United States geographically) dispersed such that joinder is impracticable, if not impossible.

For all these reasons, Plaintiffs satisfy the requirements of Rule 23(a)(1).

## 2.      Commonality

Plaintiffs also satisfy Rule 23(a)(2) because there are common issues of fact and law, including, most importantly, the common issues of law that have already been determined by this Court in its August 1, 2022 decision on summary judgment, ECF No. 208, and the common remedy sought: re-consideration of visa applications without repetition of prior completed logistical or financial costs and without reference to the waiver criteria held illegal by this Court.

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler*

---

[48] *See* State Department, Implementation of Presidential Proclamations (P.P.) 9645 and 9983 Dec. 8, 2017 to Jan. 20, 2021 at 3 (noting 28,267 nonimmigrant visa applications and 13,609 immigrant visa applications as "not qualified for waiver, ineligible under P.P. 9645/P.P.9983", available at https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/presidential-proclamation-archive/presidential-proclamation9645.html#:~:text=The%20Department%20of%20State%20provides,of%20P.P.%209645's%20visa%20restrictions. (last visited June 9, 2023). As noted, *supra*, Defendants have identified no remedial actions directed towards nonimmigrant visa applicants and a less-than-full remedy for all immigrant visa applicants denied prior to January 20, 2020.

*Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998), overruled on other grounds by *Wal-Mart Stores, Inc. v. Dukes*, 564 338 (2010); *see Parra v. Bashas', Inc.*, 536 F.3d 975, 978-79 (9th Cir. 2008). What matters is "the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart*, 564 U.S. at 350 (citation omitted). The commonality requirement is aimed at "(1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management." *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1998) (citation omitted).

Plaintiffs' proposed class and subclasses satisfy Rule 23(a)(2)'s commonality requirements because fundamental questions of law and fact are common to all class members, and indeed, have in large part already been answered by this Court in its decision on summary judgment. Here, Plaintiffs' claims arise from the common contention that: (i) each class member was denied a visa based on the Ban; (ii) each class member was denied a waiver because of the waiver program that was found by this Court to be arbitrary and capricious as a matter of law; and (iii) this resulted in a common harm—arbitrary denial of a visa. Most importantly, the legal solution to each class member's harm is identical: an expedited re-adjudication process for the visa for which they applied (subject to some conditions, such as cutting out repetition of prior completed logistical or financial costs). Just as class members were harmed by a common, unlawful consideration under the waiver process, so too will they benefit from an expedited process, formed in equity, to return them to the position in which they would have been without the unlawful waiver program. Concurrently with this motion, Plaintiffs are filing a proposed remedial order that would apply to the class. As such, regardless of each class member's continuing eligibility for a visa, the remedy for each class member's claim can be determined by implementation of a single system of re-adjudication according to each visa type's criteria, *Wal-Mart*, 564 U.S. 338 at 350, via a common order to re-adjudicate. This common relief looms over this stage of the case, satisfying the Rule 23(a)(2) commonality requirement.

### 3.    Typicality

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "Typicality refers to the

1   nature of the claim or defense of the class representative, and not to the specific facts from which

2   it arose or the relief sought." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)

3   (citation omitted). "The test of typicality is whether other members have the same or similar

4   injury, whether the action is based on conduct which is not unique to the named plaintiffs, and

5   whether other class members have been injured by the same course of conduct." *Wolin v. Jaguar*

6   *Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010) (citation omitted). "'Under the

7   rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive

8   with those of absent class members; they need not be substantially identical.'" *DZ Rsrv. v. Meta*

9   *Platforms, Inc.*, No. 3:18-CV-04978-JD, 2022 WL 912890, at *3 (N.D. Cal. Mar. 29, 2022)

10  (quoting *Hanlon*, 150 F.3d at 1019).

11      The named Plaintiffs and other members of the class and subclasses suffered identical

12  injuries that arose from a common course of conduct by Defendants: denials of visas based on the

13  unlawful waiver program.

14      First, the named Plaintiffs and other members of the class suffered a common, ongoing

15  injury—denial of a visa by virtue of denial of a waiver under the Proclamation. Specifically, as

16  this Court has held, Plaintiffs and other members of the class "have demonstrated that their visa

17  applications were denied without the opportunity to apply under a properly administered waiver

18  process, and even if permitted to reapply, they will bear undue transactional costs, financial and

19  otherwise, that they should not be required to bear for a second time. These are genuine injuries

20  that continue to exist . . . and which plaintiffs seek to remedy."[49] Whatever the individualized

21  differences may be—all are linked by denial of a single otherwise-obtained visa and a

22  requirement to endure expense and logistics if attempting to restart that process. And, in any

23  event, individualized differences in remedies are not a basis to deny class certification on other

24  issues, including liability. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510, 513 (9th Cir. 2013)

25  (holding that certification appropriate where precise harm may differ among class members but is

26  subject to determination from defendant's records).

27

28
_____

[49] Order Re Summ., *Emami* ECF No. 208.

1    Second, the named Plaintiffs and other members of the class suffered this injury pursuant

2    to an identical, common course of conduct—Defendants' unlawful promulgation of unduly

3    narrow interpretations of the waiver criteria.[50] This Court long ago made clear that this case

4    concerns a common course of conduct, rejecting early claims of consular nonreviewability by

5    emphasizing that plaintiffs have been "challenging systemic practices with respect to the waiver

6    program, and not individualized determinations for any specific person."[51] The conduct that this

7    Court has since deemed unlawful likewise proved to be systemic in nature, with Defendants

8    having created broadly applicable mandatory guidance for "numerous waiver criteria . . . for

9    which the government promulgated unduly narrow and restrictive limitations, and for which no

10   rational explanations can be found in the administrative record." [52] That improperly administered

11   waiver program, under which Plaintiffs and other members of the class failed to obtain their visas,

12   is a common unlawful act applicable throughout.

13   Because the claims of class members arise from the same conduct and are based on the

14   same legal theories as the claims of the named Plaintiffs, the typicality requirement is satisfied.

15   This fact alone would suffice for typicality but, importantly here, the remedies sought are also

16   typical among the class. In compensation for denials under the unlawful waiver program, the

17   government should apply an expedited remedy to all applicants affected by the waiver program.

18   Because the test of typicality is met, Plaintiffs satisfy the Rule 23(a)(3) requirement.

19   ### 4.   Adequacy of Representation

20   Rule 23(a)(4)'s adequacy requirement is met where the "representative parties will fairly

21   and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). To determine the

22   adequacy of named plaintiffs to represent a class, "courts must resolve two questions: '(1) do the

23   named plaintiffs and their counsel have any conflicts of interest with other class members and

24   (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the

25

26

[50] *See* Order 3, *Emami* ECF No. 208 ("Plaintiffs have come forward with numerous waiver

27   criteria . . . for which the government promulgated unduly narrow and restrictive limitations, and
     for which no rational explanations can be found in the administrative record.")

28   [51] *Emami v. Nielsen*, 365 F. Supp. 3d 1009, 1018-19 (N.D. Cal. 2019).
     [52] Order 3, *Emami* ECF No. 208.

1    class?'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon*, 150

2    F.3d at 1020).

3            First, Plaintiffs and their counsel do not have any conflicts of interest with other class

4    members. Here, the interests of the named Plaintiffs are completely aligned with those of other

5    class members. The visa applications and waivers of all Plaintiffs were denied subject to the same

6    unlawful guidance. Furthermore, all class members will benefit from the relief sought here: an

7    expedited re-adjudication process. Second, the class representatives have demonstrated their

8    commitment to vigorously prosecuting the action. Each class representative has monitored the

9    case and remained in regular contact with counsel—representing the interests of the class.

10           Rule 23(a)(4) also requires that Proposed Class Counsel be adequate to represent the

11   proposed class. *Hanlon*, 150 F.3d at 1021. In considering the adequacy of plaintiffs' counsel, the

12   Court must consider "(i) the work counsel has done in identifying or investigating potential

13   claims in the action; (ii) counsel's experience in handling class actions, other complex litigation,

14   and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and

15   (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A).

16   Plaintiffs have retained counsel with no conflicts and with significant experience prosecuting

17   federal class actions. As set forth in the attached Declarations of Eric B. Evans, John A.

18   Freedman, Max S. Wolson, Hammad A. Alam, Shabnam Lotfi, Veronica Sustic, and Naomi Tsu

19   the Proposed Class Counsel have vigorously advocated for the Proposed Classes—including for

20   years following Defendants arguing that no case remains—by bringing their wealth of talent,

21   knowledge, and experience to bear on this case to: (i) investigate the Proposed Classes' claims;

22   (ii) develop and draft complaints; and (iii) successfully defend Defendants' motions to dismiss

23   and motion for summary judgment. Proposed Counsel, including two Amlaw 100 law firms, is

24   prepared to continue to zealously represent Plaintiffs and the putative class and subclasses

25   throughout all stages of this litigation through trial. *See Stitt v. San Fran. Muni. Transp. Agency,*

26   No. 12–CV–3704 YGR, 2014 WL 1760623, at *27 (N.D. Cal. May 2, 2014) (adequacy

27   "generally met with members of the bar in good standing typically deemed qualified and

28   competent to represent a class absent evidence to the contrary").

**B.      The Proposed Class and Subclasses Satisfy the Requirements of Rule 23(b)(2).**

Because Plaintiffs satisfy Rule 23(a), the Court should certify the proposed class if one or more grounds for maintaining a class action under Rule 23(b) is met. Here, certification is most appropriate under Rule 23(b)(2) because Defendants have "act[ed] on grounds that apply generally to the [whole] class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2).

In its Rule 23(b)(2) analysis, the Court is not required "to examine the viability or bases of class members' claims for declaratory or injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). "'[I]t is sufficient' to meet the requirements of Rule 23(b)(2) that 'class members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Id.* (quoting *Walters*, 145 F.3d at 1047).

"The key to the (b)(2) class is 'the indivisible nature of the injunctive or declaratory remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them.'" *Wal-Mart*, 564 U.S. at 360 (citation omitted). Such a class is inappropriate, however, when each class member "would be entitled to a *different* injunction or declaratory judgment . . . ." *Id.*

Here, the standard for (b)(2) certification is easily met, as Defendants' conduct at issue "is such that it can be enjoined or declared unlawful" only as to all class members.  Specifically, Defendants denied visa applications to the entire class subject to the same waiver guidance. This Court has already found that this waiver guidance was arbitrary and capricious in violation of the Administrative Procedure Act. The appropriate remedy to these unlawful visa denials is uniform among all class members: expedited re-adjudication, subject to the remedial order proposed by Plaintiffs. Because all class members are victims of the same arbitrary and capricious waiver guidance and all of them will benefit from this expedited adjudication remedy uniformly, Rule 23(b)(2)'s requirements are met.

1    **V.       CONCLUSION**

2           For the reasons set forth in this memorandum and other supporting materials, the Court

3    should permit this matter to proceed as a class action under Federal Rule of Civil Procedure

4    23(b)(2). Plaintiffs respectfully request that the Court certify the Class and appoint Plaintiffs'

5    counsel to represent the Class.

6
     Dated:  June 15, 2023                            Respectfully submitted,
7

8    :                                                :    */s/ Max S. Wolson*
9          **Counsel for *Emami* Plaintiffs**              **Counsel for *Pars* Plaintiffs**

10

11   **MUSLIM ADVOCATES**                           **ASIAN AMERICANS ADVANCING**
     CHRIS GODSHALL-BENNETT (*pro hac*             **JUSTICE-ASIAN LAW CAUCUS**
12   *vice*)                                         GLENN KATON (SBN 281841)
     P.O. Box 34440                                  HAMMAD A. ALAM (SBN 303812)
13   Washington, DC 20043                            55 Columbus Ave.
     Telephone: (202) 897-1892                       San Francisco, CA 94111
14   Facsimile:  (202) 508-1007                      Telephone:     (415) 848-7711
     christopher@muslimadvocates.org                 glennk@advancingjustice-alc.org
15                                                    hammada@glennk@advancingjustice-alc.org
     **LOTFI LEGAL, LLC**
16   SHABNAM LOTFI (*pro hac vice*)                 **NATIONAL IMMIGRATION LAW**
     VERONICA SUSTIC (*pro hac vice*)               **CENTER**
17   P.O. Box 64                                      MAX S. WOLSON (*pro hac vice*)
     Madison, WI 53701                                P.O. Box 34573
18   Telephone: (608) 259-6226                        Washington, DC 20043
     Facsimile:  (608) 646-4654                       Telephone: (202) 216-0261
19   shabnam@lotfilegal.com                           Facsimile:  (202) 216-0266
     veronica@lotfilegal.com                          wolson@nilc.org**NATIONAL**
20                                                    **IMMIGRATION LAW CENTER**
     **PERKINS COIE LLP**                            JOSHUA STEHLIK (*pro hac vice*)
21   ERIC B. EVANS (SBN 232476)                       P.O. Box 32358
     EEvans@perkinscoie.com                           Washington, D.C. 20043
22   3150 Porter Drive
     Palo Alto, California 94304-1212                **ARNOLD & PORTER KAYE SCHOLER**
23   Telephone: +1.650.838.4300                      **LLP**
     Facsimile:  +1.650.838.4350                      JOHN A. FREEDMAN (*pro hac vice*)
24                                                    601 Massachusetts Ave., NW
     **Attorneys for Emami Plaintiffs**               Washington, DC 20001-3743
25                                                    Telephone:  (202) 942-5316
                                                      Facsimile:  (202-942-5999
26                                                    john.freedman@arnoldporter.com

27

28

**ARNOLD & PORTER KAYE SCHOLER LLP**
DANIEL B. ASIMOW (SBN 165661)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
daniel.asimow@arnoldporter.com

**COUNCIL ON AMERICAN-ISLAMIC RELATIONS, CALIFORNIA**
ZAHRA A. BILLOO (SBN 267634)
BRITTNEY REZAEI (SBN 309567)
3160 De La Cruz Blvd., Suite 110
Santa Clara, CA 95054
Telephone:    (408) 986-9874
zbilloo@cair.com
brezaei@cair.com

**IRANIAN AMERICAN BAR ASSOCIATION**
BABAK G. YOUSEFZADEH (CA SBN 235974)
5185 MacArthur Blvd. NW, Suite 624
Washington, DC 20016
Telephone:    (415) 774-3191
president@iaba.us

**Attorneys for Pars Plaintiffs**

**ATTESTATION OF CONCURRENCE IN THE FILING**

Pursuant to Civil Local Rule 5-1(h)(3), I declare that concurrence has been obtained from all signatories to file this document with the Court.

/s/ Eric B. Evans
Eric B. Evans