UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FARANGIS EMAMI, et al., | Case No. 3:18-cv-1587-JD |
| Plaintiffs, | 3:18-cv-7818-JD |
| v. | **[PROPOSED] ORDER** |
| ALEJANDRO MAYORKAS, et al., | |
| Defendants. | |
| PARS EQUALITY CENTER, et al. | |
| Plaintiffs, | |
| v. | |
| ANTONY BLINKEN, et al. | |
| Defendants. | |

The Court, having considered Plaintiffs' Motion for Class Certification filed on June 15, 2023, hereby orders as follows:

## I.      CERTIFICATION OF CLASS AND APPOINTMENT OF CLASS COUNSEL

The Court finds that the following class meets the numerosity, commonality, and typicality requirements of Fed. R. Civ. P. 23(a)(1)-(3) and that the named Plaintiffs and Proposed Class Counsel (specifically, Eric B. Evans, John A. Freedman, Max S. Wolson, Hammad A. Alam, Shabnam Lotfi, Veronica Sustic, and Naomi Tsu) will fairly and adequately protect the interests of the class, as required by Fed. R. Civ. P. 23(a)(4):

All applicants for visas, other than for diversity visas, who are nationals of Iran, Libya, North Korea, Somalia, Syria, Venezuela, and Yemen who (1) were refused visas under INA 212(f) pursuant to Proclamation 9645 between December 8, 2017 and January 20, 2021; (2) did not obtain a waiver of that refusal; and (3) have not subsequently received a visa.

On that basis, the class defined above is hereby certified and Proposed Class Counsel are hereby appointed counsel for the class.

## II.     RELIEF:

Defendants shall provide the relief set forth herein to the members of the certified class.

A.      Within 90 days from the date of this order, Defendants shall post the notice described below in Section III on travel.state.gov and provide the notice described below in Section IV to each class member through the Consular Electronic Applicant Center ("CEAC") portal as a Status Check;

B.      Within 90 days from the date of this order, Defendants shall provide individual notices to all members of the certified class via email and update respective case statuses through the Consular Electronic Application Center's ("CEAC") Visa Status Check (available at https://ceac.state.gov/CEACStatTracker/Status.aspx) for the visa applications denied pursuant to Proclamation 9645 for members of the certified class;

C.      Within 90 days from the date of this order, Defendants shall provide to class counsel the names, and email addresses, and A-numbers of all members of the certified class;

D.      Defendants shall make available to members of the certified class a mechanism

through which to notify Defendants of their desire to reopen their visa application previously refused under Proclamation 9645 within 90 days from the date of this order, and within said 90 day timeframe shall provide to each class member and to Plaintiffs' counsel notice of how a class member can access the mechanism and instructions for how to notify Defendants of their desire to reopen their visa application;

E.      Class members will have 365 days from the date Defendants provided the respective member notice that they are eligible for relief under this order to seek reopening of their visa application refused under Proclamation 9645;

F.      Defendants shall provide an auto-reply to each class member immediately upon receipt of the class member's request described in Paragraph E. Defendants shall include in this auto-reply an email address to a staffed inbox to which class members may write if they do not receive a timely determination;

G.      Defendants shall provide the class member, within 180 days from the date an affected class member expresses interest in obtaining relief, a determination of whether they are eligible for re-opening of the application refused under Proclamation 964. Defendants shall further inform class members of how to obtain that relief.

H.      Class members have 90 days to comply with Defendants' explanation of how to obtain relief referenced in Paragraph G.

I.      In pursuing their previously refused visa application, Defendants shall not require that a member of the certified class bear a second time any transactional costs, financial or otherwise. This restriction includes foreclosing Defendants from requiring second payments of fees (such as application filing, consular processing, and affidavit of support fees) or requiring, by default, another interview;

J.      To the extent that interviews are determined to be necessary or legally required, Defendants shall offer remote interviews to the greatest extent possible.

K.      Defendants shall ensure that any reconsideration of a member of the certified class be conducted in a manner that is the least burdensome to the class member as possible;

L.      Defendants shall re-adjudicate class members' visa applications without regard to

any prior visa denial pursuant to the now-rescinded Proclamation 9645 or its rescinded guidance;

M.      Defendants shall complete this process, including final adjudication of visas after any administrative processing, within 365 days of class members full and complete submission of their requisite materials;

N.      Throughout implementation of relief, on a quarterly basis, and in the month immediately after, Defendants shall provide class counsel with a report identifying the applicants for whom reopening has been sought, the status of requests for reopening and ensuing reopened applications, and the results of each determination.

## III.  WEBSITE NOTICE

The following notice shall be posted globally on the Department of State's website (travel.state.gov) and be sent to the last known email address for each class member:

**NOTICE OF RELIEF UNDER COURT ORDER**

The U.S. District Court for the Northern District of California ordered the U.S. Department of State in *Pars Equality Center v. Blinken* (N.D. Cal. 18-7818) and *Emami v. Mayorkas* (N.D. Cal. 18-1587) to allow visa applicants who were refused visas under Presidential Proclamation 9645 ("P.P. 9645") to have visa applications re-opened and adjudicated without reference to P.P. 9645, and without having to bear a second time any transactional costs, financial or otherwise (including, but not limited to, re-paying application fees, consular processing fees, or affidavit of support fees).

**Who Benefits Under This Order**

If you are a national of Iran, Libya, North Korea, Somalia, Syria, Venezuela, or Yemen and were denied a visa, other than a diversity visa, under INA 212(f) pursuant to P.P. 9645 between December 8, 2017 and January 20, 2021, did not receive a waiver of that denial, and have not subsequently obtained a visa, you are eligible for relief under this Order. *See also* the Department of State reports available at https://travel.state.gov/content/travel/en/us-visas/visa-information-resources/presidential-proclamation-archive/presidential-proclamation9645.html.

You remain eligible for relief under this Order even if you have subsequently completed a DS-160 or DS-260 visa application but have not yet received a visa, although you will not receive a refund of any fees paid. You are not eligible for relief under this Order if you received a waiver while P.P. 9645 was in effect or received an adjudication without regard to P.P. 9645, not including a refusal under 221(g) for administrative processing, once it was terminated on January 20, 2021.

The U.S. Department of State has reviewed its records to identify individuals who are eligible under this order to have their visa application which was denied under P.P. 9645 reopened and reconsidered. If you think you might be eligible and are

interested in pursuing reopening of your previously denied visa application, please check the status of your previously denied application in the CEAC Status Check portal, available here: https://ceac.state.gov/CEACStatTracker/Status.aspx, which will tell you if you are eligible to seek reopening. The U.S. Department of State will also notify you via email to the email address provided on the DS-160 or DS-260 connected to your visa application refused under P.P. 9645.

Relief cannot be transferred to anyone other than the individual who previously applied for a U.S. visa.

**How to Benefit from This Order**

The U.S. State Department has 90 days from [**DATE OF ORDER**] to create a mechanism for eligible applicants to contact the State Department with a request to re-open a visa application previously denied under P.P. 9645. They must also provide you with information about how to request relief.

You have 365 days from the date on which the State Department tells you that you are eligible for relief to take advantage of this relief. To do so you must contact [**new state.gov email address or other relief mechanism**] to request your application be re-opened. Please provide as much of the following information as you are able, in order to facilitate identification: name, date of birth, passport number, and potentially other relevant identifying information such as the email address used with your previously denied application, prior visa case number, or prior application identification number.

The State Department will immediately acknowledge receipt of your request, including by sending you an email address to which you can write if you do not receive, within 180 days, a determination whether you are eligible for re-opening your application refused under P.P. 9645.

If found eligible, the State Department may request information from you. You will have 90 days to send these documents or information to the State Department.

The State Department will have 365 days from the date on which you submitted requested information to adjudicate your application including completing any administrative processing.

IV.    **INDIVIDUAL NOTICES THROUGH CEAC**

The State Department shall provide the following notice to each class member through the

Consular Electronic Applicant Center ("CEAC") portal as a Status Check.

Dear Visa Applicant,

You are receiving this notice because U.S. Department of State records reflect that you previously app Dear Visa Applicant,

You are receiving this notice because U.S. Department of State records reflect that you previously applied for a visa, and that a U.S. consular officer refused your visa application under Presidential Proclamation 9645 and concluded you were not eligible for a waiver of that ineligibility.  You may be eligible to reapply for a  visa

without having to reincur costs or to seek re-opening of your visa application.  Please see the U.S. Department of State's website at [insert notice link] for more details.

IT IS SO ORDERED

Dated: _____   _____  _____

HON. JAMES DONATO
United States District Judge