UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARANGIS EMAMI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEJANDRO MAYORKAS, et al.,<br><br>Defendants. | Case No. 18-cv-01587-JD<br><br>**ORDER RE CLASS CERTIFICATION** |
| PARS EQUALITY CENTER, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTONY BLINKEN, et al.,<br><br>Defendants. | Case No. 18-cv-07818-JD |

This long-running immigration case concerns Presidential Proclamation 9645 signed by former President Trump, which sharply curtailed, and in some cases completely suspended, entry into the United States by nationals of eight countries: Chad, Iran, Libya, North Korea, Syria, Venezuela, Yemen and Somalia. *See* Dkt. No. 74 (order re motion to dismiss). Section 3(c) of the Proclamation established a program that would allow consular officers and others to grant waivers from the entry restrictions "on a case-by-case basis." *Id*. at 2. (citing 82 Fed. Reg. 45161, 45168 (2017)). The named plaintiffs and putative class members are United States citizens, and lawful permanent residents and foreign nationals hailing from Iran, Libya, Somalia, Syria and Yemen. They allege that the federal government ignored the waiver program and declined to grant waivers across the board, which caused plaintiffs substantial family and personal dislocation. *See generally* Dkt. Nos. 74, 152 (order re dismissal and summary judgment).

1    This order resolves plaintiffs' request to certify a class under Federal Rule of Civil
2    Procedure 23(b)(2). Dkt. No. 242. The reason why certification is coming up at this late stage of
3    litigation warrants discussion. Overall, the conduct of the government's attorneys in this case has
4    been careless and obstructive. They unduly impeded the production of the administrative record
5    and other evidence, which required multiple interventions by the Court to correct. *See*, *e.g.*, Dkt.
6    Nos. 113, 122, 146.

They also agreed to a global resolution of plaintiffs' claims and then abruptly backtracked. The Court granted summary judgment in favor of plaintiffs because they had demonstrated that the government's handling of the waiver program was arbitrary and capricious under the Administrative Procedures Act. *See* Dkt. No. 208. The Court directed the parties to meet and confer on a remedy, and the government filed a letter proposing a proactive remedy. Dkt. No. 211. At a hearing on a remedy, the government represented to the Court that it agreed to provide meaningful relief to approximately 41,000 non-immigrant visa applicants who had been denied a waiver under the Proclamation. Dkt. No. 227.

This all went up in smoke. *See* Dkt. No. 233. The Court held a hearing at which it ordered senior Department of Justice lawyers to attend. *See* Dkt. Nos. 235, 239. The DOJ lawyer stated that "the Government did not agree to settle this case or to any specific relief," despite abundant evidence in the docket to the contrary. Dkt. No. 241 at 5:2-3 (hearing transcript.). As the Court noted, this was not the first time in the case that the government had broken its word. *Id*. at 4:2-17.

Needless to say, this is an egregious record of poor performance by the government. This conduct has hobbled the fair administration of justice, and caused an inordinate waste of party and federal judicial resources. After the government made clear that it again would not honor its commitments, the Court directed plaintiffs to file a motion to certify a class. *Id*. at 13:2-9. The parties' familiarity with the facts and the record is assumed, and certification is granted.

**DISCUSSION**

**I.    CONSOLIDATION AND PROPOSED CLASS**

When these related cases were in a different procedural posture, the plaintiffs stipulated

that the cases would not be fully consolidated, and "[p]arties to one action will not be designated as parties to the other." Dkt. No. 114 at 2.[1]  Plaintiffs now propose the certification of a single class for both cases, with class representatives drawn from both cases. Dkt. Nos. 242, 246. The government has not objected to this aspect of plaintiffs' certification request. Dkt. No. 245.

As they currently stand, the *Emami* action, No. 18-cv-01587-JD, and *Pars* action, No. 18-cv-07818-JD, present identical legal claims, alleging violations of the Administrative Procedure Act, 5 U.S.C. § 706(2), and the *Accardi* doctrine. The core factual assertion in both cases is that the waiver program implemented under Presidential Proclamation 9645 has effectively been a "fraud." Dkt. No. 75 ¶ 3. As discussed, the Court concluded on summary judgment that the waiver implementation guidance was arbitrary and capricious in violation of the APA. Dkt. No. 208 at 3.

The two cases are ordered consolidated for all purposes under Federal Rule of Civil Procedure 42. The cases will be consolidated into the *Emami* case, and the *Pars* case will be closed. A consolidated complaint need not be filed. The operative complaints in both cases will be read together to constitute the consolidated complaint.

The remaining question is whether the plaintiffs' proposed class may be certified. Plaintiffs have requested certification of this class under Federal Rule of Civil Procedure 23(b)(2):

> All applicants for visas who are nationals of Iran, Libya, North Korea, Somalia, Syria, Venezuela, and Yemen who (1) were refused visas under INA 212(f) pursuant to Proclamation 9645 between December 8, 2017 and January 20, 2021; (2) did not obtain a waiver of that refusal; and (3) have not subsequently obtained a visa.

Dkt. No. 242, Notice of Motion and Motion at ECF p. 2. As plaintiffs have agreed in their reply that diversity visa applicants could be excluded from the class, Dkt. No. 246 at 10-11, that limitation will be added to the proposed class definition.

## II.   TIMELINESS AND PREJUDICE

The government objects to certification at this stage as untimely and prejudicial. This is scarcely credible given the government's responsibility for causing this situation. The

---

[1] Unless otherwise noted, all docket number references are to the ECF docket for the *Emami* action, No. 18-cv-01587-JD.

3

1  government's complaint that plaintiffs failed to seek class certification at "an early practicable
2  time," Dkt. No. 245 at 8 (quoting Fed. R. Civ. P. 23(c)(1)(A)), is not well taken for that reason
3  alone. It also bears mention that Rule 23(c) was amended in 2003. Where district courts were
4  once encouraged to "issue certification rulings 'as soon as practicable,'" the "amendment changed
5  the recommended timing target to 'an early practicable time.'" *China Agritech, Inc. v. Resh*, 584
6  U.S. 732, 741 (2018). "The alteration was made to allow greater leeway, more time for class
7  discovery, and additional time to 'explore designation of class counsel' and consider 'additional
8  [class counsel] applications.'" *Id.* Our circuit has expressly affirmed that Rule 23(c)(1)(A), which
9  "calls for a determination on class certification '[a]t an early practicable time after a person sues or
10 is sued as a class representative,'" must be applied with a "flexible approach." *ABS*
11 *Entertainment, Inc. v. CBS Corp.*, 908 F.3d 405, 427 (9th Cir. 2018); *see also Wright v. Schock*,
12 742 F.2d 541, 543 (9th Cir. 1984) ("The key word of section (c)(1) . . . is 'practicable,'" a term
13 that "calls upon judges 'to weigh the particular circumstances of particular cases and decide
14 concretely what will work"; "[i]n short, the language of section (c)(1) 'leaves much room for
15 discretion.'").

16 Under the circumstances of this case, a denial of plaintiffs' certification motion as untimely
17 under Rule 23(c)(1)(A) would be wholly unjust. The timing of the certification motion is the
18 product of the government's unprofessional litigation conduct, and other acts by the executive
19 branch which have resulted in lengthy case stays. *See* Dkt. Nos. 176, 192. There is no basis
20 whatsoever in the record to accuse plaintiffs of undue delay.

21 The prejudice claim is equally unavailing. The government says that allowing a
22 certification motion after the Court has granted summary judgment to plaintiffs, *see* Dkt. No. 208,
23 will subject the government to unfair "one-way intervention." Dkt. No. 245 at 10. Not so.
24 Plaintiffs request certification under Rule 23(b)(2) and not Rule 23(b)(3). Our circuit has stated
25 that:

26 > As the Third Circuit has noted, the history of the development of
27 > Rule 23(c)(2) makes clear that the rule was adopted to prevent "one-
> way intervention" -- that is, the intervention of a plaintiff in a class
> action after an adjudication favoring the class had taken place. Such
28 > intervention is termed "one way" because the plaintiff would not

United States District Court
Northern District of California

otherwise be bound by an adjudication in favor of the defendant. *Katz*, 496 F.2d at 759. In the words of the Third Circuit:

> Many commentators objected that one-way intervention had the effect of giving collateral estoppel effect to the judgment of liability in a case where the estoppel was not mutual. This was thought to be unfair to the defendant. To meet the point that one-way intervention was unfair to the defendant, the Advisory Committee on Federal Rules concluded that class members should be brought in *prior* to the determination of defendant's liability, thus making the estoppel mutual. To make joinder at an early stage practically achievable, the "opting out" mechanism was devised.

*Id*. (emphasis added and internal citations omitted).

> The language of Rule 23(c)(2) supports the view that notice must be sent *before* a judgment has been granted. First, it applies only to a class action "maintained" before the district court. Fed. R. Civ. P. 23(c)(2). Second, the rule states that the notice must advise the member that "the judgment, whether favorable or not, *will* include all members who do not request exclusion," *id*. (emphasis added). The rule thus clearly contemplates that the notice requirement will be met *before* the parties are aware of the district court's judgment on the merits.

*Schwarzschild v. Tse*, 69 F.3d 293, 295-96 (9th Cir. 1995). Certification of a (b)(2) class does not require or usually entail notice to class members, and there is no ability for class members to opt out, because a (b)(2) certification is premised on a defendant who "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); *see also* Fed. R. Civ. P. 23(c)(2)(A) and (B).

The cases cited by the government underscore that concerns of "one-way intervention" have no place here. *See Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1020-21 (N.D. Cal. 2015) ("Rule 23 and its sub-rules are flexible and do not preclude summary judgment prior to class certification"; "As a companion to Rule 23(c)(1), Rule 23(c)(2) prescribes the distribution of notice to all Rule 23(b)(3) class members who are identifiable through reasonable effort. Fed. R. Civ. P. 23(c)(2). This rule exists in part to protect defendants from unfair 'one-way intervention.'"). As the Seventh Circuit expressly stated in a case cited by the government:

> [I]n the (b)(3) situation it is imperative that the class members be identified early enough to enable notice to be sent to them which in turn will give them a meaningful opportunity to request exclusion

5

> from the class. . . . [¶] In that situation the class determination enables the parties to assess the contours of any potential settlement and identifies the parties who will be bound by the judgment regardless of how the case is later decided. It avoids the kind of "one-way intervention" that would be "strikingly unfair" in some cases and that the Supreme Court has plainly identified as a principal concern of the draftsmen of the amended rule.
>
> But in the portions of the rule referring to (b)(1) and (b)(2) class actions, the notice requirement and the language describing the form of the judgment are significantly different. The rule does not mandate advance notice to the absent class members in all such cases; the rule does not provide that they be given an opportunity to request exclusion from the class; and the language of subparagraph (c)(3) would seem to permit the entry of a single order determining both the merits and the identity of the members of the class.

*Jimenez v. Weinberger*, 523 F.2d 689, 697-98 (7th Cir. 1975). It is neither here nor there that other plaintiffs who have settled or lost their individual cases against the government may now become class members here, and benefit from any injunctive relief that may ultimately be granted in this case. *See* Dkt. No. 245 at 10. The government has not demonstrated that those other cases sufficiently overlap with this one, and in any event, it is a fact of litigation that one trial court's rulings are not binding on another.

The government was also not hamstrung in any way from fully opposing summary judgment in this case. *See id*. at 11. Plaintiffs' summary judgment motion clearly sought an "order declaring Defendants' implementation of Proclamation 9645's waiver provision invalid as a matter of law, requiring that Defendants, within six months of being so ordered, reconsider the applications of individuals who were denied visas pursuant to the unlawful waiver implementation process without the requirement of repetition of applications, fees, or other costly travel and logistics." Dkt. No. 197, Notice of Motion and Motion at ECF p. 2. By its terms, this relief was not specific to only those named plaintiffs in this case. Whether or not a (b)(2) class had yet been certified, the government was aware that plaintiffs were seeking relief on a global basis, and they had every opportunity to oppose it as such.

## III.   RULE 23 ANALYSIS

The overall goal of Rule 23 is "to select the method best suited to adjudication of the controversy fairly and efficiently." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 568 U.S. 455, 460 (2013) (cleaned up). "The class action is 'an exception to the usual rule that litigation is

6

1  conducted by and on behalf of the individual named parties only.'" *Comcast Corp. v. Behrend*,
2  569 U.S. 27, 33 (2013) (citation omitted).
3        As the proponents of certification, plaintiffs bear the burden of proving by a preponderance
4  of the evidence that the proposed classes satisfy all four requirements of Rule 23(a) and at least
5  one of the subsections of Rule 23(b). *Id.*; *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee*
6  *Foods LLC*, 31 F.4th 651, 664-65 (9th Cir. 2022) (en banc), *cert. denied*, 143 S. Ct. 424 (2022).
7  The Court's analysis of the propriety of certification "must be rigorous and may entail some
8  overlap with the merits of the plaintiff's underlying claim," but the merits are to be considered
9  only to the extent that they are "relevant to determining whether the Rule 23 prerequisites for class
10 certification are satisfied." *Amgen*, 568 U.S. at 465-66 (internal quotations and citations omitted).

    **A.**    **Rule 23(a)**

        **1.**    **Numerosity**

Rule 23(a)(1) requires that a proposed class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). There is no dispute between the parties that the proposed class is likely to contain tens of thousands of people. *See* Dkt. No. 242 at 9-10 ("according to the State Department's own statistics . . . 41,876 people in the Proposed Class were denied waivers"; while 603 waiver denials are properly subtracted from this number and "some of these individuals may have subsequently secured visas, tens of thousands remain without relief"); Dkt. No. 245 (no argument re numerosity). The numerosity requirement is satisfied.

        **2.**    **Commonality and Typicality**

The commonality requirement under Rule 23(a)(2) is satisfied when "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Because "any competently crafted class complaint literally raises common questions," the Court's task is to look for a common contention "capable of classwide resolution -- which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Alcantar v. Hobart Service*, 800 F.3d 1047, 1052 (9th Cir. 2015) (cleaned up). What matters is the "capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (quotations omitted,

7

1    emphasis in original).  This does not require total uniformity across a class.  "The existence of
2    shared legal issues with divergent factual predicates is sufficient, as is a common core of salient
3    facts coupled with disparate legal remedies within the class."  *Hanlon v. Chrysler Corp.*, 150 F.3d
4    1011, 1019 (9th Cir. 1998), *overruled on other grounds by Dukes*, 564 U.S. 338.  The
5    commonality standard imposed by Rule 23(a)(2) is, however, "rigorous."  *Leyva v. Medline Indus.*
6    *Inc.*, 716 F.3d 510, 512 (9th Cir. 2013).
7          For typicality, our circuit has stated:

> To establish typicality, as required by Rule 23(a)(3), plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted).  Because the considerations underlying the two requirements overlap considerably, the Supreme Court has noted that "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Falcon*, 457 U.S. at 157 n.13.

*A.B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022).  The government has addressed the commonality and typicality requirements jointly.  Dkt. No. 245 at 14-21.

      Commonality and typicality are easily satisfied in a case like this one.  In the summary judgment order, the Court already found that "plaintiffs have demonstrated that their visa applications were denied without the opportunity to apply under a properly-administered waiver process."  Dkt. No. 208 at 2.  The lack of a properly-administered waiver process is the common course of conduct that caused plaintiffs' injuries, and the legal grounds for challenging that conduct are the same across the entire proposed class.  This satisfies the commonality and typicality requirements.

      The government says that "there are a number of named plaintiffs who have mooted out of these matters since the rescission of P.P. 9645 because they have been issued the very visas they sought."  Dkt. No. 245 at 15.  But the class is expressly defined to exclude such persons.  To be in the class, a visa applicant must not have "subsequently obtained a visa."  Dkt. No. 242, Notice of Motion and Motion at ECF p. 2.  And plaintiffs have expressly affirmed that "no mooted plaintiffs

8

will be serving as class representatives in this case"; only nine individuals, all of whom "have not yet received visas," are requesting appointment as class representatives. Dkt. No. 246 at 7. The potential mootness of some individuals' claims is not a barrier to a finding of commonality and typicality.

The issue of other individuals who have "already received a subsequent consular adjudication not subject to P.P. 9645" is a different matter. Dkt. No. 245 at 15-16. These individuals are differently situated, and to the extent they were denied visas, their injuries were caused not by the lack of a properly-administered waiver process under Proclamation 9645, but for other, individual reasons that have nothing to do with Proclamation 9645's waiver process. Acknowledging this weakness, plaintiffs have proposed that the Court can "create a subclass of individuals who have reapplied or define the class to exclude re-applicants." Dkt. No. 246 at 9 n.31. The latter suggestion is the correct course of action, as including these individuals, even in a subclass, would destroy commonality. The Court will revise the proposed class definition to exclude those individuals who have reapplied for a visa after Proclamation 9645 was revoked.

The government's heavy reliance on *Alharbi v. Miller*, 368 F. Supp. 3d 527 (E.D.N.Y. 2019), is puzzling. The plaintiffs in *Alharbi* claimed that "their common contention -- 'that they had visa applications that were approved but not printed/distributed before the Proclamation came into effect and that subsequent to the Proclamation being implemented these visas were unlawfully withheld' -- is capable of classwide resolution." *Id*. at 544. The district court stated that it could not "simply direct the Government to print visas for each plaintiff and class member, because each individual would require additional necessary security and vetting procedures" first. *Id*. at 545. The *Alharbi* court nevertheless held that "the commonality prong [under Rule 23] is met, so long as the common question is viewed as whether the receipt of an approval notice constitutes the issuance of an immigrant visa under Section 6(c) of the Proclamation. Indeed, the common question must be viewed this way, because that is the only alleged injury that each plaintiff suffered." *Id*.

So too here. Plaintiffs are not requesting that the Court direct the government to issue visas to all class members. That is something that could not be done for a host of reasons,

9

including that there would first need to be individualized determinations of the propriety of granting a visa to each class member. Rather, the common question is whether the government lawfully implemented the waiver process provided by Proclamation 9645. That common question is one that can and has been answered on a common basis for the entire proposed class. Just as in *Alharbi*, commonality is satisfied for the proposed class, as is the related Rule 23(a) requirement of typicality. The government's citations to *Alharbi* in support of its argument against commonality and typicality, Dkt. No. 245 at 17-18, border on the disingenuous.

### 3. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This adequacy inquiry is "addressed by answering two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023) (citation omitted). Our circuit has held that the "adequacy-of-representation requirement is satisfied as long as one of the class representatives is an adequate class representative." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 961 (9th Cir. 2009).

The government's objections are without merit, and plaintiffs have readily cleared this bar. Plaintiffs state that "the interests of the named Plaintiffs are completely aligned with those of other class members," and the proposed class counsel are experienced, adequate, and have no conflicts. Dkt. No. 242 at 13-14. The government does not disagree with respect to class counsel, but says that plaintiffs have "failed to indicate who might serve as class representatives and whether they have live claims." Dkt. No. 245 at 12. This is an odd statement given that the government's brief acknowledges that there remain named plaintiffs with live claims. *Id*. at 4-5. In any event, plaintiffs have clarified in reply that they are proposing that "the active named Plaintiffs (*i.e.*, the individuals who have not yet received visas) serve as class representatives." Dkt. No. 246 at 7. These are: Nastaran Haji Heydari, Hojjatollah Azizikoutenaeni, Roghayeh Azizitkoutenaei, Farangis Emami, Farajollah Farnoudian, Mohammad Mehdi Mozaffary, Zahra Rouzebehani,

10

1 Bahram Charktab Tabrizi, and Hossein Zamani Hosseinabadi. *Id*. A surreply is not warranted, and the adequacy requirement is satisfied.

### B. Rule 23(b)

Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." This is the only subsection of Rule 23(b) that plaintiffs have invoked in their class certification request.

The government argues that plaintiffs "must show that the proposed class is entitled to common relief as to each count on which certification is sought," and that because of the "individualized differences" in the proposed class, plaintiffs "have failed to present uniform, class-wide relief that the Court has the authority to issue." Dkt. No. 245 at 17-21. Not only are these arguments wrong, they "miss the point of Rule 23(b)(2)." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010). The circuit panel went on to hold in *Rodriguez*:

> "Class certification under Rule 23(b)(2)" requires that "the primary relief sought is declaratory or injunctive." *Zinser*, 253 F.3d at 1195. The rule does not require us to examine the viability or bases of class members' claims for declaratory and injunctive relief, but only to look at whether class members seek uniform relief from a practice applicable to all of them. As we have previously stated, "it is sufficient" to meet the requirements of Rule 23(b)(2) that "class members complain of a pattern or practice that is generally applicable to the class as a whole." . . . The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2).

*Id*. (internal citations omitted)

These observations fully apply here and support Rule 23(b)(2) certification. Plaintiffs in this case "complain of a pattern or practice that is generally applicable to the class as a whole," *id*. -- the lack of a legally proper and valid waiver process under Proclamation 9645 -- and the primary relief sought is declaratory or injunctive. Here, as in *Rodriguez*, "relief from a single practice is requested by all class members." *Id*. at 1126; *see also B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 971 (9th Cir. 2019) ("Rule 23(b)(2)'s requirements are unquestionably

11

1   satisfied when members of a putative class seek uniform injunctive or declaratory relief from
2   policies or practices that are generally applicable to the class as a whole.") (quotations omitted).
3        What plaintiffs seek is the opportunity for all proposed class members to have their visa
4   applications considered without being subject to waiver guidance which the Court has already
5   found to be arbitrary and capricious in violation of the Administrative Procedure Act. Dkt.
6   No. 242 at 15. Certification under Rule 23(b)(2) is granted.

## IV.  REMEDY

The government has raised a number of arguments about the proposed remedy, including recycling once again prior comments about the nonreviewability of consular actions, Dkt. No. 245 at 23-24, which the Court has rejected as inapposite on multiple occasions. *See*, *e.g.*, Dkt. No. 74 at 11-12. Plaintiffs are not asking for, and the Court will not order, any specific outcomes for any particular visa applications. The government's arguments along the lines that "allowing this Court to tamper with individual consular decisions would violate the doctrine of consular nonreviewability," have zero application and are way out of line. Dkt. No. 245 at 25 n.14.

The issue of a remedy is separate from the question of class certification. As discussed, the government agreed to a perfectly reasonable remedy before abandoning its representations to the Court. The parties are directed to meet and confer on a proposed remedy, and file a proposed injunction for the certified class by April 12, 2024. Additional briefing on remedy issues is not necessary and will not be accepted.

## CONCLUSION

The following class is certified under Federal Rule of Civil Procedure 23(b)(2) for all remaining claims in this consolidated action:

> All applicants for visas who are nationals of Iran, Libya, North Korea, Somalia, Syria, Venezuela, and Yemen who (1) were refused visas under INA 212(f) pursuant to Proclamation 9645 between December 8, 2017 and January 20, 2021; (2) did not obtain a waiver of that refusal; and (3) have not subsequently obtained a visa. Excluded from the class are diversity visa applicants, and any individuals who have reapplied for a visa subsequent to the revocation of Proclamation 9645.

1    Plaintiffs Nastaran Haji Heydari, Hojjatollah Azizikoutenaeni, Roghayeh Azizitkoutenaei, Farangis Emami, Farajollah Farnoudian, Mohammad Mehdi Mozaffary, Zahra Rouzebehani, Bahram Charktab Tabrizi, and Hossein Zamani Hosseinabadi are appointed as the named class representatives.

Attorneys Eric B. Evans, John A. Freedman, Max S. Wilson, Hammad A. Alam, Shabnam Lotfi, Veronica Sustic, and Naomi Tsu are appointed as class counsel.

**IT IS SO ORDERED.**

Dated: March 26, 2024

JAMES DONATO
United States District Judge

13